APPEAL,CAP,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21−cr−00053−CJN</u>−1

Case title: USA v. LANG

 Magistrate judge case number:  1:21−mj−00061−GMH

Date Filed: 01/29/2021

Assigned to: Judge Carl J. Nichols

**<u>Defendant (1)</u>**

**EDWARD JACOB LANG**  represented by  **Martin Harold Tankleff**
METCALF AND METCALF
99 Park Avenue
Suite 2501
Manhattan, NY 10016
646−385−4403
Fax: 646−619−4807
Email: martytankleff@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Steven Alan Metcalf , II**
METCALF & METCALF, P.C.
99 Park Avenue
Suite 2501
New York, NY 10016
646−253−0514
Fax: 646−219−2012
Email: Metcalflawnyc@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**<u>Pending Counts</u>**   **<u>Disposition</u>**

18 U.S.C. 231(a)(3); CIVIL DISORDER;
Civil Disorder
(1)

18:111(a)(1) and 2;
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
and Aiding and Abetting

(1s–2s)

18 U.S.C. 111(a)(1);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
(2)

18 U.S.C. 231(a)(3); CIVIL DISORDER;
Civil Disorder
(3)

18:111(a)(1);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
(3s–4s)

18 U.S.C. 111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon
(4)

18 U.S.C. 231(a)(3); CIVIL DISORDER;
Civil Disorder
(5)

18:111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon
(5s–6s)

18 U.S.C. 111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon
(6)

18 U.S.C. 1512(c)(2) and 2; TAMPERING
WITH A WITNESS, VICTIM OR
INFORMANT; Obstruction of an Official
Proceeding and Aiding and Abetting
(7)

18:111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon, Inflicting
Bodily Injury
(7s)

18 U.S.C. 1752(a)(2) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Disorderly and Disruptive
Conduct in a Restricted Building or
Grounds with a Deadly or Dangerous
Weapon
(8)

18:231(a)(3); CIVIL DISORDER; Civil
Disorder
(8s)

18 U.S.C. 1752(a)(4) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Engaging in Physical
Violence in a Restricted Building or
Grounds, with a Deadly or Dangerous
Weapon
(9)

18:1512(c)(2) and 2; TAMPERING WITH
A WITNESS, VICTIM OR
INFORMANT; Obstruction of an Official
Proceeding and Aiding and Abetting
(9s)

40 U.S.C. 5104(e)(2)(D); FEDERAL
STATUTES, OTHER; Disorderly Conduct
in a Capitol Building
(10)

18:1752(a)(2) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Disorderly and Disruptive
Conduct in a Restricted Building or
Grounds, with a Deadly or Dangerous
Weapon
(10s)

40 U.S.C. 5104(e)(2)(F); FEDERAL
STATUTES, OTHER; Act of Physical
Violence in a Capitol Building
(11)

18:1752(a)(4) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Engaging in Physical
Violence in a Restricted Building or
Grounds with a Deadly or Dangerous
Weapon
(11s)

40:5104(e)(2)(D); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Disorderly
Conduct in a Capitol Building

(12s)

40:5104(e)(2)(F); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Act of Physical
Violence in the Capitol Grounds or
Buildings
(13s)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in VIOLATION of 18 U.S.C. § 111(b), 18 U.S.C. § 231(a)(3), 18 U.S.C. § 1752(a), and 40 U.S.C. § 5104(e)(2) | |

**Plaintiff**

| **USA** | represented by | **Melissa Joy Jackson** |
|---|---|---|
| | | U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA |
| | | 555 4th Street, NW |
| | | Washington, DC 20530 |
| | | 202−252−7786 |
| | | Email: melissa.jackson@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant U.S. Attorney* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/15/2021 | 1 | | SEALED COMPLAINT as to EDWARD JACOB LANG (1). (Attachments: # 1 Affidavit in Support) (zltp) [1:21−mj−00061−GMH] (Entered: 01/15/2021) |
| 01/15/2021 | 3 | | MOTION to Seal Case by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(zltp) [1:21−mj−00061−GMH] (Entered: 01/15/2021) |
| 01/15/2021 | 4 | | ORDER granting 3 Motion to Seal Case as to EDWARD JACOB LANG (1). Signed by Magistrate Judge G. Michael Harvey on 1/15/2021. (zltp) |

| | | |
|---|---|---|
| | | [1:21−mj−00061−GMH] (Entered: 01/15/2021) |
| 01/16/2021 | | Case unsealed as to EDWARD JACOB LANG (bb) [1:21−mj−00061−GMH] (Entered: 01/21/2021) |
| 01/16/2021 | | Arrest of EDWARD JACOB LANG in New York. (bb) (Entered: 08/10/2021) |
| 01/22/2021 | 27 | Rule 5(c)(3) Documents Received as to EDWARD JACOB LANG from US District Court Southern District of New York Case Number 21−mj−626 (bb) (Entered: 08/10/2021) |
| 01/29/2021 | 5 | INDICTMENT as to EDWARD JACOB LANG (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11. (zltp) (Entered: 02/02/2021) |
| 02/04/2021 | 7 | Joint MOTION to Continue *Initial Appearance and Detention Hearing* by USA as to EDWARD JACOB LANG. (Jackson, Melissa) (Entered: 02/04/2021) |
| 02/04/2021 | | MINUTE ORDER: Upon consideration of the parties 7 Joint Motion to Continue the Initial Appearance and Detention Hearing to February 9, 2021, the Court finds good cause to GRANT this motion. The Initial Appearance and Detention Hearing will take place in this matter on February 9, 2021 at 1:00 p.m. by videoconference before Judge Meriweather. Call−in instructions will be provided to counsel prior to the hearing. Signed by Magistrate Judge Robin M. Meriweather on 2/4/2021. (ztl) (Entered: 02/04/2021) |
| 02/08/2021 | 8 | MEMORANDUM in Support of Pretrial Detention by USA as to EDWARD JACOB LANG (Jackson, Melissa) (Entered: 02/08/2021) |
| 02/09/2021 | | ORAL MOTION to Appoint Counsel by EDWARD JACOB LANG. (ztl) (Entered: 03/04/2021) |
| 02/09/2021 | | ORAL MOTION to Commit Defendant to Custody of Attorney General by USA as to EDWARD JACOB LANG. (ztl) (Entered: 03/04/2021) |
| 02/09/2021 | | ORAL MOTION for Speedy Trial by USA as to EDWARD JACOB LANG. (ztl) (Entered: 03/04/2021) |
| 02/09/2021 | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Initial Appearance/Arraignment held on 2/9/2021 as to Counts 1,2,3,4,5,6,7,8,9,10,11. Plea of Not Guilty entered as to all counts. Oral Motion to Appoint Counsel by EDWARD JACOB LANG (1); heard and granted. Oral Motion by the Government to Commit Defendant to Custody of Attorney General as to EDWARD JACOB LANG (1); heard and granted. No objection from defense. Oral Motion by the Government for Speedy Trial as to EDWARD JACOB LANG (1); heard and granted. Speedy Trial Excluded from 2/9/2021 to 3/30/2021 in the Interest of Justice (XT). Status Hearing set for 3/30/2021 at 10:00 AM by Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: Sara Wick; Defense Attorney:Steven Metcalf and Marty Tankleff; US Attorney: Melissa Jackson; Pretrial Officer: John Copes. (ztl) (Entered: 03/04/2021) |
| 03/15/2021 | 10 | Unopposed MOTION for Protective Order by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(Jackson, Melissa) (Entered: 03/15/2021) |

| 03/29/2021 | 11 | | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated March 26, 2021)(Jackson, Melissa) (Entered: 03/29/2021) |
| --- | --- | --- | --- |
| 03/29/2021 | 12 | | MOTION for Protective Order by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(Jackson, Melissa) (Entered: 03/29/2021) |
| 03/29/2021 | 13 | | MOTION for Disclosure *ORDER TO DISCLOSE ITEMS PROTECTED BY FEDERAL RULE OF CRIMINAL PROCEDURE 6(e) AND SEALED MATERIALS* by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(Jackson, Melissa) Modified relief on 3/30/2021 (znmw). (Entered: 03/29/2021) |
| 03/29/2021 | 14 | | MOTION to Continue *AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT* by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(Jackson, Melissa) (Entered: 03/29/2021) |
| 03/29/2021 | 15 | | MOTION to Exclude Time by USA as to EDWARD JACOB LANG. (See docket entry 14 to view document). (zstd) (Entered: 03/30/2021) |
| 03/30/2021 | | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to EDWARD JACOB LANG held on 3/30/2021. Further Order to be issued by the Court. Status Conference set for 4/29/2021 at 03:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Steven Metcalf and Marty Tankleff; US Attorney: Melissa Jackson. (zcal) (Entered: 03/30/2021) |
| 04/13/2021 | 16 | | NOTICE OF ATTORNEY APPEARANCE: Martin Harold Tankleff appearing for EDWARD JACOB LANG *from Metcalf & Metcalf* (Tankleff, Martin) (Entered: 04/13/2021) |
| 04/27/2021 | 17 | | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated April 27, 2021)(Jackson, Melissa) (Entered: 04/27/2021) |
| 04/29/2021 | 18 | | PROTECTIVE ORDER. Signed by Judge Carl J. Nichols on April 29, 2021. (lccjn1) (Entered: 04/29/2021) |
| 04/29/2021 | 19 | | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Jackson, Melissa) (Entered: 04/29/2021) |
| 04/29/2021 | | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to EDWARD JACOB LANG held on 4/29/2021. Further Order to be issued by the Court. Speedy Trial as to EDWARD JACOB LANG is Excluded from 4/29/2021 to 6/15/2021, in the Interest of Justice, XT. Status Conference set for 6/15/2021 at 03:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf; US Attorney: Melissa Jackson. (zcal) (Entered: 04/30/2021) |
| 05/18/2021 | 20 | | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated May 18, 2021)(Jackson, Melissa) (Entered: 05/18/2021) |

| 06/09/2021 | 21 | | ENTERED IN ERROR..... MOTION for Leave to Appear Notice of Appearance *of Steven Metcalf* Attorney: Steven Metcalf. by EDWARD JACOB LANG. (Metcalf, Steven) Modified on 6/9/2021 (zstd). (Entered: 06/09/2021) |
| 06/09/2021 | 22 | | NOTICE OF ATTORNEY APPEARANCE: Steven Alan Metcalf, II appearing for EDWARD JACOB LANG (Metcalf, Steven) (Entered: 06/09/2021) |
| 06/09/2021 | | | NOTICE OF CORRECTED DOCKET ENTRY: as to EDWARD JACOB LANG re 21 MOTION for Leave to Appear Notice of Appearance *of Steven Metcalf* Attorney: Steven Metcalf. was entered in error and counsel refiled said pleading using correct event. (zstd) (Entered: 06/09/2021) |
| 06/14/2021 | 23 | | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated June 14, 2021, # 2 Exhibit Discovery Letter to Defense Counsel dated June 14, 2021)(Jackson, Melissa) (Entered: 06/14/2021) |
| 06/15/2021 | | | MINUTE ORDER. As discussed at the March 30, 2021 status conference, the government's 13 Motion for an Order to Disclose Items Protected by Federal Rule of Criminal Procedure 6(e) and Sealed Materials is GRANTED. It is further ORDERED that the United States may provide in discovery sealed materials and materials protected by Federal Rule of Criminal Procedure 6(e). Signed by Judge Carl J. Nichols on June 15, 2021. (lccjn1) (Entered: 06/15/2021) |
| 06/15/2021 | | | Minute Entry for proceedings held before Judge Carl J. Nichols: Video Status Conference as to EDWARD JACOB LANG held on 6/15/2021. Speedy Trial as to EDWARD JACOB LANG is Excluded from 6/15/2021 to 7/15/2021, in the Interest of Justice, XT. Status Conference set for 7/15/2021 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf, II; US Attorney: Melissa Jackson. (zcal) (Entered: 06/15/2021) |
| 06/16/2021 | | | Set/Reset Hearings as to EDWARD JACOB LANG:Status Conference RESET for 7/16/2021 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. (zcal) (Entered: 06/16/2021) |
| 06/30/2021 | 24 | | ENTERED IN ERROR.....NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit)(Jackson, Melissa) Modified on 6/30/2021 (zstd). (Entered: 06/30/2021) |
| 06/30/2021 | | | NOTICE OF CORRECTED DOCKET ENTRY: as to EDWARD JACOB LANG re 24 Notice (Other) was entered in error and counsel was instructed to refile said pleading. The exhibit cannot be filed by itself, a notice of filing needs to be filed as the main document and the exhibit will be the attachment. (zstd) (Entered: 06/30/2021) |
| 07/01/2021 | 25 | | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit)(Jackson, Melissa) (Entered: 07/01/2021) |
| 07/08/2021 | 26 | | NOTICE *of Filing Viewing Letter* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party)(Jackson, Melissa) (Entered: 07/08/2021) |
| 07/16/2021 | | | |

| | | | |
|---|---|---|---|
| | | | Minute Entry for proceedings held before Judge Carl J. Nichols: Video Status Conference as to EDWARD JACOB LANG held on 7/16/2021. Speedy Trial as to EDWARD JACOB LANG is Excluded from 7/16/2021 to 9/15/2021, in the Interest of Justice, XT. Status Conference set for 9/15/2021 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf, II; US Attorney: Melissa Jackson. (zcal) (Entered: 07/16/2021) |
| 08/12/2021 | 28 | | NOTICE *of Filing of Discovery Letter* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter– 8–11–2021)(Jackson, Melissa) (Entered: 08/12/2021) |
| 08/23/2021 | 29 | | First MOTION for Bond *by Edward Jacob Lang*, First MOTION for Release from Custody *by Edward Jacob Lang* by EDWARD JACOB LANG. (Attachments: # 1 Exhibit Exhibits A–J in Support of Bond Application)(Tankleff, Martin) (Entered: 08/23/2021) |
| 08/24/2021 | 30 | | STATUS REPORT *Regarding Status of Discovery* by USA as to EDWARD JACOB LANG (Jackson, Melissa) (Entered: 08/24/2021) |
| 08/30/2021 | | | MINUTE ORDER. After review of Defendant's 29 Motion for Bond, it is hereby ORDERED that the government shall file a response to the Motion by September 7, 2021. Signed by Judge Carl J. Nichols on August 30, 2021. (lccjn1) (Entered: 08/30/2021) |
| 08/30/2021 | | | Set/Reset Deadlines as to EDWARD JACOB LANG: Response due by 9/7/2021. (zcal) (Entered: 09/01/2021) |
| 09/07/2021 | 31 | | RESPONSE by USA as to EDWARD JACOB LANG re 29 First MOTION for Bond *by Edward Jacob Lang*First MOTION for Release from Custody *by Edward Jacob Lang* (Attachments: # 1 Certificate of Service)(Jackson, Melissa) (Entered: 09/07/2021) |
| 09/08/2021 | | | MINUTE ORDER. After review of USA's Response 31 to Defendant's Motion for Bond 29 , it is hereby ORDERED that Defendant shall file a Reply by September 14, 2021. It is further ORDERED that the Status Conference on September 15th at 11:00 A.M. shall include a hearing on Defendant's Motion for Bond, and Parties should be prepared to discuss the Motion. Signed by Judge Carl J. Nichols on September 8, 2021. (lccjn1) (Entered: 09/08/2021) |
| 09/08/2021 | | | Set/Reset Deadlines as to EDWARD JACOB LANG: Reply due by 9/14/2021. (zcal) (Entered: 09/09/2021) |
| 09/09/2021 | 32 | | LEAVE TO FILE DENIED– Motion to Proceed as Poor Person, Petition for a writ of Habeas Corpus, Memorandum of Law as to EDWARD JACOB LANG. This document is unavailable as the Court denied its filing. Signed by Judge Carl J. Nichols on 9/9/2021. (zltp) (Entered: 09/10/2021) |
| 09/13/2021 | | | Set/Reset Hearings as to EDWARD JACOB LANG: Motion Hearing / Status Conference RESET for 9/20/2021 at 03:15 PM in Courtroom 17– In Person before Judge Carl J. Nichols. (zcal) (Entered: 09/13/2021) |
| 09/13/2021 | | | MINUTE ORDER. The Court finds that, in light of the COVID–19 pandemic, the interest of justice is best served and outweighs the interests of the public and Mr. Lang in a speedy trial and that the time between September 15, 2021 and |

| | | | |
|---|---|---|---|
| | | | the next hearing, presently scheduled for September 20, 2021, shall be excluded in computing time within which the trial must commence in this case under the Speedy Trial Act, 18 U.S.C. § 3161. Signed by Judge Carl J. Nichols on September 13, 2021. (lccjn1) (Entered: 09/13/2021) |
| 09/14/2021 | 33 | | Unopposed MOTION for Extension of Time to *File Response Reply* by EDWARD JACOB LANG. (Tankleff, Martin) Modified text on 9/14/2021 (zstd). (Entered: 09/14/2021) |
| 09/14/2021 | 34 | | RESPONSE by USA as to EDWARD JACOB LANG re 29 First MOTION for Bond *by Edward Jacob Lang*First MOTION for Release from Custody *by Edward Jacob Lang* (Attachments: # 1 Certificate of Service)(Jackson, Melissa) (Entered: 09/14/2021) |
| 09/14/2021 | | | MINUTE ORDER. Upon consideration of Defendant's 33 Unopposed Motion for Extension of Time, that Motion is GRANTED. It is thus ORDERED that Defendant shall file a Reply to 31 USA's Response to Defendants Motion for Bond by September 17, 2021. Signed by Judge Carl J. Nichols on September 14, 2021. (lccjn1) (Entered: 09/14/2021) |
| 09/14/2021 | | | Set/Reset Deadlines as to EDWARD JACOB LANG: Defendants Reply due by 9/17/2021. (zcal) (Entered: 09/15/2021) |
| 09/15/2021 | 36 | | Superseding INDICTMENT as to EDWARD JACOB LANG (1) count(s) 1s−2s, 3s−4s, 5s−6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s. (zstd) (Main Document 36 replaced on 9/16/2021) (zstd). (Entered: 09/16/2021) |
| 09/16/2021 | 35 | | Second STATUS REPORT *Regarding Status of Discovery* by USA as to EDWARD JACOB LANG (Jackson, Melissa) (Entered: 09/16/2021) |
| 09/17/2021 | 38 | | REPLY TO OPPOSITION to Motion by EDWARD JACOB LANG re 29 First MOTION for Bond *by Edward Jacob Lang*First MOTION for Release from Custody *by Edward Jacob Lang Opposition to Government* (Tankleff, Martin) (Entered: 09/18/2021) |
| 09/20/2021 | | | Minute Entry for proceedings held before Judge Carl J. Nichols: Motion Hearing/Arraignment as to EDWARD JACOB LANG (1) Count 1s−2s,3s−4s,5s−6s,7s,8s,9s,10s,11s,12s,13s held on 9/20/2021. Not Guilty as to all counts. 29 Motion for Release from Custody as to EDWARD JACOB LANG (1); DENIED for reasons set forth on the record. Motion to modify Conditions; DENIED without prejudice. Further Order to be issued by the Court. Speedy Trial as to EDWARD JACOB LANG is Excluded from 9/20/2021 to 10/20/2021, in the Interest of Justice, XT. Status Conference set for 10/20/2021 at 02:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf; US Attorney: Melissa Jackson; Pretrial Services Officer: Andre Sidbury. (zcal) (Entered: 09/20/2021) |
| 09/22/2021 | 39 | | NOTICE *OF FILING* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party UNITED STATES MEMORANDUM REGARDING STATUS OF DISCOVERY)(Jackson, Melissa) (Entered: 09/22/2021) |
| 09/23/2021 | 40 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE *OF FILING* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party)(Jackson, Melissa) (Entered: 09/23/2021) |
| 09/27/2021 | 41 | | NOTICE *OF FILING OF DISCOVERY LETTER* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party)(Jackson, Melissa) (Entered: 09/27/2021) |
| 10/04/2021 | 42 | | NOTICE OF APPEAL (Interlocutory) by EDWARD JACOB LANG Filing fee $ 505, receipt number ADCDC–8779418. Fee Status: Fee Paid. Parties have been notified. (Metcalf, Steven) (Entered: 10/04/2021) |

CO-290
Rev. 3/88
Notice of Appeal Criminal

## United States District Court for the District of Columbia

UNITED STATES OF AMERICA )
)
vs. )      Criminal No. 1:21-cr-00053
)
EDWARD JACOB LANG )

### NOTICE OF APPEAL

Name and address of appellant:

Edward Jacob Lang
DC Detention Facility
1901 D St SE,
Washington, DC 20003

Name and address of appellant's attorney:

Steven A. Metcalf, II
99 Park Avenue, 6th Floor
New York, NY 10016

Offense:    18 U.S.C. 231(a)(3), 18:111(a)(1) and 2, 18 U.S.C. 111(a)(1) and (b), 18 U.S.C. 1512(c)(2), 18 U.S.C. 1752(a)(2), 18:1512(c)(2), 40 U.S.C. 5104(e)(2)(D)

Concise statement of judgment or order, giving date, and any sentence:

Docket Entry 9/20/2021: Motion for Release from Custody as to EDWARD JACOB
LANG (1); DENIED for reasons set forth on the record. Motion to modify Conditions;
DENIED without prejudice. Further Order to be issued by the Court.

Name and institution where now confined, if not on bail:   DC Detention Facility

I, the above named appellant, hereby appeal to the United States Court of Appeals for the
District of Columbia Circuit from the above-stated judgment.

10/4/2021
DATE

APPELLANT

ATTORNEY FOR APPELLANT

GOVT. APPEAL, NO FEE
CJA, NO FEE
PAID USDC FEE
PAID USCA FEE
Does counsel wish to appear on appeal?          YES ✓   NO
Has counsel ordered transcripts?                YES ✓   NO
Is this appeal pursuant to the 1984 Sentencing Reform Act?   YES   NO ✓

CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: 1:21-cr-00053-CJN All Defendants

Case title: USA v. LANG                                    Date Filed: 01/29/2021

Magistrate judge case number: 1:21-mj-00061-GMH

---

Assigned to: Judge Carl J. Nichols

### Defendant (1)
**EDWARD JACOB LANG**                  represented by   **Martin Harold Tankleff**
METCALF AND METCALF
99 Park Avenue
Suite 2501
Manhattan, NY 10016
646-385-4403
Fax: 646-619-4807
Email: martytankleff@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Steven Alan Metcalf , II**
METCALF & METCALF, P.C.
99 Park Avenue
Suite 2501
New York, NY 10016
646-253-0514
Fax: 646-219-2012
Email: Metcalflawnyc@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts                                    ### Disposition

18 U.S.C. 231(a)(3); CIVIL DISORDER;
Civil Disorder
(1)

18:111(a)(1) and 2;

ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
and Aiding and Abetting
(1s-2s)

18 U.S.C. 111(a)(1);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
(2)

18 U.S.C. 231(a)(3); CIVIL DISORDER;
Civil Disorder
(3)

18:111(a)(1);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
(3s-4s)

18 U.S.C. 111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon
(4)

18 U.S.C. 231(a)(3); CIVIL DISORDER;
Civil Disorder
(5)

18:111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon
(5s-6s)

18 U.S.C. 111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon
(6)

18 U.S.C. 1512(c)(2) and 2; TAMPERING
WITH A WITNESS, VICTIM OR
INFORMANT; Obstruction of an Official
Proceeding and Aiding and Abetting
(7)

18:111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon, Inflicting
Bodily Injury
(7s)

18 U.S.C. 1752(a)(2) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Disorderly and Disruptive
Conduct in a Restricted Building or
Grounds with a Deadly or Dangerous
Weapon
(8)

18:231(a)(3); CIVIL DISORDER; Civil
Disorder
(8s)

18 U.S.C. 1752(a)(4) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Engaging in Physical
Violence in a Restricted Building or
Grounds, with a Deadly or Dangerous
Weapon
(9)

18:1512(c)(2) and 2; TAMPERING WITH
A WITNESS, VICTIM OR INFORMANT;
Obstruction of an Official Proceeding and
Aiding and Abetting
(9s)

40 U.S.C. 5104(e)(2)(D); FEDERAL
STATUTES, OTHER; Disorderly Conduct
in a Capitol Building
(10)

18:1752(a)(2) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Disorderly and Disruptive
Conduct in a Restricted Building or
Grounds, with a Deadly or Dangerous
Weapon
(10s)

40 U.S.C. 5104(e)(2)(F); FEDERAL
STATUTES, OTHER; Act of Physical
Violence in a Capitol Building
(11)

18:1752(a)(4) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Engaging in Physical
Violence in a Restricted Building or
Grounds with a Deadly or Dangerous
Weapon
(11s)

40:5104(e)(2)(D); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Disorderly
Conduct in a Capitol Building
(12s)

40:5104(e)(2)(F); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Act of Physical
Violence in the Capitol Grounds or
Buildings
(13s)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| COMPLAINT in VIOLATION of 18 U.S.C. § 111(b), 18 U.S.C. § 231(a)(3), 18 U.S.C. § 1752(a), and 40 U.S.C. § 5104(e) (2) | |

| **Plaintiff** | | |
| --- | --- | --- |
| **USA** | represented by | **Melissa Joy Jackson** |
| | | U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA |
| | | 555 4th Street, NW |
| | | Washington, DC 20530 |
| | | 202-252-7786 |

Email: melissa.jackson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/15/2021 | 1 | SEALED COMPLAINT as to EDWARD JACOB LANG (1). (Attachments: # 1 Affidavit in Support) (zltp) [1:21-mj-00061-GMH] (Entered: 01/15/2021) |
| 01/15/2021 | 3 | MOTION to Seal Case by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(zltp) [1:21-mj-00061-GMH] (Entered: 01/15/2021) |
| 01/15/2021 | 4 | ORDER granting 3 Motion to Seal Case as to EDWARD JACOB LANG (1). Signed by Magistrate Judge G. Michael Harvey on 1/15/2021. (zltp) [1:21-mj-00061-GMH] (Entered: 01/15/2021) |
| 01/16/2021 | | Case unsealed as to EDWARD JACOB LANG (bb) [1:21-mj-00061-GMH] (Entered: 01/21/2021) |
| 01/16/2021 | | Arrest of EDWARD JACOB LANG in New York. (bb) (Entered: 08/10/2021) |
| 01/22/2021 | 27 | Rule 5(c)(3) Documents Received as to EDWARD JACOB LANG from US District Court Southern District of New York Case Number 21-mj-626 (bb) (Entered: 08/10/2021) |
| 01/29/2021 | 5 | INDICTMENT as to EDWARD JACOB LANG (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11. (zltp) (Entered: 02/02/2021) |
| 02/04/2021 | 7 | Joint MOTION to Continue *Initial Appearance and Detention Hearing* by USA as to EDWARD JACOB LANG. (Jackson, Melissa) (Entered: 02/04/2021) |
| 02/04/2021 | | MINUTE ORDER: Upon consideration of the parties 7 Joint Motion to Continue the Initial Appearance and Detention Hearing to February 9, 2021, the Court finds good cause to GRANT this motion. The Initial Appearance and Detention Hearing will take place in this matter on February 9, 2021 at 1:00 p.m. by videoconference before Judge Meriweather. Call-in instructions will be provided to counsel prior to the hearing. Signed by Magistrate Judge Robin M. Meriweather on 2/4/2021. (ztl) (Entered: 02/04/2021) |
| 02/08/2021 | 8 | MEMORANDUM in Support of Pretrial Detention by USA as to EDWARD JACOB LANG (Jackson, Melissa) (Entered: 02/08/2021) |
| 02/09/2021 | | ORAL MOTION to Appoint Counsel by EDWARD JACOB LANG. (ztl) (Entered: 03/04/2021) |
| 02/09/2021 | | ORAL MOTION to Commit Defendant to Custody of Attorney General by USA as to EDWARD JACOB LANG. (ztl) (Entered: 03/04/2021) |
| 02/09/2021 | | ORAL MOTION for Speedy Trial by USA as to EDWARD JACOB LANG. (ztl) (Entered: 03/04/2021) |

| 02/09/2021 | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Initial Appearance/Arraignment held on 2/9/2021 as to Counts 1,2,3,4,5,6,7,8,9,10,11. Plea of Not Guilty entered as to all counts. Oral Motion to Appoint Counsel by EDWARD JACOB LANG (1); heard and granted. Oral Motion by the Government to Commit Defendant to Custody of Attorney General as to EDWARD JACOB LANG (1); heard and granted. No objection from defense. Oral Motion by the Government for Speedy Trial as to EDWARD JACOB LANG (1); heard and granted. Speedy Trial Excluded from 2/9/2021 to 3/30/2021 in the Interest of Justice (XT). Status Hearing set for 3/30/2021 at 10:00 AM by Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: Sara Wick; Defense Attorney:Steven Metcalf and Marty Tankleff; US Attorney: Melissa Jackson; Pretrial Officer: John Copes. (ztl) (Entered: 03/04/2021) |
|---|---|---|
| 02/10/2021 | 9 | PRETRIAL SERVICES REPORT as to EDWARD JACOB LANG This document is for informational purposes only. No action is requested.(Sidbury, Andre) (Entered: 02/10/2021) |
| 03/15/2021 | 10 | Unopposed MOTION for Protective Order by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(Jackson, Melissa) (Entered: 03/15/2021) |
| 03/29/2021 | 11 | NOTICE of Filing by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated March 26, 2021)(Jackson, Melissa) (Entered: 03/29/2021) |
| 03/29/2021 | 12 | MOTION for Protective Order by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(Jackson, Melissa) (Entered: 03/29/2021) |
| 03/29/2021 | 13 | MOTION for Disclosure *ORDER TO DISCLOSE ITEMS PROTECTED BY FEDERAL RULE OF CRIMINAL PROCEDURE 6(e) AND SEALED MATERIALS* by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(Jackson, Melissa) Modified relief on 3/30/2021 (znmw). (Entered: 03/29/2021) |
| 03/29/2021 | 14 | MOTION to Continue *AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT* by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order) (Jackson, Melissa) (Entered: 03/29/2021) |
| 03/29/2021 | 15 | MOTION to Exclude Time by USA as to EDWARD JACOB LANG. (See docket entry 14 to view document). (zstd) (Entered: 03/30/2021) |
| 03/30/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to EDWARD JACOB LANG held on 3/30/2021. Further Order to be issued by the Court. Status Conference set for 4/29/2021 at 03:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Steven Metcalf and Marty Tankleff; US Attorney: Melissa Jackson. (zcal) (Entered: 03/30/2021) |
| 04/13/2021 | 16 | NOTICE OF ATTORNEY APPEARANCE: Martin Harold Tankleff appearing for EDWARD JACOB LANG *from Metcalf & Metcalf* (Tankleff, Martin) (Entered: 04/13/2021) |

| 04/27/2021 | 17 | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated April 27, 2021)(Jackson, Melissa) (Entered: 04/27/2021) |
| 04/29/2021 | 18 | PROTECTIVE ORDER. Signed by Judge Carl J. Nichols on April 29, 2021. (lccjn1) (Entered: 04/29/2021) |
| 04/29/2021 | 19 | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Jackson, Melissa) (Entered: 04/29/2021) |
| 04/29/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to EDWARD JACOB LANG held on 4/29/2021. Further Order to be issued by the Court. Speedy Trial as to EDWARD JACOB LANG is Excluded from 4/29/2021 to 6/15/2021, in the Interest of Justice, XT. Status Conference set for 6/15/2021 at 03:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf; US Attorney: Melissa Jackson. (zcal) (Entered: 04/30/2021) |
| 05/18/2021 | 20 | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated May 18, 2021)(Jackson, Melissa) (Entered: 05/18/2021) |
| 06/09/2021 | 21 | ENTERED IN ERROR..... MOTION for Leave to Appear Notice of Appearance *of Steven Metcalf* Attorney: Steven Metcalf. by EDWARD JACOB LANG. (Metcalf, Steven) Modified on 6/9/2021 (zstd). (Entered: 06/09/2021) |
| 06/09/2021 | 22 | NOTICE OF ATTORNEY APPEARANCE: Steven Alan Metcalf, II appearing for EDWARD JACOB LANG (Metcalf, Steven) (Entered: 06/09/2021) |
| 06/09/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: as to EDWARD JACOB LANG re 21 MOTION for Leave to Appear Notice of Appearance *of Steven Metcalf* Attorney: Steven Metcalf. was entered in error and counsel refiled said pleading using correct event. (zstd) (Entered: 06/09/2021) |
| 06/14/2021 | 23 | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated June 14, 2021, # 2 Exhibit Discovery Letter to Defense Counsel dated June 14, 2021)(Jackson, Melissa) (Entered: 06/14/2021) |
| 06/15/2021 | | MINUTE ORDER. As discussed at the March 30, 2021 status conference, the government's 13 Motion for an Order to Disclose Items Protected by Federal Rule of Criminal Procedure 6(e) and Sealed Materials is GRANTED. It is further ORDERED that the United States may provide in discovery sealed materials and materials protected by Federal Rule of Criminal Procedure 6(e). Signed by Judge Carl J. Nichols on June 15, 2021. (lccjn1) (Entered: 06/15/2021) |
| 06/15/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Video Status Conference as to EDWARD JACOB LANG held on 6/15/2021. Speedy Trial as to EDWARD JACOB LANG is Excluded from 6/15/2021 to 7/15/2021, in the Interest of Justice, XT. Status Conference set for 7/15/2021 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains |

| | | Committed; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf, II; US Attorney: Melissa Jackson. (zcal) (Entered: 06/15/2021) |
|---|---|---|
| 06/16/2021 | | Set/Reset Hearings as to EDWARD JACOB LANG:Status Conference RESET for 7/16/2021 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. (zcal) (Entered: 06/16/2021) |
| 06/30/2021 | 24 | ENTERED IN ERROR.....NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit)(Jackson, Melissa) Modified on 6/30/2021 (zstd). (Entered: 06/30/2021) |
| 06/30/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: as to EDWARD JACOB LANG re 24 Notice (Other) was entered in error and counsel was instructed to refile said pleading. The exhibit cannot be filed by itself, a notice of filing needs to be filed as the main document and the exhibit will be the attachment. (zstd) (Entered: 06/30/2021) |
| 07/01/2021 | 25 | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit) (Jackson, Melissa) (Entered: 07/01/2021) |
| 07/08/2021 | 26 | NOTICE *of Filing Viewing Letter* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party)(Jackson, Melissa) (Entered: 07/08/2021) |
| 07/16/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Video Status Conference as to EDWARD JACOB LANG held on 7/16/2021. Speedy Trial as to EDWARD JACOB LANG is Excluded from 7/16/2021 to 9/15/2021, in the Interest of Justice, XT. Status Conference set for 9/15/2021 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf, II; US Attorney: Melissa Jackson. (zcal) (Entered: 07/16/2021) |
| 08/12/2021 | 28 | NOTICE *of Filing of Discovery Letter* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter- 8-11-2021)(Jackson, Melissa) (Entered: 08/12/2021) |
| 08/23/2021 | 29 | First MOTION for Bond *by Edward Jacob Lang*, First MOTION for Release from Custody *by Edward Jacob Lang* by EDWARD JACOB LANG. (Attachments: # 1 Exhibit Exhibits A-J in Support of Bond Application)(Tankleff, Martin) (Entered: 08/23/2021) |
| 08/24/2021 | 30 | STATUS REPORT *Regarding Status of Discovery* by USA as to EDWARD JACOB LANG (Jackson, Melissa) (Entered: 08/24/2021) |
| 08/30/2021 | | MINUTE ORDER. After review of Defendant's 29 Motion for Bond, it is hereby ORDERED that the government shall file a response to the Motion by September 7, 2021. Signed by Judge Carl J. Nichols on August 30, 2021. (lccjn1) (Entered: 08/30/2021) |
| 08/30/2021 | | Set/Reset Deadlines as to EDWARD JACOB LANG: Response due by 9/7/2021. (zcal) (Entered: 09/01/2021) |
| 09/07/2021 | 31 | RESPONSE by USA as to EDWARD JACOB LANG re 29 First MOTION for Bond *by Edward Jacob Lang*First MOTION for Release from Custody *by Edward Jacob Lang* |

