# United States Court of Appeals
**For The District of Columbia Circuit**

_____

**No. 21-3066**  **September Term, 2021**

**1:21-cr-00053-CJN-1**

**Filed On:** January 12, 2022

United States of America,

    Appellee

    v.

Edward Jacob Lang,

    Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Wilkins, Rao, and Jackson, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED AND ADJUDGED** that the district court's September 20, 2021 oral order denying appellant's motion for pretrial release be affirmed. Appellant has not demonstrated that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. See United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021). The evidence proffered by the government shows that, over the course of two and a half hours on January 6, 2021, appellant repeatedly pushed, punched, and kicked at police officers defending the Lower West Terrace entrance to the Capitol building. He also slammed a door against one officer's head and struck other officers first with a stolen riot shield and later with a metal baseball bat. As we explained in Munchel, "those who actually assaulted police officers . . . are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Munchel, 991 F.3d at 1284. After January 6, appellant boasted about his conduct, advocated taking up arms against the government, and attempted to organize militias for future acts of violence.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-3066**  **September Term, 2021**

The district court did not clearly err in weighing this evidence—along with appellant's limited criminal history and his occasional attempts to aid others on January 6—and concluding that appellant would pose a danger to the community if released given his risk of committing or advocating violence in support of his political beliefs. See 18 U.S.C. § 3142(g).

Appellant also argues that conditions at the D.C. Jail—specifically, his alleged inability to communicate confidentially with counsel and review discovery—should have warranted pretrial release. Appellant relies primarily on the proposed Federal Bail Reform Act of 2020, which would have amended 18 U.S.C. § 3142 to provide that district courts deciding whether a defendant is a danger to others must consider, among other things, "the conditions of confinement, including . . . the person's ability to privately consult with counsel and meaningfully prepare a defense." H.R. 9065, 116th Cong., § 2 (2020). However, appellant concedes that the Federal Bail Reform Act of 2020 was not enacted into law. And as the Supreme Court has opined, "[o]ur charge is to give effect to the law Congress enacted." Lewis v. Chicago, 560 U.S. 205, 217 (2010).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk