UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Criminal Action No. 1:21-cr-00053 (CJN) |
| **EDWARD JACOB LANG,** : | |
| : | |
| **Defendant.** : | |

## SCHEDULING ORDER

Trial is set to begin in this matter on **October 17, 2022** at 9:00 a.m. in Courtroom 19. Jury selection will begin that day at 9:00 a.m., and will be conducted in accordance with Appendix 8 of the Continuity of Operations Plan for COVID-19, assuming that Appendix 8 remains in force. The following deadlines shall govern pretrial proceedings:

1. By **April 11, 2022**, Defendant shall make discovery requests of the Government. The Government shall have until **April 25, 2022** to respond to the Defendant's discovery requests.

2. Any motions to compel discovery, along with any pretrial proffer supporting a claim of self-defense, shall be filed by **May 3, 2022**. Oppositions to any such motions shall be filed by **May 24**, **2022.** Any reply shall be filed by **June 3, 2022**.

3. The parties shall file any motions raising constitutional challenges, or challenges to venue or jurisdiction by **May 3, 2022**. Oppositions to any such motions shall be filed by **May 24, 2022**. Any reply shall be filed by **June 6, 2022**.

4. The parties shall file any motions *in limine* on or before **August 16, 2022**. Oppositions to motions *in limine* shall be filed by **September 6, 2022**. Any reply shall be

1

filed by **September 13, 2022**.

5.  The United States shall notify Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed by **October 7, 2022**.

6.  The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief by **October 7, 2022**. Any *Brady* material not already disclosed must be disclosed by this date.

7.  The parties shall also file with the Court no later than **October 10, 2022**, a Joint Pretrial Statement that contains:

   A.  <u>A neutral statement of the case</u>. The Parties shall include a neutral statement of the case for the Court to read to prospective jurors.

   B.  <u>Proposed *voir dire* questions</u>. The Parties shall indicate:

      1. The *voir dire* questions on which the Parties agree; and

      2. The *voir dire* questions on which the Parties disagree, with specific objections noted below each disputed question.

   C.  <u>Proposed jury instructions</u>. The Parties shall submit a list of proposed jury instructions, followed by the text of each proposed instruction, that indicates:

      1. the instructions on which the parties agree, and

      2. the instructions on which the parties disagree, with specific objections noted below each disputed instruction; and the proposed instruction's source (*e.g.*, the Red Book, Matthew Bender's Federal Jury Instructions), or, for modified or new instructions, supporting legal authority (*e.g.*, *Joy v. Bell Helicopter Textron, Inc.* 999 F.2d 549, 556 (D.C. Cir. 1993)).

Proposed instructions may be updated as needed to reflect the evidence presented at trial.

Absent a showing of good cause, no other modifications will be permitted.

      D.    <u>List of witnesses</u>.  The parties shall identify the witnesses that each side anticipates it may call in its case-in-chief, divided into the following categories:

1. witnesses who will be called to testify at trial;

2. witnesses who may be called to testify at trial;

3. witnesses whose testimony a party will present by deposition or other prior testimony, indicating whether the presentation will be by transcript or video.

The Court will read the list of witnesses to the jury during *voir dire*.  In the list, each witness name should be accompanied by a brief description each witness' expected testimony and area of expertise, if applicable, followed by specific objections, if any, to each witness.

      E.    <u>Exhibit lists</u>.  The Parties shall include a list of trial exhibits (including demonstratives, summaries, or other specially prepared exhibits), which includes

1. the exhibit number for each document;

2. the date of the document;

3. a brief description of the document;

4. a concise statement of the asserted basis of admissibility; and

5. whether there is an objection to admission of the document, and if so, a concise statement of the basis for the objections.

This list, together with numbered premarked copies of the exhibits, should be submitted to the Court in a separate binder.

      F.    <u>Stipulations</u>.   The Parties shall submit a draft of all Stipulations.

      G.    <u>Proposed verdict form</u>.   The parties shall include a draft verdict form, including any proposed special interrogatories.  The draft verdict form should include a

date and signature line for the jury foreperson.

8. The Court will schedule hearings on any motions filed by the Parties as necessary.

9. Counsel shall appear on **October 13, 2022** at _____ for a Pretrial Conference in Courtroom 19.

The parties must submit to chambers a printed copy of the Joint Pretrial Statement tabbed and in a three-ring binder. The parties must submit an electronic copy of all proposed *voir dire* questions, jury instructions, and verdict forms in Word format by emailing them to Chambers at Nichols_Chambers@dcd.uscourts.gov. The jury instructions section must be formatted so that each individual jury instruction begins on a new page.

***Failure to comply with this Order will be deemed a waiver of all objections to matters covered by this Order.***


DATE:                                             _____
                                                  CARL J. NICHOLS
                                                  United States District Judge