IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| v. ) | Case No. 1:21-cR-00053-CJN |
| ) | |
| **EDWARD JACOB LANG,** ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF JENNIFER KNEPPER

I, Jennifer Knepper, hereby state:

1. I am currently employed by the Federal Bureau of Prisons ("BOP") as the Supervisory Attorney at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg"). I have been employed by the BOP since September 2007.

2. I certify the documents attached to this declaration:
   a. are true and correct copies of records maintained by the BOP;
   b. were created at or near the time of the occurrence of the matters reflected therein by someone with knowledge; and
   c. were made by the BOP as a regular practice.
   I am a custodian of the documents or am otherwise qualified to execute this certification, pursuant to Fed. R. Evid. 803(6) and 902(11).

3. Edward Lang, register number 76480-054, is an inmate currently designated to USP Lewisburg. Lang has been housed at USP Lewisburg from February 15, 2022, through April 4, 2022, and most recently from November 4, 2022, to present.

4. In November 2021, a number of pre-trial inmates were transferred to USP Lewisburg from the D.C. Jail. Those inmates are housed in one pre-trial unit that has telephone line linked to the Federal Public Defender for the District of Columbia. In addition, four rooms were created specifically for video visits and court appearances. A document outlining the procedures at USP Lewisburg was disseminated to the United States Attorney's Office in D.C., the United States Marshal's Service, and the Federal Public Defender for D.C. and Maryland. <u>Attachment A</u>. This document has also been provided to private attorneys representing pre-trial inmates housed at USP Lewisburg.

5. As outlined in our Pre-Trial Legal Procedures, attorneys are encouraged to schedule legal video visits via Skedda, an online scheduling platform we instituted to handle the volume of requests. The attorney registers on the site and provides a bar number for verification prior to having a meeting scheduled. This allows USP Lewisburg staff to confirm the attorney's status prior to the visit and follows the same protocol as would be followed for

an in-person visit.  Attorneys are notified these visits are for attorney/client purposes only and meeting links shall not be forwarded outside of inmate legal counsel.

6. Once verified and cleared, the Unit Secretaries create a meeting link and forward it to the requestor.  At the time of the scheduled call, the Unit Secretary initiates the meeting and waits for the attorney to join the call.  Once the attorney joins, the Unit Secretary notifies staff to place the inmate in the designated video visit room.  The Unit Secretary then ensures the attorney and inmate can both see and hear each other.  The Unit Secretary then leaves the meeting.  At no time are the meetings monitored by staff aside from establishing the initial connection.

7. Attorney Stephen Metcalf made an appointment for a legal video visit with inmate Lang for November 18, 2022.  A legal call was also completed on November 21, 2022 with Mr. Metcalf and an attorney Barry Silbermann, who was also verified and cleared prior to the call.

8. Subsequent legal video visit appointments were requested by an individual named Hoang Quan.  Mr. Quan indicated he was a paralegal for Mr. Metcalf and was making the appointments on Mr. Metcalf's behalf.  Mr. Quan scheduled legal video visits as follows:

    November 28, 2022 from 11:00 AM to 2:00 PM
    November 29, 2022 from 11:00 AM to 3:00 PM
    November 30, 2022 from 11:00 AM to 2:00 PM

9. Mr. Quan also scheduled video legal visits as follows for December 2, 2022, and December 5 – December 8, 2022.  Each of those visits were requested to last between 3-4 hours each.  Legal video visits are traditionally scheduled for no more than one-hour increments to ensure sufficient availability.

10. While in the process of contacting Mr. Metcalf about the length of his scheduled visits, the Unit Secretary also contacted me to indicate that Mr. Quan was a participant in the video visits that had occurred and asked about his clearance.  Attempts to reach Mr. Quan at Mr. Metcalf's firm were unsuccessful as he did not appear in the staff directory.

11. On December 1, 2022, I contacted Mr. Metcalf and Mr. Quan to provide a copy of our Pre-Trial Legal Procedures.  I also indicated if Mr. Quan were a participant in the legal video visits, he would need to complete a NCIC background clearance.  If Mr. Quan intended to have video visits without Mr. Metcalf present, I also requested Mr. Metcalf complete the Application to Enter as a Legal Representative form.  Attachment B.

