# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-00053 (CJN)** |
| **v.** | : | |
| | : | |
| **EDWARD JACOB LANG,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' OMNIBUS MOTION IN *LIMINE*

The government hereby moves in *limine* to preclude the following defense arguments and to admit certain evidence during trial in this case.  *See* ECF 89.  Motions in *limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)).  The government presents these issues to the Court in an effort to prepare this case for an efficient trial.  For each motion herein, the United States asks that the Court grant the requested relief or, if the Court reserves ruling, to consider the below arguments when the relevant issues arise during trial.  This filing is in addition to three previously filed motions in *limine*.  *See* ECF 75 (motion in *limine* to preclude improper First Amendment Arguments); 76 (motion in *limine* regarding cross examination of USSS witnesses); and 77 (motion in *limine* regarding locations of USCP surveillance cameras).

## I. Motion in *Limine* No. 1: To Preclude Defendants from Arguing or Commenting in a Manner That Encourages Jury Nullification, Whether During *Voir Dire* or During Trial

The Defendant should be prohibited from making arguments or attempting to introduce non-relevant evidence that encourages jury nullification.  As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty"
> than it has to find a "not guilty" defendant "guilty," and the fact that
> the former cannot be corrected by a court, while the latter can be,
> does not create a right out of the power to misapply the law. Such

1

> verdicts are lawless, a denial of due process and constitute an
> exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983); *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997) (same).  Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence.  *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

The government has identified the following subject areas that are not relevant to the issues before the jury and that could serve as an improper invitation for the jury to nullify its fact-finding and conclusions under the law.  The Court should preclude any reference to these issues, either during *voir dire*, argument or questioning by counsel, or in the defense case-in-chief.

In particular, the Defendant, who is detained, may face significant prison time were he to be found guilty here, and the Defendant should not be permitted to arouse the jury's sympathy by introducing any evidence of or attempting to argue about the hardships of either pre-trial detention or prison, the potential effect of incarceration on Defendant's family, or the possibility that a significant portion of his life may be spent in prison. It is black-letter law that the jury should not consider such penalties in reaching its verdict.  *See, e.g.*, *United States v. Reed*, 726 F.2d 570, 579 (9th Cir. 1984) (a defendant's possible sentence "should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the accused."); *Rogers v. United States*, 422 U.S. 35, 40 (1975) (jury should have been admonished that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed"). Indeed, courts in this district often give a jury instruction stating exactly that: "The question of possible

punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all." D.C. Redbook 2.505.

Similarly, the defendant's pre-trial detention following arrest has no relevance to charges that concern conduct occurring before the defendant's arrest. *See United States v. Amir*, No. 1:10CR439, 2011 WL 3862013 at *2 (N.D. Ohio Aug. 31, 2011) ("Evidence of defendant Amir's pretrial detention, or evidence of the possible sentences available if the jury returns guilty verdicts, would not be relevant at trial") (cleaned up). Just as Lang is not entitled to dismissal of the indictment for alleged due process violations during his pretrial confinement, ECF 97, he is not entitled to put before the jury even the suggestion that acquitting him of his own serious criminal conduct is a permissible response to alleged (and as yet unproven) abuses during his lawful detention. Rule 403 is meant to exclude exactly this kind of evidence and provides an additional ground for granting the motion *in limine. See also United States v. Gorham*, 523 F. 2d 1088, 1097-98 (D.C. Cir.1975) (affirming trial court's refusal to admit evidence bearing no legal relation to the charges but which might encourage a "conscience verdict" of acquittal), supplemented by 536 F.2d 410 (D.C. Cir. 1976); *United States v. Lucero*, 895 F. Supp. 1421, 1426 (D. Kan. 1995) ("defendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke the finder of fact to disregard the law.").

Thus, the above-mentioned issues are irrelevant, and any reference to them would invite jury nullification and should be excluded. *See United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("evidence which has the effect of inspiring sympathy for the defendant or for the victim . . . is prejudicial and inadmissible when otherwise irrelevant") (internal citation omitted); *United*

3

*States v. White*, 225 F. Supp. 514, 519 (D.D.C 1963) ("The proffered testimony (which was clearly designed solely to arouse sympathy for defendant) was thus properly excluded.").

## II. Motion in *Limine* No. 2: To Admit Defendant's Out-of-Court Statements as Statements by a Party Opponent Under Federal Rule of Evidence 801(d)(2)(A)

Under Federal Rule of Evidence 801(d)(2)(A), an opposing party's statement is not hearsay if it "was made by the party in an individual or representative capacity," Fed. R. Evid. 801(d)(2)(A), or if it "is one the party manifested that it adopted or believed to be true" *id.* 801(d)(2)(B). *See, e.g.*, *United States v. Blake*, 195 F. Supp. 3d 605, 609 (S.D.N.Y. 2016) ("[A] party's own statement, if offered against him, is not hearsay."). Here, the government may introduce statements of the Defendant, including those made during interviews and in recorded communications (*e.g.*, text messages, emails, social media posts, media appearances) prior to and after January 6. Assuming proper foundation is laid that the statements were made by the Defendant, the Court should admit these statements when offered by the government against the Defendant—even if offered for the truth of the matters asserted—because they are statements by a party-opponent and, therefore, non-hearsay evidence under Rule 801(d)(2)(A).

## III. Motion in *Limine* No. 3: To Preclude Defendant's Use of His Own Out-of-Court Statements as Inadmissible Hearsay

While the government may use the statements of a defendant against him under Federal Rule of Evidence 801(d)(2), the defense may not admit a defendant's own out-of-court statements, which are hearsay. *See e.g.*, *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1987) (A defendant cannot present "self-serving hearsay" to the jury without the benefit of cross-examination by the United States). Defendants who choose not to testify and subject themselves to cross-examination thus do not have the right to present self-serving hearsay statements. *See United States v. Wilkerson*, 84 F.3d 692 (4th Cir. 1996). "[W]hen the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."

