UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 1:21-cr-00053-CJN |
| EDWARD JACOB LANG, : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE TO DEFENDANT LANG'S
MOTION TO AMEND REVISED SCHEDULING ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the response below to defendant Lang's Motion To Amend Revised Scheduling Order, ECF 99.

**RELEVANT PROCEDURAL HISTORY**

Federal agents arrested defendant Lang on January 16, 2021 for his role in the January 6, 2021 attack on the United States Capitol. A superseding indictment, ECF 80, charges Lang with serious felonies, including several assaults on federal officers.[1] This Court originally set a trial date of January 9, 2023 and entered a scheduling order specifying certain pre-trial deadlines, including a June 24, 2022 deadline for the defense to file a proffer supporting the defendant's previously disclosed intention to raise a claim of self-defense at trial. ECF 60. Other scheduled

---

[1] The pending charges include Assaulting, Resisting, or Impeding Certain Officers with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 111(a) and (b); Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of Title 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of Title 18 U.S.C. § 1752(a)(4) and (b)(1)(A); Disorderly Conduct in a Capitol Building, in violation of Title 40 U.S.C. § 5104(e)(2)(D); Physical Violence in the Capitol Grounds or Buildings, in violation of Title 40 U.S.C. § 5104(e)(2)(F).

dates included a May 27, 2022 deadline for the defense to make discovery requests of the Government, a September 16 deadline for motions *in limine* and a September 30, 2022 deadline for a defense motion to change venue. After the May 27 deadline for discovery requests and the June 29 deadline for the self-defense proffer had passed, the defense moved to extend those expired deadlines and others. ECF 68. This Court granted the defendant's request for additional time in a June 5, 2022 minute order and extended the deadline for filing the self-defense proffer until August 17, 2022.

After expiration of the August 17, 2022 deadline for the proffer, on September 6, 2022, the defense moved for another extension of time. ECF 72. This Court granted additional time, until September 19, 2022, to file the proffer and to file an unrelated reply with a deadline that had not yet expired. *See* September 6, 2022 Minute Order. Without opposition, the defendant moved again before expiration of the new deadline for a brief extension to file the reply, ECF 74, and this Court granted that motion. September 12, 2022 Minute Order. The defense filed the reply one day after extended deadline. ECF 78.

On September 19, 2022, the day it was otherwise due, the defense moved without opposition for another extension to file the self-defense proffer. ECF 79. This Court granted an extension until September 26, 2022. September 19, 2022 Minute Order. On September 27, 2022, the day following the extended deadline, the defendant filed a trial brief addressing self-defense and other affirmative defenses, such as defense of others, necessity, and coercion. This filing did not contain a factual proffer, which the defendant contended was "premature." ECF 80:13.

On the date it was due, the defendant moved without opposition for additional time to file the motion seeking a change of venue. ECF 81. This Court granted the motion, extending the defendant's filing deadline until October 21, 2022. September 30, 2022 Minute Order.

On October 14, 2022, the defense moved for additional time to file a reply to the government's response to the trial brief concerning self-defense. ECF 83. Following that motion, this Court granted the extension to file the reply and further extended the defendant's deadline to respond to a government motion *in limine* concerning First Amendment arguments, ECF 75, until October 21, 2022. October 1, 2022 Minute Order.

Following a telephonic status conference, this Court directed the parties to confer and submit a new proposed scheduling order. October 24, 2022 Minute Order. On November 28, 2022, this Court issued a new scheduling order. ECF 89. In that order, this Court set a new trial date of May 29, 2023. The order required the defense to produce reciprocal discovery by January 20, 2023. An additional date for motions *in limine* was set for February 3, 2023. Factual proffers supporting affirmative defenses were also due on this date. The deadline for the defendant's change of venue motion was reset to February 17, 2023.

As of this writing, the defense has not produced reciprocal discovery, responded to any motion *in limine* filed by the United States, filed any motion to change venue, filed any motion *in limine* for the defendant, or filed any factual proffer in support of any affirmative defense.

On February 17, 2023, the defendant moved for further extensions to file a motion to change venue, motions *in limine*, and factual proffers in support of affirmative defenses. ECF 99. The motion does not address the expired deadlines for production of reciprocal discovery or responses to government motions *in limine*, including the motion seeking to preclude First Amendment arguments.

