IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*v.*  )<br>)<br>EDWARD JACOB LANG, )<br>)<br>*Defendant*. )<br>) | No. 21-CR-53 (CJN) |

### DEFENDANT LANG'S SELF-DEFENSE AND DEFENSE OF OTHERS PROFFER

Comes now Defendant Edward Jacob Lang, by and through undersigned counsel, hereby submits the following regarding Defendant Lang's Self Defense and Defense of Others proffer. The Government moves to force Mr. Lang to proffer facts supporting a potential defense of self-defense/defense of others, or failing such production, to prohibit Mr. Lang from raising such a claim. While discussing the substance of self-defense claims, the Government fails to explain with specificity its belief why the government is entitled to a preview of the Defendant's potential defense strategies.

First and foremost, it must be stressed – again – that the model instruction for a lawful self-defense claim against a federal officer *requires the defendant to not know the official status of the federal officer*. 2 FED. JURY PRAC. & INSTR. § 24:12 (6th ed.).

Nonetheless, and what is relevant to this case, is that the model instruction's requirement "that the defendant *not know the status* of the officer" is inapplicable here because Lang was responding to the ***use of excessive force***. *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992).

Simply stated, the use of excessive force is an exception to the rule that a Defendant need *not know* the officer's status.

## I.   LAW AND ARGUMENT

Federal Crim. Proc. Rules 12.1-12.3 explicitly provide a list of defenses that a defendant must disclose pretrial – about which encompass the following:

> (1) alibi (Rule 12. 1),
> (2) insanity (Rule 12.2), and
> (3) public authority (Rule 12.3).

Self-defense and the defense of others is not a specific, enumerated defense, which the Federal Rules of Criminal Procedure require as a "must" to be disclosed to the government pretrial. Consequently, per the rules, the government *is not* entitled to notice for a defendant to assert a self-defense and/or defense of others claim. Further, the government's position that the defense must provide this Court with a pretrial proffer of facts supporting such a claim must be denied.

Alternatively, Defendant Lang submits the following proffer facts in a good-faith attempt to comply with this Honorable Court's motion deadlines.

## POINT ONE:

**THE GOVERNMENT IS NOT ENTITLED TO GAIN ADVANCE KNOWLEDGE OF A DEFENDANT'S DEFENSE STRATEGY OR TO PRECLUDE A DEFENDANT FROM RAISING A DEFENSE BEFORE ANY EVIDENCE HAS BEEN ADDUCED BEFORE A JURY.**

Whether Mr. Lang chooses to raise any particular defense remains subject to incomplete discovery provided by the Government, while facts continue to come forth from sources outside the Government. Asking for the preclusion of an affirmative defense or to assess (and exclude) potential evidence regarding such a defense is entirely premature.

In sum, neither the federal rules of criminal procedure nor the United States Constitution require Mr. Lang to provide the Government a "sneak peek" at his defense. In fact, the law is quite clear that Mr. Lang need not disclose trial strategy to the Government. *Cf. In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017) (explaining "Opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances").

Accordingly, this Court should find that Defendant Edward Jacob Lang need not provide a detailed proffer, at this time, and such a decision regarding Lang's self defense and defense of others claims should be reserved to a time when this case is actually on trial.

## POINT TWO:

### ALTERNATIVELY, THESE ARE THE FACTS MR. LANG IS WILLING TO PROFFER AT THIS POINT TO HIGHLIGHT HE ACTED IN SELF-DEFENSE AND IN DEFENSE OF OTHERS ON JANUARY 6TH

Throughout the time Mr. Lang is alleged to have committed assaults, 2:57 pm to 5:00 pm[1], various different Metropolitan Police Department Officers continuously used excessive force. Some of this force was invoked against, unarmed, helpless, women.

Alternative to our position that Lang should not be placed in a position to provide information regarding his entire self-defense and defense of others claims, at this time we are willing to proffer:

(1) At approximately 2:41 p.m., that Upper West Terrace fills with protestors;

(2) Mr. Lang is alleged to have been in "the tunnel" from approximately 2:57 pm – 4:46 p.m. (*See* FN 1, *Supra*);

A. *Between approximately 3:00 p.m. – 3:59 p.m.*

(3) At approximately 3:18 p.m., officers clear the tunnel;

(4) Officers fall back into the tunnel and protestors try to enter

---

[1] *See* Count One, charging "at or around 2:57 p.m. . . .";
 *See* Count Two, charging "at or around 3:08 p.m. to 3:13 p.m.";
 *See* Count Three, charging "at or around 4:01 p.m. to 4:02 p.m.";
 *See* Count Four, charging "at or around 4:10 p.m. to 4:13p.m."; and
 *See* Count Five, charging "at or around 4:44 p.m.  to 4:46 p.m. . . .".

𝔇𝔢𝔣𝔢𝔫𝔡𝔞𝔫𝔱 𝔏𝔞𝔫𝔤'𝔰 𝔒𝔟𝔧𝔢𝔠𝔱𝔦𝔬𝔫 𝔱𝔬 𝔓𝔯𝔬𝔳𝔦𝔡𝔦𝔫𝔤 𝔞 𝔓𝔯𝔬𝔣𝔣𝔢𝔯 𝔖𝔱𝔞𝔱𝔢𝔪𝔢𝔫𝔱 𝔉𝔬𝔯 𝔥𝔦𝔰
𝔖𝔢𝔩𝔣 𝔇𝔢𝔣𝔢𝔫𝔰𝔢/ 𝔇𝔢𝔣𝔢𝔫𝔰𝔢 𝔬𝔣 𝔒𝔱𝔥𝔢𝔯𝔰 ℭ𝔩𝔞𝔦𝔪𝔰

        back in around 3:30 p.m – this is the whole "Hee How" scene shown in the media;

