UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Case Number 1:21-cr-00053-CJN |
| **EDWARD JACOB LANG,** : | |
| : | |
| **Defendant.** : | |

## UNITED STATES' MOTION TO AMEND REVISED SCHEDULING ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to amend its Revised Scheduling Order, ECF 90, in light of an anticipated motion to continue from the defendant.

## RELEVANT PROCEDURAL HISTORY

Federal agents arrested defendant Lang on January 16, 2021 for his role in the January 6, 2021 attack on the United States Capitol. A superseding indictment, ECF 80, charges Lang with serious felonies, including several assaults on federal officers.[1] This Court has set Lang's trial for May 30, 2023 and entered a scheduling order specifying certain pre-trial deadlines, including the filing of a Joint Pretrial Statement ("JPS"). ECF 90. The current deadline for filing the JPS is April 28, 2023. February 24, 2023 Minute Order.

---

[1] The charges include Assaulting, Resisting, or Impeding Certain Officers with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 111(a) and (b); Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of Title 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of Title 18 U.S.C. § 1752(a)(4) and (b)(1)(A); Disorderly Conduct in a Capitol Building, in violation of Title 40 U.S.C. § 5104(e)(2)(D); Physical Violence in the Capitol Grounds or Buildings, in violation of Title 40 U.S.C. § 5104(e)(2)(F).

Since December 19, 2022, counsel for Lang has been in trial in *United States v. Nordean, et al.*, No. 21-cr-175 (TJK) (*see* December 19, 2022 Minute Order). During earlier proceedings, Lang's counsel had stated his belief that he would need to postpone the May 30 trial date. In response to an inquiry, defense counsel informed chambers on April 6, 2023 that he "must move to continue this trial date." The prosecution was able to reach defense counsel on April 15, 2023; defense counsel confirmed that he needed to seek a continuance of the trial date in this case but was unable to suggest alternate dates. On April 17, 2023, in response to a renewed inquiry, defense counsel informed chambers that he still intended to ask for a continuance and would file a motion seeking one as soon as possible. To date, the motion to continue has not been filed. Closing arguments in the *Nordean* trial began on April 24, 2023.

The JPS this Court has ordered requires the parties to: identify proposed voir dire questions and to specify which questions any party agrees with or objects to with grounds for any objection; submit proposed jury instructions that indicate any party's agreement with or objection to each proposed instruction; to identify witnesses, and to file exhibit lists.

## ARGUMENT

While the *Nordean* trial has been underway, government counsel have had only limited opportunity to confer with defense counsel; exchanges have been brief and limited to scheduling questions and one request for the prosecution to reproduce certain discovery materials. The parties have not been able to confer in a meaningful way about voir dire, jury instructions, or exhibits while defense counsel has been involved in *Nordean* trial. The United States anticipates that it will not be able to submit a JPS by April 28, 2023 that is based on any meaningful discussion with opposing counsel.

The prosecution has no reason to doubt that defense counsel intends to seek a continuance

of the trial date; counsel has represented as much to government counsel, to chambers, and to this Court. Accordingly, some postponement of the April 28 deadline appears to be practical. If this Court is inclined to grant the continuance that defense counsel represents he will seek, the JPS can be submitted on a date consistent with any new trial setting; if the Court is not so inclined, even an additional week's delay may allow the parties to confer and file a JPS that better informs the Court of the parties' positions on voir dire and jury instructions.

WHEREFORE, the United States respectfully moves this Court to order the defense to file any motion to continue by Wednesday, April 26, 2023, and to relieve the United States of its obligation to file a JPS by April 28, 2023 the Court rules on the defendant's motion

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:   *s/Karen Rochlin*
Karen Rochlin
Assistant United States Attorney Detailee
DC Bar No. 394447
99 N.E. 4th Street
Miami, Florida 33132
(786) 972-9045
Karen.Rochlin@usdoj.gov

Craig Estes
Assistant U.S. Attorney Detailee
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-3100
Email: craig.estes@usdoj.gov

3