| | | |
|---|---|---|
| | | (Attachments: # <u>1</u> Certificate of Service)(Jackson, Melissa) (Entered: 09/07/2021) |
| 09/08/2021 | | MINUTE ORDER. After review of USA's Response <u>31</u> to Defendant's Motion for Bond <u>29</u> , it is hereby ORDERED that Defendant shall file a Reply by September 14, 2021. It is further ORDERED that the Status Conference on September 15th at 11:00 A.M. shall include a hearing on Defendant's Motion for Bond, and Parties should be prepared to discuss the Motion. Signed by Judge Carl J. Nichols on September 8, 2021. (lccjn1) (Entered: 09/08/2021) |
| 09/08/2021 | | Set/Reset Deadlines as to EDWARD JACOB LANG: Reply due by 9/14/2021. (zcal) (Entered: 09/09/2021) |
| 09/09/2021 | <u>32</u> | LEAVE TO FILE DENIED- Motion to Proceed as Poor Person, Petition for a writ of Habeas Corpus, Memorandum of Law as to EDWARD JACOB LANG. This document is unavailable as the Court denied its filing. Signed by Judge Carl J. Nichols on 9/9/2021. (zltp) (Entered: 09/10/2021) |
| 09/13/2021 | | Set/Reset Hearings as to EDWARD JACOB LANG: Motion Hearing / Status Conference RESET for 9/20/2021 at 03:15 PM in Courtroom 17- In Person before Judge Carl J. Nichols. (zcal) (Entered: 09/13/2021) |
| 09/13/2021 | | MINUTE ORDER. The Court finds that, in light of the COVID-19 pandemic, the interest of justice is best served and outweighs the interests of the public and Mr. Lang in a speedy trial and that the time between September 15, 2021 and the next hearing, presently scheduled for September 20, 2021, shall be excluded in computing time within which the trial must commence in this case under the Speedy Trial Act, 18 U.S.C. § 3161. Signed by Judge Carl J. Nichols on September 13, 2021. (lccjn1) (Entered: 09/13/2021) |
| 09/14/2021 | <u>33</u> | Unopposed MOTION for Extension of Time to *File Response Reply* by EDWARD JACOB LANG. (Tankleff, Martin) Modified text on 9/14/2021 (zstd). (Entered: 09/14/2021) |
| 09/14/2021 | <u>34</u> | RESPONSE by USA as to EDWARD JACOB LANG re <u>29</u> First MOTION for Bond *by Edward Jacob Lang* First MOTION for Release from Custody *by Edward Jacob Lang* (Attachments: # <u>1</u> Certificate of Service)(Jackson, Melissa) (Entered: 09/14/2021) |
| 09/14/2021 | | MINUTE ORDER. Upon consideration of Defendant's <u>33</u> Unopposed Motion for Extension of Time, that Motion is GRANTED. It is thus ORDERED that Defendant shall file a Reply to <u>31</u> USA's Response to Defendants Motion for Bond by September 17, 2021. Signed by Judge Carl J. Nichols on September 14, 2021. (lccjn1) (Entered: 09/14/2021) |
| 09/14/2021 | | Set/Reset Deadlines as to EDWARD JACOB LANG: Defendants Reply due by 9/17/2021. (zcal) (Entered: 09/15/2021) |
| 09/15/2021 | <u>36</u> | Superseding INDICTMENT as to EDWARD JACOB LANG (1) count(s) 1s-2s, 3s-4s, 5s-6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s. (zstd) (Main Document 36 replaced on 9/16/2021) (zstd). (Entered: 09/16/2021) |
| 09/16/2021 | <u>35</u> | Second STATUS REPORT *Regarding Status of Discovery* by USA as to EDWARD |

| | | JACOB LANG (Jackson, Melissa) (Entered: 09/16/2021) |
|---|---|---|
| 09/17/2021 | 38 | REPLY TO OPPOSITION to Motion by EDWARD JACOB LANG re 29 First MOTION for Bond *by Edward Jacob Lang*First MOTION for Release from Custody *by Edward Jacob Lang Opposition to Government* (Tankleff, Martin) (Entered: 09/18/2021) |
| 09/20/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Motion Hearing/Arraignment as to EDWARD JACOB LANG (1) Count 1s-2s,3s-4s,5s-6s,7s,8s,9s,10s,11s,12s,13s held on 9/20/2021. Not Guilty as to all counts. 29 Motion for Release from Custody as to EDWARD JACOB LANG (1); DENIED for reasons set forth on the record. Motion to modify Conditions; DENIED without prejudice. Further Order to be issued by the Court. Speedy Trial as to EDWARD JACOB LANG is Excluded from 9/20/2021 to 10/20/2021, in the Interest of Justice, XT. Status Conference set for 10/20/2021 at 02:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf; US Attorney: Melissa Jackson; Pretrial Services Officer: Andre Sidbury. (zcal) (Entered: 09/20/2021) |
| 09/22/2021 | 39 | NOTICE *OF FILING* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party UNITED STATES MEMORANDUM REGARDING STATUS OF DISCOVERY)(Jackson, Melissa) (Entered: 09/22/2021) |
| 09/23/2021 | 40 | NOTICE *OF FILING* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party)(Jackson, Melissa) (Entered: 09/23/2021) |
| 09/27/2021 | 41 | NOTICE *OF FILING OF DISCOVERY LETTER* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party)(Jackson, Melissa) (Entered: 09/27/2021) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/04/2021 15:00:58 | | |
| PACER Login: | StevenAlan17 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:21-cr-00053-CJN |
| Billable Pages: | 8 | Cost: | 0.80 |

CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: 1:21-cr-00053-CJN All Defendants

Case title: USA v. LANG

Date Filed: 01/29/2021

Magistrate judge case number: 1:21-mj-00061-GMH

Assigned to: Judge Carl J. Nichols

**Defendant (1)**

**EDWARD JACOB LANG**

represented by **Martin Harold Tankleff**
METCALF AND METCALF
99 Park Avenue
Suite 2501
Manhattan, NY 10016
646-385-4403
Fax: 646-619-4807
Email: martytankleff@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Steven Alan Metcalf , II**
METCALF & METCALF, P.C.
99 Park Avenue
Suite 2501
New York, NY 10016
646-253-0514
Fax: 646-219-2012
Email: Metcalflawnyc@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

18 U.S.C. 231(a)(3); CIVIL DISORDER;
Civil Disorder
(1)

18:111(a)(1) and 2;

**Disposition**

ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
and Aiding and Abetting
(1s-2s)

18 U.S.C. 111(a)(1);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
(2)

18 U.S.C. 231(a)(3); CIVIL DISORDER;
Civil Disorder
(3)

18:111(a)(1);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
(3s-4s)

18 U.S.C. 111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon
(4)

18 U.S.C. 231(a)(3); CIVIL DISORDER;
Civil Disorder
(5)

18:111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon
(5s-6s)

18 U.S.C. 111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon
(6)

18 U.S.C. 1512(c)(2) and 2; TAMPERING
WITH A WITNESS, VICTIM OR
INFORMANT; Obstruction of an Official
Proceeding and Aiding and Abetting
(7)

18:111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon, Inflicting
Bodily Injury
(7s)

18 U.S.C. 1752(a)(2) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Disorderly and Disruptive
Conduct in a Restricted Building or
Grounds with a Deadly or Dangerous
Weapon
(8)

18:231(a)(3); CIVIL DISORDER; Civil
Disorder
(8s)

18 U.S.C. 1752(a)(4) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Engaging in Physical
Violence in a Restricted Building or
Grounds, with a Deadly or Dangerous
Weapon
(9)

18:1512(c)(2) and 2; TAMPERING WITH
A WITNESS, VICTIM OR INFORMANT;
Obstruction of an Official Proceeding and
Aiding and Abetting
(9s)

40 U.S.C. 5104(e)(2)(D); FEDERAL
STATUTES, OTHER; Disorderly Conduct
in a Capitol Building
(10)

18:1752(a)(2) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Disorderly and Disruptive
Conduct in a Restricted Building or
Grounds, with a Deadly or Dangerous
Weapon
(10s)

40 U.S.C. 5104(e)(2)(F); FEDERAL
STATUTES, OTHER; Act of Physical
Violence in a Capitol Building
(11)

18:1752(a)(4) and (b)(1)(A);
TEMPORARY RESIDENCE OF THE
PRESIDENT; Engaging in Physical
Violence in a Restricted Building or
Grounds with a Deadly or Dangerous
Weapon
(11s)

40:5104(e)(2)(D); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Disorderly
Conduct in a Capitol Building
(12s)

40:5104(e)(2)(F); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Act of Physical
Violence in the Capitol Grounds or
Buildings
(13s)

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**
None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in VIOLATION of 18 U.S.C. § 111(b), 18 U.S.C. § 231(a)(3), 18 U.S.C. § 1752(a), and 40 U.S.C. § 5104(e) (2) | |

| **Plaintiff** | | |
|---|---|---|
| **USA** | represented by | **Melissa Joy Jackson** U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA 555 4th Street, NW Washington, DC 20530 202-252-7786 |

Email: melissa.jackson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/15/2021 | 1 | SEALED COMPLAINT as to EDWARD JACOB LANG (1). (Attachments: # 1 Affidavit in Support) (zltp) [1:21-mj-00061-GMH] (Entered: 01/15/2021) |
| 01/15/2021 | 3 | MOTION to Seal Case by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(zltp) [1:21-mj-00061-GMH] (Entered: 01/15/2021) |
| 01/15/2021 | 4 | ORDER granting 3 Motion to Seal Case as to EDWARD JACOB LANG (1). Signed by Magistrate Judge G. Michael Harvey on 1/15/2021. (zltp) [1:21-mj-00061-GMH] (Entered: 01/15/2021) |
| 01/16/2021 | | Case unsealed as to EDWARD JACOB LANG (bb) [1:21-mj-00061-GMH] (Entered: 01/21/2021) |
| 01/16/2021 | | Arrest of EDWARD JACOB LANG in New York. (bb) (Entered: 08/10/2021) |
| 01/22/2021 | 27 | Rule 5(c)(3) Documents Received as to EDWARD JACOB LANG from US District Court Southern District of New York Case Number 21-mj-626 (bb) (Entered: 08/10/2021) |
| 01/29/2021 | 5 | INDICTMENT as to EDWARD JACOB LANG (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11. (zltp) (Entered: 02/02/2021) |
| 02/04/2021 | 7 | Joint MOTION to Continue *Initial Appearance and Detention Hearing* by USA as to EDWARD JACOB LANG. (Jackson, Melissa) (Entered: 02/04/2021) |
| 02/04/2021 | | MINUTE ORDER: Upon consideration of the parties 7 Joint Motion to Continue the Initial Appearance and Detention Hearing to February 9, 2021, the Court finds good cause to GRANT this motion. The Initial Appearance and Detention Hearing will take place in this matter on February 9, 2021 at 1:00 p.m. by videoconference before Judge Meriweather. Call-in instructions will be provided to counsel prior to the hearing. Signed by Magistrate Judge Robin M. Meriweather on 2/4/2021. (ztl) (Entered: 02/04/2021) |
| 02/08/2021 | 8 | MEMORANDUM in Support of Pretrial Detention by USA as to EDWARD JACOB LANG (Jackson, Melissa) (Entered: 02/08/2021) |
| 02/09/2021 | | ORAL MOTION to Appoint Counsel by EDWARD JACOB LANG. (ztl) (Entered: 03/04/2021) |
| 02/09/2021 | | ORAL MOTION to Commit Defendant to Custody of Attorney General by USA as to EDWARD JACOB LANG. (ztl) (Entered: 03/04/2021) |
| 02/09/2021 | | ORAL MOTION for Speedy Trial by USA as to EDWARD JACOB LANG. (ztl) (Entered: 03/04/2021) |

| 02/09/2021 | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Initial Appearance/Arraignment held on 2/9/2021 as to Counts 1,2,3,4,5,6,7,8,9,10,11. Plea of Not Guilty entered as to all counts. Oral Motion to Appoint Counsel by EDWARD JACOB LANG (1); heard and granted. Oral Motion by the Government to Commit Defendant to Custody of Attorney General as to EDWARD JACOB LANG (1); heard and granted. No objection from defense. Oral Motion by the Government for Speedy Trial as to EDWARD JACOB LANG (1); heard and granted. Speedy Trial Excluded from 2/9/2021 to 3/30/2021 in the Interest of Justice (XT). Status Hearing set for 3/30/2021 at 10:00 AM by Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: Sara Wick; Defense Attorney:Steven Metcalf and Marty Tankleff; US Attorney: Melissa Jackson; Pretrial Officer: John Copes. (ztl) (Entered: 03/04/2021) |
|---|---|---|
| 02/10/2021 | 9 | PRETRIAL SERVICES REPORT as to EDWARD JACOB LANG This document is for informational purposes only. No action is requested.(Sidbury, Andre) (Entered: 02/10/2021) |
| 03/15/2021 | 10 | Unopposed MOTION for Protective Order by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(Jackson, Melissa) (Entered: 03/15/2021) |
| 03/29/2021 | 11 | NOTICE of Filing by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated March 26, 2021)(Jackson, Melissa) (Entered: 03/29/2021) |
| 03/29/2021 | 12 | MOTION for Protective Order by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(Jackson, Melissa) (Entered: 03/29/2021) |
| 03/29/2021 | 13 | MOTION for Disclosure *ORDER TO DISCLOSE ITEMS PROTECTED BY FEDERAL RULE OF CRIMINAL PROCEDURE 6(e) AND SEALED MATERIALS* by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order)(Jackson, Melissa) Modified relief on 3/30/2021 (znmw). (Entered: 03/29/2021) |
| 03/29/2021 | 14 | MOTION to Continue *AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT* by USA as to EDWARD JACOB LANG. (Attachments: # 1 Text of Proposed Order) (Jackson, Melissa) (Entered: 03/29/2021) |
| 03/29/2021 | 15 | MOTION to Exclude Time by USA as to EDWARD JACOB LANG. (See docket entry 14 to view document). (zstd) (Entered: 03/30/2021) |
| 03/30/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to EDWARD JACOB LANG held on 3/30/2021. Further Order to be issued by the Court. Status Conference set for 4/29/2021 at 03:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Steven Metcalf and Marty Tankleff; US Attorney: Melissa Jackson. (zcal) (Entered: 03/30/2021) |
| 04/13/2021 | 16 | NOTICE OF ATTORNEY APPEARANCE: Martin Harold Tankleff appearing for EDWARD JACOB LANG *from Metcalf & Metcalf* (Tankleff, Martin) (Entered: 04/13/2021) |

| 04/27/2021 | 17 | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated April 27, 2021)(Jackson, Melissa) (Entered: 04/27/2021) |
| 04/29/2021 | 18 | PROTECTIVE ORDER. Signed by Judge Carl J. Nichols on April 29, 2021. (lccjn1) (Entered: 04/29/2021) |
| 04/29/2021 | 19 | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Jackson, Melissa) (Entered: 04/29/2021) |
| 04/29/2021 |  | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to EDWARD JACOB LANG held on 4/29/2021. Further Order to be issued by the Court. Speedy Trial as to EDWARD JACOB LANG is Excluded from 4/29/2021 to 6/15/2021, in the Interest of Justice, XT. Status Conference set for 6/15/2021 at 03:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf; US Attorney: Melissa Jackson. (zcal) (Entered: 04/30/2021) |
| 05/18/2021 | 20 | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated May 18, 2021)(Jackson, Melissa) (Entered: 05/18/2021) |
| 06/09/2021 | 21 | ENTERED IN ERROR..... MOTION for Leave to Appear Notice of Appearance *of Steven Metcalf* Attorney: Steven Metcalf. by EDWARD JACOB LANG. (Metcalf, Steven) Modified on 6/9/2021 (zstd). (Entered: 06/09/2021) |
| 06/09/2021 | 22 | NOTICE OF ATTORNEY APPEARANCE: Steven Alan Metcalf, II appearing for EDWARD JACOB LANG (Metcalf, Steven) (Entered: 06/09/2021) |
| 06/09/2021 |  | NOTICE OF CORRECTED DOCKET ENTRY: as to EDWARD JACOB LANG re 21 MOTION for Leave to Appear Notice of Appearance *of Steven Metcalf* Attorney: Steven Metcalf. was entered in error and counsel refiled said pleading using correct event. (zstd) (Entered: 06/09/2021) |
| 06/14/2021 | 23 | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter to Defense Counsel dated June 14, 2021, # 2 Exhibit Discovery Letter to Defense Counsel dated June 14, 2021)(Jackson, Melissa) (Entered: 06/14/2021) |
| 06/15/2021 |  | MINUTE ORDER. As discussed at the March 30, 2021 status conference, the government's 13 Motion for an Order to Disclose Items Protected by Federal Rule of Criminal Procedure 6(e) and Sealed Materials is GRANTED. It is further ORDERED that the United States may provide in discovery sealed materials and materials protected by Federal Rule of Criminal Procedure 6(e). Signed by Judge Carl J. Nichols on June 15, 2021. (lccjn1) (Entered: 06/15/2021) |
| 06/15/2021 |  | Minute Entry for proceedings held before Judge Carl J. Nichols: Video Status Conference as to EDWARD JACOB LANG held on 6/15/2021. Speedy Trial as to EDWARD JACOB LANG is Excluded from 6/15/2021 to 7/15/2021, in the Interest of Justice, XT. Status Conference set for 7/15/2021 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains |

| | | |
|---|---|---|
| | | Committed; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf, II; US Attorney: Melissa Jackson. (zcal) (Entered: 06/15/2021) |
| 06/16/2021 | | Set/Reset Hearings as to EDWARD JACOB LANG:Status Conference RESET for 7/16/2021 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. (zcal) (Entered: 06/16/2021) |
| 06/30/2021 | 24 | ENTERED IN ERROR.....NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit)(Jackson, Melissa) Modified on 6/30/2021 (zstd). (Entered: 06/30/2021) |
| 06/30/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: as to EDWARD JACOB LANG re 24 Notice (Other) was entered in error and counsel was instructed to refile said pleading. The exhibit cannot be filed by itself, a notice of filing needs to be filed as the main document and the exhibit will be the attachment. (zstd) (Entered: 06/30/2021) |
| 07/01/2021 | 25 | NOTICE *of Filing* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit) (Jackson, Melissa) (Entered: 07/01/2021) |
| 07/08/2021 | 26 | NOTICE *of Filing Viewing Letter* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party)(Jackson, Melissa) (Entered: 07/08/2021) |
| 07/16/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Video Status Conference as to EDWARD JACOB LANG held on 7/16/2021. Speedy Trial as to EDWARD JACOB LANG is Excluded from 7/16/2021 to 9/15/2021, in the Interest of Justice, XT. Status Conference set for 9/15/2021 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Committed; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf, II; US Attorney: Melissa Jackson. (zcal) (Entered: 07/16/2021) |
| 08/12/2021 | 28 | NOTICE *of Filing of Discovery Letter* by USA as to EDWARD JACOB LANG (Attachments: # 1 Exhibit Discovery Letter- 8-11-2021)(Jackson, Melissa) (Entered: 08/12/2021) |
| 08/23/2021 | 29 | First MOTION for Bond *by Edward Jacob Lang*, First MOTION for Release from Custody *by Edward Jacob Lang* by EDWARD JACOB LANG. (Attachments: # 1 Exhibit Exhibits A-J in Support of Bond Application)(Tankleff, Martin) (Entered: 08/23/2021) |
| 08/24/2021 | 30 | STATUS REPORT *Regarding Status of Discovery* by USA as to EDWARD JACOB LANG (Jackson, Melissa) (Entered: 08/24/2021) |
| 08/30/2021 | | MINUTE ORDER. After review of Defendant's 29 Motion for Bond, it is hereby ORDERED that the government shall file a response to the Motion by September 7, 2021. Signed by Judge Carl J. Nichols on August 30, 2021. (lccjn1) (Entered: 08/30/2021) |
| 08/30/2021 | | Set/Reset Deadlines as to EDWARD JACOB LANG: Response due by 9/7/2021. (zcal) (Entered: 09/01/2021) |
| 09/07/2021 | 31 | RESPONSE by USA as to EDWARD JACOB LANG re 29 First MOTION for Bond *by Edward Jacob Lang*First MOTION for Release from Custody *by Edward Jacob Lang* |

| | | |
|---|---|---|
| | | (Attachments: # 1 Certificate of Service)(Jackson, Melissa) (Entered: 09/07/2021) |
| 09/08/2021 | | MINUTE ORDER. After review of USA's Response 31 to Defendant's Motion for Bond 29 , it is hereby ORDERED that Defendant shall file a Reply by September 14, 2021. It is further ORDERED that the Status Conference on September 15th at 11:00 A.M. shall include a hearing on Defendant's Motion for Bond, and Parties should be prepared to discuss the Motion. Signed by Judge Carl J. Nichols on September 8, 2021. (lccjn1) (Entered: 09/08/2021) |
| 09/08/2021 | | Set/Reset Deadlines as to EDWARD JACOB LANG: Reply due by 9/14/2021. (zcal) (Entered: 09/09/2021) |
| 09/09/2021 | 32 | LEAVE TO FILE DENIED- Motion to Proceed as Poor Person, Petition for a writ of Habeas Corpus, Memorandum of Law as to EDWARD JACOB LANG. This document is unavailable as the Court denied its filing. Signed by Judge Carl J. Nichols on 9/9/2021. (zltp) (Entered: 09/10/2021) |
| 09/13/2021 | | Set/Reset Hearings as to EDWARD JACOB LANG: Motion Hearing / Status Conference RESET for 9/20/2021 at 03:15 PM in Courtroom 17- In Person before Judge Carl J. Nichols. (zcal) (Entered: 09/13/2021) |
| 09/13/2021 | | MINUTE ORDER. The Court finds that, in light of the COVID-19 pandemic, the interest of justice is best served and outweighs the interests of the public and Mr. Lang in a speedy trial and that the time between September 15, 2021 and the next hearing, presently scheduled for September 20, 2021, shall be excluded in computing time within which the trial must commence in this case under the Speedy Trial Act, 18 U.S.C. § 3161. Signed by Judge Carl J. Nichols on September 13, 2021. (lccjn1) (Entered: 09/13/2021) |
| 09/14/2021 | 33 | Unopposed MOTION for Extension of Time to *File Response Reply* by EDWARD JACOB LANG. (Tankleff, Martin) Modified text on 9/14/2021 (zstd). (Entered: 09/14/2021) |
| 09/14/2021 | 34 | RESPONSE by USA as to EDWARD JACOB LANG re 29 First MOTION for Bond *by Edward Jacob Lang*First MOTION for Release from Custody *by Edward Jacob Lang* (Attachments: # 1 Certificate of Service)(Jackson, Melissa) (Entered: 09/14/2021) |
| 09/14/2021 | | MINUTE ORDER. Upon consideration of Defendant's 33 Unopposed Motion for Extension of Time, that Motion is GRANTED. It is thus ORDERED that Defendant shall file a Reply to 31 USA's Response to Defendants Motion for Bond by September 17, 2021. Signed by Judge Carl J. Nichols on September 14, 2021. (lccjn1) (Entered: 09/14/2021) |
| 09/14/2021 | | Set/Reset Deadlines as to EDWARD JACOB LANG: Defendants Reply due by 9/17/2021. (zcal) (Entered: 09/15/2021) |
| 09/15/2021 | 36 | Superseding INDICTMENT as to EDWARD JACOB LANG (1) count(s) 1s-2s, 3s-4s, 5s-6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s. (zstd) (Main Document 36 replaced on 9/16/2021) (zstd). (Entered: 09/16/2021) |
| 09/16/2021 | 35 | Second STATUS REPORT *Regarding Status of Discovery* by USA as to EDWARD |

| | | JACOB LANG (Jackson, Melissa) (Entered: 09/16/2021) |
|---|---|---|
| 09/17/2021 | 38 | REPLY TO OPPOSITION to Motion by EDWARD JACOB LANG re 29 First MOTION for Bond *by Edward Jacob Lang*First MOTION for Release from Custody *by Edward Jacob Lang Opposition to Government* (Tankleff, Martin) (Entered: 09/18/2021) |
| 09/20/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Motion Hearing/Arraignment as to EDWARD JACOB LANG (1) Count 1s-2s,3s-4s,5s-6s,7s,8s,9s,10s,11s,12s,13s held on 9/20/2021. Not Guilty as to all counts. 29 Motion for Release from Custody as to EDWARD JACOB LANG (1); DENIED for reasons set forth on the record. Motion to modify Conditions; DENIED without prejudice. Further Order to be issued by the Court. Speedy Trial as to EDWARD JACOB LANG is Excluded from 9/20/2021 to 10/20/2021, in the Interest of Justice, XT. Status Conference set for 10/20/2021 at 02:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman; Defense Attorney: Martin Tankleff and Steven Metcalf; US Attorney: Melissa Jackson; Pretrial Services Officer: Andre Sidbury. (zcal) (Entered: 09/20/2021) |
| 09/22/2021 | 39 | NOTICE *OF FILING* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party UNITED STATES MEMORANDUM REGARDING STATUS OF DISCOVERY)(Jackson, Melissa) (Entered: 09/22/2021) |
| 09/23/2021 | 40 | NOTICE *OF FILING* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party)(Jackson, Melissa) (Entered: 09/23/2021) |
| 09/27/2021 | 41 | NOTICE *OF FILING OF DISCOVERY LETTER* by USA as to EDWARD JACOB LANG (Attachments: # 1 Notice to Counsel/Party)(Jackson, Melissa) (Entered: 09/27/2021) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/04/2021 15:00:58 | | |
| **PACER Login:** | StevenAlan17 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:21-cr-00053-CJN |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------X

**UNITED STATES OF AMERICA,**

    **v.**

                                            **No. 1:21-cr-00053**

**EDWARD JACOB LANG,**

          *Defendant.*

----------------------------------------------------X

## DEFENDANT LANG'S MOTION FOR BAIL TO PLACE DEFENDANT ON CONDITIONAL RELEASE PENDING TRIAL

      Defendant, Edward Jacob Lang, by and through undersigned counsel, Martin H. Tankleff and Steven Metcalf, respectfully moves this Court, pursuant to the Bail Reform Act of 1984, 18 U.S.C. 3141, *et seq.*, to release Mr. Lang on personal recognizance.

      Alternatively, if the Court is not amenable to release defendant on personal recognizance, defendant moves this court to release defendant into the third-party custody of his parents and commit him to the supervision of a High Intensity Supervision Program (HISP) with GPS monitoring by local Pretrial Services.

Page **1** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

If the Court deems that Lang is not entitled to bail, he respectfully moves for a Court order permitting him to possess in his cell a laptop computer so he can review all discovery and participate in his own defense.

Dated:  August 23, 2021

Respectfully Submitted,

*Martin Tankleff*

MARTIN H. TANKLEFF, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Lang*
99 Park Avenue, 25th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
*mtankleff@metcalflawnyc.com*

*/s/ Steven A. Metcalf II, Esq.*

STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Lang*
99 Park Avenue, 25th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
*metcalflawnyc@gmail.com*

Page **2** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

33

## CERTIFICATE OF SERVICE

We hereby certify that, on August 23rd, 2021, the forgoing document was filed via the Court's electronic filing system, and sent to the AUSA via email, which constitutes service upon all counsel of record.

Respectfully Submitted,

*Martin Tankleff*

MARTIN H. TANKLEFF, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Lang*
99 Park Avenue, 25th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
*mtankleff@metcalflawnyc.com*


/s/ *Steven A. Metcalf II, Esq.*

STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Lang*
99 Park Avenue, 25th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
*metcalflawnyc@gmail.com*

Page **3** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

34

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------X

UNITED STATES OF AMERICA,

    v.

                                        **No. 1:21-cr-00053**

EDWARD JACOB LANG,

      *Defendant.*

-------------------------------------------------------X

## MOTION TO REVIEW DENTENTION WITHOUT BOND

Edward Jacob Lang (hereinafter "Defendant," "Lang" or "Jake"), by and through his attorneys, Martin Tankleff and Steven Metcalf, moves to have his detention without bond status reviewed. Lang moves this Honorable Court to reimpose the conditions of release that were set at the time of Lang's arraignment. In support thereof, he states as follows:

## PREAMBLE

As far back as the 5th Century, humanity recognized that, "[w]hoever destroys a soul, it is considered as if he destroyed an entire world. And whoever saves a life, it is

Page **4** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

considered as if he saved an entire world." Which was written in the Talmud[1]. We were reminded of this core principle in 1993 when Shindler's list came out and a famous line in the movie stated, "Whoever saves one life saves the world entire."

This line, and the concept behind it, is quite simple, one man can make a difference. In the case before this court, Jake Lang is that one man. He showed Phillip Anderson humanity, by saving his life, with little to no regard for his own life. Jake's conduct was selfless, kind and establishes that Jake is a good person, and good people still exist in this world. As Mr. Anderson has stated, "If it wasn't for Jake, I would have been killed by the police on January 6. I am alive today because he saved my life." (*See* Affidavit of Philip Anderson attached as **Exhibit A**)[2].

If there is any justice in our society, it is to grant bail to defendant, especially since in 1988, undersigned counsel, while under indictment for double murder was

---

[1] The <u>Talmud</u> (תלמוד) is considered an authoritative record of rabbinic discussions on Jewish law, Jewish ethics, customs, legends and stories. It consists of the *Mishnah*, a record of oral traditions, and the *Gemara*, which comments upon, interprets and applies these oral traditions. A section of the Mishnah is followed by the Gemara on that section. There are two distinct Gemaras: the Yerushalmi and the Bavli, and two corresponding Talmuds: Talmud Yerushalmi (Jerusalem Talmud) and the Talmud Bavli (Babylonian Talmud); The word "Talmud", when used without qualification, usually refers to the Babylonian Talmud. Neither Gemara is complete.

[2] Mr. Anderson has publicly come out as a witness as to what happened on January 6, 2021 (*See*, https://news-block.com/the-police-killed-her-three-more-eyewitnesses-who-were-later-arrested-speak-about-the-police-murder-of-protester-rosanne-boyland-on-january-6/; https://www.thegatewaypundit.com/2021/07/philip-anderson-capitol-police-killed-rosanne-boyland-know-holding-hand-died-audio/; https://noqreport.com/2021/07/18/philip-anderson-capitol-police-killed-rosanne-boyland-on-jan-6-she-was-holding-my-hand-when-she-died-audio/ (last visited on August 20, 2021)

Page **5** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

36

released on one-million-dollar bail and reduced after several months of freedom.[3] Lang is not charged with murder, and individuals around this Country, charged with more serious crimes are granted bail.

The defendant states the following in support of this request.

## I.  **INTRODUCTION**

1.  Mr. Lang now moves for Bail for the following reasons: (1) his treatment in a DC jail has violated his human rights, (2) his right to effective assistance of counsel is being deprived on a daily basis because he is unable to speak to his attorney's in a confidential setting, and participate in his own defense because he cannot adequately review the discovery in this matter; (3) the presumption against bail for pretrial detainees.

2.  The reasons set forth herein highlight how the government is unable to prove that Lang is a flight risk by a preponderance of the evidence; and instead, this case boils down to dangerousness, and whether the government can demonstrate that Lang should be detained pretrial because there are "no

---

[3] Judge Thomas Mallon also ordered that the youth, Martin Tankleff, 17, remain free on $1-million bail after arraigning him on second-degree murder charges in his father's death. *2 Asst. Das Barred in Tankleff Trial*, 1988 WLNR 171272; Martin Tankleff has pleaded not guilty and is being held in the Suffolk County Jail in lieu of $500,000 cash bail or $1 million bond. *Seymour Tankleff Dies of Injuries*, 1988 WLNR 158438.

Page **6** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

37

condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e)(1).[4]

3.    Lang went unarmed to the Capitol on January 6, 2021. As a United States citizen, he went there to stand for liberty, the Constitution, and assert his First Amendment Right. Instead, he ended up saving someone's life, watching people being beaten to death by police, being gassed and abused. What we have been seeing in the press is not the whole truth. The snippets of videos and snapshots do not reveal the truth of what happened on January 6. Jake's actions, in totality were heroic and lifesaving. If there is any doubt about that, just ask Phillip Anderson who also clung to Ms. Boyland as she died. (*See* Affidavit of Phillip Anderson attached as **Exhibit A**).

---

[4] *See also United States v. Munchel*, 2021 WL 1149196, at 4 (D.C. Cir. Mar. 26, 2021) (*quoting* 18 U.S.C. § 3142(f)(highlighting that "[t]o justify detention on the basis of dangerousness, the government must prove by 'clear and convincing evidence' that 'no condition or combination of conditions will reasonably assure the safety of any other person and the community [which requires that defendant] poses a continued articulable threat to an individual or the community that cannot be sufficiently mitigated by release conditions.").

Page **7** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

38



4. We request that Jake be released into the third-party custody of his parents. Lang's father, Ned, in particular is willing to cosigned and also put up collateral consisting of two parcels of land, totaling $100,000.00 in equity as collateral.[5]

---

[5] Ned Lang has informed the undersigned that he is not willing, nor able, to pay for any experts on behalf of his son Jake. He has informed the undersigned that he can and will pay attorney's fees at a significantly reduced rate for his son. He has informed us that he would employ his son on a daily basis.

Page 8 of 27
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

39

## II.  ARGUMENTS

### POINT ONE
### DC JAIL: HUMAN RIGHT VIOLATIONS, ON A DAILY BASIS

5.    Lang's physical abuse includes being dragged, shoved, denied regular shower access, and getting an entire can of mace in his face, while standing inside of cell with photos and a bible in his hand. Lang's other abuses include sleep deprivation, verbal abuse, and being denied the right to counsel.    Just recently, Lang was taken to "The Hole", where he remained for two straight months, without a single disciplinary ticket. After being taken out of "The Hole", he received a hero's welcome upon returning to the Patriot Unit. Within 14 hours of being back on the Patriot Unit, the guards opened his' cell door, and maced him directly in his eyes. When Lang was maced he was standing in his cell with a bible in one hand and family photos in the other. Overall, Jake has been held in the hole in 24-hour a day solitary confinement on three separate occasions, totaling more than three months. While Jake is currently back on the Patriot Unit, the unit with other J6 Defendants at the DC jail, he has been and will continue to be subject to these abuses at anytime. The retaliation and scare tactics most likely will continue within days of us even filing this application.

Page **9** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

40

6.  Jake does not have access to all the discovery in this matter and has no guarantee that every time his name comes up in the jail that he will not continue to be harassed and used as a scapegoat inmate to raise false disciplinary charges against him to throw Jake in the box.

7.  Jake has been moved from regular housing to the hole (aka, the box or special housing unit).   Each time this has occurred, there wasn't a reasonable penological reason other than as a form of retaliation and/or harassment.

8.  Obviously, during the last seven months of Lang's incarceration, it has become clear that individuals who are housed in the D.C. Jail, who are accused of committing crimes on January 6, 2021, at The Capitol are treated differently than all other prisoners who are housed in the jail.  There is a clear deprivation of Equal Protection under the law.  Many, including Lang, have suffered when the conditions of confinement are exposed publicly.

9.  Additionally, the government cannot demonstrate that no "reasonable condition, or combination of conditions exist that would ensure Jake's return to court or the safety of all members of the community."   All necessary conditions can be obviated, such as conditions requiring Lang, if released, to not be able to possess, legally or illegally a firearm or other weapon, and his every movement can be monitored to the extent of house arrest. He also can

Page **10** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

be precluded from even speaking to all other people besides his family and attorneys. An order of conditions can adequately mitigate any concerns.

10.  The jail allows prisoners to leave their cells from anywhere from an hour a day to a few hours a day. Religious services are not allowed.  Dozens of prisoners have to share the same fingernail/toenail cutter, without it being disinfected between each use. Exercise, especially outdoor access is limited or non-existent for Lang.

11.  More disturbing is that Lang has not had had a single haircut or shave since he has been arrested on this matter.

12.  Lang has not had the opportunity to either visit the law library or gain more materials than those being housed in restrictive housing.