12. Mr. Quan responded the same day stating he would provide the required information.  I responded asking Mr. Metcalf to verify his attendance at the future scheduled visits with inmate Lang.  Attachment C.

13. Mr. Metcalf responded that he had a visit scheduled for 2:00 PM on December 1, 2022 and asked if that visit would still go forward.  I advised the visit would go forward as scheduled

and only asked that the necessary documentation be returned in order to permit Mr. Quan to attend the visits. Attachment D.

14. Mr. Quan contacted me to provide names of several attorneys who he stated would be present for the legal video visits. I advised Mr. Quan I would need to verify the status of each attorney and he would also need to complete the required documentation to be present. Attachment E. To date, I have never received information from Mr. Quan verifying his status as a paralegal for Mr. Metcalf, nor has Mr. Quan scheduled any further visits.

15. Mr. Metcalf has had legal video visits with Lang on December 8, 2022 from 1:00 PM to 2:00 PM; December 9, 2022 from 2:00 PM to 3:00 PM; and December 13, 2022 from 2:00 PM to 3:00 PM.

16. On December 14, 2022, Mr. Metcalf had a legal video visit with Lang from 2:00 PM to 3:00 PM. When initiating the meeting, the Unit Secretary noted Mr. Metcalf was not present, but an individual stating she worked with Mr. Metcalf's firm would be completing the call. Ms. Ciara Santiago subsequently provided her attorney license information for verification.

17. On December 15, 2022, Mr. Metcalf had a legal video visit from 2:00 PM to 3:00 PM. The Unit Secretary contacted Lang's Case Manager to notify him that another individual, a Jim Hoft, had accepted the meeting link, indicating it had been forwarded to him. The Case Manager contacted Mr. Metcalf to inquire who Jim Hoft was and whether he had been previously cleared. Mr. Metcalf stated Mr. Hoft was another attorney handling the case.

18. On December 16, 2022, I contacted Mr. Metcalf to reiterate that all parties to the legal video visits needed clearance in advance of the meeting and that the meeting link could not be forwarded to individuals not previously approved and part of the inmate's legal team. Attachment F.

19. On December 19, 2022, I responded to an e-mail from Mr. Metcalf wherein he stated he had been informed that prior authorization for other individuals to participate in legal video visits was not required so long as he was also present, and that he was informed to share the link with such individuals. I advised Mr. Metcalf that our procedures required all parties to the legal video visits be verified and/or cleared in advance of the meeting. Attachment G. Mr. Metcalf replied that he understood, and I have had no further correspondence from him.

20. Mr. Metcalf has future legal video visits scheduled. Mr. Metcalf also had an in-person legal visit with Lang on December 17, 2022 at USP Lewisburg. None of Mr. Metcalf's legal communications, either in person or via video, have been canceled.

21. At no time have Lang's attorney communications been monitored, nor has Mr. Metcalf's ability to schedule video legal visits, legal telephone calls, or in-person visits been restricted or prevented; however, on December 22, 2022, Jim Hoft published a notice on his website, www.thegatewaypundit.com, with a message from Lang stating, his attorney,

Steven Metcalf, had been "officially denied/revoked from his ability to have any contact with [him] at the Federal Penitentiary in Lewisburg, PA." <u>Attachment H</u>. Lang also stated all his upcoming legal calls had been canceled. Lang then directed people to call USP Lewisburg and provided the institution phone number. Several phone calls were received and handled by USP Lewisburg's Message Center staff.

22. Lang further directed individuals to speak to me directly and provided my government e-mail address. This resulted in me receiving twenty-six e-mails, some of which were hostile and/or threatening.

23. USP Lewisburg staff reported the online posting to Regional and Central Office staff and initiated protocols for the possibility of protestors at USP Lewisburg or other BOP facilities. The incident has been referred to federal law enforcement for investigation.

I hereby state under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge.

_____     _December 27, 2022_____
Jennifer Knepper                                                         Date
Attorney Advisor