*United States v. Blake*, 195 F. Supp. 3d 605, 610 (S.D.N.Y. 2016), quoting *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982).

Nor does Federal Rule of Evidence 106, the "Rule of Completeness," provide an unbounded end-run around that prohibition against hearsay.  That rule provides that, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."  Fed. R. Evid. 106. Rule 106 directs the Court to "permit such limited portions [of a statement] to be contemporaneously introduced as will remove the distortion that otherwise would accompany the prosecution's evidence." *United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986) (emphasis added).  The rule does not "empower[] a court to admit unrelated hearsay."  *United States v. Woolbright*, 831 F.2d 1390, 1395 (8th Cir. 1987) (emphasis added).  "The provision of Rule 106 grounding admission on 'fairness' reasonably should be interpreted to incorporate the common-law requirements that the evidence be relevant, and be necessary to qualify or explain the already introduced evidence allegedly taken out of context . . . In almost all cases we think Rule 106 will be invoked rarely and for a limited purpose." *Sutton*, 801 F.2d at 1369.

Thus, Rule 106 only applies when the government's introduction of a defendant's statements is "misleading because of a lack of context," leading to a "distortion" of the defendant's meaning. *Sutton*, 801 F.2d at 1369; *United States v. Castro-Cabrera*, 534 F. Supp. 2d 1156, 1160 (C.D. Cal. 2008) (rule applies only if the statements offered by the defendant are necessary "to prevent the Government from offering a 'misleadingly-tailored snippet'").  By contrast, the rule cannot be used to generally introduce exculpatory portions of a statement merely because they "they were made contemporaneously with other self-inculpatory statements" offered by the

government. *Ortega*, 203 F.3d at 682; *United States v. Williston*, 862 F.3d 1023, 1038 (10th Cir. 2017) ("The rule of completeness . . . does not give an interview declarant a general right to introduce selected statements to try to counter the statements in the proponent's offered segment."). Courts therefore routinely preclude defendants from offering their own exculpatory or otherwise potentially relevant statements, even if those statements appear close in time to those offered by the government.

This Court should ensure that any relevant statements of the Defendants offered by the Defendants be necessary to correct a misleading statement offered by the government (under Rule 106) or otherwise admissible under an exception to the hearsay rules.

## IV. Motion in *Limine* No. 4: To Admit Certain Statutes and Records

### A.     Judicial Notice of the Federal Electoral College Certification Law

The proceedings that took place on January 6, 2021, were mandated by, and directed under the authority of, several constitutional and federal statutory provisions. In fact, as Vice President Pence gaveled the Senate to Order on January 6, 2021 to proceed with the Electoral College Certification Official Proceeding, he quoted directly from, and cited to, Title 3, United States Code, Section 17.

The government requests that the Court take judicial notice of, and admit into evidence, copies of Article II, Section 1 of the Constitution of the United States, the Twelfth Amendment, as well as 3 U.S.C. §§ 15-18 relating to the Electoral College Certification Official Proceedings. These are attached as Exhibits 1-6. It is well established that district courts may take judicial notice of law "without plea or proof." *See United States v. Davila-Nieves*, 670 F.3d 1, 7 (1st Cir. 2012). The government makes this request even though "no motion is required in order for the court to take judicial notice." *Moore v. Reno*, No. 00-5180, 2000 U.S. App. LEXIS 35425; 2000 WL 1838862 (D.D.C. Nov. 14, 2000). Further, "where a federal prosecution hinges on an

6

interpretation or application of state law, it is the district court's function to explain the relevant state law to the jury." S*ee United States v. Fazal-Ur-Raheman-Fazal*, 355 F.3d 40, 49 (1st Cir. 2004).  Here, that principle indicates the jury is entitled to an explanation of the relevant statutes and constitutional provisions that govern the certification of the Electoral College vote.

### B.    Admission of the Congressional Record and S. Con. Res 1

The Congressional proceedings on January 6, 2021 were memorialized in the Congressional Record.  The Congressional Record is a public record under Federal Rule of Evidence 902(5). *MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 503-504 (S.D.N.Y. 2017) (Congressional transcripts).  The government may introduce portions of the Congressional Record at trial, including the bodies' "concurrent resolution to provide for the counting on January 6, 2021, of the electoral votes for President and Vice President of the United States," S. Con. Res. 1, 117th Cong. (2021).  These records should be admitted as self-authenticating. Rule 902 provides that a record can be "self-authenticating," meaning it "require[s] no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902.  One example is an "Official Publication[]," defined as any "book, pamphlet, or other publication purporting to be issued by a public authority."  Fed. R. Evid. 902(5).  The congressional record qualifies as one such congressionally published record, and so is self-authenticating under Rule 902(5).

### V. Request for Leave to File Additional Motions in *Limine* Based on Reciprocal Discovery

To date, and as of this writing, the government has not received reciprocal discovery or factual proffers supporting affirmative defenses from the Defendant.  The Government respectfully requests leave of the Court to file additional motions in *limine* at a future date as necessary to address issues raised by any such discovery or proffers that may be forthcoming.

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Court grant the government's seven motions in *limine* as described in this omnibus motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052


By:   /s/ Karen Rochlin_____
Karen Rochlin
Assistant United States Attorney Detailee
DC Bar No. 394447
99 N.E. 4th Street
Miami, Florida 33132
(786) 972-9045

/s/ Craig Estes_____
CRAIG ESTES
Assistant United States Attorney
United States Attorney's Office for the District of Massachusetts (detailee)
Massachusetts Bar No. 670370
craig.estes@usdoj.gov
(617) 748-3100