## ARGUMENT

At times, any attorney may need the Court's forbearance. Accordingly, the prosecution has been willing to accommodate opposing counsel on scheduling issues. The parties in this case

have arrived at mutually agreed-upon scheduling proposals, and when opposing counsel has sought to extend deadlines prior to their expiration, the prosecution has never objected to the defense's request. The prosecution hopes to continue this cooperative relationship with opposing counsel.

The prosecution is also mindful, however, that judges have a "strong interest" in protecting their scheduling orders. *See, e.g., United States v. Kellogg Brown & Root Servs., Inc.*, 285 F.R.D. 133, 136 (D.D.C. 2012) (noting same). Moreover, as judges in this district have observed, "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. at 135; *Burns v. Levy*, No. CV 13-898 (CKK), 2019 WL 6465142, at *29 (D.D.C. Dec. 2, 2019) (internal citations and quotations omitted). Where counsel in this case has sought an extension of time after expiration of a court-ordered deadline, the prosecution has instead deferred to this Court, and has discussed its reluctance with opposing counsel to take a position appearing to condone non-compliance with a court-ordered deadline.

The Federal Rules of Criminal Procedure also distinguish between applications to extend time that occur before or after the deadline in question. Rule 45(b)(1) provides that:

> When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>
> (A) before the originally prescribed or previously extended time expires; or
>
> (B) after the time expires if the party failed to act because of excusable neglect.

*Id*.

Here, the defendant's motion seeks an extension of time for deadlines that have already passed. Accordingly, Rule 45(b)(1)(B) applies, and Lang's motion meets its requirements only by demonstrating excusable neglect, a standard which the motion does not address.

4

The test for what constitutes excusable neglect is an equitable one which considers all relevant circumstances surrounding a party's omission. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). These factors include the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was in the reasonable control of the movant, and whether the movant acted in good faith. *Id*.; *see also Stutson v. United States,* 516 U.S. 193, 196-98 (1996) (holding that the same analysis of excusable neglect stated in *Pioneer* applies in criminal cases).

The length of delay has been substantial. Since at least February 23, 2022, the defense has intended to file a motion to change venue and has confirmed the intention to use affirmative defenses based on justification or self-defense. Transcript of Video Status Conference, February 23, 2022, ECF 94 at 9-10. The defendant obtained an extension of the original September 30, 2022 deadline for filing his motion to change venue until October 21, 2022, and then failed to meet that deadline. The defendant was able to obtain a new deadline of February 17, 2023 when this Court postponed the trial date, but once again failed to meet that deadline. The original deadline for the defendant's proffer was June 24, 2022. The defense failed to meet that deadline and filed an untimely motion for an extension that resulted in a new deadline for the proffer of August 17, 2022. The defense failed to meet that deadline and again filed an untimely motion seeking an extension, resulting in a new deadline of September 19, 2022. On that date, the defense sought additional time to file the proffer and received an extension until September 26, 2022. The defense did not meet this deadline, but on September 27, 2022, the defense filed a brief claiming it was "premature" to file the proffer. After this Court reset the trial date for this case, in the scheduling order that followed, the defendant was ordered to file his proffer by February 3, 2023, but failed to meet that deadline and sought an extension two weeks later in the motion now before this Court.

The defense's continued delay is likely to impact judicial proceedings. The pending motion seeks to postpone various filings to a time when the parties should be addressing the joint pretrial statement that is due on March 24, 2023. If the motion to change venue is filed on March 10, 2023, under the standard provisions of this Court's local rules, *see* LcrR 47(b), the government's response would fall due on the same date as the joint pretrial statement, creating an additional burden for government counsel that the scheduling order did not impose. The defendant's motions *in limine* and proffer, as currently proposed, would fall due seven days before the joint pretrial statement. The defendant's filing history and his motion offers no assurances that the defense, seemingly unable or unwilling to meet earlier deadlines, will be able to prepare its outstanding filings and meet the existing deadline for the joint pretrial statement, making further applications for extensions likely.[2]