(5)    Officers start beating and spraying people at the mouth of the tunnel heavily between 3:50-3:55 p.m;

**B.**  *Between approximately 4:00 p.m. – 5:00 p.m.*

(6)    From approximately 4:00pm and on Mr. Lang motions to the officers to stop, and yells "stop you're killing them";

(7)    The crowd began to be pushed back and people began to struggle and get crushed;

(8)    Mr. Lang visibly watched Victoria White getting beat by various male officers between 4:05 - 4:08 p.m;

(9)    Mr. Lang saw Philip Anderson in distress and bodies completely on top of him, where Mr. Lang acted swiftly and without regard to his own life, and ripped Philip Anderson out of the crowd. Mr. Anderson states in a video that "if it weren't for Jake Lang I'd definitely be dead";

(10)    Within minutes after saving Anderson, Defendant Lang ripped Tommy Tatum out of the crowd;

(11)    Roseann Boyland is killed around 4:20 p.m. by Officer Bagshaw ordering pepper balls to be fired in the tunnel (this death happened right in front of Lang, where he attempted to pull Boyland out of the crowd; and

(12)    Officers drag Roseann Boyland's dead body away from "the tunnel" around 4:35 p.m.

Some of the misconduct in this case actually consisted of MPD and USCP Officer's beating women over the head with a baton and at times closed fists. (*See* ¶ 4, *infra*)(stating "Mr. Lang visibly watched Victoria White getting beat by various male

officers between 4:05 - 4:08 p.m).

The record in this case has highlighted that another example of Lang acting in defense of others, occurred when he witnessed a woman, now known as Roseanne Boyland, laid unconscious on the floor, and was nonetheless continued to be beaten "to actual death" with a baton. In response to the display of excessive force and calls for help, Mr. Lang did what he could to distract officers, and to ultimately help those protestors in need, those being extremely beaten by the Officers. Under these circumstances, Lang reasonably believed that various woman faced a present threat of death or serious injury and acted lawfully in response to the threat. (*See* ¶ 4, *infra*)(stating "Mr. Lang visibly watched Victoria White getting beat by various male officers between 4:05 - 4:08 p.m).

The Metropolitan Police Department and US Capitol Police officials used excessive force against various American citizens, including but not limited to, beating a woman identified as Rosanne Boyland over the head with a baton, including times while Ms. Boyland laid on the floor unconscious. Two other citizens were being crushed under the weight of the crowd while police attacked those attempting to render them aid.  In response to the display of excessive force and calls for help, Mr. Lang did whatever he could do to render aid, and to briefly deter officers from continuing its attack on other unarmed citizens.

Defendant Lang's Objection to Providing a Proffer Statement For his
Self Defense/ Defense of Others Claims

This Court already was presented with a Declaration of Phillip Anderson, contributing Lang as the reason Mr. Anderson is still alive to this day. Since then another individual has come out, and stated that Defendant Lang also saved his life as well, and that but for Mr. Lang's actions, he would be dead at the hands of the officer's actions on January 6th. That second individual is Thomas Tatium.

Overall, Mr. Lang was caught in a drastic situation where he is a victim of "mob mentality". And, even without an expert, one can reasonably conclude that such "mob mentality" is that one cannot go against the mob. Being caught up in such "mob mentality, Lang actually started to believe that it was "sink or swim time", and he actually believed that his own life was in danger; and then hen he witnessed others in danger, he acted, or reacted as a response to woman and big grown men being beaten right in front of Lang.

Lang reasonably believed that he was in imminent danger of harm while he attempted to and did affect the rescue of at least two other human's life. Mr. Lang was not assaulting the officers but, in the heat of the moment Mr. Lang was using justifiable force in a reasonable belief that he was protect himself against imminent harm while saving the lives of Phillip Anderson and Tommy Tatum, and attempting to save the life of Rosanne Boyland against excessive use of force actions by the officers.

Evidence supporting that the officers use of force was unreasonable where

during the incident, video shows other officers physically restraining their colleagues while they unjustifiably beat protestors just ten feet from where the alleged assault occurred.

Various officer's involved in Lang's case were using excessive force against other citizens, including but not limited to, two women being beating her over the head with a baton and closed fists. In response to the display of excessive force and calls for help, Mr. Lang did anything he could do towards the officers in order to distract him. Mr. Lang reasonably believed that more than one woman, and various others faced a present threat of death or serious injury and acted lawfully.

## II. CONCLUSION

**WHEREFORE** for these reasons, this Court should not preclude Lang from a jury instruction and ability to pursue his claims of Self-Defense and the Defense of Others for failure to present a proffer set of facts that require Mr. Lang to provide the Government a "sneak peek" at his defense. There are various alternatives to this situation, such as having Lang provide the Government with notice of any expert he plans to call as a witness on this issue. In light of this, Lang respectfully requests that this Honorable Court hold this issue in abeyance until such time as this matter gets closer to a trial.

Dated:  March 15, 2023

                          Respectfully Submitted,

                          */s/ Steven Alan Metcalf II*

                          _____
                          STEVEN A. METCALF II, ESQ.
                          Metcalf & Metcalf, P.C.
                          99 Park Avenue, 6th Flr.
                          New York, NY 10016
                          (*Office*) 646.253.0514
                          (*Fax*) 646.219.2012

Defendant Lang's Objection to Providing a Proffer Statement For his
Self Defense/ Defense of Others Claims

## CERTIFICATE OF SERVICE

I hereby certify on the 17th day of March 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Steven A. Metcalf, Esq.
Steven A. Metcalf, Esq.