13.  The caselaw regarding the denial of human rights, especially for those housed as a pretrial detain, favor Lang's application for bail.  If the conditions have only worsened over the past several months, there is no likelihood that they will get better, and the longer that Jake is imprisoned, the more serious the violations rise to.

14.  The D.C. District court has held, "with regard to the everyday administration of pretrial detention facilities, the Court is merely concerned with whether a "particular condition or restriction of pretrial detention is reasonably related

Page **11** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

to a legitimate governmental objective"; if so, the detention facilities practice does not violate due process and thus should generally not concern the court. *See Bell,* 441 U.S. at 548, 99 S.Ct. 1861 ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial."). *United States v. Medina,* 628 F. Supp. 2d 52, 55 (D.D.C. 2009).

15. The Court in *Mednia,* supports the position that since the issues raised herein rise to the level of a Constitutional violation, this Court is empowered to grant relief.

16. There is no doubt that the Government will counter that Lang should file a grievance to address the human rights issues that are violating his Constitutional rights on a daily basis. However, this court is empowered to eradicate those violations by granting bail.

## POINT TWO

### THE CONSTITUTIONAL RIGHT TO ASSISTANT IN ONE'S DEFENSE AND SUPPLEMENT IF NECESSARY.

17. Defendant Lang, hereby through his counsel, respectfully reserves and preserves his right to make further submissions on this issue of because of

Page **12** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

43

counsel's inability to adequately communicate with Lang in a confidential setting.

18. Jacob Lang currently remains in the D.C. jail, and for five months has literally been in his cell for 22 or 23 hours a day. He has very little privileged communications with his attorneys and cannot possibly review all of the video and audio discovery that in this matter. When the undersigned counsel visited Lang, the setup of the visiting area exposed counsel and Lang to have every word of their conversation overheard by anyone around.[6]

19. Every Defendant has, at a minimum, the right to counsel. Such a right includes, but is not limited to, confidential communications with their counsel in person, by mail and via phone calls.

20. In this case, our client, Defendant Lang's right to communicate with his counsel has been severally infringed.

21. In *McKaskle*, the U.S. Supreme Court highlighted:

> *Faretta*'s holding was based on the long-standing recognition of a right of self-representation in federal and most state courts, and on the language, structure, and spirit of the Sixth Amendment. Under that Amendment, it is the accused, not counsel, who must be "informed of the nature

---

[6] The day that the undersigned visited with Lang, another lawyer was sitting 2 spots down and we were able to hear everything she was telling her client. Every word the client was saying to the lawyer, Lang could hear.

Page **13** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

and cause of the accusation," who has the right to confront witnesses, and who must be accorded "compulsory process for obtaining witnesses in his favor." The Counsel Clause itself, which permits the accused "to have the Assistance of Counsel for his defense," implies a right in the defendant to conduct his own defense, with *assistance* at what, after all, is his, not counsel's trial.

*McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S.Ct. 944, 949 (1984).

22.    The *McKaskle* principles remain the same to every one of these January 6, 2021, Defendants.

23.    However, the pretrial conditions of the DC jail have created an environment where these Defendants, especially Defendant Lang are unable to assist in their own defense and are thus are not ensured effective assistance of counsel.

24.    It is impossible to have a free-flowing conversation with Defendant Lang.

25.    Attorney-client meetings are in open cages[7] where there is no confidentiality, everyone can hear the conversations including prison guards.  Undersigned counsel experienced this when they visited with Jake at the D.C. Jail.

26.    Essentially, the Attorney-client privilege is nonexistent, depriving Jake of his fundamental constitutional right to counsel.

---

[7] When visiting Lang, the undersigned was told that Contact legal visits, where a defendant meets with his lawyer in person at the jail, require the Defendant to then quarantine for 14 days.

Page **14** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

27. Considering the conditions that Jake is housed in, and the manner in which legal visits are conducted, the strong likelihood that the attorney-client privilege is sustainably intruded.

28. Finally, in light of the Supreme Court directives, "that remedies should be tailored to the injury suffered. *Shillenger v. Haworth*, 70 F. 3d 1132 (10ᵗʰ Cir. 1995); *US. v. Solomon*, 679 F 2d 1246 (8ᵗʰ Cir 1982).

29. Lang is in an untenable environment, which the government closely monitors, whereby we believe there is the likelihood of an intrusion into the attorney-client privilege occurs daily and will continue throughout this case until there are changes made. How can we trust the government if we cannot communicate with our own clients at the jail or over the phone in a confidential manner? Something must be done here to ensure that we can have privileged communications with our client – such as granting of bail.

## POINT THREE

### DEFENDANT'S NEED FOR ACCESS TO A LAPTOP AS ALTERNATIVE RELIEF.

30. Every defendant has the right to review discovery materials in their own case, especially, January 6, 2021, Defendants as the Government has deemed these cases part of the largest criminal investigation and prosecution in US history.

Page **15** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

46

31.  Defendant Lang is entitled to review every document, video, audio, and anything else that the FBI, Department of Justice, United States Attorney's Office, or any other agency obtaining or generating video or audio materials. Such a review must not be dictated on whether his attorneys can visit him. No such burden should be placed on counsel or corrections, especially considering the financial and time-consuming burden it would place if undersigned counsel were required to sit with Jake at the jail and review each and every video.

32.  "[I]n the usual case when production is ordered, a client has the right to see and know what has been produced." *See, e.g., Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *United States v. Truong Dinh Hung*, 667 F.2d 1105, 1108 (4th Cir. 1981).

33.  Failure to review discovery with Jake can rise to the level of ineffective assistance of counsel since a "defendant generally has a right to review the discovery materials that will be used against him at trial, *United States v. Hung*, 667 F.2d 1105, 1108 (4th Cir.1981)," *Johnson v. United States*, 2:07-CR-00924-DCN-3, 2014 WL 295157, at 5 (D.S.C. Jan. 27, 2014).

Page **16** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

34. Applications for accessibility for a laptop for pre-trial detainees is regularly granted around the country, and in some jurisdictions, there are specific policies in place:

    a. In *United States v. Helbrans*, 7:19cr497 (NSR), a Southern District of New York Case, an application was made for the defendant to have access to a laptop and internet so that the defendant may prepare his defense, which was granted  (*See* **Exhibit B**);

    b. In *United States v. Reid, et al, including Brandon Nieves*, a Southern District of New York case, an application was made for the defendant to have access to a laptop "to permit clients to review large amounts of discovery in the case.  Judge Halpern, granted the application.  (*See* **Exhibit C**);

    c. Attached as **Exhibit D**, is a sample order by Judge Denise Cote of the Southern District of New York, granting a defendant the right to have access to a laptop computer and email access to communicate with his attorneys;

    d. In *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN), a Southern District of New York case, an application was made to give the defendant access to a laptop computer to review the discovery in the case. The Court granted the request.  In light of the Court order, defendant has access to her laptop 13 hours a day, 7 days a week. (*See* **Exhibit E**);

    e. In *United States v. Washington*, 20 CR 30015, a Central District of Illinois case, an application was made for access to a laptop was granted. (*See* **Exhibit F**);

Page **17** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

48

f.  In the United States District Court for the Northern District of California, San Francisco Division, the Court has in place a Proposed Order Re Use of Digital Tablet in Custody to allow defendants to review discovery in their cases.  (*See* **Exhibit G**);

g.  The CJA Panel, that represents prisoners housed in the Santa Rita County Jail, have issued a memo, "CJA Panel – Tablets and accessories to enable clients to access e-discovery at Santa Rita Jail." (*See* **Exhibit H**);

h.  The Joint Electronic Technology Working Group issued a report *Guidance for the Provision of ESI to Detainees* on October 25, 2016.  (*See* **Exhibit I**)  A specific issue raised and addressed by the report was, "[a] represented defendant who is detailed  pending trial must generally have the opportunity to personally review some or all of the discovery and disclosure, which is now commonly in ESI format." (Report at 2);

i.  The District of Columbia, Department of Corrections, as a policy titled **Access to Legal Counsel**, attached as **Exhibit J**.  Therein, there is a policy whereby prisoners are able to review discovery on a laptop, however, the policy on it's face has the potential to invade attorney-client privilege.  **Attachment C**.  Further, the alternative policy, identified in **Attachment D**, punishes prisoners who  opt  to  participate  in  the  alternative Surveillance/Voluminous Documents Review Program by moving their housing location and putting them in restrictive housing; and

j.  In this case, a better alternative to granting Defendant with a laptop will be to grant bail.  If Bail isn't granted, there are concerns that the DC jail will not comply with Court orders and will invade the defendant's attorney-clients privilege.

Page **18** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

49

35. Therefore, alternatively, Mr. Lang should be provided a laptop where he can view all the evidence that will be used against him:

    a. All written discovery provided by the Government;

    b. All audio, video and electronic discovery provided by the government;

    c. The ability to email and receive emails from his attorneys in a confidential manner and not monitored;

    d. The ability to generate notes, documents, and other relevant materials to aid in his own defense in a confidential matter, that will not be reviewed or examined by any Government employee or agent (i.e., a corrections employee); and

    e. A guarantee that no one shall access the laptop in an effort to gain access to attorney client privileged materials. The only people who shall have access to the computer shall be undersigned counsel (and their employees, agents and experts) and the defendant.

## POINT FOUR

### THE NATURE AND CIRCUMSTANCES OF THE OFFENSE, UNDER 18 U.S.C. 3142(G)(2).

36. In analyzing this first of the four Section 3142(g) statutory factors, "The Nature and Circumstances of the Defendant" the *Klein* court applied the following six subfactor analysis:

Page **19** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

> These considerations include whether a defendant: (1) "has been charged with felony or misdemeanor offenses;" (2) "engaged in prior planning before arriving at the Capitol;" (3) carried or used a dangerous weapon during the riot; (4) "coordinat[ed] with other participants before, during, or after the riot;" or (5) "assumed either a formal or a de facto leadership role in the assault by encouraging other rioters' misconduct;" and (6) the nature of "the defendant's words and movements during the riot," including whether he "damaged federal property," "threatened or confronted federal officials or law enforcement, or otherwise promoted or celebrated efforts to disrupt the certification of the electoral vote count during the riot."

*United States v Frederico Guillermo Klein*, 2021 WL 1377128 at p. 6.

37. Here, Lang is not allegedly to have been at the front of the group of people at various stages of the approach to the Capitol building.

38. This Court can mitigate the dangerousness and any future danger posed with strict release conditions, such as GPS monitoring and home confinement. Lang did not enter Washington D.C. with any weapon. No dangerous weapons were recovered from his apartment at the time of his arrest.

39. What continues to be forgotten about this day is that it was chaos and there were various points where Officers are seen pushing crowds away and down. During Officers pushing the crowds back or down stairs, officers happened to drop some of their belongings.

Page **20 of 27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

40.  As a result, people who were there would then pick material up off the floor, such as shields that the officers dropped on the floor. That behavior is not tantamount to or the equivalent to Lang being dangerous or a treat at all in the future.

41.  Overall, there is no evidence that Lang is a "flight risk" or a "danger to the community," a community he, and his parents have lived in for many years. *United States of America v. Michael Joseph Joy*, 21-CR-00108 (TSC), 2021 WL 2778559, at p. 2 (D.D.C. July 2, 2021).

## POINT FIVE

### HISTORY AND CHARACTERISTICS OF MR. LANG, UNDER 18 U.S.C. § 3142(G)(3).

42.  Edward is a twenty-six-years old, with strong ties to his community. He has personal relationships with members of the local business community, law enforcement, friends, and family. He not on probation or parole, and nothing in his past or current history supports the conclusion that he is dangerous to anyone, a risk of flight, and/or incapable of complying with

Page **21** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

52

court-imposed restrictions designed to assure his return to court and protect the community from future harm.[8]

43.  In applying 18 U.S.C. Section 3142(g)(3) to the above-mentioned facts to Edward's life, the only reasonably conclusion is that such factors weigh in favor of pretrial release.

44.  A Georgia state woman died right in front of Mr. Lang. He then tried to save her, and quickly rushed to the aid of others, and saved another man's life.

45.  The government cannot provide evidence of a specific articulated threat to the community, or a risk of danger to any specific person. Edward Lang respectfully asks this Court to grant him pretrial release under the above cited line of cases in *Klein* and *Norwood*, and other recent precedent out of the D.C. Circuit Court and D.C. District Courts, regarding the release of persons accused of crimes related to the January 6, 2021, incident at the United States Capitol.

46.  The law mandates Edward Lang's release, because the government cannot prove by a preponderance of the evidence that Edward Lang  poses a risk of flight, and the government has not proven by clear and convincing evidence

---

[8] There is a New York City case, which Lang has retained counsel on where Lang would be statutorily ROR upon arraignment but has yet to do so because of him being held in this matter. Similarly, there is another matter in Ohio that can easily be cleared up upon Lang merely appearing in Court.

Page **22** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

53

that Mr. Lang poses a danger to the community. Moreover, the offenses charged do not qualify for detention. Without question, a combination of conditions, including GPS monitoring, will reasonably ensure his appearance in court, and the safety of the community. Because the events that took place at the Capitol on January 6, 2021, are unique to that day and not indicative of a future event, Edward poses no ongoing fear or threat.

47.  In applying 18 U.S.C. Section 3142(g)(3) to the above-mentioned facts to Lang's life, the only reasonably conclusion is that such factors weigh in favor of pretrial release.

## POINT SIX

### THE GOVERNMENT HAS STATED THAT THEY WILL NOT BE ABLE TO SATISFY ALL OF THEIR DISCOVERY OBLIGATIONS, SPECIFICALLY, *BRADY* MATERIAL UNTIL POSSIBLY 2022

48.  The government has a duty to disclose all material that is not just exculpatory, but favorable to the accused, sufficiently in advance of a trial. Further, the Government has an ongoing duty to disclose such materials.

49.  The government is further obligated to disclose all material that can be considered exculpatory, impeachment, etc. pursuant to the Rules of Evidence and Supreme Court precedent. (*See, e.g., Brady v. Maryland*, 373 U.S.

Page **23** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Strickler v. Greene*, 527 U.S. 263 (1999); *Mackabee v. United States*, 29 A.3d 952 (D.C. 2011) and *Miller v. United States*, 14 A.3d 1094 (D.C. 2011))

50. The Government in recent court appearances have publicly acknowledged that they most likely will not be able to satisfy all of their discovery obligations, especially their obligations to disclose all *Brady* materials. (*See, e.g.*, https://beckernews.com/22-the-doj-admits-it-is-withholding-potentially-exculpatory-evidence-in-january-6-criminal-cases-in-legal-filing-40792/; https://www.npr.org/2021/07/27/1013500073/the-justice-department-is-struggling-to-bring-capitol-riot-cases-to-trial-heres-; https://www.nytimes.com/2021/08/10/us/politics/jan-6-investigation-evidence-speedy-trials.html; https://www.washingtonpost.com/local/legal-issues/capital-riot-evidence-cost/2021/07/16/d5e81bdc-e404-11eb-8aa5-5662858b696e_story.html (all last visited on 8-19-2021)

51. The defendant should not remain in prison any longer unless the government states affirmatively that every single piece of discovery, including information

Page **24** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

55

favorable to the accused has been disclosed. If not, the defendant should be released on bail.

52.  The Government has publicly stated that materials, such as grand jury transcripts, videos, exculpatory material, and other materials may not be fully disclosed until 2022. No defendant should remain in prison, especially a defendant that is not charged with the death of someone, be denied bail.

## VII.   CONCLUSION

**WHEREFORE**, for the foregoing reasons, and any/all others which may appear in our reply brief, at a full in-person hearing on this matter, and any others this Court deems just and proper, defendant through counsel, respectfully requests that he be released on personal recognizance.

**FURTHERMORE**, if that request is denied, defendant requests as an alternative, that he be released on Third Party Custody and placed into the High Intensive Supervision Program of the Pretrial Services Agency conditioned on reasonable conditions including but not limited to electronic monitoring, work release and curfew. The additional conditions of release that we propose are:

(1) $200,000.00 cosigned by 2 financially responsible persons (frp), where both of Jake's parents are willing to cosign at $100,000.00 for each parent;

Page **25** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

56

(2) Jake's father will also put up collateral consisting of two parcels of land, totally $100,000.00 in equity as collateral;

(3) Drug testing/treatment as directed by pre-trial services;

(4) Home incarceration;

(5) Electronic monitoring; and

(6) for Lang not to possess firearm/destructive device/other weapon.

These "combination of conditions of release would reasonably assure the safety of the community." *Cf. United States v. Tanious*, No.21-3034 (D. C. Cir., Sept. Term 2020), 1:21-cr-00222 (TFH) (*citing United States v. Munchel*, 991 F.3d 1273, 1282 (D.C. Cir. 2021).

**FINALLY**, if all forms of pre-trial release are denied, undersigned counsel requests that this Court issue an order granting defendant Edward Jacob Lang the right to possess in his cell at the D.C. Jail (or any place where he is incarcerated) a laptop[9] that contains:

    a.   All written discovery provided by the Government;

    b.   All audio, video and electronic discovery provided by the government;

    c.   The ability to email and receive emails from his attorneys in a confidential manner and not monitored;

---

[9] In the alternative to a laptop, another form of an electronic device, such as a tablet whereby Jake can review all the discovery, including audio/video and documentary evidence, and email his attorneys.

Page **26** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

    d.   The ability to generate notes, documents, and other relevant materials to aid in his own defense in a confidential matter, that will not be reviewed or examined by any Government employee or agent (i.e., a corrections employee); and

    e.   A guarantee that no one shall access the laptop in an effort to gain access to attorney client privileged materials. The only people who shall have access to the computer shall be undersigned counsel (and their employees, agents and experts) and the defendant.

Dated:  August 23rd, 2021

*Martin Tankleff*
MARTIN H. TANKLEFF, ESQ.
STEVEN A. METCALF, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Defendant*
99 Park Avenue, 25th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
*mtankleff@metcalflawnyc.com*
*metcalflawnyc@gmail.com*

Page **27** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

58



STEVEN A. METCALF II, ESQ., Managing Attorney
NANETTE IDA METCALF, ESQ., Managing Attorney
MARTIN TANKLEFF, ESQ., Attorney
CHRISTOPHER DARDEN, ESQ., *Special Counsel*
JOSEPH D.McBRIDE, ESQ., *of Counsel*
MARC HOWARD, ESQ. *of Counsel*

# EXHIBIT A

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)
Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA DISTRICT
------------------------------------------------------------------X

**UNITED STATES OF AMERICA,**

                                      Crim. Doc: 21-CR-53 (CJN)

        **- against -**                         **DECLARATION**

**EDWARD JACOB LANG,**

                         Defendant.
------------------------------------------------------------------X

        Phillip Anderson, affirms under the penalty of perjury, pursuant to 28 U.S.C.

1746, that the following is true and correct and says:

1.    My name is Phillip Anderson.  My contact information is known to defense

       counsel for Edward Jacob Lang.

2.    On January 6, 2021, I was present on the Capitol grounds.

3.    The police that were present at The Capitol on January 6, 2021, were using

       excessive force and unnecessary actions against the protestors, myself

       included.

4.    The police that were present at The Capitol on January 6, 2021, were carrying

       some form of gas that they sprayed at myself and others, which made it

       impossible for me to breathe.

5.    I do not know what type of gas the officers used, but I know for sure that it

       was not tear gas.

6.    After the officers sprayed this gas at me, I could not breathe for longer than a

few seconds, and I tried to run away as fast as I could.[1] This gas caused me to collapse, where the police then proceeded to push others on top of me.

7.  There were many others who collapsed because of these toxins, as I did. The police continued to use excessive force, by hitting me and others. One of the people that fell in the crowd was a woman by the name Roseanne Boyland.

8.  After Roseanne Boyland fell, the weight that continued to gather on top of her left unconscious. At first, she reached out and held my hand firmly, and shortly thereafter her grip loosened.

9.  Several people gathered to give her CPR; all while the police officers hit them over the head repeatedly.[2]

10. When I fell, I attempted to call out for help at the top of my lungs.  I yelled "Help" and everyone who tried to help was receiving blows from nearby officers.

11. Not only were the people that were trying to help being hit psychically, but police were also spraying mace (or some other type of gas) on everyone who was down.

---

[1] When the police began to release these gases, I attempted to run away, fearing for my life; behind me was a crowd of people.

[2] Roseanne Boyland died on January 6, 2021. (*See, e.g.,* https://www.nytimes.com/2021/01/15/us/rosanne-boyland-capitol-riot-death.html; https://www.usatoday.com/story/news/nation/2021/01/09/rosanne-boyland-trump-supporter-who-died-followed-qanon-family/6608289002/; https://nypost.com/2021/01/09/roseanne-boyland-who-died-in-capitol-quit-drugs-and-fell-to-qanon/ (all last visited on August 18, 2021).

Page **2** of **4**

*Declaration of Phillip Anderson*

12. I was drenched in mace (or whatever the officers were spraying us with) by the time I made it out. For example, I was at the bottom of a pile of at least 30 people, and my clothing was completely drenched to the point where the mace poured into my face from my clothing. This was in addition to the gas that made me no longer able to breathe, and collapse.

13. When I was yelling for help, I heard a person, (who I learned was Edward Jacob Lang a/k/a "Jake") yell out to the police that people were being crushed and needed help.

14. I recall Jake telling the crowd, including officers, "there are people down here!".

15. Jake proceeded to save my life by pulling me out of the pile of people.

16. If Jake was not present to help me, I would have died on January 6, 2021, and it would have been because of the actions that the police took on January 6, 2021, at The Capitol.

17. I am voluntarily providing this statement to the attorneys representing Edward Jacob Lang. The attorneys have not promised me anything for me providing this statement. I am not under the influence of any medications or other substances that would affect my ability to understand this statement.

I, Phillip Anderson, state under penalty of perjury that the foregoing is true and correct to the best of my knowledge, belief and understanding.

Page **3** of **4**

*Declaration of Phillip Anderson*

Aug 22, 2021

Executed this _____ day of August 2021

Respectfully Submitted,

Philip Anderson (Aug 22, 2021 10:36 PDT)

Phillip Anderson

*Declaration of Phillip Anderson*
Exhibits A – G – Edward Jacob Lang Bond Application EJLBondApp005

# Declaration Phillip Anderson - Edward Jacob Lang

**Final Audit Report** 2021-08-22

| | |
|---|---|
| Created: | 2021-08-20 |
| By: | Martin Tankleff (MARTYTANKLEFF@GMAIL.COM) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAUxld9cY8B0S5mZsa_KfcCP21mby60Jxh |

## "Declaration Phillip Anderson - Edward Jacob Lang" History

Document created by Martin Tankleff (MARTYTANKLEFF@GMAIL.COM)
2021-08-20 - 4:11:23 PM GMT- IP address: 50.74.20.146

Document emailed to Philip Anderson (panderson3@patriots.uttyler.edu) for signature
2021-08-20 - 4:13:55 PM GMT

Email viewed by Philip Anderson (panderson3@patriots.uttyler.edu)
2021-08-22 - 4:19:04 AM GMT- IP address: 166.216.158.42

Document e-signed by Philip Anderson (panderson3@patriots.uttyler.edu)
Signature Date: 2021-08-22 - 5:36:08 PM GMT - Time Source: server- IP address: 166.216.158.42

Agreement completed.
2021-08-22 - 5:36:08 PM GMT

**Adobe Sign**

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp006

# EXHIBIT B

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)
Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp007

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 66 of 192

Case 1:21-cr-00053-CJN    Document 29-1    Filed 08/23/21    Page 8 of 132
Case 7:19-cr-00497-NSR    Document 202    Filed 03/04/21    Page 1 of 1

# Koffsky & Felsen, LLC

1150 Bedford Street
Stamford, Connecticut 06905
Tel. (203) 327-1500
Fax. (203) 327-7660
bkoffsky@snet.net

**Via ECF**

March 4, 2021

Hon. Judge Nelson S. Roman
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, N.Y.  10601

**Re:    United States v. Helbrans**
        **7:19cr497 (NSR)**

Dear Judge Roman:

I represent the pro se defendant, Nachman Helbrans, in the above referenced matter as stand-by counsel. Pro se defendant Nachman Helbrans has requested that I file the attached *Motion For Laptop Computer With Relevant Internet Access, A Copier And Printer For Defense Preparation* for the Court's consideration.

.

                    Respectfully submitted,

                    _/s/ Bruce D. Koffsky _
                    Bruce D. Koffsky

BDK/me
cc:     All Counsel of Record

Case 1:21-cr-00053-CJN   Document 43   Filed 10/05/21   Page 67 of 192

Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 9 of 132
Case 7:19-cr-00497-NSR   Document 202-1   Filed 03/04/21   Page 1 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

UNITED STATES OF AMERICA,                    INDICTMENT NO.
                                             7:19-cr-497 (NSR)

        -against-

                                             **Oral Argument Requested**

NACHMAN HELBRANS, ET. AL.
                    **Defendants.**

---------------------------------------------------------------x

### MOTION BY NACHMAN HELBRANS, Pro Se, FOR LAPTOP COMPUTER WITH RELEVANT INTERNET ACCESS, A COPIER AND PRINTER FOR DEFENSE PREPARATION

Back on July 8, 2019, Nachman Helbrans asked for self-representation in an open court. Your Honor told him explicitly that each and every motion he makes, even on the pro se matter, would have to be in writing. We fully agree with your Honor on this matter; that makes sense. Indeed, if a motion is not in writing, it could be extensively long, ambiguous, vague and confusing. Moreover, it does not give sufficient time and opportunity for the other parties to know on what exactly to respond. Additionally, it deprives the court of the opportunity to make the right decisions according to what is accurately requested and discussed by the parties. Let alone the famous issue of "reserved for appeal"; when there is no writing, it would be challenging, and at sometimes impossible, to determine what exactly was reserved for an appeal or alternatively waived by the parties. Clarifying unwritten issues by extending the oral arguments may sometimes confuse even more and complicate the matter even further. All the above are true even when all the arguers are native and fluent English speakers, let alone in a case, as in ours, where many of the arguers are nonnative English speakers. As such, we must agree with this court's prior advice and we must undertake that each and every substantial motion we will be making from now on will be in writing.

Case 1:21-cr-00053-CJN   Document 43   Filed 10/05/21   Page 68 of 192
Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 10 of 132
Case 7:19-cr-00497-NSR   Document 202-1   Filed 03/04/21   Page 2 of 12

Oral arguments should be reversed for issues already well discussed in a prior writing, not to begin with.

The Fifth Amendment grants that no one shall be "deprived of life, liberty or property without due process of law." Due process includes a fair trial, that the person should have the opportunity to respond to the allegations made against him, and be given the opportunity to comply with his duty to present his answer before the court and jury, pretrial as well during the trial and post-trial. A fair trial means that both sides, the prosecution and the defense, have fairly the same chance to present their arguments and counter-arguments before the court. If one party gets an opportunity that the other party cannot compete with, it is obviously not fair. At this stage, for reasons self-explained by the essence of this motion, it is impossible for us to present a comprehensive memorandum of law regarding this matter of fair trial; therefore, we will simply leave this matter for common sense.

Now to the relevance to our situation: as we explained to your Honor in our last writing, I grew up and was educated in the Orthodox Hasidic Jewish community, and my primary language is Yiddish and Hebrew. Although I understand, read and communicate in English fairly well; still I cannot hand-write in English to such a level as drafting a substantial letter; however, I have regularly used a computer as part of my prior work experience, as well for important private matters, and as such I am able to write in English when assisted by a computer and relevant computer programs.

Furthermore, in today's world and with the current technology, even an educated and experienced lawyer could not draft and finalize a motion just by his first handwriting. In fact, I doubt if, in the last decade, any substantial motion prepared by an attorney could have been completed without a computer.

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 69 of 192

Case 1:21-cr-00053-CJN    Document 29-1    Filed 08/23/21    Page 11 of 132
Case 7:19-cr-00497-NSR    Document 202-1    Filed 03/04/21    Page 3 of 12

To particularize the matter, in my case, a computer is necessary for my defense for multiple reasons.

First, as I am use to computer writing since an early age, I can hardly finalize a substantial document in handwriting, should it even be in Yiddish or Hebrew, unless the document is finalized along with my first draft; otherwise, it would only result in a complicated hard-to-read document, and will probably miss the point. Let alone the fact that for safety reasons, pens provided here at the jail are special short, soft and small which barely serve to write a short letter to family or a friend, but by any means are not suitable to write complicated documents, letters or motions.

Second, since English is not my first language, I heavily rely on the computer to draft, edit and correct my motions by utilizing editing programs that I have used in the past to form any substantial document in English. Those computer programs assist, namely in spelling, grammar, synonyms, suggestions and translations. Generally, those programs require an internet connection to function properly. To exemplify the first and second reasoning above, I will share my and my co-defendants' past experience with document preparation in jail. We eagerly tried for over two years in jail to overcome the hardships and befriend with the poor pen and paper provided here. In fact, on the first day that we were incarcerated, some of our lawyers told us that we should write down the facts of our case and our arguments even in Hebrew or Yiddish, and they will arrange the translations to make use of them. We tried and then again tried, just to be proven that there is simply no way that any useful document, even six pages long, could be completed in a timely fashion in this manner.

I will give one particular example to your Honor. Just after I was denied bail in May 2020, my lawyer discussed with me the matter and the government's approach; I conclude that the first step should be to try to inform the government itself of the true story and background. I, together

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 70 of 192

Case 1:21-cr-00053-CJN    Document 29-1    Filed 08/23/21    Page 12 of 132
Case 7:19-cr-00497-NSR    Document 202-1    Filed 03/04/21    Page 4 of 12

with defendant Mayer Rosner, jointly drafted a comprehensive letter to the government. For convenience reason, it was formally addressed to then-attorney general Mr. Geoffrey Berman; however, in fact, we intended to present the letter to the entire prosecution team on this case, as well as to use it as an attachment to some of our motions. The letter explains our view on the case, what we believe would give the reader enough knowledge of the facts and truth about the allegations, the Teller children and our community. We were, and we are still convinced that if the prosecution had been receiving the letter, they would already have taken action to remedy the situation. However, since we had no computer access, we had no choice but to draft the letter in Hebrew. Despite working on it day and night, it took us three months to handwrite the letter due to the prison conditions. Finally, we sent it out for copy typing, but it took another seven months to typeset it due to the handwritten numerous additions and amendments. The translation will probably take at least six weeks. Calculating the time from writing to finalizing the translation should bring us to over a year just for one simple (albeit a relatively long) letter. Suppose we would need to write substantial motions and affidavits in such a manner. In that case, we will spend decades before they will be completed, or we will be forced to waive altogether our right to present any pretrial motions, not because of a strategic move, but rather simply to avoid spending behind bars ten or fifteen times more than any possible sentence we might get if somehow unjustly found guilty at trial.

Third, in this case, the proper knowledge and understanding of the law, both substantive law and procedural law, are vital for defense preparation. In this regard, district courts of various circuits, including the Second Circuit, clarified in various rulings that it is the duty of an attorney or a pro se defendant to study and verify every law he quotes to assure that this law is relevant to the case, complete and still considered good law and not overruled. In the same token, they

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 71 of 192
Case 1:21-cr-00053-CJN    Document 29-1    Filed 08/23/21    Page 13 of 132
Case 7:19-cr-00497-NSR    Document 202-1    Filed 03/04/21    Page 5 of 12

clarified that it would be against the duty of an attorney or a pro se defendant to quote any rule, case or law without study and verification of the jurisprudence developed around it.

Before the computer times, judges and lawyers always needed access to a comprehensive library of hundreds if not thousands of law books, in addition to a full correspondence of opinions and analysis by judges, professors and scholars. No lawyer could sit in his bureau (or his basement) and draft motions without them. This practice was always around since the establishment of US courts; even in common law times it never functioned differently.

As happened with most aspects of our life, when technology developed, we got dependent on it, since the previous pre-technology options disappeared or became extremely rare; and once so, it became virtually impossible to do the same vital task without the help of technology. One example, try to make banking, transactions and payments, sales and purchases, all without the use of technology. The same is true with the law field; since law libraries got computerized, especially by the two programs WestLaw and LexisNexis, it became almost impossible to draft any legal motion without using one of those (or similar) programs, especially when it comes to complicated motions which require so much knowledge in law, to distinguish so many cases in so many extensive issues, including constitutional issues, federal and state, criminal and civil, administrative and family law, international and uniform acts, all related to this trial.

There cannot be a fair trial if from one side there are the native English speaking prosecutors who have access to the best computers, desktops and laptops, and the best programs available, either to read the law and to draft motions, take notes and whatsoever, while on the other side there are pro se incarcerated defendants, secondary in English, who are not granted even a normal pen and an ordinary notebook, let alone that they cannot cope with writing even one line

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 72 of 192
Case 1:21-cr-00053-CJN    Document 29-1    Filed 08/23/21    Page 14 of 132
Case 7:19-cr-00497-NSR    Document 202-1    Filed 03/04/21    Page 6 of 12

in English handwriting without significant spelling and grammar errors, as long they are not granted access to a computer and relevant internet resources.

In the prison there is a so-called "law library", however with all the time-restrictions and conditions surrounding the library, it cannot be considered as a normal library that could enable one to prepare legal motions, but rather can be considered some sort of entertainment for inmates. Take into account the fact that there are just two slow computers for forty inmates who have to share the one or two hours available. Moreover, only published cases are available there, and for reading only. Let alone that most of the times when we arrive someone else already occupies or wants to occupy them, and if we got lucky to use it, it is almost useless due to the slowness of the computer and the system crashing when showing results of a search done, besides the poorness of the program installed there who does not allow to query a useful search. Moreover, even after finding some case, we have to copy write it by hand, since we usually have to wait two weeks to get it printed, and when finally printed, there is no way to cooperate the relevant content them into the motion.

The two typewriters available in the "library" are of the same faith. On a good chance they have ink, but if they do have ink, they lack paper; and then we have to fill out a complete form and beg around the clock to receive some paper. However, let us not forget that usually, one of them or both are out of order.

During the last 12 months, the law library was almost completely shut down; most of the time, the library was entirely closed. When it is luckily opened, it has so many restrictions that make it impossible to get some work done there. As of today, the library keeps opening and closing without too much prior notice.

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp014

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 73 of 192
Case 1:21-cr-00053-CJN    Document 29-1    Filed 08/23/21    Page 15 of 132
Case 7:19-cr-00497-NSR    Document 202-1    Filed 03/04/21    Page 7 of 12

Fourth, the government has produced voluminous discovery. We have much to say (actually to write) about the content of the discovery we received and much more about the content of the discovery not received yet. However, the government's conduct or misconduct is out of the scope of this motion. What is important here, that we have little use from the discovery received. While most of the days we cannot access the computer designated for discovery review, even we get to there, most of the files could not be opened due to many essential programs missing there, let alone the fact that the computer operating system software continually crashes.

There were extensive efforts from our side and from our counsels to partly solve the issue. We will not deny that it is possible that the government also tried to solve this problem in particular. However, to date, the problem remained unsolved. For a short time, we were provided a relatively new laptop on which many of the previous inaccessible files were accessible. However, this new laptop went somehow to another jail section and all the previous problems remain unsolved. In any case, we never had a chance to incorporate the discovery's content into our motion, nor were we able to type or translate their content in a reliable manner.

Fifth, we need to contact and have access to many persons and/or institutions in a timely manner and on a writing basis and receive a reply from them in a timely manner and on a writing basis. To name a few, we need access in a timely manner to the docket, the court clerk, our standby counsels, the government, as well as many witnesses and potential witnesses, including various experts. To contact them all and to receive a timely reply via the prison phone system or the prison mail system, will render all contacts meaningless and useless in the context of pretrial preparation. We will not waste the court's time to elaborate on this matter since all our counsels always complained about that and always suggested a contact on a writing basis, which was never available to us as mentioned above.