---

[2] It is questionable whether the defense has a valid basis to seek a change of venue. Judges on this Court have denied motions for change of venue in dozens of January 6 prosecutions, and no judge has granted a change of venue in a January 6 case. *See, e.g., United States v. Ramey*, 22-cr-184, Minute Entry (D.D.C. Jan. 30, 2023) (DLF); *United States v. Eckerman, et al.*, No. 21-cr-623, Minute Order (D.D.C. Jan. 26, 2023) (CRC); *United States v. Pollock, et al.*, No. 21-cr-447, Minute Entry (D.D.C. Jan. 25, 2023) (CJN); *United States v. Gossjankowski*, No. 21-cr-12, ECF No. 114 (D.D.C. Jan. 25, 2023) (PLF); *United States v. Adams*, No. 21-cr-212, ECF No. 60 (D.D.C. Jan. 24, 2023) (ABJ); *United States v. Rhine*, No. 21-cr-687, ECF No. 78 (D.D.C. Jan. 24, 2023) (RC); *United States v. Oliveras*, No. 21-cr-738, ECF No. 52 (D.D.C. Jan. 17, 2023) (BAH); *United States v. Sheppard*, No. 21-cr-203, ECF No. 62 (D.D.C. Dec. 28, 2022) (JDB); *United States v. Samsel, et al.*, No. 21-cr-537, ECF No. 227 (D.D.C. Dec. 14, 2022) (JMC); *United States v. Gillespie,* No. 22-cr-60, ECF No. 41 (D.D.C. Nov. 29, 2022) (BAH); *United States v. Barnett*, No. 21-cr-38, ECF No. 90 (D.D.C. Nov. 23, 2022) (CRC); *United States v. Bender, et al.*, No. 21-cr-508, ECF No. 78 (D.D.C. Nov. 22, 2022) (BAH); *United States v. Sandoval*, No. 21-cr-195, ECF No. 88 (D.D.C. Nov. 18, 2022) (TFH); *United States v. Vargas Santos*, No. 21-cr-47, Minute Entry (D.D.C. Nov. 16, 2022) (RDM); *United States v. Nordean, et al.*, No. 21-cr-175, ECF No. 531 (D.D.C. Nov. 9, 2022) (TJK); *United States v. Ballenger*, No. 21-719, ECF. No. 75 (D.D.C. Oct. 28, 2022) (JEB); *United States v. Eicher*, No. 22-cr-38, ECF No. 34 (D.D.C. Oct. 20, 2022) (CKK); *United States v. Schwartz, et al.*, No. 21-cr-178, ECF No. 142 (D.D.C. Oct. 11, 2022) (APM); *United States v. Nassif*, No. 21-cr-421, ECF No. 42 (D.D.C. Sep. 12, 2022) (JDB); *United States v. Brock*, No. 21-cr-140, ECF No. 58 (D.D.C. Aug. 31, 2022) (JDB); *United States v. Jensen*, No. 21-cr-6, Minute Entry (D.D.C. Aug. 26, 2022) (TJK); *United States v. Seitz*, No. 21-cr-279, Minute Order (D.D.C. Aug. 17, 2022) (DLF); *United States v. Strand*, No. 21-cr-85, ECF No. 89 (D.D.C.

The reason provided for delay in filing the venue motion is defense counsel's participation in the trial of *United States v. Nordean, et al.*, 21-cr-175 (TJK). An attorney's busy schedule, however, is insufficient to establish excusable neglect. *United States v. Cates*, 716 F.3d 445, 449 (7th Cir. 2013); *United States v. Edwards*, No. 08-00206-WS, 2008 WL 4155476 at *2 (S.D. Ala. Sept. 5, 2008) ("Nor does the press of other business furnish good cause for a defendant's failure to file a motion to suppress promptly after receiving the information necessary to do so"); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981), *cert. denied*, 456 U.S. 979 (1982); *see also Graham v. Pennsylvania R.R.*, 342 F.2d 914, 916 (D.C. Cir. 1964) (per curiam) (upholding district court's decision not to extend deadline based on attorney's appellate case load and the failure of his rules service to update change in filing deadline), *cert. denied*, 381 U.S. 904 (1965); *Anyaso v. United States Capitol Police*, 12-1327-ESH, 2014 WL 12780293 at *3 (D.D.C. Feb. 27, 2014) ("this Circuit and courts across the nation have long considered personal and professional commitments an insufficient justification for excusable neglect") (and cases cited