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 74 of 192
Case 1:21-cr-00053-CJN    Document 29-1    Filed 08/23/21    Page 16 of 132
Case 7:19-cr-00497-NSR    Document 202-1    Filed 03/04/21    Page 8 of 12

Given all the above, we cannot exercise our Fifth Amendment right of due process without given reasonable access to computers, a copier, a printer, and relevant internet resources, along with the most essential office/paper supplies. The computer will be used only for discovery, legal research, drafting of motions and other legal paperwork, and maintaining contact with those assisting as in preparing the in 2021, as none of those mentioned above tasks is possible to carry out without a relevant use of the internet.

Now in a direct reference to the government: dear prosecutors, there is no need to automatically object to each and every request that we put forward. The government is obligated for truth-seeking, not for overzealous prosecution. Objecting to our legitimate request for vital means of defense is not in line with the truth-seeking mission the government is obligated for. Let us say that all our pretrial motions will at the end of the day be resolved in favor of the government, still, to prevent it from being written in the first place is not what the government is entrusted and paid for; rather, they are entrusted and paid to secure a fair trial that includes a fair opportunity to raise any sincere issue of defense, pretrial, during the trial and post-trial.

In the famous case of Brady v. Maryland, 373 US 83 - Supreme Court 1963, the Supreme Court reminded the prosecutor and the public of the true mission. In their words: "Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: "The United States wins its point whenever justice is done its citizens in the courts"." In footnote 2, the Supreme Court quoted the strong words of Judge Simon E. Sobeloff: "The Solicitor General is not a neutral, he is an advocate; but an advocate for a client whose business is not merely to prevail in the instant case. My client's chief business is not to achieve victory but to establish justice. We are constantly

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 75 of 192

Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 17 of 132
Case 7:19-cr-00497-NSR   Document 202-1   Filed 03/04/21   Page 9 of 12

reminded of the now classic words penned by one of my illustrious predecessors, Frederick William Lehmann, that the Government wins its point when justice is done in its courts."

In light of that, we expect the government to fully agree with our legitimate request, especially that the computer and the relevant internet resources will be used to establish an honest communication with the government that will solve many of the future challenges of this case with minimal wasting of judicial resources.

We appeal to the government not to fool us around with academic questions if there is an absolute constitutional right for a computer and internet for incarcerated pro se defendants. Everyone knows that the constitution was written before the computer and internet ever existed, so it could not exist a computer-related absolute constitutional right. However, the absolute right we are talking about is due process and fair trial. The computer and the internet are only means mandatory to achieve those goals. We further beg the government not to fool the court and us around with manufactured security concerns, since the computer and the internet and all activities can and probably be recorded and even monitored, so logically it should not be any security concern more than the regular prison phone system or ingoing and ongoing mail. In fact, many federal, state and county jails and prisons already have on some way or another an ingoing and outgoing email system for the prisoners, although that our request is somehow unique because our case and situation are unique as well.

The government shall also take into account that without a computer, we are de facto prevented from any possibility to take part in a legal discussion about the very same subject, so it will be unfair practice to begin with.

Finally, we will cite some cases that we noticed that computers and/or internet were specially allowed in jail when consideration about self-representation so required. In United States

Case 1:21-cr-00053-CJN     Document 43     Filed 10/05/21     Page 76 of 192

Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 18 of 132
Case 7:19-cr-00497-NSR   Document 202-1   Filed 03/04/21   Page 10 of 12

v. Buswell, No. 11-CR-198-01 (W.D. La. January 18, 2013), the court found the defendant's Fifth

Amendment right of due process was not being violated because "Buswell can utilize a laptop to

read documents that are on DVD/CD, he can keep documents in his cell and internet access is

available on request. There was no evidence to the contrary. ...the facility where the defendant is

housed will accommodate him by providing access to a conference room, a laptop computer that

can read CD's (which he may even be allowed to keep in his cell with the permission of the

warden), access to a printer and/or copier and access to his attorneys at all times other than during

lockdown periods when meals are served twice a day...

  The evidence adduced at the detention hearing is as set forth above-the defendant can have

access to his attorneys at any time other than in two mandatory lockdown periods when meals are

served, he can have access to a conference room to review documents with his attorneys, he can

have access to a computer to review documents on CD/DVD, or he can have the documents

themselves, as well as access to a printer or copier and the internet. He can telephone his attorneys

and those calls, while recorded as part of normal security policy, are not monitored by the

government and there is no evidence to the contrary. The only meaningful difference between this

type of access to counsel compared with that of home incarceration is the location where

conferences take place." Likewise in United States v. Dupree, 833 F. Supp. 2d 241 (E.D.N.Y.

2011) the court rejected Dupree's bail motion that his pretrial release was necessary to prepare his

defense as the court relied on the fact that "MDC will arrange for the following to be provided to

Dupree at MDC so that he can adequately prepare for and participate in his defense with counsel:

(1) access to an attorneys' visiting room with a computer that can read DVDs from 9:00 a.m. to

3:30 p.m., with or without counsel, beginning on November 7, 2011 and until the start of trial on

December 5, 2011; (2) Dupree's access to the aforementioned attorneys' visiting room can be

extended from 3:30 p.m. to 9:30 p.m., provided Dupree is with counsel during this time and twenty-four hour notice is given to MDC for each day an extension is requested; (3) access to counsel and agents of his counsel in an attorneys' visiting room with a computer that can read DVDs following each trial day until 9:30 p.m., provided that twenty-four hour notice is provided to MDC for each day such access is requested; and (4) access to a locked storage area for the storage of documents so that Dupree has additional space other than his detention cell to store documents... Dupree will have 12.5 hours of daily access to a computer that can read DVDs and be used to review documents."  Similarly in  U.S. v. Hazelwood, Case No.: 1:10 CR 150 (N.D. Ohio Feb. 16, 2011), "The court determined at a hearing held on January 12, 2011, that the Northeast Ohio Corrections Center ("NEOCC") must allow Mr. Hazelwood to use a new computer which he has been provided to review documents. An employee of the Center confirmed at the hearing that there are no special IT requirements for his doing so. Further, NEOCC has made substantial accommodations for Mr. Hazelwood well beyond those accorded most detainees based on the complex nature of this case. Among other things, he is allowed to possess more boxes of information than other inmates, and one of five video conferencing rooms is substantially devoted to his use."

It is worth noting that all three cases quoted above were not pro se and were represented by advocate counsel, and the special computer and/or internet access allowance were all related to a very limited issue of pretrial discovery; our case is much stronger.  In the case United States v. Waddell, 151 F. Supp. 3d 1317 (S.D. Ga. 2015), the pro se defendant was allowed up the sixteen hours of internet connection, aberrantly for a limited discovery issue. The defendant was denied additional time beyond those sixteen hours only because a sincere defense cause was not provided.

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 78 of 192

Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 20 of 132
Case 7:19-cr-00497-NSR   Document 202-1   Filed 03/04/21   Page 12 of 12

In our case, the cause of motion drafting, legal research, communicating with the government, verifying the laws and rules etc., all are self-evidently required for the defense.

Therefore, we see it reasonable and legitimate to ask the Honorable court to order that we get laptop computers with relevant internet access, a copier and printer. Those should be available for all-day use, either in our cell or in a designated place where we can reach during all the hours of the day besides lockdown times. Those computers should not be monitored by the prosecution, rather they could be monitored by an appointed staff member of the prison with whom we would have the opportunity to discuss which kind of use of the computers and internet is essential for our defense. Should we ever use those devices for anything else than preparing our defense, such as for friendly family letters or videoconferencing or for religious books not related to the case, it should prompt a proper investigation by the prison personnel as a contempt of court; however, nothing should be handed over to the prosecution without ordinary electronics search warrant.

We thank your Honor in advance for taking into consideration to grant us our rights under the Fifth Amendment so we can adequately prepare our defense for a fair trial to prove our innocence.

Dated: Valhalla, New York
       November 20, 2020

                              Respectfully Submitted,
                              Pro Se Defendant
                              Nachman Helbrans.

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp020

```
┌─────────────────────────────────┐
│ USDC SDNY      Page 1 of 3       │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____              │
│ DATE FILED: ___3/5/2021___       │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

                         19 cr 497 (01) and (02) (NSR)

NACHMAN HELBRANS and MAYER ROSNER,

                    Defendants.

NELSON S. ROMÁN, United States District Judge:

       Pro se Defendants Nachman Helbrans (01) and Mayer Rosner (02) requested approval for the use of CJA funds to purchase laptops that they can use to prepare their defense while detained at Westchester County Jail ("the Facility"). (ECF Nos. 202, 203.) In their papers and during a status conference held on March 4, 2021, Defendants represented that without laptops they will not be able to write in English, conduct research, review discovery, or otherwise prepare their defense in an effective and timely manner.

       The application is granted as follows:

    1.  Standby Counsel for Defendants Helbrans (01) and Rosner (02) are authorized to procure with CJA funds, a laptop computer or similar device (hereinafter, "Electronic Device") for each Defendant so that he may prepare his defense.[1] The Court also authorizes the use of CJA funds for necessary external hard drives, software programs, charging cables, or adapters.

    2.  Standby Counsel shall coordinate with the Facility to ascertain from the Facility what it will permit, to ensure that the Electronic Devices procured are acceptable to the Facility, to confirm who at the Facility will accept delivery of the Electronic Devices, and to confirm when Defendants will have access to the Electronic Devices and where they will be stored when not in use. Standby

---

[1] The Court reiterates that each Defendant represents himself and only himself. Each pro se Defendant must communicate with the Court (whether in writing or orally) on his own behalf and may not purport to represent any other Defendant.

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 80 of 192

Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 22 of 132
Case 7:19-cr-00497-NSR   Document 205   Filed 03/05/21   Page 2 of 3

Counsel shall also ensure that the Electronic Devices are compatible with any external drives upon which discovery has been or will be exchanged.

3. Once Standby Counsel have procured the devices, and prior to sending them to the Facility, Standby Counsel shall confirm that the wireless and printing capabilities are configured in a manner acceptable to the Facility and that necessary software is installed and functional for word processing, Hebrew/Yiddish to English translation, and reviewing discovery materials. If the Facility indicates that access to the internet is not possible or only possible on a very limited basis, Standby Counsel shall determine whether an inexpensive translation software program can be installed on the Electronic Devices that can be used without internet access and, if so, preload the Electronic Devices with said program. Standby Counsel shall also create a password protected administrative account on the Electronic Device that is separate from the defendant's password protected user account to prevent any user from making changes to the Electronic Device. Only Standby Counsels shall have access to this administrative account.

4. Before it is sent to the Facility, each Electronic Device shall be clearly marked with the name, ID number, and Marshal's registration number of the Defendant who has been assigned to receive that particular Electronic Device.

5. The Defendants can access and use their respective Electronic Devices on a temporary basis and at times approved by Facility personnel for the sole purpose of preparing their defense in this matter. The Electronic Devices may not be used for any other purpose, including, but not limited to, personal correspondence. Use of the Electronic Devices must take place in the Defendant's unit or a location where, to the extent possible, a Defendant is not disrupted. After a Defendant is finished using his Electronic Device for the day, Defendant shall return the Electronic Device to the designated Officer for safekeeping.

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp022

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 81 of 192

Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 23 of 132
Case 7:19-cr-00497-NSR   Document 205   Filed 03/05/21   Page 3 of 3

6. Because of the volume of discovery and the complexity of this matter, The Court requests that Defendants be afforded the ability to use the Electronic Devices as much as possible, but no less than several hours each day, to the extent consistent with the Facility's requirements. The Court also requests that, especially if they are not able to access the internet on their Electronic Devices, Defendants continue to have access to legal research tools in the Law Library and that, as needed, Defendants be permitted to print from their Electronic Devices directly or by using a flash drive to transfer documents to a computer from which they can print.

7. This Court will revisit this Order and any Defendant's access to his respective Electronic Device if it appears that any Defendant is not abiding by this Order.

8. No later than the conclusion of the proceedings against Defendants in District Court, whether through dismissal of the charges or sentencing, Defendants shall return their respective Electronic Devices to their respective Standby Counsel, who will promptly provide them to the Administrative Office of the U.S. Courts.

The Clerk of Court is directed to terminate the motions at ECF Nos. 202 and 203. Standby Counsel for Defendants Helbrans (01) and Rosner (02) are directed to send a copy of this order to their respective Defendants and to file proof of service on the docket.

Dated: March 5, 2021
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

3

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp023

| 03/04/2021 | Minute Entry for proceedings held before Judge Nelson Stephen Roman: Status Conference via telephone as to Nachman Helbrans, Mayer Rosner, Aron Rosner held on 3/4/2021. Pro se Defendant Nachman Helbrans (01) present with standby counsel Bruce Koffsky, Esq. and Peter Schaffer, Esq. Pro se Defendant Mayer Rosner (02) present with standby counsel Susanne Brody, Esq. Defendant Aron Rosner (03) present with counsel Evan Lipton, Esq. AUSAs Samuel Adelsberg and James Ligtenberg also present. Ruth Kohn is standby (Yiddish) Interpreter. Angela ODonnell is court reporter. The Court finds that each Defendant knowingly, intentionally and voluntarily waives his physical appearance and each Defendant consents to this proceeding to be conducted telephonically. After separate Faretta Hearings, the Court issued orders granting each Defendants Helbrans (01) and M. Rosner (02) leave to proceed pro se. The pro se Defendants have discovery but its very difficult to review. The Court will issue separate orders granting CJA funds to purchase a laptop for pro se Defendants Helbrans (01) and M. Rosner (02) to review the discovery and file supplemental motions. Motions had been submitted previously by counsel. A supplemental motion briefing schedule will be discussed at the next conference. Pro se Defendants Helbrans (01) and M. Rosner (02) need to discuss the issue of trial with their respective standby counsel. The Government will make an early production of 3500 materials but cant do so within the requested 30 day period. Protective Orders are needed and instructions must be given to pro se Defendants Helbrans (01) and M. Rosner (02) concerning accessing sensitive materials. The next Status Conference via teleconference for Defendants Helbrans (01), M. Rosner (02) and A. Rosner (03) is scheduled for March 26, 2021 at 11:00 am or, alternatively, for March 26, 2021 at 3:00 pm. The Court grants the exclusion of speedy trial time for Defendants Helbrans (01), M. Rosner (02) and A. Rosner (03) from today, March 4, 2021, until March 26, 2021 in the interests of justice and to permit Defendants time to review discovery, file motions and hold plea negotiations. Defendants Helbrans (01) and M. Rosner (02) remanded. Bail continued for Defendant A. Rosner (03). (jbo) (Entered: 03/26/2021) |

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp024

# EXHIBIT C

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)
Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp025

**Andrew G. Patel**
Attorney-at-Law
80 Broad Street, Suite 1900
New York, New York 10004
apatel@apatellaw.com                                              Telephone 212-349-0230

February 25, 2021

The Honorable Philip M. Halpern
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

                    Re:    U.S. v. Reid, et al, including Brandon Nieves
                           S3 20 Cr. 626 (PMH)

Dear Judge Halpern:

        This letter is respectfully submitted on behalf of all appointed counsel seeking an Order
authorizing counsel to use CJA funds to purchase laptop computers to permit our clients to review
the large amount of discovery in this case.

        Attached to this letter, please find a proposed Order which details the process by which the
computers will be prepared, loaded with software and discovery.   The Order also details how the
computers will be delivered to the facility, accessed by the defendants and returned to the
Administrative Office of the U.S. Courts at the end of the case.   We anticipate that the process set
forth in the proposed Order will serve as a template to permit retained counsel to provide laptops to
their clients but without the use of public funds.

        This application is the result of a joint effort by the Circuit Budgeting Attorney, the
Coordinating Discovery Attorney, several members of the U.S. Attorney's Office, a number of my
co-counsel and the staff of the Westchester County Jail.

        As this is the first time that the Westchester County Jail has agreed to allow defendants to
have access to laptop computers, we are proposing that the first laptop be provided to Brandon
Nieves, who is represented by Daniel Hochheiser, Esq.   Mr. Nieves will serve as a test case to see
if any adjustments need to be made to the process before we scale up to include all of the
codefendants who may wish to participate.

        I am confident that I speak for everyone who has been working on this project when I say
that we will make ourselves available to answer any questions that Your Honor may have about
this request at Your Honor's convenience.

                            Respectfully submitted,

                             /s/Andrew Patel
                            Andrew G. Patel

cc:    All counsel by ECF

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,                    :

        -v-                                            :                      <u>ORDER</u>

Dwight Reid, et al, including Brandon Nieves,      :                      S3 20 Cr. 626 (PMH)

        Defendants.                           :

-----------------------------------------------------------------X

PHILIP M. HALPERN, District Judge:

        Counsel for Brandon Soto, acting on behalf of all Counsel, has requested approval for the use of CJA funds to purchase a laptop for defendant, Brandon Nieves and any codefendant who wishes to review discovery materials produced by the Government and therefore needs to have access to an electronic device under the terms ordered below.  Defense counsel represents that without this laptop the defendant will be unable to review effectively the massive amount of discovery material that the Government has provided pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

        The application is granted as follows:

1.  Defense counsel, is authorized to procure with CJA funds, a laptop computer[1] and any subsequent external hard drives and headphones that may be required to provide the defendant with access to the discovery (collectively, the "Electronic Device") for purposes of the discovery review.  Counsel shall provide the electronic devise to Ms. de Almeida or her staff shall review the Electronic Device and confirm that the wireless and

---

[1] Counsel shall consult the CDA, Julie de Almeida, to determine the model of laptop computer that is acceptable to the facility where their client is housed.

1

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp027

printing capabilities are disabled in a manner acceptable to the facility in which the given

defendant is lodged.  Ms. de Almeida or her staff shall load on to the Electronic Device

such software as the defendants will need to review and make notes on the discovery.

Ms. de Almeida or her staff shall set a password protected administrative account on the

Electronic Device that is separate from the defendant's password protected user account

to prevent any user from making changes to the Electronic Device.

2.  Either defense counsel or Ms. de Almeida shall provide the Electronic Device to the

Government.  Each Electronic Device will be clearly marked with the name and ID

number and Marshal's registration number of the defendant who has been assigned to

receive that particular Electronic Device.

3.  The Government shall save the discovery onto the Electronic Device as well as on

subsequent external hard drives that may be required to provide the defendant with access

to the discovery.

4.  The Government shall confirm that the discovery is viewable on the Electronic Device

(for example, that the audio recordings and video play on the Electronic Device) prior to

sending it to the facility where the inmate is housed.

5.  Within 30 days of receipt of the Electronic Device, the Government shall send the

Electronic Device to an Officer designated by each facility to receive the electronic

device.  The designated Officer shall keep the Electronic Device and charging wire in

their office.

6.  The Defendants can access the Electronic Device for review on a temporary basis and at

times approved by prison personnel. This review must take place in the defendant's unit

or a location where to the extent possible Defendant is not in the presence of any other

2

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp028

inmates. Because of the volume of discovery, Defendants should be afforded the ability to review it for several hours each day to the extent consistent with the conduct of the facility in which the defendant is lodged.

7. The Defendants are prohibited from copying any information from the discovery.

8. After he is finished reviewing the discovery for any given day, the Defendant shall return the Electronic Device to the designated Officer.

9. The Defendants are strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Device. It is the intent of this Order that only Defendant assigned to a particular Electronic Device (and his counsel and any other members of his legal defense team, including investigators. Paralegals, and support staff, as needed to confer with the Defendant) will have access to the discovery materials on the Electronic Device.

10. This Court will revisit this Order and any Defendant's access to the Electronic Device if it appears that any Defendant is not abiding by this Order.

11. IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the defendant in the district court, whether through dismissal of the charges against the defendant or the sentencing of the defendant, the defendant shall return the Electronic Device to his counsel, who will promptly provide it to the Administrative Office of the U.S. Courts if it was purchased with CJA funds.

Dated: White Plains, New York
       March 1, 2021

                                        SO ORDERED

                                        _____
                                        PHILIP M. HALPERN
                                        United States District Judge

                                        3

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp029

# EXHIBIT D

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
646.253.0514 (Phone)
646.219.2012 (Fax)
Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp030

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
UNITED STATES OF AMERICA,            :       --cr--  (DLC)
                                     :
              -v-                    :          ORDER
                                     :
     ,                               :
                                     :
                       Defendant[s]. :
                                     :
------------------------------------ X
```

DENISE COTE, District Judge:

On **[date]**, CJA counsel requested approval for the use of CJA funds to purchase a laptop for defendant **[name]** to review discovery materials produced by the Government.  Defense counsel represents that without this laptop the defendant will be unable to review effectively the discovery material that the Government is installing on the two drives defense counsel is providing to the Government (the "Attorney Drive" and the "Defendant Drive"). It is hereby

ORDERED that defense counsel's request for CJA funds to purchase a laptop for the defendant to review discovery is granted.

IT IS FURTHER ORDERED that the defendant shall not have access to material installed on the Attorney Drive, which is classified in the parties' protective agreement as "sensitive disclosure materials", except in the following circumstances:

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp031

1) in a meeting with defense counsel in which material on the Attorney Drive is reviewed by the defendant in the presence of counsel; or

2) in a video conference with defense counsel, who may use screen-sharing to permit the defendant to review the materials on the Attorney Drive.

IT IS FURTHER ORDERED that the defendant shall not download the "sensitive disclosure materials" shown to him by his attorney.

IT IS FURTHER ORDERED that the defendant may not use the laptop for any purpose other than reviewing discovery materials produced in this case, for communicating with his CJA counsel, and for other communications relating to his defense in this case.

IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the defendant in the district court, whether through dismissal of the charges against the defendant or the sentencing of the defendant, the defendant shall return the laptop to his counsel, who will promptly provide it to the Administrative Office of the U.S. Courts.  If convicted, the defendant may not retain this laptop during any appeal.

Dated:    New York, New York

2

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp032

**[MONTH DAY]**, 2020

_____
DENISE COTE
United States District Judge

3

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp033

# EXHIBIT E

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
646.253.0514 *(Phone)*
646.219.2012 *(Fax)*
Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp034

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 93 of 192
Case 1:21-cr-00053-CJN    Document 29-1    Filed 08/23/21    Page 35 of 132
Case 1:20-cr-00330-AJN    Document 115    Filed 01/14/21    Page 1 of 2

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

January 14, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

   We write on behalf of our client, Ghislaine Maxwell, to respectfully request that the Court order the Bureau of Prisons to give Ms. Maxwell access to the laptop computer provided by the government so that she can review discovery on weekends and holidays.

   At the request of defense counsel, the government provided Ms. Maxwell with a laptop computer to review the voluminous discovery, which was produced on a series of external hard drives. Currently, Ms. Maxwell is given access to the laptop only on weekdays. On weekends and holidays, Ms. Maxwell must use the prison computer on her floor to review discovery. However, the prison computer is not equipped with the software necessary to read large portions of the discovery recently produced by the government. As a result, Ms. Maxwell loses several days of review time every weekend and every holiday because she does not have access to the laptop. If Ms. Maxwell is to have any hope of reviewing the millions of documents produced in discovery so that she can properly prepare her defense by the July 12, 2021 trial date, she must have access to the laptop every day, including weekends and holidays.

   Defense counsel has raised this issue with the government and it has no objection to Ms. Maxwell having access to the laptop seven days a week. At the request of defense counsel, the government has contacted officials at the MDC on several occasions in the past few weeks to request that they lift this restriction, but without success.

   There is no principled justification for this restriction. Ms. Maxwell was given access to the laptop every day (including weekends and the Thanksgiving holiday) for the entire 14-day period that she was quarantined in her isolation cell in November-December 2020 because she had come into close contact with a member of the MDC staff who had tested positive for COVID. In addition, the laptop is kept in a locker in the same room where the prison computer is located, so it

Case 1:21-cr-00053-CJN   Document 43   Filed 10/05/21   Page 94 of 192
Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 36 of 132
Case 1:20-cr-00330-AJN   Document 115   Filed 01/14/21   Page 2 of 2

The Honorable Alison J. Nathan
January 14, 2021
Page 2

would not require any change in Ms. Maxwell's movements to give her the requested access. Furthermore, on at least three occasions since she was released from quarantine, Ms. Maxwell's security team gave her the laptop to review discovery on the weekend.

There is clearly no actual impediment preventing the MDC staff from providing Ms. Maxwell access to the laptop on weekends and holidays. Given the millions of documents that Ms. Maxwell must review before trial in order to prepare her defense, it is critical that she be given as much time as possible with the laptop to review the discovery. We therefore respectfully request that the Court order the BOP to give Ms. Maxwell access to the laptop on weekends and holidays during the hours that she is permitted to review discovery.

Sincerely,

/s/ Christian Everdell
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600

cc:    All Counsel of Record (By ECF)

Case 1:21-cr-00053-CJN   Document 43   Filed 10/05/21   Page 95 of 192
Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 37 of 132
Case 1:20-cr-00330-AJN   Document 116   Filed 01/18/21   Page 1 of 2

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone

Christian R. Everdell
+1 (212) 957 7600
ceverdell@cohengresser.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/15/21

January 14, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Ghislaine Maxwell*, **20 Cr. 330 (AJN)**

Dear Judge Nathan:

We write on behalf of our client, Ghislaine Maxwell, to respectfully request that the Court order the Bureau of Prisons to give Ms. Maxwell access to the laptop computer provided by the government so that she can review discovery on weekends and holidays.

At the request of defense counsel, the government provided Ms. Maxwell with a laptop computer to review the voluminous discovery, which was produced on a series of external hard drives. Currently, Ms. Maxwell is given access to the laptop only on weekdays. On weekends and holidays, Ms. Maxwell must use the prison computer on her floor to review discovery. However, the prison computer is not equipped with the software necessary to read large portions of the discovery recently produced by the government. As a result, Ms. Maxwell loses several days of review time every weekend and every holiday because she does not have access to the laptop. If Ms. Maxwell is to have any hope of reviewing the millions of documents produced in discovery so that she can properly prepare her defense by the July 12, 2021 trial date, she must have access to the laptop every day, including weekends and holidays.

Defense counsel has raised this issue with the government and it has no objection to Ms. Maxwell having access to the laptop seven days a week. At the request of defense counsel, the government has contacted officials at the MDC on several occasions in the past few weeks to request that they lift this restriction, but without success.

There is no principled justification for this restriction. Ms. Maxwell was given access to the laptop every day (including weekends and the Thanksgiving holiday) for the entire 14-day period that she was quarantined in her isolation cell in November-December 2020 because she had come into close contact with a member of the MDC staff who had tested positive for COVID. In addition, the laptop is kept in a locker in the same room where the prison computer is located, so it

Case 1:21-cr-00053-CJN   Document 43   Filed 10/05/21   Page 96 of 192

Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 38 of 132
Case 1:20-cr-00330-AJN   Document 116   Filed 01/18/21   Page 2 of 2

The Honorable Alison J. Nathan
January 14, 2021
Page 2

would not require any change in Ms. Maxwell's movements to give her the requested access. Furthermore, on at least three occasions since she was released from quarantine, Ms. Maxwell's security team gave her the laptop to review discovery on the weekend.

There is clearly no actual impediment preventing the MDC staff from providing Ms. Maxwell access to the laptop on weekends and holidays. Given the millions of documents that Ms. Maxwell must review before trial in order to prepare her defense, it is critical that she be given as much time as possible with the laptop to review the discovery. We therefore respectfully request that the Court order the BOP to give Ms. Maxwell access to the laptop on weekends and holidays during the hours that she is permitted to review discovery.

Sincerely,

_/s/ Christian Everdell_
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600

cc:    All Counsel of Record (By ECF)

> The unobjected-to request is GRANTED. The Bureau of Prisons is ORDERED to give the Defendant access to the laptop computer on weekends and holidays during the hours that she is permitted to review discovery. SO ORDERED.

1/15/21

_Alison J. Nathan_

ALISON J. NATHAN
United States District Judge

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp038

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/25/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Ghislaine Maxwell,

            Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

     On January 25, 2021, the Court received by email the attached letter from the Bureau of

Prisons ("BOP"). In the letter, the BOP requests that the Court vacate its January 15, 2021

Order, Dkt. No. 116, which directed the BOP to give the Defendant access to her Government-

provided laptop computer on weekends and holidays during the hours that she is permitted to

review discovery.

     The Defendant and the Government may respond to the BOP's letter within one week of

this Order.

     SO ORDERED.

Dated: January 25, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge

1

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 98 of 192

Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 40 of 132
Case 1:20-cr-00330-AJN   Document 117   Filed 01/25/21   Page 2 of 3



**U.S. DEPARTMENT OF JUSTICE**
**Federal Bureau of Prisons**
*Metropolitan Detention Center*

*80 29th Street*
*Brooklyn, New York 11232*

January 25, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    ***United States v. Ghislaine Maxwell, 20 Cr. 330 (AJN)***
              ***Ghislaine Maxwell, Reg. No. 02879-509***

Dear Judge Nathan:

This letter is written in response to Order granted on January 15, 2021, concerning Ghislaine Maxwell, Reg. 02879-509., an inmate currently confined at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. The MDC Brooklyn respectfully requests that Your Honor vacate the Order given MDC Brooklyn was not given the opportunity to object to defense counsel's claims, although the objection had been reiterated to the U.S. Attorney's Office numerous times.

Defense counsel expressed various concerns regarding Ms. Maxwell's confinement limiting her access to discovery. However, Ms. Maxwell has received a significant amount of time to review her discovery. On November 18, 2020, the Government provided the MDC Brooklyn with a laptop for Ms. Maxwell to use to review discovery. Ms. Maxwell has been and will continue to be permitted to use that laptop to review her discovery for thirteen (13) hours per day, five (5) days per week. In addition to the Government laptop, she has access to the MDC Brooklyn discovery computers. Although defense counsel has indicated that the MDC Brooklyn discovery computers are not equipped to read all of her electronic discovery, the computers are capable of reviewing most of the electronic discovery. Despite defense counsel's claim that Ms. Maxwell's lacks sufficient time to fully review her discovery, her consistent use of Government laptop and MDC Brooklyn's discovery computers undercuts this claim.

Moreover, Ms. Maxwell continues to have contact with her legal counsel five (5) days per week, three (3) hours per day via video-teleconference and via telephone; this is far more time than any other MDC inmate is allotted to communicate with their attorneys.

Case 1:21-cr-00053-CJN    Document 43    Filed 10/05/21    Page 99 of 192

Case 1:21-cr-00053-CJN    Document 29-1    Filed 08/23/21    Page 41 of 132
Case 1:20-cr-00330-AJN    Document 117    Filed 01/25/21    Page 3 of 3

     We respectfully request that Your Honor vacate the order of January 15, 2021, and allow the institution to resume the prior schedule of laptop access, Monday through Friday, 7:00 AM – 8:00 PM.

Respectfully submitted,

/s/ *Sophia Papapetru*

Sophia Papapetru
Staff Attorney
MDC Brooklyn
Federal Bureau of Prisons

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp041



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 1, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    **Re:**    *United States v. Ghislaine Maxwell*, **20 Cr. 330 (AJN)**

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the Court's January 25, 2021 order allowing the parties to respond to a letter from legal counsel at the Metropolitan Detention Center ("MDC") also dated January 25, 2021. (Dkt. No. 117). In particular, MDC legal counsel asks the Court to vacate its January 15, 2021 order directing the MDC to permit the defendant to use a laptop to review discovery on weekends and holidays. While the Government has no objection to the defendant's request for additional laptop access, the Government also generally defers to the MDC regarding how it manages its inmate population. The Government will continue to defer to the MDC here, particularly because the defendant has had ample access to discovery even without laptop access on weekends and holidays.

    Given the volume of discovery in this case, which totals more than two million pages, the Government and the MDC have both made significant efforts to ensure that the defendant has extensive access to her discovery materials. Since the Government made its first discovery production in August 2020, the defendant has had exclusive access to a BOP desktop computer in the MDC on which to review her discovery. When the defendant complained of technical issues reviewing portions of her discovery on that desktop computer, the Government produced reformatted copies of discovery materials and instructions regarding how to open particular files. Because the defendant continued to complain that she was unable to review certain discovery files on the desktop computer, the Government agreed to provide a laptop for the defendant to use in her review of discovery. On November 18, 2020, the Government hand delivered the laptop to the MDC for the defendant's exclusive use.

    As the Court is aware, the defendant has received, and continues to receive more time to review her discovery than any other inmate at the MDC. In particular, the MDC permits the defendant to review discovery thirteen hours per day, seven days per week. On weekdays, the MDC permits the defendant to use the laptop during her thirteen hours of daily review time. On weekends and holidays, the MDC would ordinarily only allow the defendant to use the BOP desktop computer, which provides access to much of the discovery material. While, as noted above, the Government has no particular objection to the defendant's request for weekend access

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp042

Page 2


to the laptop, the Government generally defers to the judgment of the MDC in managing inmates at its facility, and sees no reason to depart from that practice here. In this respect, the Government notes that the trial date remains approximately six months away, the BOP was already affording the defendant access to the laptop for some 65 hours a week, and the BOP was further providing weekend access to a desktop computer should the defendant wish to spend more than 65 hours each week reviewing discovery.

                              Respectfully submitted,

                              AUDREY STRAUSS
                              United States Attorney


By: ___s/_____
                              Maurene Comey / Alison Moe / Lara Pomerantz
                              Assistant United States Attorneys
                              Southern District of New York
                              Tel: (212) 637-2324


Cc: All Counsel of Record (By ECF)

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp043

GHISLAINE MAXWELL

## A Look at Ghislaine Maxwell's Life in Jail. And Why Prosecutors Say It's Better Than Most

While lawyers for Maxwell have criticized the conditions their client is being kept in and ask for more access to her, prosecutors say Maxwell gets more time to talk with her attorneys than other inmates, and more time to review discovery and use a computer

By Tom Winter, Jonathan Dienst and Sarah Fitzpatrick • Published February 5, 2021 • Updated on February 5, 2021 at 11:27 pm





A crane toppled onto a business in Astoria, Queens Friday morning. Gilma Avalos reports.

Federal prosecutors say that guards at the MDC facility in Brooklyn check in on Ghislaine Maxwell every 15 minutes at night by shining a flashlight against the roof of her cell to make sure she is breathing, conduct a body scan once a week

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp044

SHARE

isolation cell in the morning and back to her cell at night, court filings say.

The filing comes in response to recent defense filings questioning Maxwell's conditions at the jail facility. Specifically, her attorneys requested that Maxwell receive greater access to discovery and be allowed to speak with her attorneys for a longer period of time.

Federal authorities arrested Ghislaine Maxwell, the longtime confidant of Jeffrey Epstein, in July of last year in connection with the late accused sex trafficker.

Maxwell was charged on six counts for acts committed between 1994 and 1997 and then allegedly lying to investigators in 2016. Four counts are related to allegedly helping transport minors for sexual activity and two for perjury, according to the criminal complaint.



**FEB 5**
Jeffrey Epstein's Ex-Girlfriend Blames His Death for Her Arrest



**JAN 26**
Epstein's Ex-Girlfriend Seeks Dismissal of Charges She Faces

Prosecutors say Maxwell, "has as much, if not more, time as any other MDC inmate to communicate with her attorneys" through video tele-conference calls after a rise in COVID-19 cases led to the suspension of in-person visits at the facility since December.

"In particular, the defendant has VTC calls with her counsel every weekday for three hours per call", prosecutors write saying , "all of these VTCs and telephone calls take place in a room where the defendant is alone and where no MDC staff can hear her communications with counsel". They also say Maxwell "continues to receive more time to review discovery than any other inmate at the MDC" adding that she has access to a laptop computer 13 hours a day 7 days a week and she can send and receive emails with her attorneys.

Multiple young women have accused Maxwell, 58, the youngest daughter of the late British publishing magnate Robert Maxwell, of complicity in Epstein's alleged sex trafficking ring. They say she either recruited them directly or provided logistical support, like scheduling visits to Epstein's home.

## Judge: Maxwell's Sex Relationships With Adults Can Be Secret



A judge says testimony by Jeffrey Epstein's ex-girlfriend about her sexual experiences with consenting adults can remain secret when a transcript is released next week

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp045

The abuse allegedly happened at Palm Beach, Florida; Santa Fe, New Mexico; and at Epstein's home on the Upper East Side of Manhattan, officials said Thursday.

Earlier this week NBC News reported that the fund set up to compensate women who were sexually abused by Jeffrey Epstein is suspending payouts because of uncertainty around its cash flow.