---

Aug. 17, 2022) (CRC); *United States v. Williams*, No. 21-cr-618, ECF No. 63 (D.D.C. Aug. 12, 2022) (ABJ); *United States v. Herrera*, No. 21-cr-619, ECF No. 54 (D.D.C. August 4, 2022) (BAH); *United States v. Garcia*, No. 21-cr-129, ECF No. 83 (D.D.C. July 22, 2022) (ABJ); *United States v. Rusyn, et al.*, No. 21-cr-303, Minute Entry (D.D.C. July 21, 2022) (ABJ); *United States v. Bledsoe*, No. 21-cr-204, Minute Order (D.D.C. July 15, 2022) (BAH); *United States v. Calhoun*, No. 21-cr-116, Minute Order (D.D.C. July 11, 2022) (DLF); *United States v. Rhodes, et al.*, No. 22-cr-15, ECF No. 176 (D.D.C. June 28, 2022) (APM); *United States v. Williams*, No. 21-cr-377, Minute Entry (D.D.C. June 10, 2022) (BAH); *United States v. McHugh*, No. 21-cr-453, Minute Entry (D.D.C. May 4, 2022) (JDB); *United States v. Hale-Cusanelli*, No. 21-cr-37, Minute Entry (D.D.C. Apr. 29, 2022) (TNM); *United States v. Webster*, No. 21-cr-208, ECF No. 78 (D.D.C. Apr. 18, 2022) (APM); *United States v. Alford*, 21-cr-263, ECF No. 46 (D.D.C. Apr. 18, 2022) (TSC); *United States v. Brooks*, No. 21-cr-503, ECF No. 31 (D.D.C. Jan. 24, 2022) (RCL); *United States v. Bochene*, No. 21-cr-418, ECF No. 31 (D.D.C. Jan. 12, 2022) (RDM); *United States v. Fitzsimons*, No. 21-cr-158, Minute Order (D.D.C. Dec. 14, 2021) (RC); *United States v. Reffitt*, No. 21-cr-32, Minute Order (D.D.C. Oct. 15, 2021) (DLF); *United States v. Caldwell*, 21-cr-28, ECF No. 415 (D.D.C. Sept. 14, 2021) (APM). Any such motion, however, will nevertheless require time and effort for the prosecution to prepare a response and for this Court to issue a decision.

therein). The defense also claims that the factual proffer and motions *in limine* were not filed by the most recent extended deadline because of Lang's January 2023 transfer from USP Lewisburg to a facility in Brooklyn, New York; counsel needs additional time is needed to confer with Lang; and defense counsel is involved in the *Nordean* trial. Counsel's trial schedule, as noted above, does not support a finding of excusable neglect. The factual proffer has been overdue since at least October, 2022, and the defense has similarly failed to meet earlier deadlines for motions *in limine*. The motion fails to explain how Lang's transfer to another detention facility is relevant to any delay, especially when prior to the transfer counsel had multiple opportunities to confer with the defendant. *See* ECF 92-1 (Declaration of Jennifer Knepper addressing counsel's opportunities to confer with Lang by video teleconference and other means). The reason for delay has been described as the most important factor for evaluating whether excusable neglect justifies an untimely filing. *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) ("The *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import") (internal quotations and citations omitted); *United States v. Stewart*, 312 Fed.Appx. 557, 558 (4th Cir. 2009); *United States v. Estevez*, No. 314CR001911MPS, 2016 WL 2349099, at *5 (D. Conn. May 4, 2016). The reasons provided in the defendant's motion, however, are legally insufficient or unpersuasive.

The first three factors weigh against a finding of excusable neglect. *See Estevez*, 2016 WL 2349099 at *5 (describing the reason for delay as the most important of the *Pioneer* factors and finding that where three of those factors fail to support a finding of excusable neglect, sufficient grounds support a finding that delay is not excused). Moreover, the defense's failure to meet court ordered deadlines has not occurred in isolation; the current motion to amend follows several such failures.

Accordingly, this Court has ample reason to deny the motion and can reasonably do so if only to discourage further delay that may ultimately impact the scheduled May 29, 2023 trial date that this Court has expressed reluctance to continue. If this Court finds grounds to determine otherwise, however, the United States submits that the deadline for all of the defense's outstanding filings should be set no later than March 2, 2023, to preserve the schedule ordered by this Court to the greatest extent possible.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:  *s/Karen Rochlin*
Karen Rochlin
Assistant United States Attorney Detailee
DC Bar No. 394447
99 N.E. 4th Street
Miami, Florida 33132
(786) 972-9045
Karen.Rochlin@usdoj.gov

Craig Estes
Assistant U.S. Attorney Detailee
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-3100
Email: craig.estes@usdoj.gov