The Epstein Victims Compensation Fund has received more than 150 claims and paid out more than $50 million. But administrator Jordana Feldman said she was forced to pause the program after Epstein's estate informed her Wednesday that it did not have sufficient funds to satisfy the most recent request for replenishment and that it could not predict when the money would become available.

This article tagged under:

**GHISLAINE MAXWELL · I-TEAM · JEFFREY EPSTEIN**

SPONSORED



SPONSORED · SMARTASSET

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp046

# EXHIBIT F

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)
Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp047

No. 20-cr-30015

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

# United States v. Washington

Decided Mar 30, 2020

No. 20-cr-30015

03-30-2020

UNITED STATES OF AMERICA, Plaintiff, v. SHARNELL WASHINGTON, Defendant.

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE

**OPINION** :

The Court has received Defendant Sharnell Washington's Notice Regarding Motion to Possess Electronic Discovery (d/e 10) (Notice). The parties have complied with the Court's Text Order entered March 24, 2020 and have (1) configured two laptop computers (Laptops) owned by the Federal Public Defender in a manner agreed upon by the parties to permit Defendant to use the Laptops to review discovery stored on a disc provided by the Government and (2) secured the agreement of the Macon County Jail authorities to follow protocols (hereinafter referred to as policies and procedures) used at other jails in this District that allow federal defendants to review electronic copies of discovery. Notice, at 1-2. The Government has no opposition to providing Defendant Washington with CD or DVD discs containing electronic copies of discovery under these conditions. See ·² United States' Response to Defendant's Motion to Possess Electronic Discovery (d/e 9) ¶ 6 ("The United States does not object to providing a disc containing the 65 pages of document discovery already tendered to defense counsel, for the defendant's review in the Macon County Jail . . . ."). Defendant Washington's request to possess electronic discovery, therefore,

is now ALLOWED. The Court finds good cause to allow Defendant to review pretrial discovery electronically while in a correctional facility. See Local Rule 16.2(D).

Defendant shall be afforded electronic access to pretrial discovery in this cause pursuant to the policies and procedures used at other jails in this District that allow federal defendants to review electronic copies of discovery. The policies and procedures are set forth in the following documents used by other jails in the District: Rules Governing Use of Electronic Storage Media to View Legal Materials, Inmate Discovery Receipt, Electronic Discovery Viewing Log, Discovery Material Authorization Form, and Detainee Laptop Issuance Procedures.

Defendant's electronic access to pre-trial discovery in this cause is expressly conditioned on: (1) the ongoing compliance at all times by Defendant with the policies and procedures established by this Court; and (2) the ongoing willingness of the correctional institution to afford Defendant ·³ electronic access to the pre-trial discovery pursuant to the policies and procedures established by this Court. Should security concerns arise with respect to Defendant's access to pre-trial discovery, that access can be temporarily suspended without leave of Court but with notice to Defendant's counsel. Defendant may seek to regain access via petition to the Court.

This order shall modify only the application of Local Rule 16.2(B)(3) and (4) to this cause. All other provisions of Local Rule 16.2 remain applicable.

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp048

United States v. Washington    No. 20-cr-30015 (C.D. Ill. Mar. 30, 2020)

THEREFORE, IT IS ORDERED that pursuant to Defendant Shamell Washington's Notice Regarding Motion to Possess Electronic Discovery (d/e 10) his Motion to Possess Electronic Discovery is now ALLOWED in full. ENTER: March 30, 2020.

/s/ _____

TOM SCHANZLE-HASKINS

UNITED STATES MAGISTRATE JUDGE

casetext

2

# EXHIBIT G

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6ᵗʰ Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)
Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp050

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR:** |
| Plaintiff, | **[PROPOSED] ORDER RE USE OF DIGITAL TABLET IN CUSTODY** |
| v. | |
| DEFENDANT DOE | |
| Defendant. | |

TO:  GREGORY J. AHERN, THE SHERIFF OF ALAMEDA COUNTY, AND TO THE ALAMEDA COUNTY SHERIFF'S OFFICE AT SANTA RITA JAIL:

Counsel for the defendant has represented that discovery in this case is voluminous or is in a digital format that can be efficiently reviewed by the defendant only on a digital tablet. The Court therefore orders that defendant **DOE** be permitted to use a digital tablet for the sole purpose of reviewing discovery and legal materials from the media storage device that relate to his/her criminal case, under the following conditions:

1.     The Technical Support Unit of the Alameda County Sheriff's Office ("ACSO") will provide the make, model, and specifications required for the digital tablet. Password-protected software will be installed to lock down the tablet and prevent access to the internet or any and all wireless communication (including but not limited to, WI-FI, LTE, 4G, etc.), games, or entertainment programs of any kind. The digital tablet, and any media storage device provided to be installed into the tablet (such as an SD or micro-SD card) shall contain no image or files other than discovery, case law, and work product relevant to the criminal case.

2.     The digital tablet, media storage device, headphones, and charging unit shall be purchased by retained or appointed counsel. The digital tablet, lockdown software, and installation protocol must

ORD. DIGITAL TABLET CUSTODY
DOE, CR    –1234

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp051

be that specifically identified by the Office of the Federal Public Defender for the Northern District of California and/or the Criminal Justice Act Unit, as approved by the Technical Support Unit of the ACSO. Only tablets procured with the assistance of the Federal Public Defender and/or the Criminal Justice Act Unit will be permitted.

3.    Discovery, case law, and work product relevant to the criminal case will be stored only on the media storage device (such as an SD or micro-SD card) and may not be loaded on the digital tablet.

4.    ACSO staff will provide only the tablet, with the media storage device installed, to the defendant. No power cord or any other type of cord will be provided to the defendant.

5.    Before the digital tablet is provided to the defendant, it will be inspected to ensure that its internet lockdown software is operating properly and that the tablet is secure.

6.    Counsel for the defendant will provide staff at Santa Rita Jail a digital media device (such as an SD or micro-SD card) loaded with discovery or case materials. Counsel may request that these cards be rotated with new cards containing updated discovery and case materials. Updated cards will be installed in the tablet by ACSO, and the previous cards will be returned to defense counsel for re-use. Counsel may not load digital media devices (SD cards or micro-SD cards) directly into the tablet without going through ACSO staff and may not provide digital media directly to the defendant. Tablets and digital media devices may only be provided through ACSO staff.

7.    ACSO staff are authorized to scan the contents of the digital tablet and media storage devices provided (such as SD or micro-SD cards) to ensure they do not contain contraband; if the security measures of the tablet are suspected of being breached, the ACSO will conduct a security assessment of the tablet, confiscate the tablet, secure the tablet, and notify the United States Marshal's Service (USMS). The USMS will be responsible for notifying the appropriate law enforcement agency if criminal activity is suspected.

8.    The digital tablet will be stored in the office of the housing floor or housing unit deputy and/or in the Inmate Services' office. The tablet will be secured and charged at that location and will be accessible to defendant **DOE** in the housing unit at the Sheriff's sole discretion.

9.    Neither the Sheriff's Office nor the County of Alameda will be responsible for any damage to the digital tablet.

ORD. DIGITAL TABLET CUSTODY
*DOE*, CR    −1234

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp052
2

10.    Defendant **DOE** shall use the digital tablet for the sole purpose of reviewing discovery and legal materials from the media storage device that relate to his/her criminal case. Defendant **DOE** shall not share the digital tablet, the digital storage device, or the materials loaded onto the tablet or digital storage device with any other inmate or with any attorney not appointed to this case without an order of this Court. Defendant **DOE** shall not access or attempt to access the internet or any form of wireless communication (including but not limited to WI-FI, LTE, 4G, etc.) with the device.

11.    Before defendant **DOE** is provided with this digital tablet, he/she must execute a waiver (a copy of which has been provided to and reviewed by defense counsel).

12.    Any violation of this order by the defendant or any use of the tablet that jeopardizes jail security will result in the immediate confiscation of the digital tablet by the ACSO, and the inmate will not be allowed to use the tablet.

13.    Among other consequences, any violation of the limitations of this order by counsel may result in the loss of visiting privileges for counsel at Santa Rita Jail.


     IT IS SO ORDERED.


     _____          _____
          Dated                              **INSERT**
                                        United States District Judge


ORD. DIGITAL TABLET CUSTODY
*DOE*, CR    –1234

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp053

# EXHIBIT H

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)
Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp054

# MEMORANDUM

To:    CJA PANEL
From:  Diana Weiss
Date:  June 28, 2019
Re: CJA Panel – Tablets and accessories to enable clients to access e-discovery at Santa Rita Jail
-----------------------------------------------------------------------------------------------------

This memo compiles information regarding the new tablets and accessories needed for clients
housed at Santa Rita County Jail to access e-discovery. Also included in this memo is
information about the contact person at the jail and the documentation needed so that the Sheriff
will allow the tablet into the jail.

## Court Order, Client and Attorney Waivers Required

In order for your client to have access to a tablet, Santa Rita requires 1) Court Order, 2)
Attorney Waiver, and 3) Inmate Waiver. The forms for the Attorney and Inmate Waiver are
attached. A word version of a Proposed Order is also attached. You will need to modify the
Proposed Order to reflect the specifics of your case.

## Tablet and accessories

The manufacturer/provider of the new tablets is Scott Brissenden. His contact info is:

> Scott Brissenden
> Blue Lock Technology Solutions
> (512) 364-3493
> sales@bluelocktech.com
> www.bluelocktech.com
> Link to tablet: http://bluelocktech.com/product/h1-tablet/
> You will need to put in Coupon cade: CJA2019 to get the reduced price of $300.

The tablet comes with a power cord and a cord to plug into your computer.

**Accessories for the tablet**:

- MICRO-SD CARD  The tablet will need a Mini-SD Card with a max capacity of 64GB.
  It is suggested that you purchase two SD Cards so that you can have one SD Card in use
  and the other on stand-by (for loading additional discovery). Any brand will work, here
  is a link to the SanDisk card: https://www.amazon.com/Micro-SD-Memory-
  Cards/b?ie=UTF8&node=3015433011
- Card Reader: While many PCs and laptops come with an SD Card Reader built in, some
  do not. A Reader is necessary to efficiently transfer the files onto the SD Card. The
  following Reader will work: https://www.amazon.com/UGREEN-Reader-Adapter-
  Simultaneously-Windows/dp/B01ARAH6O0/
- Case: The Sheriff requires that the tablet have a case. The link to the approved case is:
  https://www.amazon.com/M-Edge-Universal-Multifit-Tablets-
  Nextbook/dp/B072Q4L9DC/ref=sr_1_3?ie=UTF8&qid=1526066509&sr=8-
  3&keywords=universal+11+inch+tablet+cover&dpID=41nZQkFWgyL&preST=_SY300
  _QL70_&dpSrc=srch
- Earbuds (optional): If the e-discovery includes audio/video, you'll need to include a set
  of earbuds. Per the Sheriff, the earbuds must not have the volume control on the cord;

1

usually the least expensive sets are the ones that are best for the jail.

2

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp056

**Contact person at Santa Rita**

Dep. Sheriff Ryan Bauman #1979
925-551-6873/ rbauman@acgov.org

Documentation needed:

The following documentation is needed:
- Court Order: A signed order authorizing the use of a digital tablet in custody. A model order accompanies this memo. This language has been approved by the Sheriff; the language must not be altered.
- Attorney waiver: The ACSO E-Discovery Tablet Rules And Liability Waiver must be executed by counsel. The Waiver form accompanies this memo.
- Inmate Agreement: The ACSO Inmate Discovery Tablet Agreement must be completed and executed by the client. The Agreement form accompanies this memo.

This documentation, along with the tablet with its SD Card, should be provided to Dep. Bauman. Please email or call before you drop off a tablet. It is best to hand it directly to the deputy.

3

## Alameda County Sheriff's Office
Santa Rita Jail
5325 Broder Boulevard, Dublin, CA 94568-3309

## Gregory J. Ahern, Sheriff
Director of Emergency Services

### SANTA RITA JAIL E-DISCOVERY TABLET RULES AND LIABILITY WAIVER

- TABLET DEVICES: Tablets are defined as a mobile computer with display, circuitry, and battery as a single panel unit; with a screen size of 7" or larger. For the purposes of e-discovery use, the tablet's camera, wireless Wi-Fi, and cellular access must be disabled. Accessories such as keyboards, stands and stylus' are not permitted. The only approved device for e-discovery use is an Android device manufactured by Blue Lock Technology Solutions.
- Attorneys will communicate with the Office of the Federal Public Defender, Northern District of California and/or the Criminal Justice Act Unit to coordinate the purchase of approved tablets for use at the Santa Rita Jail.
- Attorneys must provide a charging device, sleeve (protection cover when available), and headphones. No exceptions.
- Attorneys must sign this acknowledgement and waiver prior to tablet use. Any violation of this waiver and/or Court Order will result in the loss of privileges for the attorney.
- Once approved, Attorneys will coordinate with the Sheriff's Office Inmate Services Unit for proper introduction of the tablet to the inmate. Attorneys are responsible for training their clients in the use of the tablet.
- All discovery will be stored on a SD/Micro SD card and forwarded to the Inmate Services Unit to deliver to the inmate. Under no circumstances are attorneys to give discovery directly to an inmate.
- The purpose of the tablet policy is to allow the inmate to review materials directly related to federal charges or sentencing. Appropriate materials that may be provided on the SD / Micro SD card include discovery provided by the government, materials secured by the defense that are directly related to the charges or sentencing of the defendant, and legal research. Inappropriate materials include, but are not limited to, music or other audio files, video files, or image files that are entertainment or are personal in nature and that have no relation to the defense of the case. Even if provided by the government in discovery, sexually explicit images are expressly prohibited under this policy and must be redacted before discovery is loaded onto the SD / Micro SD card. Violators of this policy will lose their privileges and may be referred to the District Attorney's Office and/or U.S. Attorney's Office.
- Any violation of these rules may result in the termination of e-discovery tablet use, as well as revocation of site clearance.

By signing below, I acknowledge that I have read and agree to the terms stated herein.

Name: _____     CA State Bar Number: _____

Signature: _____     Date: _____

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp058

## Alameda County Sheriff's Office
Santa Rita Jail
5325 Broder Boulevard, Dublin, CA 94568-3309

### Gregory J. Ahern, Sheriff
Director of Emergency Services

# INMATE DISCOVERY TABLET AGREEMENT

| Make | |
|---|---|
| Model | |
| FCC Identifier | |
| Serial Number | |

**I. TABLET PROCEEDURE:**

A.) The computer tablet and SD card will be issued by the housing floor deputy at the request of the inmate between the hours of 0600 and 2300.

B.) At 2300 hours, inmates are required to return the computer tablet and SD card to the housing floor deputy to be charged overnight.

C.) Inmates assigned to general population are not allowed to bring the computer tablet out of their cell during recreation time when other inmates are out. Tablets are not to be shared or used by other inmates.

D.) Inmates are not permitted to bring their tablet with them to court, visitations, or internal/external appointments. Inmates are permitted to bring their tablet to contact/non-contact interviews with their attorney of record.

E.) Inmates who abuse, damage or violate the rules associated with the computer tablet will lose the privilege of the computer tablet.

F.) Santa Rita Jail staff are authorized to scan the contents of the computer tablet and media storage devices provided (SD card / micro SD card) at any time to ensure they do not contain contraband or the tablet is being misused.

G.) The Alameda County Sheriff's Office is not responsible for any damage to the tablet. If the tablet becomes broken or inoperable, a deputy must immediately be notified.

**II. TABLET CHARGING PROCEEDURE:**

A.) When the computer tablet requires charging, the inmate shall notify a housing floor deputy. The deputy will take possession of the computer tablet and secure it in the deputy office to be charged.

I _____ agree with the terms of the computer tablet and electronic discovery and agree to adhere to the rules set forth. Any violation of the rules established will result in loss of the computer tablet.

Signature: _____
PFN: _____
Date: _____

**\*A copy of this signed agreement will be retained by inmate services and a copy provided to the inmate being issued the computer tablet. \***

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp059



# EXHIBIT I

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 25th Floor
New York, NY 10016
646.253.0514 (Phone)
646.219.2012 (Fax)

Exhibits A - I Edward Jacob Lang Bond Application EJLBondApp060

118

# Guidance for the Provision of ESI to Detainees

**Joint Electronic Technology Working Group**
**October 25, 2016**

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp061

# Contents

Guidance ........................................................................................................................ 1

I. An Approach to Providing e-Discovery to Federal Pretrial Detainees ...................... 1

II. Special Concerns in the Delivery of ESI to Detainees.............................................. 2

    A. Defense Concerns .................................................................................................. 2

    B. CJA and FDO Budgeting Concerns ...................................................................... 3

    C. Court Concerns...................................................................................................... 3

    D. Facility Concerns .................................................................................................. 3

    E. U.S. Marshals Service Concerns .......................................................................... 4

    F. Government Concerns ........................................................................................... 4

III. Practical Steps......................................................................................................... 4

    A. Government, Defense, Facility and Judicial Points of Contact/Working Group.............. 4

    B. Identify Facility e-Discovery Capabilities ........................................................... 5

    C. Starting Up ............................................................................................................ 6

IV. Special Responsibilities of Participants.................................................................. 6

    A. Special Responsibilities of the Government ......................................................... 6

    B. Special Responsibilities of the Defense ............................................................... 7

    C. Special Responsibilities of the Court ................................................................... 7

    D. Special Responsibilities of the Facility ................................................................ 8

    E. Special Responsibilities of the U.S. Marshals Service ........................................ 8

V. Technical Considerations for the Non-Specialist ..................................................... 8

    A. Devices and Device Configuration ....................................................................... 8

    B. Common File Types and Review Possibilities...................................................... 9

    C. Encryption .......................................................................................................... 10

Technical Appendices .................................................................................................. 11

I. Identification of Installed Software .......................................................................... 11

II. E-Discovery Review Laptop Configuration Suggestions ....................................... 11

    A. General Suggestions........................................................................................... 11

    B. BOP July 2015 Specifications............................................................................ 12

        1. Operating System and Software Security Features............................................ 12

            a. Operating system............................................................................................ 12

            b. Third-Party Software ..................................................................................... 12

        2. Security Features................................................................................................ 13

III. Common File Types and Review Applications ...................................................... 14

    A. File Types Listed in the BOP July 2014 Electronic Discovery RFI ................... 14

B. Quick View Plus 13 Professional, Supported File Formats ............................................. 16

C. Windows Media Player 12 ............................................................................................. 19

D. Litigation Support Database Applications ..................................................................... 19

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp063

**Guidance**

### I.  An Approach to Providing e-Discovery to Federal Pretrial Detainees

After the publication of the 2012 JETWG Recommendations for ESI Discovery in Federal Criminal Cases, the Joint Electronic Technology Working Group turned to specific challenges regarding the delivery of discovery in digital format ("e-discovery" or "ESI"—electronically stored information) to indigent pretrial detainees.[1] Most information is now created, stored, and processed electronically, and most discovery in federal criminal cases is now in digital format. But most facilities that house federal pretrial detainees remain structured to enable detainees to review paper discovery, not digital discovery. With proper safeguards, we believe that the provision of e-discovery to pretrial detainees—inevitable in any event—will also result in greater efficiency, reduced delay, and cost savings for the entire criminal justice system. We believe that facilities must necessarily transition to enabling pretrial detainees to review e-discovery, but we also recognize systemic institutional reasons, often influenced by limited resources, why this evolution from paper-based review to e-discovery review will take time to implement. In the meantime, we have developed some practical guidance for jurisdictions to address the specific challenges in delivering e-discovery in digital format. This Guidance reflects the observations of Government and defense attorneys, litigation support experts, Bureau of Prisons and U.S. Marshal officials, and United States Magistrate Judges, who participated in the project. [2] As with the JETWG Recommendations, this Guidance is intended to be practical, and is not intended to create or define any legal rights. Baseline understandings for the provision of ESI in criminal discovery remain the 2012 JETWG Recommendations. Comments and developments from the field relating to this Guidance may be freely sent to the national points of contact listed later.

---

[1] While this project was initiated with concern for the provision of ESI to indigent detainees, much of what is said here will also be applicable to detainees with retained counsel, because the main limitations on provision of ESI to detainees are not likely to derive from the cost of equipment, but rather from constraints within the facility on the management and use of equipment. At the opposite end of the spectrum, detained defendants who have refused counsel will present additional issues we have not attempted to address in this first edition of this Guidance. That being stated, all stakeholders must recognize their obligations to provide to all pretrial detainees access to their criminal electronic discovery.

[2] Members of the JETWG subcommittee addressing the provision of ESI to detainees include U.S. Magistrate Judges Laurel Beeler (N.D. Cal.) and Jonathan W. Feldman (W.D.N.Y.); Administrative Office of the U.S. Courts, Defender Services Office, National Litigation Support Administrator Sean Broderick; Federal Defender Donna Elm, (M.D.Fla.); Bureau of Prisons Assistant General Counsels Corinne Nastro and Monya Phillip; U.S. Marshals Service Prisoner Operations Division Assistant Chief Heather Lowry; Associate Deputy Attorney General and National Criminal Discovery Coordinator Andrew Goldsmith, Assistant U.S. Attorneys John Haried, Criminal eDiscovery Coordinator at the Executive Office for U.S. Attorneys; John McEnany (S.D.N.Y.); Fred Sheppard (S.D. Cal.); David Joyce (D.Me.); and U.S. Attorney's Office Litigation Support Manager Craig Bowman (W.D.N.Y.).

1

The U.S. Marshals Service ("USMS") has general responsibility for the custody of federal pretrial detainees. The USMS safeguards approximately 10,000 detainees in Federal Bureau of Prisons ("BOP") facilities; another 10,000 detainees in private facilities under contract to the USMS; and more than 31,000 detainees in approximately 1,800 state and local facilities under USMS contract.[3] Discovery review computers with a standardized configuration are available in most BOP facilities, but there is currently no single standard for ESI review equipment in the state, local and private USMS contract facilities. We do not now foresee development of a single protocol for the provision of ESI to pretrial detainees, given the multitude of facilities; the variety in file format and volume of ESI; the equipment available within, or acceptable to, a given facility; inventory control and technical support staffing within the facility; and other considerations, such as prisoner separations and protective orders. On the other hand, growing experience shows that as long as due regard is given at the local level to the accommodations needed to introduce ESI into a given facility, workable procedures can be developed to handle the common run of e-discovery. This Guidance is intended to aid those necessary accommodations by identifying the specific concerns of each of the various stakeholders, as well as the areas where each stakeholder may need to accept specific responsibilities, to ensure that detained defendants get adequate access to e-discovery in a workable and collaborative manner. This Guidance will also introduce some of the technical aspects of providing ESI to detainees, for example, how, with commonly available software, and some expertise, a PC[4] laptop can be configured to permit review of the most common types of criminal e-discovery.

## II. Special Concerns in the Delivery of ESI to Detainees

In preparing this Guidance, we identified the following special concerns in the delivery of ESI to detainees:

### A. Defense Concerns

To mount an effective defense, a represented defendant who is detained pending trial must generally have the opportunity to personally review some or all of the discovery and disclosure, which is now commonly in ESI format. The defendant may need to review it in discussion with his counsel or expert as well. But defense counsel may not have the equipment or personnel to do

---

[3] *See* United States Marshals Service Fact Sheet, Prisoner Operations 2016 and Facts & Figures 2016, available at https://www.usmarshals.gov/duties/factsheets. (Note that the Department of Justice is phasing out the use of private facilities. *See* https://assets.documentcloud.org/documents/3027877/Justice-Department-memo-announcing-announcing.pdf.)

[4] Because the Department of Justice (including the Bureau of Prisons), like most other government agencies, uses PC machines with Windows operating systems, defense teams are encouraged to use PC devices to manage e-discovery. PC devices are typically less expensive than Apple devices; conversion and compatibility issues will be lessened; and problems will be easier to troubleshoot if all parties use PC/Windows devices.

2

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp065

so, and the client who can afford counsel may not be able to additionally pay counsel to bring discovery for him or her to review.

## B. CJA and FDO Budgeting Concerns

Criminal Justice Act ("CJA") administrators, including the Court, which administers the CJA panel in many jurisdictions, and Federal Defender Organizations ("FDOs") (including both Federal Public Defender Organizations and Community Defender Organizations that provide indigent defense representation services), have an interest in avoiding the expenses incurred when an attorney or other member of the defense team must travel to lengthy legal visits merely to permit a detained client to review ESI on a defense team device. Subject to facility concerns discussed below, an investment in devices for use within a facility can result in substantial savings in this regard.

## C. Court Concerns

The Court has an overriding interest in the delivery of e-discovery to detainees, among other reasons to avoid delays in cases resulting from the inability of detainees to access and review discovery necessary to participate in their defense. The Court also has an interest in minimizing discovery costs and discovery litigation and in avoiding collateral issues, such as motions for new counsel by detainees complaining about delays in reviewing discovery.

## D. Facility Concerns

Constraints on detention facilities—the original bricks-and-mortar institutions—will probably pose the greatest challenges. These include most notably:

Personnel. The management of inmate movement, separation, and monitoring is personnel intensive and subject to strict scheduling. Maintaining and tracking devices and media; loading (and updating) discovery data; re-charging portable devices, etc., make intensive demands on IT personnel. But facilities may have little or no flexibility with available personnel.

Security. Weaponization of optical disk shards and other equipment, is a concern. Also, writable media may be used to pass messages to another inmate. Wireless and Internet capabilities have to be removed from devices used by detainees. (The BOP has a national policy against Internet and WiFi access for inmates.) Counsel (principally the Government) will need to screen ESI for disruptive contraband, such as pornography.

Sudden Change. Facilities' procedures can be changed to meet new needs. But attempts to suddenly impose new procedures to handle special circumstances may result in unintended breaches of standard security procedures, to potential great risk.

Space. It is optimal to allow inmates time and space to view their electronic discovery, and facilities should designate an area for discovery review. Consistent with the need to maintain security in a facility (to include, where appropriate, visual monitoring), efforts should be made to enable detainees to review their electronic discovery individually.

3

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp066

### E.  U.S. Marshals Service Concerns

At the national level, the USMS contracts with facilities to house pretrial detainees. At the local level, the USMS transports and safekeeps detainees. Transportation may be to and from court, or involve transferring a detainee from one facility to another. An occasionally used alternative to in-institution review of ESI is transporting inmates to locations that can accommodate discovery review. But that option has significant drawbacks of concern to the USMS. Specifically, given personnel and other restrictions, the Marshal has little capacity to transport detainees to, and safeguard detainees at, special facilities for the review of ESI. (In some jurisdictions, transportation time to and from the facility will render that impossible in any event.) Further, a detainee may not be placed in a facility that has superior ESI review resources if that facility does not fit the security designation of the detainee. For the USMS, providing a means of reviewing e-discovery within the detaining facility is optimal.

### F.  Government Concerns

The provision of e-discovery to detainees, although well under way in many districts, remains a process in development nationally. The Government's main concern is that the provision of e-discovery to detainees, which involves both technical challenges and new security challenges including unauthorized dissemination of discovery materials within and outside of the institution, should not be viewed as something the Government can make happen by pushing a digital button. Instead, these Guidelines reflect the multiple considerations that must be taken into account in preparing and providing ESI to detention facilities. In addition—it scarcely bears noting—different United States Attorney's Offices ("USAOs") have at this time varying capabilities to process and troubleshoot the production of e-discovery.

## III.  Practical Steps

### A.  Government, Defense, Facility and Judicial Points of Contact/Working Group

Points of Contact ("POCs") and a Working Group. Identifying POCs at the institutions listed below is our most important recommendation. Through informal meetings and direct dealings on individual cases POCs will develop an understanding of what devices are most readily acceptable to or available at a facility, what file formats are most readily reviewable by a detainee, and what particular obstacles may need to be addressed. The court should establish a Working Group, consisting at the least of judicial, CJA, FDO, DOJ, BOP, and U.S. Marshal representatives, to stimulate that process and to provide a forum for periodic reporting on developments and issuing useful local guidance.

USAO and facility POCs, as representatives of two government entities, will likely have the most frequent and direct communication. Ideally the contacts should include senior IT or litigation support specialists directly involved in the preparation and delivery, and receipt and mounting, of ESI for detainees. Within facilities, an appropriate POC may be someone involved in making the ESI available to inmates, such as unit managers or correctional counselors. There should also be USAO and facility POCs at the management level who can address policy issues and requests for exceptions (e.g., wardens, associate wardens, agency counsel).

4

A USMS POC can be helpful in arranging for POCs to be designated in contract facilities and in suggesting other methods for the delivery of ESI.

Public Defenders and their IT or litigation support specialists, and knowledgeable CJA attorneys, are likely to be productive POCs who can help other defense counsel in their jurisdiction. Defense POCs will be especially knowledgeable about exactly what electronic media the defense team may bring to a given facility for client review, the practical issues attendant thereto, and detainee experiences with the process.

Within the judiciary, CJA Supervisory Attorneys or other CJA administrators may have an overview of how discovery ESI has been handled, and can be cognizant of measures, such as the provision of laptops for a given case, that may engender substantial savings. Even more significantly, a judicial POC will be helpful in convening project status meetings, evaluating local CJA issues, and serving as a conduit for the expression of concerns to and from the court. As noted above, we specifically recommend that the court convene a Working Group to share issues, developments and solutions in the area.

On a national level, the following POCs may help with unique questions, or just getting an inmate e-discovery review program started: the Department of Justice's National Criminal Discovery Coordinator, Associate Deputy Attorney General Andrew Goldsmith (Andrew.Goldsmith@usdoj.gov); Criminal eDiscovery Coordinator John Haried (John.Haried@usdoj.gov); Associate U.S. Attorney (SDNY) John McEnany (John.McEnany@usdoj.gov); Administrative Office of the U.S. Courts National Litigation Support Administrator Sean Broderick (sean_broderick@fd.org); Federal Public Defender (Tampa, Florida) Donna Lee Elm (donna_elm@fd.org); Bureau of Prisons Assistant General Counsels Corinne Nastro (cnastro@bop.gov) and Monya Phillip (maphillip@bop.gov); U.S. Marshals Service Prisoner Operations Division's Heather Lowry (Heather.Lowry@usdoj.gov).

**B. Identify Facility e-Discovery Capabilities**

Recognizing that any inventory will be imperfect and subject to unexpected change, a working compilation by the POCs of the following information can be very useful:

a. How facilities allow detainees to review discovery: how do they determine who needs to review discovery; how much time do they typically provide detainees to review discovery; where do they allow detainees to review discovery (cell, law library, etc.); do detainees review discovery alone or in a group; if devices are used, do detainees share devices?

b. Facility devices: inventory facility equipment, broken out by pertinent inmate housing unit. This would include specifications of devices available; specification of installed software (including version); location of devices; number of devices; management of inmate access to devices; and hours of availability.

c. Facility Internet access, WiFi coverage, and policies, applicable both to detainees and to attorney visits.

d. Facility device limitations: e.g., hardware or other limits on installing specialized reviewing software; inability of facility devices to handle hardware-encrypted drives or

5

software-encrypted media; read/write restrictions (affecting not only a detainee's ability to tag items, but also a device's ability to handle viewing software that requires write-access to function).

e.  Inmate-permitted media and devices: identify devices and media that the facility will generally accept for an inmate to use in a given case: e.g., CDs, DVDs, thumb drives, hard drives, .mp3 players, laptops.

   (i)  Identify facility restrictions on devices for inmates: e.g., software restrictions (no games); hardware restrictions (no wireless); no built-in camera; no built-in microphone; no capability of connecting to an Ethernet network connection.

   (ii)  See the comment on laptops under Special Responsibilities of Facilities.

f.  The method that the facility uses to secure and inventory devices and storage media: the manner of storage, checkout, and checkin of storage media; and which personnel are trained and available to handle these tasks.

g.  The methodology (if any) the facility can follow to update discovery provided on a rolling basis. For example, is the facility able and willing to use USAfx (a secure Dropbox-like file sharing platform) to accept ESI for inmates? (Note that supplementing, updating, or replacing storage media in a case where ESI has already been made available to a detainee may be difficult.)

h.  Attorney devices: identify devices and media the facility will generally permit defense teams to bring for client visit, and practicalities attendant thereto.

## C.  Starting Up

Districts that are just beginning to consider provision of ESI to detainees may profitably begin considering: first, the types of ESI that are most voluminous and yet come in the most easily readable formats (such as wiretap intercepts in common audio formats and .pdfs of documents); second, the devices that the facilities have or will accept for review of that ESI; third, if devices need to be procured, how that will be done (e.g., by CJA funds for a given detainee in a given case); fourth, how procured devices will be configured for security and viewing; and fifth, how the devices will be loaded with ESI.

## IV.  Special Responsibilities of Participants

As noted above, this Guidance is not intended to create or define any legal rights. This section is intended only to articulate what we see as the practical division of labor in the collaborative venture of providing ESI to pretrial detainees.

### A.  Special Responsibilities of the Government

Early ESI Case Assessment. As an investigation begins and develops, an AUSA will have an increasingly refined idea of what types of ESI will be gathered, what platforms will be used to manage, review and produce the ESI; and which defendants may be detained in which facilities. Using available information and consulting with POCs as appropriate, the Government should identify anticipated e-discovery issues and prepare—even before arrest—a plan for speedy and

6

efficient provision of e-discovery to anticipated detainees. This will include ESI expected to be gathered at the time of arrest, such as cellphone data and other search warrant material. The Government will then be in a position to make a considered proposal to the defense and the court regarding provision of e-discovery. (For such planning purposes, we note again that rolling discovery may be difficult for facilities to manage.)

Provision of Trusted-Source and Screened Media. To provide assurance to the facility, ESI media and devices may have to be prepared (although not necessarily purchased) by the Government, and delivered by the Government to the facility. The Government should also screen out or redact material that may be disruptive to the institution (e.g., victim information, PII, CI information, obscene images, trade secrets, etc.) before production of the material to the pretrial detainee. (Screening out images such as cellphone pictures from an initial production of ESI to detainees may also substantially reduce the volume of data that needs to be produced.)

## B.  Special Responsibilities of the Defense

In keeping with the ESI Protocol, we anticipate that the defense will be a knowledgeable and constructive participant in discussions and meet-and-confers on this subject. In cases where difficulties derive from the volume of or unusual technical issues concerning ESI, the defense will prioritize what materials (whether select portions or all of the discovery) it provides to its client. Given software tools that can search and review voluminous discovery, the defense may be able to identify key documentation for the defendant's review.

In cases where the defense has selected key documentation for the defendant to review, it may be necessary for the defense to deliver the selected e-discovery to the facility and facility staff directly, without going through the government, in order to avoid revealing its work-product selection to the Government. The same may be true where the defense investigation has generated its own ESI. Some BOP facilities allow a defense attorney to mail in ESI directly to inmates via the special mail process upon submission of a form certification that the material on the media is in fact discovery related to the federal criminal proceeding and has not been altered in any way. Similar arrangements, perhaps endorsed by a court order, or involving a mutually trusted vendor, may be possible to satisfy security concerns at other facilities.

## C.  Special Responsibilities of the Court

The Court will consider the need of counsel and detainees to have adequate opportunity to review discovery in setting a trial schedule. Recognizing that the detention facility is not a party to the criminal litigation, and that both facility management and ESI discovery involve inherent limitations, the Court should generally afford the Government attorney an adequate opportunity to investigate and respond to asserted discovery review problems (including an opportunity to confer with facility and USMS representatives) before entering an order imposing specific procedures to govern the delivery and review of detainee ESI discovery. In cases presenting unusual technical or logistical issues, the court may also need to mediate the practical difficulties in providing discovery and the defendant's need to adequately assist counsel. Judicial participation in the Working Group referenced above will help judges stay abreast of developments in this area.

7

### D.  Special Responsibilities of the Facility

The facility must recognize its obligation to provide a reasonable opportunity for detainees to review ESI discovery. The need to provide ESI to detainees should be emphasized in USMS contracts with state, local and private facilities. Because laptops are inexpensive, have substantial storage, and can be configured to permit review of a wide variety of file formats, all USMS contract facilities should undertake to allow laptops as a routine method of providing ESI to detainees. (Many BOP facilities have standalone computers for inmate use that have been specially configured to handle most forms of e-discovery which should make consideration of laptops at BOP facilities unnecessary except in the most unusual of cases. Other BOP facilities have allowed the use of portable hard drives depending on the type of case and the volume of discovery.)

### E.  Special Responsibilities of the U.S. Marshals Service

At a national level, and with a view to eventually developing standards, the U.S. Marshals Service should begin to consider inmate e-discovery access in selecting and contracting with detention providers. At the local level the U.S. Marshals Service should, consistent with its resources and primary duties, assist in proposing solutions to e-discovery challenges.

## V.  Technical Considerations for the Non-Specialist

Obviously, most of those involved in the provision of ESI to detainees are not technology specialists. But following are some of the more technical points that non-technical personnel involved in the process will need to understand. The Technical Appendices contain other more detailed information gathered during preparation of these Guidelines that may also be useful for those approaching the subject.

### A.  Devices and Device Configuration

When a facility is willing to acquire, or to accept a laptop from the Government and/or the defense, either as part of its inventory,[5] or for a particular defendant in a particular case, the laptop will need to be configured to meet security concerns as well as to serve as an effective ESI review platform. The appendix contains suggested hardware specifications and application configurations that may provide a starting point in this regard. Facilities interested in obtaining their own ESI review devices may explore kiosks (housing for a publicly-used computer) designed specifically for the prison environment. (In 2016, kiosks priced at about $2200.)

MP3 players, iPods, DVD players, etc., can be inexpensive, Internet-free devices for reviewing common audio, video, and some document formats. However, smart phones and tablets (with WiFi and Internet capabilities) are largely pushing such media out of the market place. Note that it is not easy to modify devices to eliminate wireless capabilities, which may be required by a facility. Where iPads or other tablets do seem advisable, secure mounting of such devices may be an option to consider. *See, e.g.,* http://www.imageholders.com/collections/ipad-kiosks-tablet-enclosures-

---

[5] Note that the BOP, because of the anti-supplementation principle of federal appropriations, cannot itself take ownership of a device from an outside source.

8

wall-mounted;  http://www.lilitab.com/blogs/news/13361673-the-ultimate-guide-to-configuring-your-ipad-for-kiosk-use.

As frequently discussed herein, portable hard drives are inexpensive and may be an excellent choice for producing ESI to facilities where detainees have access to computers.

### B.  Common File Types and Review Possibilities

General Viewers and Players. ESI discovery can involve an almost overwhelming number of potential file formats. The list of file formats (see the appendix) compiled by the BOP for its July 2014 RFI for inmate electronic discovery support services, hardware, and software is daunting. On the positive side, it is encouraging how many file formats commercial viewers and players can support. By way of example, the files supported by Quick View Plus 13 Professional, and Windows Media Player 12, are also listed in the appendix.

Forensic Image Viewers. Seized media is often forensically imaged via AccessData's Forensic Toolkit® (FTK®) or Guidance Software's EnCase Forensic, both of which provide viewers that can be loaded onto a laptop to view forensic images contained in an attached hard drive. These viewers are not very simple to use, and it may be most effective to provide extracted user files. Extracted files may also be necessary where the underlying forensic image contains inappropriate material, such as pornography or hacker tools.

Native or Proprietary Formats. The extent to which user files must be viewable via native software; the existence of files in proprietary format; the significance of hyperlinks; and other matters not here imagined, will create additional issues. Application of this Guidance and of the 2012 JET-WG Recommendations will assist in bringing things down to manageable elements.

Litigation Support Databases. Databases such as Concordance, iPRO Eclipse SE, and Relativity (all commonly used by the Government) as well as CaseMap and Summation (commonly used by the Defense) may present a greater level of complexity. Concordance and iPRO Eclipse SE are desktop-based and can (subject to volume) be loaded onto a laptop. Relativity can export data for use on standalone devices. If an Internet (remote access)-based platform is used, the ability to export relevant portions to a laptop- or iPad-viewable format will have to be considered.

Read-Write Access. Some review platforms and programs, such as video players, require read-write access to the computer to function, for example to write .tmp files. This may require workarounds when write access to devices available to detainees is restricted.

Note-Taking by Detainees. Because many facilities, including BOP facilities, will not allow users write-access to discovery review devices for security and device-maintenance reasons, detainees will not be able to flag or tag documents electronically. Counsel should anticipate developing paper-based charts or forms that will facilitate flagging items of interest.

Remote (Web- or Cloud-Based) Data. Although data and electronic devices are increasingly configured to store and access data and software remotely—in the cloud—limitations or prohibitions on Internet access within facilities will largely preclude their use in providing e-discovery to detainees, at least in the foreseeable future. Accordingly, in selecting platforms for

9

attorney review, the ability to download data to standalone devices in a useable format for detainee review will remain key.

### C. Encryption

In all instances a determination must be made whether the ESI can be produced in encrypted format (the Government default) and still be effectively reviewed; whether encrypted hard drives (e.g. Addonics) will be suitable;  or whether data must be produced in unencrypted format, and any additional security measures that may entail.

10

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp073

## Technical Appendices

### I. Identification of Installed Software

A useful tool for the identification of software (and version) installed on a facility computer may be the Windows Management Instrumentation Command, e.g., running **`wmic product list brief`** at the command line.

### II. E-Discovery Review Laptop Configuration Suggestions

#### A. General Suggestions

Where laptops are available for ESI review, following are some configuration suggestions:

- Hardware modifications—remove or disable
  - RJ-45 network jack for standard network cable
  - Wi-Fi cards/antennas. (Even if there is no WiFi in the facility, someone could possibly smuggle in a WiFi hotspot.
  - Phone modems (usually found only on older equipment).

- Processing and storage specifications
  - Processor: 1 gigahertz (GHz) or faster.
  - RAM: 1 gigabyte (GB) (32-bit) or 2 GB (64-bit)
  - Minimum Hard Drive Size: 250+GB, or even a partitioned drive with 500 GB D: drive.
  - Graphics card: Microsoft DirectX 9 graphics device with WDDM driver

- Operating System
  - Windows 10, which will soon be the standard in many federal agencies, and will not soon need to be upgraded.
    - Contains Windows Media Player (verify)

- Security Software, to reduce the possibilities for unauthorized use and to reset the laptop during reboot to its previous-state configuration, as set by the administrator.

  - Lockdown software, to inhibit users from making changes. For example, -Mirabyte http://www.mirabyte.com/en/products/frontface-lockdown-tool/features.html
    -Inteset Systems http://shop.inteset.com/lock-down-windows-with-inteset-secure-lockdown

  - Restore software, to reset the laptop during reboot to its previous-state configuration. For example:
    -Deep Freeze, http://www.faronics.com/products/deep-freeze/enterprise/
    -Reboot Restore RX (free, but additional testing required): http://www.horizondatasys.com/en/products_and_solutions.aspx?ProductId=18#Benefits

11

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp074

- Reviewing Software
    - o Eclipse SE Data format. Where the Government has ESI in Eclipse SE format, the Government is licensed to use Eclipse Publish to create a stand-alone version of selected data to load onto a laptop. Commencing in summer 2016, the Government has been licensed to make Oracle's Outside In Viewer (which is used in Eclipse) available for viewing databases created via Eclipse Publish. The Outside In Viewer can handle <u>hundreds of file formats,</u> similar to Quick View Plus, whose supported file formats are listed below.
    - o Custom video surveillance software, where it is easier to install a custom program, rather than to convert non-standard video files into a format viewable by standard Windows Media Player.
    - o (This list is expected to change and grow.)

## B.  BOP July 2015 Specifications

For information only, to help guide thinking, the following is taken from BOP's February 2015 specifications for detainee discovery viewing devices inside BOP facilities:

### 1.  Operating System and Software Security Features

#### a. Operating system

Windows 7 Professional

#### b. Third-Party Software

**Romaco Timer (Free Commercial)** is a utility used to set a time limit on the user usage. It is currently set to logoff the current user in two hours. Prior to being logged out the user will receive a prompt indicating that they have five minutes remaining before the system automatically logs them off. This mechanism was put in place to ensure that the needs of a large inmate population; needing the use of discovery workstations with a limited supply, are met. If no other inmate needs to use the workstation, a given inmate can log back in and use it. A new Timer created in Visual Basic (VB) may replace the Romaco Timer and help support future operating systems.

**Reboot RX Free** takes a snapshot of the pc environment.

**Quick View Plus 12 (BOP Licensed)** is a file viewer for a variety of different file formats.

**VLC Player (Free Commercial)** is a media player for playing a variety of different media formats not supported by Windows Media Player.

**For The Record (FTR)** software to support proprietary video.

12

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp075

## 2. Security Features

The security/lockdown of the e-discovery pc comes from Group Policies built into Windows 7. A Local Group Policy was created that is assigned to the "Users" group.[6] The policy is located in in the C:\Windows\system32\GroupPolicyUsers\ folder. Security features configured in the LGPO (Local Group Policy Object) for the inmate environment are:

- The C:\ drive is not visible to the user under Windows Explorer

- Disabled the use of programs that could be used to generate scripts and environment configuration changes such as Control Panel, cmd.exe, powershell.exe, notepad.exe, taskmanager.exe etc.

- Disabled writing to USB drives

- Disabled writing to CDR's

- Desktop right click disabled

- CTRL+ALT+DEL does not display any options such as Task Manager.

- Start Menu only shows "Log Off" option. "Log Off" option is tied to a batch file that forces the system to restart. This forces the system back to the original snapshot of the system in Reboot Restore RX.

- Profile folders such as My Documents, Picture, and Video etc. are accessible to the user. They can write to these locations. This helps support encrypted files that need to be extracted and written to the local drive.

- Desktop icons available are the My Computer, VLC Player, Windows Media Player, Quick View Plus 12 icons

- Drives available in the user environment are the local CDROM drive and any USB external drives plugged into the system.

- Added a visual security feature. Two distinct wallpapers were created to specify whether the current environment is a "Users" or an "Administrator". This will ensure the inmate is logged into the appropriate locked down environment.

---

[6] BOP's detailed list of Windows GPO settings is not reproduced here.

13

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp076

## III.  Common File Types and Review Applications

### A.  File Types Listed in the BOP July 2014 Electronic Discovery RFI

The following is taken from the July 7, 2014, <u>BOP RFI</u> for support services, hardware and software for inmate electronic discovery.,
https://www.fbo.gov/index?s=opportunity&mode=form&id=fa1f57c38041cf651e1297aeb33f295c&tab=core&_cview=1

The following introduction to the BOP RFI is a useful presentation of BOP thought and restrictions in this area.

> The Federal Bureau of Prisons (BOP), Information Technology Planning and Development Branch has created a Request for Information to seek information related to support services, hardware, and software for inmate electronic discovery (eDiscovery). The goal of this RFI is to obtain detailed information for a secure computing device which can be used by inmates to view discovery materials related to their criminal defense against federal prosecution or their civil litigation against a federal entity. The BOP seeks information on available solutions for an eDiscovery system that incorporates actual hardware, any necessary software to view litigation material, and support services for BOP IT staff to troubleshoot issues or seek repair of equipment. Interested parties shall not be reimbursed for any costs related to the development and submission of information in response to this RFI.
>
> . . . .
>
> These will be stand-alone read-only devices used to view as many different types of data as possible.  The device should have the ability to receive updates to read additional types of data as needed.  The task of updating the devices to include more capabilities could be done by the vendor or the vendor could provide a simple update for local staff to perform.  These devices WILL NOT have internet connectivity.

**Word Processing Formats**
Adobe FrameMaker (MIF) 6.0, text only
Corel WordPerfect for Windows through X4
Lotus WordPro 96 – Millennium Edition 9.6, text only
Lotus Symphony Documents 1.2
Microsoft Windows Works through 4.0
Microsoft Word for Windows and Mac through 2010
Microsoft WordPad
Open Office Writer 2.0, 3.0
StarOffice Writer  5.2 - 9
ANSI Text 7 & 8 bit
ASCII Text  7 & 8 bit
EBCDIC  all
HTML  through 3.0
IBM Revisable Form Text  all

Microsoft Rich Text Format (RTF)
Unicode Text  all
WML  1.2
XML
MacWrite II 1.1
DOS Word Processors
DisplayWrite 2 & 3 (TXT) all
DisplayWrite 4 & 5 through Release 2.0
Professional Write through 2.1

**Spreadsheet Formats**
Corel QuattroPro for Windows through X4
Lotus 1-2-3 (DOS & Windows) through 5.0
Lotus 1-2-3 (OS/2)  through 2.0
Lotus 1-2-3 for SmartSuite  97 – Millennium Edition 9.6
Lotus Symphony  1.0, 1.1 and 2.0

14

Microsoft Excel for Windows or Mac through 2010
Microsoft Works through 4.0
OpenOffice Calc 2.0 and 3
StarOffice Calc 5.2, 6.x, 7.x - 9

**Database Formats**
Access through 2010
dBASE through 5.0
Microsoft Works through 4.0

**Presentation Formats**
Corel Presentations 3.0 – X4
Harvard Graphics for Windows
Lotus Symphony Presentations 1.2
Microsoft PowerPoint through 2010
OpenOffice Impress 1.1 - 3
StarOffice Impress 6 – 9

**Graphic Formats**
Adobe Acrobat (PDF) 6.0 – 10.0
Adobe Illustrator 7.0, 9.0
AutoCad Interchange & Native Drawing Formats (DXF & DWG) 2.5 – 2.6, 9.0 – 14.0, 2000i, 2002, 2005 - 2010
Bitmap (BMP, RLE, ICO, CUR, OS/2 DIB & WARP) all
Corel Clipart (CMX) 5 – 6
Corel Draw (CDR) 6.0 – 8.0
Corel Draw (CDR with TIFF header) 2.0 – 9.0
DCX (multipage PCX) Microsoft Fax
Encapsulated PostScript (EPS) TIFF header only
Graphics Interchange Format (GIF)
Hewlett Packard Graphics Language (HPGL) 2
JPEG all
MacPaint (PNTG)
OpenOffice Draw 3
Portable Network Graphics (PNG) 1.0
Star Office Draw 9
TIFF through 6
TIFF CCITT Group 3 & 4 through 6
WordPerfect Graphics 7 and 10 (WPG & WPG2)

**Video Formats**
MPEG-1/2
DIVX (1/2/3)
MPEG-4 ASP, DivX 4/5/6, XviD, 3ivX D4
H.263 / H.263i
H.264 / MPEG-4 AVC
Cinepak
Theora
MJPEG (A/B)
WMV-9 / VC-1 1
Quicktime
DV (Digital Video)
Indeo Video 4/5 (IV41, IV51)
Real Video ¾

**Audio Formats**
MPEG Layer 1/2
MP3 ( MPEG Layer 3)
AAC - MPEG-4 part3
Vorbis
WMA 1/2
WMA 3 1
FLAC
ATRAC 3
Wavpack
APE (Monkey Audio)
Real Audio 2
AMR (3GPP)
MIDI 3
DV Audio
QDM2/QDMC (QuickTime)

15

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp078

**B. Quick View Plus 13 Professional, Supported File Formats**

This gives an idea of the variety of file formats one commercially available viewing platform can present. See Quick View Plus 13 Professional, Fact Sheet and Supported File Formats, available at http://avantstar.com/metro/reference?path=A1x478ex1y1x4794x1x66y1x4a6fx1x65y8x656bx8x1.

**WORD PROCESSING VERSIONS**

**GENERIC TEXT**
ANSI Text—7 & 8 bit
ASCII Text—7 & 8 bit
EBCDIC—all
HTML—through 3.0 (with limitations)
IBM FFT—all
IBM Revisable Form Text—all
Microsoft Rich Text Format (RTF) —all
Trillian text
Unicode Text —all
WML —1.2
XML
**DOS WORD PROCESSORS**
DEC WPS Plus (DX)—through 4.0
DEC WPS Plus (WPL)—through 4.1
DisplayWrite 2 & 3 (TXT)—all
DisplayWrite 4 & 5—through Release 2.0
Enable—3.0, 4.0 and 4.5
First Choice—through 3.0
Framework—3.0
IBM Writing Assistant—1.01
Lotus Manuscript—2.0
MASS11—through 8.0
Microsoft Word—through 6.0
Microsoft Works—through 2.0
MultiMate—through 4.0
Navy DIF—all
Nota Bene—3.0
Office Writer—4.0 – 6.0
PC-File Letter—through 5.0
PC-File+ Letter—through 3.0
PFS:Write—A, B and C
Professional Write—through 2.1
Q&A —2.0
Samna Word—through Samna Word IV+
SmartWare II—1.02
Sprint—through 1.0
Total Word—1.2

Volkswriter 3 & 4—through 1.0
Wang PC (IWP)—through 2.6
WordMARC—through Composer Plus
WordPerfect—through 6.1
WordStar—through 7.0
WordStar 2000—through 3.0
XyWrite—through III Plus
**WINDOWS WORD PROCESSORS**
Adobe FrameMaker (MIF)—6.0, text only
AMI/AMI Professional—through 3.1
Corel/Novell WordPerfect
for Windows—through X5
Hangul—97, 2002, 2010
JustSystems Ichitaro
—5.0, 6.0, 8.0 – 13.0, 2004, 2010
JustWrite —through 3.0
Kingsoft WPS Office Writer—2010
Legacy —through 1.1
Lotus WordPro
—96 – Millennium Edition 9.6, 9.8 (text only)
Lotus Symphony Documents—1.2
Microsoft Windows Works—through 4.0
Microsoft Windows Write—through 3.0
Microsoft Word for Windows—through 2013
Microsoft WordPad—all
Novell Perfect Works—2.0
OpenOffice Writer—1.1 – 3.0
Oracle Open Office Writer—3.0
Professional Write Plus—1.0
Q&A Write for Windows—3.0
StarOffice Writer—5.2 – 9.0
WordStar for Windows—1.0
**MACINTOSH WORD PROCESSORS**
MacWrite II—1.1
Microsoft Word
—3.0, 4.0, 98, 2001, v.X, 2004, 2008
Microsoft Works—through 2.0
Novell WordPerfect—1.02 – 3.0

16

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp079

**SPREADSHEETS** VERSIONS
Corel QuattroPro for Windows
—through X5
Enable—3.0, 4.0 and 4.5
First Choice—through 3.0
Framework—3.0
KingSoft WPS Office Spreadsheet—2010
Lotus 1-2-3 (DOS & Windows)—through
5.0
Lotus 1-2-3 Charts (DOS & Windows)
—through 5.0
Lotus 1-2-3 (OS/2) —through 2.0
Lotus 1-2-3 Charts (OS/2)—through 2.0
Lotus 1-2-3 for SmartSuite
—97 – Millennium Edition 9.6, 9.8
Lotus Symphony—1.0 – 1.2 & 2.0
Microsoft Excel Charts—2.x – 7.0
Microsoft Excel for Macintosh
—3.0 – 4.0, 98, 2001, v.X, 2004, 2008
Microsoft Excel for Windows
—2.2 through 2013
Microsoft Multiplan—4.0
Microsoft Windows Works—through 4.0
Microsoft Works (DOS)—through 2.0
Microsoft Works (Mac)—through 2.0
Mosaic Twin—2.5
Novell Perfect Works—2.0
OpenOffice Calc—1.1, 2.0 (text only), 3.0
Oracle Open Office Calc—3.0
Quattro Pro for DOS—through 5.0
PFS:Professional Plan—1.0
SmartWare II—1.02
StarOffice Calc—5.2, 6.x, 7.x, – 9.0
SuperCalc 5—4.0
VP Planner 3D—1.0
**DATABASES** VERSIONS
Access—through 2.0, 95-2000
dBASE—through 5.0
DataEase—4.x
dBXL—1.3
Enable—3.0, 4.0 and 4.5
First Choice—through 3.0
FoxBase—2.1
Framework—3.0
Microsoft Windows Works—through 4.0
Microsoft Works (DOS)—through 2.0

Microsoft Works (Mac)—through 2.0
Paradox (DOS)—through 4.0
Paradox (Windows)—through 1.0

Personal R:BASE—1.0
Q & A—through 2.0
R:BASE 5000—through 3.1
R:BASE System V—1.0
Reflex—2.0
SmartWare II—1.02
**PRESENTATIONS** VERSIONS
Corel/Novell Presentations—3.0 – X5
Freelance for Windows
—through Millennium Edition 9.6, 9.8
Freelance for OS/2—through 2.0
Harvard Graphics for DOS—2.x & 3.x
Harvard Graphics for Windows
KingSoft WPS Office Presentation—2010
Lotus Symphony Presentations—1.2
Microsoft PowerPoint for Macintosh
—3.0 – 4.0, 98, 2001, v.X, 2004, 2008
Microsoft PowerPoint for Windows
—3.0 through 2013
OpenOffice Impress—1.1 – 3.0
Oracle Open Office Impress—3.0
StarOffice Impress —5.2 (text only), 6.0 –
9.0
**COMPRESSED** VERSIONS
7z
GZIP
JAR
LZA Self Extracting Compress
LZH Compress
Microsoft Binder—7.0 – 97
MIME (Text Mail)
RAR
UNIX Compress
UNIX TAR
UUEncode
ZIP—PKWare through 2.04g
**OTHER** VERSIONS
Apple iWork 09 Keynote
Apple iWork 09 Numbers
Apple iWork 09 Pages
Executable (EXE, DLL)
Executable for Windows NT

17

Lotus Notes DXL
Microsoft Outlook
Express (EML)—97 – 2003
MBOX
Microsoft Cabinet
Microsoft Live Messenger—10
Microsoft Office 2003 XML (text only)
Microsoft OneNote 2007-2010 (text only)
Microsoft Outlook Folder (PST)—97 – 2003
Microsoft Outlook Forms Template (OFT)
Microsoft Outlook Offline Folder (OST)
—97 – 2003
Microsoft Outlook Message (MSG)
Microsoft Project—98, 2000, 2002,
2003, 2007, 2010 (Gantt chart view)
vCard—2.1
**GRAPHIC** VERSIONS
Adobe Acrobat (PDF)—2.1, 3.0 – X
Adobe PDF Package
Adobe PDF Portfolio
Apple Mail Message—2.0
Adobe Illustrator—7.0, 9.0, CS5, CS6
Adobe Photoshop (PSD)—4.0, CS5, CS6
AmiDraw (SDW)—all
AutoCad Interchange & Native
Drawing Formats (DXF & DWG)
—2.5 – 2.6, 9.0 – 14.0, 2000i,
2002, 2005 – 2012
Autoshade Rendering (RND)—2.0
Binary Group 3 Fax
—'2005 - 2007 (with limitations)
Bitmap (BMP, RLE, ICO,
CUR, OS/2 DIB & WARP)—all
CALS Raster—Type I and Type II
Computer Graphics Metafile (CGM)
—ANSI, CALS NIST 3.0
Corel Clipart (CMX)—5 – 6
Corel Draw (CDR)—6.0 – 8.0
Corel Draw (CDR with TIFF header)
—2.0 – 9.0
DCX (multipage PCX)—Microsoft Fax
GEM Paint (IMG)
Graphics Interchange Format (GIF)
Hewlett Packard
Graphics Language (HPGL)—2

JFIF (JPEG not in TIFF format)—all
JPEG—all
Kodak Flash Pix (FPX)—all
Kodak Photo CD (PCD)—1.0
Lotus 1-2-3 Picture File Format (PIC)—all
Lotus Snapshot—all
Macintosh PICT1 & 2—Bitmap only
MacPaint (PNTG)
Micrografx Draw (DRW)—through 4
Micrografx Designer (DSF)—Windows 95,
6.0
Novell PerfectWorks (Draw)—2.0
OpenOffice Draw—3.0
Oracle Open Office Draw—3.0
Paint Shop Pro (PSP)—5.0 – 7.04
PC Paintbrush (PCX & DCX)—all
Portable Bitmap (PBM)
Portable Graymap (PGM)
Portable Network Graphics (PNG)—1.0
Portable Pixmap (PPM)
Progressive JPEG
Star Office Draw—9.0
Sun Raster (SRS)
SVG (XML display only. Content will be
rendered as an XML file, not a multimedia
file.)
TIFF—through 6
TIFF CCITT Group 3 & 4—through 6
Truevision TGA (TARGA)—2
Visio—4 (preview only), 5, 2000, 2002,
2003
WBMP
Windows Enhanced Metafile (EMF)
Windows Metafile (WMF)
WordPerfect Graphics
—through 2.0, 7 and 10 (WPG & WPG2)
X-Windows Bitmap (XBM)—x10
compatible
X-Windows Dump (XDM)—x10
compatible
X-Windows    Pixmap    (XPM)—x10
compatible

18

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp081

### C. Windows Media Player 12

Following is a list of audio and video files supported by Windows Media Player 12. *See* https://support.microsoft.com/en-us/kb/316992

Windows Media formats (.asf, .wma, .wmv, .wm)
Windows Media Metafiles (.asx, .wax, .wvx, .wmx)
Windows Media Metafiles (.wpl)
Microsoft Digital Video Recording (.dvr-ms)
Windows Media Download Package (.wmd)
Audio Visual Interleave (.avi)
Moving Pictures Experts Group (.mpg, .mpeg, .m1v, .mp2, .mp3, .mpa, .mpe, .m3u)
Musical Instrument Digital Interface (.mid, .midi, .rmi)
Audio Interchange File Format (.aif, .aifc, .aiff)
Sun Microsystems and NeXT (.au, .snd)
Audio for Windows (.wav)
CD Audio Track (.cda)
Indeo Video Technology (.ivf)
Windows Media Player Skins (.wmz, .wms)
QuickTime Movie file (.mov)
MP4 Audio file (.m4a)
MP4 Video file (.mp4, .m4v, .mp4v, .3g2, .3gp2, .3gp, .3gpp)
Windows audio file (.aac, .adt, .adts)
MPEG-2 TS Video file (.m2ts)

### D. Litigation Support Database Applications

| | |
|---|---|
| Concordance | Nuix |
| iPRO | Epiq |
| iPRO Eclipse SE | CaseLogistics |
| Relativity | Masterfile |
| Access Data – Summation | iConnect |
| Intella | Lateral Data |

\* \* \*

19



# EXHIBIT J

**Metcalf & Metcalf, P.C.**
99 Park Avenue, 6th Floor
New York, NY 10016
646.253.0514 (Phone)
646.219.2012 (Fax)

Exhibits A – Z Edward Jacob Lang Bond Application EJLBondApp083

| | DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | **EFFECTIVE DATE:** | June 20, 2017 | **Page 1 of 40** |
|---|---|---|---|---|
| | | **SUPERSEDES:** | 4160.3I May 19, 2015 | |
| | **POLICY AND PROCEDURE** | **OPI:** | DOC GENERAL COUNSEL | |
| | | **REVIEW DATE:** | June 20, 2018 | |
| | | **Approving Authority** | Quincy L. Booth Director | |
| | **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | |
| | **NUMBER:** | **4160.3J** | | |
| | **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures  Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

**SUMMARY OF CHANGES:**

| Section | Change |
|---|---|
| Changes | *Minor changes made throughout policy.* |
| | |
| | |

**APPROVED:**



_____
*Quincy L. Booth, Director*

**6/20/17**
*Date Signed*

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp084

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | June 20, 2017 | **Page 2 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES:** | 4160.3I<br>May 19, 2015 | |
| | | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | | |
| **NUMBER:** | **4160.3J** | | | |
| **Attachments:** | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | | |

1. **PURPOSE AND SCOPE.** To establish procedures for inmate attorney/legal visits at the Central Detention Facility (CDF) and Correctional Treatment Facility (CTF).

2. **POLICY.** It is the policy of the District of Columbia Department of Corrections (DOC) to ensure inmates' rights to have access to counsel and the courts.

3. **APPLICABILITY.** This procedure applies to attorneys, inmates' attorney of record, their agents, embassy and consular officers, DOC employees, contract staff, volunteers and inmates.

4. **PROGRAM OBJECTIVES.** The expected results of this program are:

   a. Inmates shall have access to courts, counsel and/or their authorized representatives via telephone communications, uncensored correspondence and visits. Legal telephone calls and correspondence are addressed in other policies (see directives referenced).

   b. Inmates' constitutional right to access counsel shall be protected while maintaining facility safety, security and order.

5. **NOTICE OF NON-DISCRIMINATION**

   a. In accordance with the D.C. Human Rights Act of 1977, as amended, D.C. Official Code §§ 2-1401.01 *et seq.*, (Act) the District of Columbia does not discriminate on the basis of race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, matriculation, political affiliation, genetic information, disability, source of income, status as a victim or an intrafamily offense, or place of residence or business. Sexual harassment is a form of sex discrimination that is also prohibited by the Act. Discrimination in violation of the Act will not be tolerated. Violators will be subject to disciplinary action.

6. **AUTHORITY.** D.C. Code § 24-211.02, Powers; Promulgation of Rules;

   The Vienna Convention on Consular Relations (1963), Article 36 "Communication and Contact with Nationals of the Sending State"

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp085

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | **EFFECTIVE DATE:** | June 20, 2017 | **Page 3 of 40** |
|---|---|---|---|
| **POLICY AND PROCEDURE** | **SUPERSEDES:** | 4160.3I May 19, 2015 | |
| | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | |
| **NUMBER:** | 4160.3J | | |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

D.C. Code §§ 22-2603.01, *et seq.*, "Introduction of Contraband into Penal Institution"

7. **DIRECTIVES AFFECTED**

a. **Directives Rescinded**

PP 4160.3I              Access to Legal Counsel (5/19/15)

b. **Directives Referenced**

1) PP 1280.2        Reporting and Notification Procedures for Significant Incidents and Extraordinary Occurrences

2) PP 1282.1        Duty Administrative Officer

3) PP 4070.1        Inmate Telephone Access

4) PP 4070.4        Inmate Correspondence and Incoming Publications

5) PP 5009.2        Searches of Inmates, Inmate Housing Units, Work and Program Areas

6) PP 5010.2        Accountability for Inmates

7) PP 5010.3        Contraband Control

8) PP 5020.1        Entrance and Exit Procedures

9) PM 5300.1        Inmate Disciplinary and Administrative Housing Hearing Procedures

10) PM 5300.2       Juvenile Disciplinary and Administrative Housing Hearing Procedures

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp086

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | **EFFECTIVE DATE:** | June 20, 2017 | **Page 4 of 40** |
|---|---|---|---|
| **POLICY AND PROCEDURE** | **SUPERSEDES:** | 4160.3I May 19, 2015 | |
| | **REVIEW DATE:** | June 20, 2018 | |

| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** |
|---|---|
| **NUMBER:** | **4160.3J** |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist |

## 8. STANDARDS REFERENCED

a. American Correctional Association 4th Edition, Performance-Based Standards for Adult Local Detention Facilities: 4-ALDF-6A-01, 4-ALDF-6A-02, and 4-ALDF-6A-03.

b. National Standards to Prevent, Detect, and Respond to Prison Rape Under the Prison Rape Elimination Act (PREA), 28 C.F.R. 115.

## 9. ATTORNEY VISIT REQUESTS

a. Attorney Visits. An Attorney shall be allowed to visit their inmate client without advance approval when they are the attorney of record and a member of the District of Columbia Bar and present a D.C. Bar Card and a photo identification at entrance. CJA and PDS attorneys may show their valid work ID to access the facility. They do not need to present a bar card and additional photo identification.

b. Advance Approvals For Attorney Visits. Advance approval from the Warden's Office is required If the attorney seeking a legal visit is not a member of the DC Bar, and the attorney must provide a Bar Card or credentials from another jurisdiction and a valid photo identification (State ID, Driver's License). In obtaining approval from the Warden's Office, an attorney that is not licensed in any of the United States but licensed in a foreign country must present a letter from his/her country's embassy on embassy letterhead confirming he/she is a licensed attorney in his/her native country and a valid form of identification such as a passport.

c. Attorneys Who Are Not Attorneys of Record in Criminal Matters

1) Any attorney who is not the attorney of record in an inmate's criminal case(s) and/or represents an inmate in a matter other than their criminal case(s) must request their attorney visit(s) through the Warden's Office in advance.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | June 20, 2017 | Page 5 of 40 |
|---|---|---|---|
| | SUPERSEDES: | 4160.3I May 19, 2015 | |
| **POLICY AND PROCEDURE** | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| NUMBER: | 4160.3J | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

The attorney shall fax to (202) 698-4877 Attn: Warden a request for an attorney visit at least three (3) business days in advance including the following:

a)   The attorney letterhead including a current address and phone number.

b)   The attorney's state and bar license number.  If the attorney is not licensed in the District of Columbia, they shall provide a copy of their bar card or other license credentials.

c)   The name and DCDC number of the inmate with whom they are seeking to visit.

d)   The jurisdiction, case name and case number of the matter in which they represent the inmate or a brief description of the nature of the legal matter.  For example, if the representation does not involve an open case, the letter should provide a general reference as to what it relates to such as child custody, divorce, bankruptcy, property transfer, etc.

e)   The general purpose of the attorney visit.

f)   The number and duration of attorney visits being requested.

g)   Proposed dates for the visits.

h)   The attorney shall indicate in the letter whether the attorney has a personal relationship with the inmate such as friend, relative, spouse, co-parent, romantic partner, or other relationship.  Individuals who are attorneys or attorney agents shall not conduct personal visits in attorney visitation.

d.   Attorney Visit Approvals/Disapprovals.  Warden shall advise the attorney in writing whether or not the request is approved. If approved, the attorney is required to follow all procedures contained herein. The inmate must consent to the visit(s) approved by the Warden.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>POLICY AND PROCEDURE | EFFECTIVE DATE: | June 20, 2017 | **Page 6 of 40** |
|---|---|---|---|
| | SUPERSEDES: | 4160.3I<br>May 19, 2015 | |
| | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| NUMBER: | 4160.3J | | |
| Attachments: | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | |

## 10.  GENERAL PROCEDURE

a.    *Attorney Decorum*. Attorneys and their agents shall not display over-familiarity with inmates, they shall not give inmates any items other than printed legal materials to be reviewed during visitation and/or taken back to their cells, and they shall, at all times, maintain a professional decorum and adhere to protocols consistent with a correctional environment. Attorneys shall not give their clients cds/dvds, tapes or other audio/visual recordings of legal materials to keep after visitation.

b.    *Visiting Hours*. Attorneys and their agents (i.e., investigators, law clerks, law students, and interpreters) shall have twenty-four (24) hour access to their clients, seven (7) days a week.

c.    *Point of Entry*. Attorneys and their agents shall enter the facility via the Visitors Control entrance.

d.    Visiting Areas

1)    *12:00 noon to 8:00 p.m.* Legal visits shall be conducted in the Visiting Hall on the same floor as the inmate's assigned housing unit, except as stated below:

a)    In the event that all legal booths are occupied on the respective floor, the Visiting Hall Officer shall contact Visiting Hall Officers on other floors to arrange for a booth and inform the attorney or agent of the change. The Administrative Module Officer shall inform the inmate of the change and record the change on the inmate's pass accordingly.

b)    Attorneys and their agents shall be moved to other floors as needed if booths on a particular level are unavailable. If an attorney or agent requests to use the visiting phone instead of waiting for a booth, this request shall be granted and documented in the Visiting Hall logbook.

2)    *8:00 p.m. and 11:30 p.m.* All legal visits shall be conducted in Visiting Hall Two on the second floor.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | June 20, 2017 | **Page 7 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | | |
| NUMBER: | 4160.3J | | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

    3)   *11:30 p.m. and 8:00 a.m.* All legal visits shall be conducted in front of the Command Center.

    4)   *8:00 a.m. and 12:00 noon.* All legal visits shall be conducted in Visiting Hall Two on the second floor.

    5)   *Saturday and Sunday.* All legal visits shall be conducted in Visiting Hall Two on the second floor.

    6)   Overflow Visiting Hall. An alternate Visiting Hall shall be designated for overflow legal visits.

  e.    Visiting Multiple Inmates

    1)   The Attorney of record or their agents requesting to successively or simultaneously meet with more than one inmate during a visit to the facility shall fax their request to the Deputy Warden for Programs and Case Management not less than twenty-four (24) hours in advance of the interview date. This will ensure that separations are checked, and to the extent possible, that accommodations are made consistent with the safety and security of the facility.

    2)   With twenty-four (24) hour notice, and agency approval, the attorney of record and their agents may arrange to visit all of his/her clients at one location regardless of their housing unit. Otherwise attorneys and agents may have to go to each floor where his/her clients are housed.

  f.    Inmate Hospital Visits

    1)   The attorney or agent should go to the D.C. Jail and advise the staff that their client is in the hospital.

    2)   The officers at the Jail will provide the attorney with the hospital and room number of the inmate and the paperwork necessary to present to the correctional officers at the medical outpost.

    3)   DOC staff will contact the officers at the hospital and notify them that the

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>POLICY AND PROCEDURE | EFFECTIVE DATE: | June 20, 2017 | **Page 8 of 40** |
|---|---|---|---|
| | SUPERSEDES: | 4160.3I<br>May 19, 2015 | |
| | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| NUMBER: | 4160.3J | | |
| Attachments: | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | |

        attorney or agent is coming over directly for a visit.

    4)   Officers on medical outposts cannot terminate sight supervision of the inmate during the attorney visit in the hospital room, but efforts will be made to allow as much sound privacy as possible under the circumstances.

  g.    Arrestee Visits at Central Cell Block and the Hospital

    1)   The attorney should go to the Central Cell Block at MPD Headquarters at 300 Indiana Ave. NW, Washington, DC.  If the arrestee is in the CCB, the visit will take place in the attorney visitation room on site.  If the arrestee is in the hospital, the officers at the Jail will provide the attorney with the hospital and room number of the inmate and the paperwork necessary to present to the correctional officers at the medical outpost.

    2)   DOC staff will contact the officers at the hospital and notify them that the attorney or agent is coming over directly for a visit.

    3)   Officers on medical outposts cannot terminate sight supervision of the arrestee during the attorney visit in the hospital room, but efforts will be made to allow as much sound privacy as possible under the circumstances.

## 11.   TITLE 16 JUVENILES

  a.    Attorneys and their agents shall fax a request to visit Title 16 Juveniles held in the Juvenile Unit of the CTF to (202)-698-4877 Attn: Deputy Warden for Programs and Case Management.

  b.    The CTF will contact the D.C. Jail staff to ensure advance notice for escort to visitation.

  c.    Failure to provide one day notice in advance of visitation may result in delays.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>**POLICY AND PROCEDURE** | **EFFECTIVE DATE:** | June 20, 2017 | **Page 9 of 40** |
| | **SUPERSEDES:** | 4160.3I<br>May 19, 2015 | |
| | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | |
| **NUMBER:** | 4160.3J | | |
| **Attachments:** | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | |

## 12. ENTRY OF SUBPOENAED CHILD WITNESSES, AGES 14 TO 17, FOR PAROLE HEARINGS

a. Witnesses for parole hearings will not be permitted to bring non-witness children under 18 years of age into the facility. The United States Parole Commission (USPC) shall formally notify witnesses in advance to make appropriate child care arrangements because children under 18 are not permitted entry.

b. Witnesses subpoenaed by the USPC who are 14 to 17 years old will be allowed entry into the facility provided that: (a) the witness is accompanied by a guardian, (b) under the direct supervision and control of a Victim Witness Services representative the entire time they are in the facility, (c) their testimony is expedited in the proceedings to the greatest degree practicable by calling them as soon as possible to limit their time in the facility, and (d) they are escorted out as soon as their testimony is completed and their presence is no longer necessary for testimony. Non-witness siblings or other children will not be allowed entry with them.

## 13. PRE-APPROVAL OF AGENTS

a.   Investigators and Practicing Law Students

1) Law firms, agencies, and attorneys shall submit a list of the names of their agents *in each case* to the Wardens Office for the Central Detention Facility, at 1901 D Street, SE, Washington, D.C. 20003. This list shall be submitted on the law firm's official letterhead stationery.

2) Attorney letters on behalf of their agents that conform with 10(a)(1) above are valid for one (1) year or until rescinded in writing by the attorney, whichever comes first.

3) If an attorney wishes to submit a request for entry of agents *without specifying the cases*, the attorney must submit a request every thirty (30) days.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | June 20, 2017 | **Page 10 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES:** | 4160.3I May 19, 2015 | |
| | | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | | |
| **NUMBER:** | 4160.3J | | | |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

    4)   Criminal Justice Act (CJA) and Public Defenders Service (PDS) or other government investigators do not require advance approval to enter the facility but must show their valid work ID to access the facility. All other agents must show a copy of the letter on letterhead and present a valid photo ID.

  b.  Experts

    1)   Law firms, agencies and experts shall fax their request for an expert to visit an inmate not less than twenty-four (24) hours in advance of the interview date to (202)-698-4877 Attn: Deputy Warden for Programs and Case Management.

    2)   The request shall be submitted on the law firm's official letterhead stationery and include the name of the expert, the inmate(s) he/she wishes to visit and any electronic or other equipment the expert will bring into the facility.

    3)   If visiting more than one inmate, the request shall include the order in which he/she wishes to visit the inmates.

  c.  Notaries

    1)   Notaries will be permitted to access attorney visitation with any equipment needed to notarize documents so long as they are accompanied by the inmate's otherwise authorized attorney or agent.

    2)   Notaries are required to present photo identification as listed in ¶20(a)(1-3) herein.

    3)   All notary equipment will be inspected and searched pursuant to ¶22(d) herein.

  d.  Diplomatic Representation

Individuals from foreign embassies who seek to visit an inmate must submit a request on embassy letterhead containing the name and DCDC number of the inmate that they

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | June 20, 2017 | **Page 11 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES:** | 4160.3I<br>May 19, 2015 | |
| | | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | | |
| **NUMBER:** | 4160.3J | | | |
| **Attachments:** | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | | |

wish to visit, the date and time they wish to visit, the legal authority for the visit, and the name and a copy of the embassy photo identification for each visiting official.

## 14.  EX-OFFENDERS AS AGENTS

a.    Law firms, agencies, and attorneys shall submit a written request to the Warden in advance of a legal visit seeking approval before an agent with a felony or misdemeanor conviction in any jurisdiction can be permitted entry into the facility and have contact visits with inmates.

## 15.  LIST OF APPROVED AGENTS

a.    The Deputy Warden for Programs and Case Management shall ensure that a current list of approved agents is forwarded to the Visitors Control and Staff Entrance.

b.    A list of approved agents and contacts shall be maintained in the Office of the Deputy Warden for Programs and Case Management, should questions arise regarding the validity of the identification card.

c.    Law firms, agencies, and attorneys are responsible for updating the lists of approved agents in conformity with 10(a) above, or earlier if necessary.

d.    The Deputy Warden for Operations (or after hours the Shift Major or Duty Administrative Officer (DAO) on duty) shall be contacted for further disposition when the attorney or agent is not on the approved list.

## 16.  REQUESTS FOR USE OF ELECTRONIC EQUIPMENT IN ATTORNEY VISITATION

a.    TV/VCR/DVD Player Availability

1)    Upon receipt of a written request from an attorney, agency or law firm, DOC will provide a TV/VCR/DVD player in Attorney Visitation to allow an inmate to review official videotapes/discs.

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp094

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | **EFFECTIVE DATE:** | June 20, 2017 | **Page 12 of 40** |
|---|---|---|---|
| **POLICY AND PROCEDURE** | **SUPERSEDES:** | 4160.3I<br>May 19, 2015 | |
| | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | |
| **NUMBER:** | 4160.3J | | |
| **Attachments:** | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | |

2) The attorney, agency or law firm shall fax notice requesting such equipment to the Deputy Warden for Programs and Case Management at least two (2) business days in advance.

3) TV/VCR/DVD player usage shall be restricted to between 8:00 a.m. and 9:00 p.m. including Saturday and Sunday.

4) The Warden's written permission shall be faxed to the attorney, agency or law firm with a copy to the Visitors and the Staff Entrance at least one (1) working day in advance of the requested visit date.

## 17. REQUESTS TO PHOTOGRAPH/AUDIO RECORD INMATE CLIENTS OR SPECIFIC AREAS OF THE FACILITY

a. The following procedures shall be followed when an attorney or agent requests to photograph, videotape, tape record or use other forms of electronic devices, i.e., other audio equipment to record the likeness of an inmate or photograph specific areas of a DOC facility:

1) Request Process for Photographing, Videotaping, or Tape Recording an Inmate:

    a) The law firm, agency or attorney shall fax a copy of a court order to photograph, videotape, tape record or use other electronic equipment to photograph or record an inmate at least twenty-four (24) hours in advance of the interview date to the Deputy Warden for Programs and Case Management.

    b) Absent a court order, a law firm, agency or attorney may photograph, videotape or tape record an inmate so long as the inmate is their own client and consents. The law firm, agency or attorney shall fax a request to photograph, videotape, tape record or use other electronic equipment at least two (2) business days in advance of the interview date to the Deputy Warden for Programs and Case Management. The request shall include:

        (1) The inmate's name and DCDC number along with a statement

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | June 20, 2017 | Page 13 of 40 |
|---|---|---|---|---|
| POLICY AND PROCEDURE | | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | | |
| NUMBER: | 4160.3J | | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

as to why the photographs, videotaping, or recordings are needed;

(2) The requested date for the photographing or recording;

(3) A complete list of equipment the requestor is seeking to bring into the facility. Phones (e.g., smart phones) may not be used or brought in to take the photograph or recording; and

(4) The name, title, address and contact information of the photographer or recorder.

(5) No other photographs or recordings may be taken while on the premises.

c) The Deputy Warden for Programs and Case Management shall notify the law firm, agency or attorney in writing via fax that the request has been approved or disapproved within one (1) working day prior to the requested interview date. Written correspondence shall include an explanation when the request is disapproved.

d) The Deputy Warden for Programs and Case Management shall ensure that the approval and a list of the approved equipment is forwarded to Visitors Control and Staff Entrance.

e) Inmate Consent. Absent a court order, an inmate to be photographed and/or tape recorded shall first sign a written Inmate Consent Form (Attachment A). The original consent form shall be placed in the inmate's official institutional record. A copy of this consent form shall be provided to the inmate and the attorney or agent.

b. Nothing and no one else in the facility shall be photographed or recorded other than the subject approved by the Court Order or Deputy Warden for Programs and Case Management. Violation of this requirement may result in

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | **EFFECTIVE DATE:** | June 20, 2017 | **Page 14 of 40** |
|---|---|---|---|
| | **SUPERSEDES:** | 4160.3I May 19, 2015 | |
| **POLICY AND PROCEDURE** | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | |
| **NUMBER:** | **4160.3J** | | |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

immediate removal of the attorney or agent and may result in a temporary or permanent ban from the facility.

a. Attorney or Agent Using the Equipment When Recording Client

1) Transporting the Equipment. The Shift Supervisor or designee shall escort the attorney or agent who shall carry his/her own equipment to and from the designated area.

2) Attorneys and agents shall only be permitted to use the photographic, video or electronic equipment once at the designated area. Inmates and DOC employees are prohibited from operating the equipment.

3) The Shift Supervisor or designee shall be present with the attorney or Agent from the time the individual is escorted into the facility until the attorney or agent exits the facility.

## 18. DISCONTINUED USE OF EQUIPMENT

a. The Shift Supervisor or designee may at any time discontinue the use of photographic, video or electronic equipment for security purposes.

b. Attorneys and agents shall be permitted to resume the use of equipment when the Shift Supervisor determines that there is no longer a safety or security concern.

c. Attorneys or agents may reschedule the recording or photographing with the Deputy Warden for Programs and Case Management if he/she cannot complete it during the visit because of safety or security concerns.

d. If an attorney or agent believes the Shift Supervisor or designee stopped his/her use of photographic, video, or other electronic equipment for reasons other than safety or security concerns, the attorney or agent should contact the Shift Major or designee for a decision on whether the attorney can resume the photographing or recording of the inmate or area.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | June 20, 2017 | Page 15 of 40 |
| --- | --- | --- | --- |
| **POLICY AND PROCEDURE** | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| NUMBER: | 4160.3J | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

## 19. REQUEST PROCESS FOR PHOTOGRAPHING AREAS OF THE CENTRAL DETENTION FACILITY

a. **Attorneys and their agents are prohibited from taking facility photos at any time**. Upon approval by the Office of General Counsel, A DOC staff member will take all requested photographs and provide them to the requesting attorney after they have been approved for release.

b. b) Any attorney who requests that photographs of a DOC Facility be taken in relation to an ongoing case involving an incident that occurred at the facility shall submit a request on letterhead to the DOC Office of the General Counsel at least seventy-two (72) hours in advance of the date on which they request to enter. The request must include the following:

    1) The Court that is hearing the case, the case name, and case number;

    2) The attorney's client's name and DCDC number;

    3) The location within the CDF where the attorney is requesting to take photographs along with a statement explaining why the photographs are needed;

    4) The date and time the attorney is requesting to enter the facility to have photographs taken, and

    5) The name, title, address and contact information of the individual who will be entering the facility.

c. The DOC Office of the General Counsel will provide written approval or disapproval to the requestor at least one (1) day prior to the requested entry date.

d. The DOC Office of General Counsel will coordinate with CDF and CTF staff to ensure that a list of individuals approved to enter the facility is forwarded to Visitors Control and Staff Entrance.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | June 20, 2017 | **Page 16 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES:** | 4160.3I<br>May 19, 2015 | |
| | | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | | |
| **NUMBER:** | 4160.3J | | | |
| **Attachments:** | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | | |

e.    Photos shall not reveal sensitive security information, or contain images of staff or inmates. Photos shall not include reenactments or staged scenes. Attorneys and agents shall not conduct interviews of staff or inmates while visiting to photograph areas of the facility.  Their clients may not accompany them on the visit.

## 20.  REQUESTS TO TAKE AN INMATE'S DEPOSITION

a.    A request by an attorney to take the deposition of an inmate shall be accompanied by an order of the court in the underlying legal matter consistent with Fed.R.Civ.P.30, Fed.R.Crim.P.15, and their local counterparts.

## 21.  REQUESTS TO COLLECT BUCCAL (CHEEK) SWAB SAMPLES FROM INMATES

a.    The following procedures shall be followed when an attorney or agent requests to collect a buccal swab sample from a client:

1)    The law firm, agency or attorney shall fax a copy of a court order to collect a buccal swab twenty-four (24) hours in advance of the visit date to the Deputy Warden for Programs and Case Management.

2)    Absent a court order, the law firm, agency or attorney shall fax a request on letterhead to collect a buccal swab of their client at least two (2) business days in advance of the visit date to the Deputy Warden for Programs and Case Management. The request shall include:

(1)    The name  title, address and contact information of the requestor;

(2)    A statement asserting that the requestor is the legal representative of the inmate;

(3)    The inmate's name and DCDC number along with the related

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | **EFFECTIVE DATE:** | June 20, 2017 | **Page 17 of 40** |
|---|---|---|---|
| **POLICY AND PROCEDURE** | **SUPERSEDES:** | 4160.3I<br>May 19, 2015 | |
| | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | |
| **NUMBER:** | **4160.3J** | | |
| **Attachments:** | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | |

case name and number, and

(4)   The requested date for the collection of the buccal swab.

3)   The Deputy Warden for Programs and Case Management shall notify the law firm, agency or attorney in writing via fax that the request has been approved or denied within one (1) working day prior to the requested visit date. Written correspondence shall include an explanation when the request is denied.

4)   The Deputy Warden for Programs and Case Management shall ensure that a list of the approved equipment is forwarded to Visitors Control and Staff Entrance.

5)   Inmate Consent.  Absent a court order, an inmate from whom a buccal swab is to be collected shall first sign a written consent form (Attachment A).  The original consent form shall be placed in the inmate's official institutional record.  A copy of this consent form shall be provided to the inmate and the attorney or agent.

## 22.   REQUESTS TO SERVE INMATES

a.   Requests to deliver personal service of legal documents by a process server such as a summons shall be accommodated by a request to the Office of General Counsel, which shall facilitate the process server's escort in the facility to hand deliver the service to the inmate.  The Department of Corrections shall not deliver the document on behalf of the requestor.

## 23.   DRESS CODE. Attorneys and agents are to adhere to the agency's dress policy governing visitation to the facility by the public and shall not wear prohibited attire during legal visits.  Prohibited attire includes, but is not limited to:

a.   Revealing (sheer and see through) clothing;

b.   Form fitting, clinging or skintight clothing of any type, e.g., spandex/lycra

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | June 20, 2017 | Page 18 of 40 |
|---|---|---|---|
| POLICY AND PROCEDURE | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| NUMBER: | 4160.3J | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

outfits, latex leggings and body stockings;

c.  Multi-layer garments, e.g., two shirts, two pairs of pants, two dresses or skirts and shorts under pants. This does not preclude an attorney or agent from wearing an outer garment over a single layer of clothing and under garments;

d.  Shorts and hot pants;

e.  Dresses or skirts more than three (3) inches above the knee;

f.  Dresses, skirts and pants with splits that exceed mid-thigh length;

g.  Wrap around dresses and skirts that are not buttoned;

h.  Halter tops, tank tops and other garments that expose the upper torso;

i.  Flip-flops and shower shoes;

j.  Sweat suits, warm up suits, gym suits or swimwear of any type;

k.  Military camouflage clothing; and

l.  Any other items that may compromise the safety and security of the facility.

m.  *Questionable Attire*. If attire is questionable, a Visitors Control or Staff Entrance Officer shall call for a Shift Supervisor. The Shift Supervisor shall respond and determine the appropriateness of the attorney's or agent's clothing.

1)  Attorneys and agents not adhering to the dress code shall not be permitted to enter the facility.

2)  In the event that a legal visit is denied due to prohibited attire, the Shift Supervisor shall immediately contact the Deputy Warden of Operations or the next highest ranking official prior to denying the visit and will prepare a written report to the Warden.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | June 20, 2017 | Page 19 of 40 |
|---|---|---|---|
| | SUPERSEDES: | 4160.3I May 19, 2015 | |
| POLICY AND PROCEDURE | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| NUMBER: | 4160.3J | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

24. **AUTHORIZED ITEMS. Attorneys may bring in with them:**

   a. Small purses and/or wallets sufficient in size to carry personal identification;

   b. Official identification cards, keys, and feminine hygiene items;

   c. Briefcases, attaché cases, backpacks, satchels, portfolios, messenger bags, tote bags and laptop bags containing only work related material;

   d. Life-sustaining, condition-stabilizing medication on their person. All medication shall be in its original pharmacy container with the patient's name indicated on the pharmacy label;

   e. Legal books, legal papers such as case law, correspondence and pleadings, and

   f. Electronic Equipment. Without prior approval from the Warden or designee, *only attorneys* are authorized to enter a DOC facility with laptop computers, kindles, iPads, calculators, cds/dvds, videotapes, pagers and any legal documentary materials to include, but not be limited to, photographs and diagrams.

25. **PROHIBITED ITEMS.** Any other items not listed in Section 17 are prohibited. Attorneys may not bring in any of the following (without limitation):

   a. Cellular phones and/or their accessories, Personal Digital Assistants (PDAs), blackberries and other communication devices;

   b. iPods, MP3 players, Walkmans, and other such devices;

   c. Walkie-talkies, audio and video recorders, cameras, radios and televisions, batteries, cords or plugs;

   d. Any item that is unlawful to possess under local or federal law;

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | June 20, 2017 | **Page 20 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES:** | 4160.3I May 19, 2015 | |
| | | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | | |
| **NUMBER:** | 4160.3J | | | |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

    e.    Any unauthorized, non-legal letter or message intended to be received by an inmate;

    f.    Alcohol or tobacco;

    g.    Firearms, ammunition, flammable liquid or explosive powder;

    h.    Knife, screwdriver, needle, razor or other item that can be used for stabbing or cutting;

    i.    Hypodermic needle or syringe;

    j.    Tear gas or pepper spray;

    k.    Layered civilian clothing, officer, medical or other staff uniforms;

    l.    Gang related personal property such as clothing;

    m.    Magazines and newspapers;

    n.    Items which may facilitate escape, such as hacksaws, files, wire cutters;

    o.    Rope, handcuffs, handcuff keys, security restraints;

    p.    Picks, gum, paste or other materials that can interfere with locking devices;

    q.    Food, or

    r.    More than $20.00 in cash.

**26. SIGN-IN/REGISTRATION.** All attorneys and agents shall sign in the designated logbook indicating:

    a.    Name;

    b.    Agency or organization representing;

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | June 20, 2017 | Page 21 of 40 |
|---|---|---|---|
| **POLICY AND PROCEDURE** | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | REVIEW DATE: | June 20, 2018 | |

| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) |
|---|---|
| **NUMBER:** | 4160.3J |
| **Attachments:** | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist |

    c.    Destination;

    d.    Purpose of Visit , and

    e.    Time In and Time Out.

**27. IDENTIFICATION.** Staff shall follow the guidance of the Attorney Visitation Entrance Checklist (Attachment E) when processing individuals into the CDF for legal visits in order to ensure that only authorized and approved legal visits occur. The attorney of record and the attorney's agents shall present approved identification which he/she shall surrender at the entrance to be held until he/she exits the facility.

    a.    Attorneys. The attorney of record shall present approved photo identification and a current DC Bar card or authorized government attorney ID to enter into the facility. The following documents are approved photo identifications:

        1)    A valid DC or state issued driver's license;

        2)    A valid DC or state issued non-driver's ID card with picture and address, or

        3)    A picture ID card issued by a federal, state or local government agency.

    b.    CJA and PDS attorneys may show their valid work ID to access the facility. They do not need to present a bar card and additional photo identification.

    c.    Practicing Law Students. Practicing Law Students shall present photo identification as listed above in section 20(a)(1-3) and their law school identification card to enter into the facility.

    d.    Investigators. Investigators shall present photo identification as listed above in section 20(a)(1-3) and an ID card issued by the respective law firm, agency or attorney.

        1)    Photo Identification. Law firms, agencies or attorneys can furnish their investigators with a photo identification card. The ID cards must bear the

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS<br><br>POLICY AND PROCEDURE | EFFECTIVE DATE: | June 20, 2017 | Page 22 of 40 |
|---|---|---|---|
| | SUPERSEDES: | 4160.3I<br>May 19, 2015 | |
| | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| NUMBER: | 4160.3J | | |
| Attachments: | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | |

name of the attorney of record, agency or law firm, investigator's signature, full name, height, weight, the attorney's bar number, attorney signature, telephone number and date card was issued.

2)  Attorney Letters. An approved letter on the law firm's letterhead stationery containing the social security number and date of birth of the investigator, name of the inmate, time and date of the visit, may be substituted for a photo identification card issued by the respective firm. The letter shall be faxed to the Deputy Warden for Programs and Case Management and shall include the attorney's bar number and signature. The fax must be submitted at least twenty-four (24) hours in advance of visits and by 12:00 p.m. on Friday for all weekend visits.

3)  Investigators may accompany attorneys during all legal visits. The investigator must present the required identification as stated in this section of this directive.

e.  Experts. Experts shall present proper photo identification as listed above in section 20(a)(1-3) and an approved letter from the respective law firm, agency or attorney.

## 28.  REQUEST FOR LEGAL VISIT FORM

a.  Attorneys and agents requesting to visit with an inmate shall complete a Request for Legal Visit Form (Attachment B) and submit it to the Visitor Control or Staff Entrance Officer.

b.  The Visitors Control or Staff Entrance Officer shall then enter the information from the legal visit form into the Jail and Community Corrections System (JACCS).

c.  The Visitors Control or Staff Entrance Officer shall be responsible for informing an attorney or agent of the inmate's special status.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | June 20, 2017 | Page 23 of 40 |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | | |
| NUMBER: | 4160.3J | | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

## 29. SEARCH PROCEDURES

a. *Search of Person*

1) Attorneys and agents that enter the facility shall remove outer layers of clothing such as jackets, coats, hats, large jewelry items, belts and shoes and place them in a container for x-raying screening. Additionally, attorneys and agents must remove all items located in their pockets and on their person and place those items in the same container for x-raying.

2) Attorneys and agents will proceed to be screened by walking through a body scanner.

3) If the body scanner does not give an "OK", Staff Entrance staff will inform the attorney or agent of the alarmed area and will allow that person to remove any missed item(s). If there is no item to be removed from the alarmed area, a same gender pat search will be required. Staff Entrance staff will decide if a person requires an additional body scan for clearance.

4) All personal property shall be subject to search. Items not permitted in the institution may be stored in lockers at the visitor's own expense.

5) The facility shall not be responsible for the loss or theft of personal items left in lockers.

b. *Inconclusive Searches.* When a pat or visual search does not eliminate staff suspicions that an attorney or agent may be introducing contraband, a Shift Supervisor shall be notified. The Shift Supervisor shall:

1) Determine whether to allow or deny the visit;

2) Prior to denying the visit, immediately contact the Deputy Warden of Operations or the next highest ranking official, and

3) Prepare a written report to the Warden if the visit was denied.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | June 20, 2017 | **Page 24 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES:** | 4160.3I<br>May 19, 2015 | |
| | | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | | |
| **NUMBER:** | 4160.3J | | | |
| **Attachments:** | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | | |

4) All persons entering the DOC staff entrance area are required to comply with this directive and instructions given by Staff Entrance staff. Any individual that is unwilling to comply with instructions shall be denied entry into the facility.

c. *Refusal to be Searched.* Attorneys or agents who refuse to be searched shall be denied entry and referred to the Shift Supervisor on duty who shall prepare a written report to the Warden.

d. *Searching Approved Equipment*

1) The Visitors Control or Staff Entrance Officer shall inspect and search any approved equipment.

2) It is advisable that film should not be loaded into any approved equipment until after the search is completed.

3) The attorney or agent shall be responsible for opening the electronic device, including storage areas and cover, and removing all batteries for a security inspection.

4) Refusal to disassemble equipment shall be grounds for denial of equipment access.

**30. CONTRABAND.** If an item of contraband that is prohibited by law as set forth in D.C. Code §§ 22-2603.01 and 22-2603.02, or threatens the safety, security and order of the facility is found in the possession of an attorney or his/her agent or representative, staff shall notify the Shift Supervisor.

a. Items prohibited by D.C. Code §§ 22-2603.01 and 22-2603.02 include:

1) Cellular telephones or other portable communication devices and accessories thereto that are carried, worn, or stored that are designed, intended, or readily converted to create, receive or transmit oral or written messages or visual images, access or store data, or connect electronically with the Internet, or any other electronic device that enables communication in any form. These devices include 2-way

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | **EFFECTIVE DATE:** | June 20, 2017 | **Page 25 of 40** |
|---|---|---|---|
| **POLICY AND PROCEDURE** | **SUPERSEDES:** | 4160.3I<br>May 19, 2015 | |
| | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | |
| **NUMBER:** | 4160.3J | | |
| **Attachments:** | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | |

pagers, hand-held radios, cellular telephones, Blackberry-type devices, personal digital assistants or PDAs, computers, cameras, and any components of these devices. This also includes any new technology that is developed for communication purposes and includes accessories that enable or facilitate the use of the cellular telephone or other portable communication device;

2) Any item it is illegal to possess under District of Columbia or federal law;

3) Any controlled substance prohibited under District of Columbia law or scheduled by the Mayor;

4) Any dangerous weapon or object which is capable of such use as may endanger the safety or security of a penal institution or any person therein;

5) A firearm or imitation firearm, or any component of a firearm;

6) Ammunition or ammunition clip;

7) A stun gun, taser, or other device capable of disrupting a person's nervous system;

8) Flammable liquid or explosive powder;

9) A knife, screwdriver, ice pick, box cutter, needle, or any other object or tool that can be used for cutting, slicing, stabbing, or puncturing a person;

10) A shank or homemade knife;

11) Tear gas, pepper spray, or other substance that can be used to cause temporary blindness or incapacitation;

12) Any object designed or intended to facilitate an escape;

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | **EFFECTIVE DATE:** | June 20, 2017 | **Page 26 of 40** |
|---|---|---|---|
| **POLICY AND PROCEDURE** | **SUPERSEDES:** | 4160.3I May 19, 2015 | |
| | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| **NUMBER:** | 4160.3J | | |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

13) Handcuffs, security restraints, handcuff keys, or any other object designed or intended to lock, unlock, or release handcuffs or security restraints;

14) A hacksaw, hacksaw blade, wire cutter, file, or any other object or tool that can be used to cut through metal, concrete, or plastic;

15) Rope;

16) When possessed by, given to, or intended to be given to an inmate, a correctional officer's uniform, law enforcement officer's uniform, medical staff clothing, any other uniform, or civilian clothing;

17) Any alcoholic beverage or liquor;

18) A hypodermic needle or syringe or other item that can be used for the administration of unlawful controlled substances; or

19) Any article or thing which a person confined to a penal institution is prohibited from obtaining or possessing by rule.

b. Items that are not prohibited by law but threaten the safety, security and order of the facility include anything other than printed legal materials given to inmates to take back to their cell during Attorney Visitation. This includes but is not limited to cds, dvds, zip drives or other information storage materials, eyeglasses, felt markers, butterfly clamps and binder clips. Also items such as non-legal reading and photographic materials, non-legal notes and mail brought in on behalf of others to pass to the inmate, prescription and over the counter medications, food and beverage items, cash, cigarettes, gum, matches and lighters.

c. If an item of contraband as described in a. or b. above is found in the possession of an attorney or agent, the Shift Supervisor shall be contacted and he/she shall:

1) Immediately contact the Deputy Warden of Operations or the next highest ranking official prior to denying the legal visit;

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | June 20, 2017 | Page 27 of 40 |
|---|---|---|---|---|
| | | SUPERSEDES: | 4160.3I May 19, 2015 | |
| POLICY AND PROCEDURE | | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | | |
| NUMBER: | 4160.3J | | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

2) Prepare a written report to the Warden detailing the denial of the visit; and

3) Notify the Office of Investigative Services and the appropriate law enforcement agency, if applicable.

d. As to any other items that are not prohibited by law as set forth in D.C. Code §§ 22-2603.01 and 22-2603.02, and do not threaten the safety, security and order of the facility, but are not permitted within a DOC facility, such as more than $20 cash in their wallet, etc., the individual will be permitted to return the item(s) to their personal vehicle or store them in a locker at Visitors Control or Staff Entrance.

e. Attorneys or their agents who introduce or attempt to introduce into the institution an item of contraband that is prohibited by law as set forth in D.C. Code §§ 22-2603.01 and 22-2603.02, or threatens the safety, security and order of the facility, or who engage in inappropriate, overly familiar, unsafe or threatening conduct, may be subject to immediate suspension of the visit, suspension from entering any DOC facility for a specified period of time or indefinitely, a permanent ban from entering any DOC facility in the future, and/or referral for possible criminal prosecution.

1) In the event that the DOC determines that an attorney or their agent(s) should be suspended or banned from DOC facilities, the DOC Warden shall issue a written notification to the suspended or banned individual. The notification shall contain:

a) Notice that the individual is being suspended for a definite period of time, is being suspended indefinitely, or is permanently banned from DOC facilities,

b) A brief statement that informs the individual of the general underlying facts that gave rise to the suspension or ban, and

c) A statement informing the individual that they can appeal the suspension or ban, in writing, to the DOC Warden within

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | June 20, 2017 | Page 28 of 40 |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | | |
| NUMBER: | 4160.3J | | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

fifteen (15) days of the postmark date on the written notification.

2) Attorneys and agents shall have fifteen (15) business days from the postmark date of the written notification to submit a written appeal of their suspension or ban.

3) The DOC Warden shall prepare a written response within thirty (30) days of receipt of any appeal. The response shall include the facts upon which the suspension or ban of visitation privileges is based and the duration of the suspension. The Warden's decision will be final.

**31. VISITOR'S IDENTIFICATION CARD.** Following proper identification, registration, and search, attorneys and agents shall surrender their photo identification card to the Visitor Control or Staff Entrance Officer and shall be issued a visitor's pass to be displayed in plain view on their person at all times while inside the facility.

**32. ESCORTING ATTORNEYS AND AGENTS.** Attorneys and agents who enter the facility through Visitors Control shall proceed to the visiting area without an escort.

**33. COUNTS**

a. Authorized Persons. Attorneys or agents shall not be held at Visitors Control or Staff Entrance pending the count. They shall be allowed entrance to the interview area to await their client.

b. Inmates. Inmate movement shall cease in accordance with PP 5010.2, *Accountability for Inmates*, except upon approval of the Count Supervisor.

c. Exception: When an attorney or agent is present in the legal visiting area prior to the start of the actual count, the Count Supervisor may authorize the inmate's escort. The following procedures shall be followed:

1) The Visiting Hall Officer shall call the cellblock and advise the officer that a legal visit is authorized.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | June 20, 2017 | **Page 29 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES:** | 4160.3I May 19, 2015 | |
| | | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | | |
| **NUMBER:** | 4160.3J | | | |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

2)  The inmate shall be escorted to the visiting area once the unit count is conducted.

3)  The Visiting Hall Officer shall submit the required out-count sheet.

4)  If the Count Supervisor denies the inmate's movement, the attorney or agent shall be notified and informed of the reason it was denied.

d.  *Official Count Times.* Counts are conducted daily at the following times: 12:00 midnight, 1:00am, 2:00am, 3:00am, 4:00am, 8:00am, 3:00pm, and 10:00pm. Emergency counts are conducted as needed.

## 34.  NOTIFICATION OF LEGAL VISITS

a.  The Visitors Hall Officer (or Command Center for after-hour visits) shall call the cellblock and inform the Cellblock Officer that a legal visit is authorized.

b.  The Cellblock Officer shall:

1)  Immediately inform the inmate that he/she has a legal visit;

2)  Verify each inmate's identity before the inmate exits the unit, and

3)  Pat search all inmates having legal visits prior to their leaving the cellblock.

## 35.  INMATE REFUSAL OF LEGAL VISITS

a.  If an inmate refuses a legal visit, the Cellblock Officer shall:

1)  Document the refusal in the cellblock logbook;

2)  Notify the appropriate Visiting Hall Officer;

3)  Notify the Shift Supervisor, and

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | June 20, 2017 | **Page 30 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES:** | 4160.3I May 19, 2015 | |
| | | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | | |
| **NUMBER:** | 4160.3J | | | |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

    4)   Prepare a DCDC Form 1.

  b.   The Visiting Hall Officer shall:

    1)   Document the refusal in the cellblock logbook, and

    2)   Notify the attorney or agent that the inmate has refused the legal visit.

## 36. ESCORTS

  a.   *Female, juvenile/youth and inmates on the mental health unit.* These inmates shall be escorted to the visiting area at all times.

  b.   *Status Inmates.* Status inmates, (i.e., inmates in a restrictive housing unit) shall be escorted to the visiting area in handcuffs and leg irons. The escorting officer shall remain with the inmate until the visitor arrives.

  c.   If an inmate is not escorted to the Visiting Hall within fifteen (15) minutes from the initial call to the housing unit, the Visiting Hall Officer shall call the housing unit officer to determine the cause of the delay.

  d.   If the inmate is not in the Visiting Hall after ten (10) more minutes, the Visiting Hall Officer shall notify the Shift Supervisor and enter the same in the logbook.

  e.   The Shift Supervisor shall personally contact the inmate's housing unit to determine the reason for the delay and promptly notify the legal visitor of the approximate time the inmate will be escorted to the Visiting Hall.

## 37. VISITING HALL PROCEDURES

  a.   Inmate Identification. The Administrative Module Officer shall verify the inmate's identity before allowing the inmate to enter into the visiting area.

  b.   Inmate Search

    1)   The Administrative Module Officer shall pat search the inmate prior to

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp113

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | June 20, 2017 | **Page 31 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | | |
| NUMBER: | 4160.3J | | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

him/her entering the visiting area.

2) An inmate who refuses to be searched, either before or after a visit, shall be placed on Administrative Restriction pending disciplinary procedures in accordance with PM 5300.1, *Inmate Disciplinary and Administrative Housing Hearing Procedures* or PM 5300.2, *Juvenile Disciplinary and Administrative Housing Hearing Procedures*.

3) Documents related to legal representation are the only items which inmates may take to the visiting area.

c.  Restraints. The restraints on status inmates shall only be removed and removed from only one (1) hand when the inmate has to write or sign a document. Otherwise the inmate shall remain in full restraints.

d.  Visiting Hall Officers

1) Officers assigned to the Visiting Hall shall monitor and coordinate all social and legal visits. Officers shall record the names of attorneys, agents and inmates and their time of arrival and departure into the computer-based Inmate Visitation program. In addition to the information listed, officers can also enter miscellaneous information pertaining to inmate refusals, tardiness, attorney/inmate conduct, etc.

2) Attorneys and agents may give inmates printed legal materials to be reviewed in visitation or taken back to the inmate's cell, but are prohibited from giving an inmate any other items.

3) The attorney or agent shall inform the Visiting Hall Officer when there is a need to give the inmate printed legal materials and shall surrender them to the Officer. The Officer shall inspect the materials but shall not read them before giving them to the inmate.

## 38. INMATE DISCOVERY REVIEW

a.  Defense attorneys are responsible for providing their clients with the printed discovery materials associated with their cases. Attorneys who do not wish to

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | June 20, 2017 | Page 32 of 40 |
|---|---|---|---|
| POLICY AND PROCEDURE | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | REVIEW DATE: | June 20, 2018 | |

| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) |
|---|---|
| NUMBER: | 4160.3J |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist |

print voluminous discovery on paper may review the printed discovery with their clients on discs they bring with them into attorney visitation on their own laptops.

    1) If an inmate has discovery documents that contain sensitive information or documents that are sealed by order of the Court, it is the defense attorney's responsibility to protect the information by reviewing it with their client in attorney visitation. The Department of Corrections cannot take responsibility for documents provided to an inmate to take back to his or her cell and cannot protect them from dissemination.

    b.    The Department of Corrections cannot accept printed discovery on discs or laptops; only audio and video surveillances subject to the conditions below except where the defense attorney certifies that the printed discovery is voluminous and unduly burdensome to produce in a hard copy format and requests the accommodation of electronic discovery review as set forth in section III below. Otherwise, documentary discovery must be provided in hard copy format.  In cases where the printed discovery will not fit in "legal mail" envelopes, defense counsel may make advance arrangements with the Office of the General Counsel for delivery to the D.C. Jail or CTF of up to 2 boxes of printed material at a time. When counsel for the inmate indicates the review of documents is complete, the inmate's counsel may, through advance arrangements with the Office of the General Counsel, exchange the two boxes for two more for that inmate. This courtesy is not an obligation by the DOC or the General Counsel to the inmate or counsel, but a professional courtesy and accommodation subject to the availability of staff and resources. Copies of original materials shall be submitted for inmate use, the originals maintained by defense counsel.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | **EFFECTIVE DATE:** | June 20, 2017 | **Page 33 of 40** |
|---|---|---|---|
| **POLICY AND PROCEDURE** | **SUPERSEDES:** | 4160.3I May 19, 2015 | |
| | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| **NUMBER:** | 4160.3J | | |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

## 39. INMATE REVIEW OF <u>Law Enforcement Recorded Audio/Video Surveillance and Unduly Burdensome Voluminous Printed Discovery Review</u>

The procedure for inmates to review law enforcement video and audio surveillance and unduly burdensome voluminous printed discovery in their underlying criminal cases in Attorney Client Visitation is as follows:

A. Review in Attorney Visitation

1) The inmate's defense attorney, (or the attorney's staff including investigators, law clerks, law students, and interpreters) shall enter the Jail and CTF in accordance with DOC rules and procedures with a laptop computer with the surveillance and printed discovery recordings downloaded on cds/dvds and/or the hard drive of the computer and review the surveillance/discovery with their client in attorney visitation.

2) The visitor shall not give the cds/dvds to the inmates to bring back to their cells. The visitor must account for the cds/dvds at departure from the Jail. Cds/dvds are contraband in the Jail and if passed to an inmate by an attorney, the attorney may have their visiting rights suspended or revoked and may be reported to the bar and the court.

B. Review in the Central Detention Facility and Correctional Treatment Facility

The DOC has implemented an alternative procedure whereby **defense** attorneys may request that inmates be allowed to review their audio/video surveillance or unduly burdensome voluminous printed documentary evidence on cds/dvds on a laptop computer provided by the DOC as a courtesy and accommodation. It does not transfer to the D.C. Department of Corrections defense counsel's responsibility and burden to their client relating to discovery. Pursuant to this courtesy, the inmate identified for surveillance/voluminous document review shall be moved from his or her housing unit and placed in administrative restrictive housing (lockdown). This protects the discs and the laptop, which are contraband, from floating around, in order to protect the safety, security and order of the facility. The inmate will be provided a laptop in his cell and his discs full time. While on lockdown for the surveillance review, the inmate will receive the same out of cell time as other inmates in administrative restrictive housing including

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | June 20, 2017 | Page 34 of 40 |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | SUPERSEDES: | 4160,3I May 19, 2015 | |
| | | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | | |
| NUMBER: | 4160.3J | | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

recreation, canteen, social and legal visits and calls absent other security or disciplinary limitations. When the inmate has completed his review, he shall notify the unit officer and shall be returned to his original unit. Most inmates complete their review in one to three days.

Under this procedure, the DOC Office of the General Counsel will accept custody of audio and video surveillance cds/dvds for an inmate only after receiving **from the defense** attorney of record:

1) A duly executed **Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures** form (Attachment C) which certifies that:

    A)    The cds/dvds provided contain only audio and video surveillance and that the discs contain no contraband,

    B)    The cds/dvds contain documentary evidence that is voluminous and unduly burdensome to print and produce, thereby warranting electronic submission and review, and that the discs contain no contraband,

    C)    The defense attorney has marked each disc with the reviewing inmate's name and DCDC number,

    D)    The defense attorney acknowledges and abides by the terms of participation and waives liability for the use of the accommodation.

    E)    The inmate signs an acknowledgement and liability waiver form provided to him or her at the time of discovery review (Attachment D.)

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | June 20, 2017 | Page 35 of 40 |
|---|---|---|---|
| | SUPERSEDES: | 4160.3I May 19, 2015 | |
| POLICY AND PROCEDURE | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| NUMBER: | 4160.3J | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of  Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

2) Imbedded and formatting information contained in the video and audio surveillance supplied by the government shall not be deemed contraband and may remain in the cds/dvds. Only copies of cds/dvds shall be submitted to the Office of the General Counsel; defense counsel shall maintain the originals. By accepting the disks, the DOC and the General Counsel shall not be responsible for them as bailors in fact or law. Printed discovery material shall not be included on the discs and must be submitted in hard copy unless the attorney certifies that the printed discovery is voluminous and unduly burdensome to print and produce to the inmate. Any other printed material or otherwise unauthorized material concealed in the disks shall be deemed contraband and the attorney introducing it to the DOC may be banned from the facility or face disciplinary action by the Court and Bar.

3) The alternative review procedure does not guarantee that an inmate will review any/all cds/dvds provided. The alternative procedure is subject to the availability of DOC staff to facilitate the program, laptop computers and available cells. The alternative procedure is triaged on a first-come, first-served basis and the DOC cannot guarantee that any inmate will review his/her cds/dvds within any allotted period of time. Additionally, the inmate will be required to sign an acknowledgement and waiver of liability when presented with the opportunity for surveillance/voluminous document review. The inmate can refuse to review his/her surveillance when presented with this alternative review procedure. If an inmate refuses to sign the form or refuses the opportunity to review his/her surveillance in accordance with the alternative review procedures, all cds/dvds will be returned to the defense attorney who provided the discs.

4) An inmate shall be allowed to use this surveillance/voluminous document review program for up to two weeks at a time.  If the inmate requires more than two weeks to review discovery and there is a wait list for the program, the review will be ended and s/he will be added to the waitlist to re-enter the program for another 2 week cycle. If there is no waitlist, s/he may continue in the program until such time a waitlist occurs, if any.  This is to ensure that inmates are able to access the program on a revolving basis in order of first come, first serve. Inmates are not limited to the number of times they may utilize this program.  Inmates shall not check into and out of surveillance review on an intermittent or part time basis for the safety, security, order of the facilities, housing reasons and to maximize the availability of limited resources.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | June 20, 2017 | Page 36 of 40 |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | SUPERSEDES: | 4160.3I<br>May 19, 2015 | |
| | | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | | |
| NUMBER: | 4160.3J | | | |
| Attachments: | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | | |

5) If the alternative surveillance review program is in any way delaying the inmate's ability to review the recorded audio and video surveillance, it is defense counsel's responsibility to review the cds/dvds with their client in attorney visitation. Defense counsel may contact the DOC Office of the General Counsel to have the inmate's cds/dvds returned to them.

6) The inmate's defense counsel should advise the inmate of the surveillance review procedure in advance in order to reduce the likelihood that the inmate will refuse the procedure because of a misunderstanding regarding the lockdown procedures.

7) Chargers for the laptops are located on the Unit and laptops shall be recharged by the staff when the battery runs low. It takes approximately 4-5 hours to recharge a battery in full and the computer should run for 4 to 12 hours. Some cells are wired with an electrical outlet subject to availability. It should be noted that some surveillance review will run down a charge must faster and will require more frequent charging. If an inmate or attorney is not satisfied with the time required for battery charging, this accommodation shall be terminated and they shall review the cds/dvds with their clients in attorney visitation.

## 40.   **Extra Law Library Hours**

All inmates are accorded adequate weekly law library access by housing units and in accordance with custody level and separations. Inmates on protective custody and disciplinary segregation receive weekly law library services on the unit from the law library staff. Inmates at the D.C. Jail and CTF SHALL NOT be accorded additional time in the law library, which is limited as to availability and would infringe on other units' access to those services. However, if an inmate requires additional law library time, he may be allowed to access a laptop loaded with Lexis legal research software upon written request to the Office of the General Counsel. The inmate shall be placed in administrative restrictive housing in order to protect the equipment, and upon

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | June 20, 2017 | **Page 37 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | | REVIEW DATE: | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | | |
| **NUMBER:** | 4160.3J | | | |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

completion and request, returned to his original cell. An inmate cannot check in and out of restrictive housing on a part time or intermittent daily basis, but must instead remain in lockdown until his project is completed. Nor can an inmate who is in lockdown anyway receive a laptop for an unlimited or open ended period of time, due to the limited availability of laptops and the resources required in providing extra time. Access shall be triaged and provided on an as needed basis, to meet legal deadlines and obligations and shall prioritize *pro se* litigants over those represented by counsel. Court Orders for extra law library time shall be immediately submitted to the General Counsel to determine whether the order can be complied with through the laptop program or requires the order to be lifted.

No inmate can be provided extra law library time to review surveillance or unduly burdensome voluminous documentary evidence.

## 41. EXIT PROCEDURES

a. Attorneys and Agents

   1) At the completion of the visit, attorneys and agents shall exit the facility through the same point in which they entered the facility unless correctional staff direct them otherwise.

   2) Attorneys and agents shall turn in their visiting forms and numbered visitor's passes.

   3) Under no circumstances shall an attorney or agent be allowed to exit the facility without positive identification by comparing the person to their photo identification card.

   4) If there is any question regarding the identity of a person, a Shift Supervisor shall be contacted. The Shift Supervisor shall not approve an attorney or agent to exit the facility until all inmates are accounted for.

   5) Attorneys and agents shall sign out in the designated logbook.

   6) When the requirements listed in section (1) through (5) above have been

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | | EFFECTIVE DATE: | June 20, 2017 | **Page 38 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | | REVIEW DATE: | June 20, 2018 | |
| **SUBJECT:** | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | | |
| **NUMBER:** | 4160.3J | | | |
| **Attachments:** | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | | |

met, the Visitors Control or Staff Entrance Officer shall allow the attorney or agent to exit the facility.

    b.   Inmates

        1)   When the visit is completed, each inmate shall be escorted to the strip search room and strip-searched by the Administration Module Officer.

        2)   Strip searches shall be performed in accordance with PP 5009.2, "Searches of Inmates, Inmate Housing Units, Work and Program Areas," the National Standards to Prevent, Detect, and Respond to Prison Rape Under the Prison Rape Elimination Act (PREA), 28 C.F.R. Part 115. Cross-Gender Strip Searches of female inmates shall only occur under circumstances specifically permitted by that policy.

        3)   If the inmate is on status and is in restraints, he/she shall remain in the strip search room until the Escort Officer arrives. At that time, the restraints shall be removed and the inmate shall be strip-searched. Both officers shall be present when the restraints are removed and during the search. The restraints shall be placed back on the inmate before leaving the strip search room for escort back to their housing unit.

## 42. CONTRABAND FOUND ON INMATES

    a.   Any contraband or unauthorized item(s) found in an inmate's possession shall be confiscated and processed in accordance with PS 5010.3, *Contraband Control*.

    b.   The inmate shall be subject to disciplinary action in accordance with PM 5300.1, *Inmate Disciplinary and Administrative Housing Hearing Procedures,* or PM 5300.2, *Juvenile Disciplinary Administrative Housing Hearing Procedures.*

    c.   Attorneys and agents shall be subject to action as stated in Section 23 of this directive.

| DISTRICT OF COLUMBIA<br>DEPARTMENT OF CORRECTIONS | | **EFFECTIVE DATE:** | June 20, 2017 | **Page 39 of 40** |
|---|---|---|---|---|
| **POLICY AND PROCEDURE** | | **SUPERSEDES:** | 4160.3I<br>May 19, 2015 | |
| | | **REVIEW DATE:** | June 20, 2018 | |
| **SUBJECT:** | **ACCESS TO LEGAL COUNSEL (Attorney Visits)** | | | |
| **NUMBER:** | **4160.3J** | | | |
| **Attachments:** | Attachment A – Inmate Consent Form<br>Attachment B – Request for Legal Visit<br>Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.<br>Department of Corrections Recorded Audio and Video Surveillance and Voluminous<br>Documents Review Procedures Form<br>Attachment D – Inmate Acknowledgment and Release<br>Attachment E – Attorney Visitation Entrance Checklist | | | |

## 43. ATTORNEY SUGGESTIONS/COMMENTS

   a.    Attorneys and agents should contact the Shift Major or designee when an incident occurs or a question needs to be addressed concerning this visiting procedure.  The telephone number for the Major's office is (202) 523-7033.

   b.    Attorneys and agents may provide informal feedback on their visit by filling out a comment card found at the exit area of each visiting hall and submitting it in the secured suggestion box.

## 44. COMPLAINTS AND APPEAL PROCESS. If an attorney has a complaint having to do with a visit with his/her client, the attorney may bring their complaint to the attention of the DOC.

   a.    Complaints may initially be reported verbally, however, all complaints should be submitted in writing to the Warden.

   b.    The complaint should contain as much detail as possible, including but not limited to, the date, time, location of the incident, name of the staff involved and the badge number if uniform staff is involved.

   c.    The Shift Major shall contact the complainant within three (3) business days to acknowledge receipt of the complaint and/or to request additional information as needed.

   d.    The Shift Major shall notify the complainant in writing of the findings of the investigation within fourteen (14) business days of the filing of the complaint.

   e.    If legal visitation is restricted or prohibited, the complainant may appeal the Shift Major's decision to the Warden within fourteen (14) business days of receipt of the findings and conclusions.

   f.    The Warden shall review the basis for the decision including all documentation and notify the complainant in writing of his/her decision within three (3) business days of receipt of the appeal.

| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS | EFFECTIVE DATE: | June 20, 2017 | Page 40 of 40 |
|---|---|---|---|
| **POLICY AND PROCEDURE** | SUPERSEDES: | 4160.3I May 19, 2015 | |
| | REVIEW DATE: | June 20, 2018 | |
| SUBJECT: | ACCESS TO LEGAL COUNSEL (Attorney Visits) | | |
| NUMBER: | 4160.3J | | |
| Attachments: | Attachment A – Inmate Consent Form Attachment B – Request for Legal Visit Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C. Department of  Corrections Recorded Audio and Video Surveillance and Voluminous Documents Review Procedures Form Attachment D – Inmate Acknowledgment and Release Attachment E – Attorney Visitation Entrance Checklist | | |

Attachments:

Attachment A – Inmate Consent Form
Attachment B – Request for Legal Visit
Attachment C – Attorney Acknowledgement and Waiver of Liability Form of the D.C.
Department of Corrections Recorded Audio and Video Surveillance and Voluminous
Documents Review Procedures Form
Attachment D – Inmate Acknowledgment and Release
Attachment E – Attorney Visitation Entrance Checklist

**DOC/PP4160.3J/6/20/2017**

Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 124 of 132

PP 4160.3
Attachment A



## D.C. DEPARTMENT OF CORRECTIONS
## <u>INMATE CONSENT FORM</u>
### (Please Print)

Inmate Name: _____   Inmate DCDC#: _____

Attorney/Agent Name: _____

Name of Entity Represented by Attorney/Agent and Address: _____

_____

**Please initial. I, the above named inmate, authorize the above named attorney/agent to:**

_____   Interview me on _____.

_____   Make recordings of my voice during this interview and/or to take photographs of me (still, movie or video).

_____   Collect a buccal (cheek) swab from me for DNA testing.

<u>I recognize that I have a right to consult with my attorney and should do so if any information I release could have an impact on any civil or criminal litigation.</u>

_____

If the Attorney/Agent presents a Court Order or request and the inmate refuses, the inmate refusal MUST be documented below:

**Please initial. I, the above named inmate, DO NOT authorize the above named attorney/agent to:**

_____   Interview me.

_____   Make recordings of my voice, or take photographs of me (still, movie, or video).

_____   Collect a buccal (cheek) swab from me for DNA testing.

Inmate Name (Print): _____   DCDC#: _____

Inmate Signature: _____   Date: _____

Witness Name (Print): _____   Title: _____

Witness Signature: _____   Date: _____
**Attach the Request or Court Order to this document for the file**

Institutional File - Original
Inmate Copy
Warden/Designee Copy
Attorney/Agent Copy

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp124



PP 4160.3
Attachment B

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
### Central Detention Facility

# REQUEST FOR LEGAL VISIT

_____
DATE

_____     _____     _____
Inmate's Name           DCDC  Number           Housing Unit


_____     _____
Attorney/Agent's Name        Bar # (If an Attorney)

1. ☐  I am a member of the D.C. Bar.  I represent the above named inmate in case number
   _____  in  _____  Court.

2. ☐  I am an investigator/agent for attorney/law firm/agency  _____
   who represents the above named inmate in case number  _____  in
   _____  court.

3. ☐  I am an attorney.  I am not counsel of record for the above named inmate in any
   matter presently before the Court.

4. ☐  I am investigator/agent for attorney/law firm/agency  |_____  . The
   attorney/law firm/agency for whom I am employed is not counsel of record for the
   above named inmate in any matter presently before the court.

..........................................................................................................................

The inmate must sign an Inmate Consent Form (Attachment A) prior to entering the Visiting Hall
if box 3 or 4 is checked.


_____     _____
Inmate's Signature/DCDC No.        Witness' Signature/Title


_____     _____
Date/Title                 Witness Title


Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp125

PP 4160.3 Attachment C

## ATTORNEY ACKNOWLEDGEMENT AND WAIVER OF LIABILITY FORM
## OF THE D.C. DEPARTMENT OF CORRECTIONS
## RECORDED AUDIO AND VIDEO SURVEILLANCE AND VOLUMINOUS
## DOCUMENTS REVIEW PROCEDURES

I understand that the procedure for an inmate in the custody of the D.C. Department of Corrections (DOC) to review recorded audio and video surveillance and electronic documentary evidence is for the inmate's attorney (or the attorney's agents including interns, investigators, law clerks, law students and interpreters) to enter the Jail and/or CTF in accordance with DOC rules and procedures with a laptop computer with the surveillance and/or the documentary evidence recordings downloaded on cds/dvds and/or the hard drive of the computer and review the surveillance and documents with their client in attorney visitation. Attorney visitation is available twenty-four (24) hours per day, seven (7) days per week with no limitation on the duration of visits. Documentary evidence may also be printed and submitted to the inmate to keep in the cell and review.

I understand that, as a convenience, the DOC has implemented an alternative procedure whereby attorneys may request that inmates be allowed to review their audio and video surveillance or their voluminous documentary evidence on cds/dvds on a laptop computer provided by the DOC. Under this procedure the DOC Office of the General Counsel will accept custody of audio and video surveillance/voluminous documentary evidence cds/dvds for an inmate only after receiving **from the _defense_ attorney**:

1)  This certification that the cds/dvds provided contain only audio and video surveillance and that the discs contain no contraband,
2)  This certification that the cds/dvds contain documentary evidence that is voluminous and unduly burdensome to print and produce, thereby warranting electronic submission and review, and that the discs contain no contraband,
3)  This certification that the defense attorney has marked each disc with the reviewing inmate's name and DCDC number, and that
4)  The defense attorney has signed this acknowledgement and waiver of liability form.

Imbedded and formatting information contained in the video and audio surveillance supplied by the government shall not be deemed contraband and may remain on the cds/dvds. Only copies of cds/dvds shall be submitted to the Office of the General Counsel; I, as defense counsel, shall maintain the originals. By accepting the discs, the DOC and the General Counsel shall not be responsible for them as bailors in fact or law.

I understand that the alternative review procedure does not guarantee that an inmate will review any/all cds/dvds that I provide. The alternative procedure is subject to the availability of DOC staff to facilitate the program, laptop computers, and electronically outfitted cells. The alternative procedure is triaged on a first-come, first-served basis and the DOC cannot guarantee that any inmate will review his/her cds/dvds within any allotted period of time. Additionally, I understand that an inmate will be required to sign an acknowledgement and waiver of liability when presented with the opportunity for surveillance/voluminous documents review. The inmate can

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp126

PP 4160.3 Attachment C

refuse to review his/her surveillance/voluminous documents when presented with this alternative review procedure. If an inmate refuses to sign the form or the opportunity to participate in accordance with the review procedures, the inmate refusal will be documented and all cds/dvds will be returned to the attorney who provided the discs.

I understand that if the alternative surveillance/voluminous documents review program is in any way delaying the inmate's ability to review audio and video surveillance/voluminous document evidence, it is my responsibility to review the cds/dvds with my client in attorney visitation. I may contact the DOC Office of the General Counsel to have the inmate's cds/dvds returned to me.

I understand that as the inmate's defense counsel, I shall advise the inmate of the surveillance review procedure in advance in order to reduce the likelihood that the inmate will refuse the procedure because of misunderstanding. If an inmate refuses the procedure, s/he will be provided a waiver indicating it was offered to him and then declined. If s/he refuses to sign the waiver, it shall be noted by the staff on the document. The inmate identified for surveillance/voluminous document review shall be moved from his housing unit and placed in administrative restrictive housing. The inmate will be provided a laptop in his/her cell and his/her discs full time. While in surveillance/voluminous document review restrictive housing, the inmate will receive the same out of cell time as other inmates in administrative restrictive housing, including recreation, canteen, social and legal visits and calls, absent other security or disciplinary restrictions. Inmates shall be placed in designated cells on South 1 that have been wired with electrical outlets for the use of the laptop equipment. If those cells are not available, they may use the laptop battery. Charges for the laptops are located on the Unit and laptops shall be recharged by the staff when the battery runs low. It takes approximately 4-5 hours to recharge a battery in full and the computer should run for 4 to 12 hours. It should be noted that some surveillance review will run down a charge much faster and will require more frequent charging. When the inmate indicates that s/he has completed his review, s/he will return to his previous housing unit. An inmate shall be allowed to use this surveillance/voluminous document review program for up to two weeks at a time. If the inmate requires more than two weeks to review discovery and there is a wait list for the program, the review will be ended and s/he will be added to the waitlist to re-enter the program for another 2 week cycle. If there is no waitlist, s/he may continue in the program until such time a waitlist occurs, if any. This is to ensure that inmates are able to access the program on a revolving basis in order of first come, first serve. Inmates are not limited to the number of times they may utilize this program, but they may not check into and out of surveillance review on an intermittent or part time basis for the safety, security, order of the facilities, housing reasons and to maximize the availability of limited resources.

Page 2 of 4

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp127

PP 4160.3 Attachment C

In order to maintain the safety, security and order of the DOC facilities, maintain separations and classification requirements, and allow the general inmate population adequate access to the law library, no inmate will be provided extra law library time to review surveillance/voluminous documents evidence. I understand that I will not directly give my client cds or dvds to review while incarcerated. Discs are contraband and may be converted into weapons, be used to pass or distribute contraband by inmates and are prohibited to be maintained in inmate cells with the exception of use as described in this program.

I hereby, for myself, my heirs, executors, administrators and assigns, do release and forever discharge the District of Columbia, a municipal corporation, its officers, agents, servants and employees officially and individually, of and from any and all actions, damages, claims and demands whatsoever (including any claims for attorney's fees) which I have against the said District of Columbia, its officers, agents, servants and employees, or which I or any person or persons claiming by, through or under me now or hereafter can or may have against the forenamed parties by reason of or in any way arising out of my election to utilize the D.C. Department of Corrections alternative surveillance/voluminous document review process.

I hereby waive any claim that the District of Columbia or any of its officers, agents, servants and employees are bailors in law or in fact of any cds/dvds provided by me and I acknowledge that the District of Columbia, its officers, agents, servants and employees shall incur no liability if cds/dvds provided by me become damaged or lost.

Page 3 of 4

PP 4160.3 Attachment C

I expressly warrant that I am legally competent to execute this release, and that I have fully informed myself of its contents and meaning. This form must be executed by the inmate defense counsel of record and will not be accepted if executed by counsel of records' agents, representatives or employees.

**I acknowledge that after reading and understanding the procedures explained herein, I am electing to provide recorded audio and/or video surveillance/voluminous documentary evidence  cds/dvds for inmate review to the DOC Office of General Counsel in accordance with the alternative review procedures. I hereby certify that I am providing a copy of audio and/or video surveillance cds/dvds and that I retain the original recordings. I further certify that the cds/dvds provided contain only audio and video surveillance and documentary evidence that is voluminous and unduly burdensome to print and produce and that the discs contain no contraband. I certify that I have indelibly marked each disc with the reviewing inmate's name and DCDC number.**

**_____ Check Here to certify that the discs contain audio and video surveillance review evidence.**

**_____ Check Here to certify that the discs contain _____ (insert number of documents) printed discovery documents that are unduly burdensome to print and produce for the inmate to review.**

**Number of cds/dvds being provided to DOC Office of the General Counsel:**

_____

**Name and DCDC# of inmate(s) receiving cds/dvds:**

_____

_____

_____

_____

_____

**Case Caption and Number:** _____

**Attorney Name:** _____    **Attorney Bar No.** _____

**Attorney Signature:** _____   **Date:** _____

Page 4 of 4

PP 4160.3 Attachment D

### D.C. DEPARTMENT OF CORRECTIONS
### INMATE ACKNOWLEDGEMENT AND RELEASE
### RECORDED AUDIO AND VIDEO SURVEILLANCE AND VOLUMINOUS
### DOCUMENTS REVIEW PROCEDURES

I understand that it is the responsibility of my defense attorney to review all recorded audio/video surveillance and discs containing voluminous documentary evidence with me in attorney visitation. Attorney visitation is available twenty-four (24) hours per day, seven (7) days per week with no limitation on the duration of visits. I understand that documents may be printed by my attorney and provided to me to review and keep in my cell. I understand that alternatively, I may be offered the opportunity to participate in the D.C. Department of Corrections (DOC) Surveillance and Voluminous Documents Evidence Review Program whereby I can review on a laptop computer provided by the DOC cds/dvds of recorded audio/ video surveillance and documents that are voluminous and unduly burdensome to print and produce. I understand that this is not an obligation of the Department of Corrections and does not shift my responsibility or my attorney's professional responsibility to me to review discovery to the Department of Corrections but is a program that is provided as a convenience, accommodation and courtesy.

I understand that if I elect to participate in the alternative Surveillance/Voluminous Documents Review Program, I will be moved from my current housing location to a restrictive housing cell until I complete review of all cds/dvds and ask to return to my regular housing location. When I complete review, I understand that I will be moved back to my regular housing location and all discs will be returned to my attorney. I shall be allowed to use this surveillance/voluminous document review program for up to two weeks at a time. If I require more than two weeks to review discovery and there is a wait list for the program, the review will be ended and I will be added to the waitlist to re-enter the program for another 2 week cycle. If there is no waitlist, I shall continue in the program until such time a waitlist occurs, if any or I complete my review. This is to ensure that inmates are able to access the program on a revolving basis in order of first come, first serve. I am not limited to the number of times I may utilize this program, but I may not check into and out of surveillance review on an intermittent or part time basis for the safety, security, order of the facility, housing reasons and to maximize the availability of limited resources.

I understand that I must return all discs to correctional staff upon completion of review and cannot bring any discs back to my cell and the discs are contraband in the facility with the exception of use as described in this program. I am responsible for the proper care, safe and appropriate use of the equipment and discs while in my possession and responsible for any damage to the equipment I incur therein.

I hereby, for myself, my heirs, executors, administrators and assigns, do release and forever discharge the District of Columbia, a municipal corporation, its officers, agents servants and employees officially or individually, of and from any and all actions ,damages, claims and

Page 1 of 2

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp130

Case 1:21-cr-00053-CJN   Document 29-1   Filed 08/23/21   Page 131 of 132

PP 4160.3 Attachment D

demands whatsoever(including any claims for attorney's fees) which I have against the said the District of Columbia ,its, officers, agents, servants and employees or which I or any person or persons claiming by, through or under me now or hereafter can or may have against the forenamed parties by reason of or in any way arising out of my election to utilize the D.C. Department of Corrections alternative surveillance/voluminous document review process.

I hereby waive any claim that the District of Columbia or any of its officers, agents servants and employees are bailors in law or in fact of any cds/dvds provided by me and I acknowledge that the District of Columbia, its, officers, agents, servants, and employees shall incur no liability if cds/dvds provided to me become damaged or lost.

I expressly warrant that I am legally competent to execute this release, and that I have fully informed myself of its contents and meaning.

**I acknowledge that after reading and understanding the procedures and release explained herein, I am:**

_____Accepting participation in the Alternative Surveillance Review Program

_____ Refusing Participation in the Alternative Surveillance Review Program

Print Name:_____          DCDC: _____

Signature:_____          Date:_____

Witness Name:_____          Title:_____

Witness Signature:_____ Date:_____

Unit/Cell NO: _____ Laptop :(\_\_\_) CDs/DVDs :(_____) Ref:_____

Page 2 of 2

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp131

4160.3
Attachment E



## GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS

### Attorney/Agent Entrance Checklist

**For Attorneys:**

___ Attorney is a member of the DC Bar* and has shown a DC Bar card,**

___ Attorney is the attorney of record for the inmate he/she is seeking to visit,

___ Attorney has confirmed that they are not a family member or friend of the inmate they are seeking to visit,*** and

___ Photo ID checked (State ID or Driver's License)

**For Investigators/Agents:**

___ **PDS and CJA Investigator/agent** - has shown a Public Defender Service (PDS) or Criminal Justice Act (CJA) photo ID
### OR

___ **Law firm Investigator/agent** - Law Firm has submitted a letter to the Warden's Office for approval of named investigator/agent to enter the facility and they have shown photo ID (State ID or Driver's License)

**For Other Legal Visits:**

___ Legal visit (ex. embassy visit, expert visit, DC agency employee, attorney-not-of-record, lawyer who is a family member) has received advance Warden's Office approval and the individual has shown photo ID (State ID, Diver's License)

**\*If the attorney seeking a legal visit is not a member of the DC Bar**, they must be granted advance clearance from the Warden's Office to have legal visits with the inmate.
**\*\*If an attorney forgets their DC Bar card,** a supervisor may be contacted to check the attorney's status online:
  1) Go to https://www.dcbar.org/
  2) Click on "Find a Member" in the red box on the upper right hand side
  3) Enter the attorney's first and last name as indicated
  4) If the attorney is licensed with the DC Bar, the website will show you their name, contact information and whether or not their membership is active
**\*\*\*If the attorney is related to, or is a friend or family member of the inmate,** they must be granted advance clearance from the Warden's Office to have legal visits with the inmate.

Exhibits A - J - Edward Jacob Lang Bond Application EJLBondApp132

```
MIME-Version:1.0
From:DCD_ECFNotice@dcd.uscourts.gov
To:DCD_ECFNotice@localhost.localdomain
Bcc:
--Case Participants: Steven Alan Metcalf, II (metcalflawnyc@gmail.com), Martin Harold
Tankleff (martytankleff@gmail.com), Melissa Joy Jackson (melissa.jackson@usdoj.gov,
michon.tart@usdoj.gov, usadc.criminaldocket@usdoj.gov, usadc.ecf.fraud2@usdoj.gov), Judge
Carl J. Nichols (aaron_gyde@dcd.uscourts.gov, chase_robinett@dcd.uscourts.gov,
chashawn_white@dcd.uscourts.gov, cjn_dcdecf@dcd.uscourts.gov,
courtney_lesley@dcd.uscourts.gov, jessica_joyce@dcd.uscourts.gov,
justin_aimonetti@dcd.uscourts.gov, marcus_bauer@dcd.uscourts.gov,
zachary_enos@dcd.uscourts.gov)
--Non Case Participants: Michael Daniels (mdaniels5757@gmail.com), Jacqueline E. Thomsen
(jathomsen@alm.com), Joshua A. Gerstein (jagalerts@yahoo.com), KATELYN POLANTZ
(katelyn.polantz@cnn.com), Joseph R. Palazzolo (capitol.riot.alerts@gmail.com), Kyle
Cheney (kcheney@politico.com), Zoe M. Tillman (zoe.tillman@buzzfeed.com), Marcy Wheeler
(emptywheel@gmail.com), Spencer S. Hsu (spencer.hsu@washpost.com), AUSA Hearings Clerk
(usadc.ecfprobhov@usdoj.gov), Pretrial Notification (psadistrictcourtgroup@psa.gov),
Probation Court Notices (dcpdb_probation_court_notices@dcp.uscourts.gov)
--No Notice Sent:

Message-Id:7345658@dcd.uscourts.gov
Subject:Activity in Case 1:21-cr-00053-CJN USA v. LANG Order on Motion for Bond
Content-Type: text/html
```

## U.S. District Court

### District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 9/20/2021 at 6:08 PM and filed on 9/20/2021

| | |
|---|---|
| **Case Name:** | USA v. LANG |
| **Case Number:** | 1:21–cr–00053–CJN |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Minute Entry for proceedings held before Judge Carl J. Nichols: Motion
Hearing/Arraignment as to EDWARD JACOB LANG (1) Count
1s–2s,3s–4s,5s–6s,7s,8s,9s,10s,11s,12s,13s held on 9/20/2021. Not Guilty as to all counts.
[29] Motion for Release from Custody as to EDWARD JACOB LANG (1); DENIED for reasons
set forth on the record. Motion to modify Conditions; DENIED without prejudice. Further
Order to be issued by the Court. Speedy Trial as to EDWARD JACOB LANG is Excluded from
9/20/2021 to 10/20/2021, in the Interest of Justice, XT. Status Conference set for 10/20/2021 at
02:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant:
Defendant Committed/ Commitment Issued; Court Reporter: Lorraine Herman; Defense
Attorney: Martin Tankleff and Steven Metcalf; US Attorney: Melissa Jackson; Pretrial
Services Officer: Andre Sidbury. (zcal)**

**1:21–cr–00053–CJN–1 Notice has been electronically mailed to:**

Melissa Joy Jackson     melissa.jackson@usdoj.gov, USADC.CriminalDocket@usdoj.gov,

USADC.ECF.Fraud2@usdoj.gov, michon.tart@usdoj.gov

Martin Harold Tankleff      martytankleff@gmail.com

Steven Alan Metcalf, II      Metcalflawnyc@gmail.com

**1:21−cr−00053−CJN−1 Notice will be delivered by other means to::**