IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *v.* | ) No. 21-CR-53 (CJN) |
| | ) |
| EDWARD JACOB LANG, | ) |
| | ) |
| *Defendant.* | ) |

**DEFENDANT LANG'S MOTION FOR A HYBRID DEFENSE**

    Defendant, Edward Jacob Lang, by and through his undersigned attorney, respectfully files this motion *for a hybrid defense* in advance of the trial in this case.

    Edward Lang offers the authorities and analysis below to promote efficiency and reduce the need to argue objections mid-trial. For this motion herein, Lang asks that the Court grant the requested relief or, if the Court reserves ruling, to consider the below arguments when the relevant issues arise during trial. Edward Jacob Lang, through undersigned counsel, hereby moves, pursuant to 28 U.S.C. § 1654 and the Sixth Amendment to the United States Constitution, to be represented by both himself and counsel in this instant proceedings, especially during his upcoming trial.

    The Sixth Amendment provides in relevant part that "In all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." U.S.C.A. CONST. AMENDS. 6, 14. The accused also possesses the logical, reciprocal right under the Constitution and federal law to represent himself. Here, Mr. Lang has an absolute constitutional right to manage his own defense. We Respectfully request that Mr. Lang be able to do just that, manage his own defense.

### I.    SUMMARY OF ARGUMENT

The United States Supreme Court, in recognizing the right to self-representation, reasoned, "the Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819 (1975). Powerfully, the *Faretta* Court highlighted that even though an accused "may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the life blood of the law.' ". KELLY RONDINELLI, *In Defense of Hybrid Representation: The Sword to Wield and the Shield to Protect*, William & Mary Bill of Rights Journal, Vol. 27, Issue 4, at p. 1317, FN. 49 (May 2019)(*citing Faretta*, 422 U.S. at 834)).

Herein, Mr. Lang asserts his right to make crucial decision pertaining to his entire defense, and seeks to maintain the "assistance" of counsel. In such a hybrid decision, Mr. Lang can delegate amongst himself and his co-counsels, which individual conducts and addresses certain arguments to the Court, and then on a trial level, which individual handles the opening statement, closing argument and certain witness examinations.

Courts often refer to a defendant participating in his own defense as co-counsel with his attorneys as "hybrid representation." Such an arrangement is permissible and within the discretion of the District Court. *United States v. Sitzmann*, 826 F.Supp.2d 73, 88 (D.C. Cir. 2011). Although it is entirely permissible and logical, courts have yet to make a landmark decision recognizing a defendant's right to both represent himself and have "assistance" of counsel. *Id.; United States v. Sanders*, 778 F.3d 1042, 1046 (D.C. Cir. 2015). Given in the very name itself, 'counsel' is defined as adequate legal assistance under the Sixth Amendment and the Supreme Court's holdings in *Faretta* and *McKaskle* – to one's own defense. *See Faretta v. California*, 422 U.S. 806 (1975);

*McKaskle v. Wiggins*, 466 U.S. 168 (1983). This is exactly what Mr. Lang seeks, to be assisted by his legal counsel while also exercising his autonomy to maintain his own defense.

The Court in *McKaskle* concluded that a defendant's right to represent himself under *Faretta* is not abrogated by the appointment and participation of standby counsel. The *McKaskle* Court noted:

> The right to appear *pro se* exists to affirm the dignity and autonomy of the accused and to allow the presentation of what may, at least occasionally, be the accused's best possible defense. Both of these objectives can be achieved without categorically silencing standby counsel. In determining whether a defendant's *Faretta* rights have been respected, the primary focus must be on whether the defendant had a fair chance to present his case in his own way.

466 U.S. at 177.

It further articulated two limits to standby counsel: (1) the "defendant is entitled to preserve actual control over the case he chooses to present to the jury" and (2) "participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Id.* at 178.

Several appellate and district courts have considered a passage from the *McKaskle* decision to establish a categorical rule that a defendant does not have a right to hybrid representation:

> *Faretta* does not require a trial judge to permit 'hybrid' representation of the type Wiggins was actually allowed…A defendant does not have a constitutional right to choreograph special appearances by counsel. Once a *pro se* defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced.

*Id.* at 183.

Simply stated, as Mr. Lang intends, the case law allows and leaves the door open for Mr. Lang to manage his own defense, afforded to him under *Faretta*. On one hand, *McKaskle* tempers that right by allowing courts to appoint standby counsel. On the other hand, and in this case, Mr. Lang is not seeking standby counsel, but co-counsels, which is well within his rights under the Sixth Amendment as held in *Faretta* to manage his own defense. He is unambiguously requesting to give the opening statement and closing argument, to conduct certain witness examinations and to address this Court in legal arguments. Affording Mr. Lang this right, also guarantees that co-counsels conduct specific portions of these activities according to Mr. Lang's dynamic defense strategy.

The defense guaranteed to a defendant by the Constitution is "his defense." *Faretta*, 422 U.S. at 821. The aforementioned division of trial activities formulates and describes Mr. Lang's defense. For that reason, the Court should grant his motion.

## II. LEGAL STANDARD

While ordinarily when thinking of the Sixth and Fourteenth Amendment guarantees, one may think of the right to assistance of counsel, the Sixth Amendment does not only provide that a defendant is entitled to an attorney or a defense, but that the accused is guaranteed the right to *personally* make their own defense; whether it be self-representation or any contamination thereof. U.S.C.A. CONST. AMENDS. 6, 14. *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). Additionally, a defendant has a Sixth Amendment constitutional right to conduct his own defense, if he *knowingly* and *intelligently forgoes* his right to counsel and is able and willing to abide by rules of procedure and courtroom protocol. U.S.C.A. CONST.AMEND. 6.

However, though a defendant may choose to self-represent this does not bar assistance or collaboration from attorneys. The "counsel clause" of Sixth Amendment implies the right in an

accused to conduct his "own defense", *with* "assistance" at his trial. U.S.C.A. CONST. AMEND. 6; *McKaskle v. Wiggins*, 465 U.S. 168, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984). Therefore, a defendant's right to self-representation does not in effect trade in his right to "assistance" by attorneys – and in certain circumstances, such as here – may be necessary. *McKaskle v. Wiggins*, 465 U.S. 168, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984).

### III.   LAW AND ARGUMENT

#### EDWARD JACOB LANG HAS AN ABSOLUTE CONSTITUTIONAL RIGHT TO A HYBRID DEFENSE

As highlighted above, the "counsel clause" of the Sixth Amendment implies the right in defendant to conduct his own defense, *with* assistance at his trial. U.S.C.A. CONST. AMEND. 6; *McKaskle v. Wiggins*, 465 U.S. 168, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984).

In this case, Mr. Lang is requesting just that – to conduct his own defense, with assistance of his attorney, at his trial. While a hybrid defense is not as common as having an "attorney only" representation, or *pro se* representation, such requested representation is still afforded to all accused of committing a crime where their freedom is at jeopardy. In fact, the hybrid defense alleviates a lot of concerns and frustration with *pro se* representation, being that an attorney will work alongside the defendant. While *pro se* representation has many problems such as the defendant not knowing the complexities of practicing law, the court rules, or the functionality of a court room, the hybrid defense method seems to be a valid solution.

It must be stressed here, that the request sought herein in putting forward a hybrid defense is not necessarily the equivalent of a waiver of counsel in the traditional sense. Rather, Mr. Lang seeks to put forward his own defense, assist in such defense, while also maintaining his right to

counsel. In doing so, he understands that he must abide by rules of procedure and courtroom protocol. *Hill v. United States*, 959 A.2d 702 (D.C. 2008); U.S.C.A. CONST.AMEND. 6.

Hybrid representation has developed as a means of addressing the problems associated with *pro se* defendants. Further, hybrid representation allows a defendant to direct the course of his defense and to participate in the trial while retaining the ability to resort to the use of counsel when necessary and appropriate. Essentially, hybrid representation creates a co-counsel between the attorney and the *pro se* defendant. In this case, it would be between Mr. Lang and his co-counsel. Thus, the attorneys will continue to represent Mr. Lang zealously, but he will also represent himself, simultaneously.

It is undisputed that the ultimate decision concerning whether to allow such an arrangement is within the discretion of the presiding judge. As highlighted in *Faretta*, the roots of the right to self-representation date back to English common law. KELLY RONDINELLI, *In Defense of Hybrid Representation: The Sword to Wield and the Shield to Protect*, William & Mary Bill of Rights Journal, Vol. 27, Issue 4, at p. 1317, FN. 43 (May 2019)(*citing Faretta*, 422 U.S. at 821)).

As guidance, the rules the *Faretta* Court found are, first: counsel could not be forced upon a defendant who wanted to self-represent. *Id.* at FN. 45 (*citing Faretta*, 422 U.S. at 820). In doing so, a court would violate the language of the Sixth Amendment, particularly in its use of the word "assistance."[1] The majority in *Faretta* supported its holding in referencing the fundamental notions of freedom and personal choice. *Id.* at FN. 47 (*citing Faretta*, 422 U.S. at 834).

---

[1] *Id.* ("The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment.").

*Faretta* noted that because it was the defendant who would bear the "personal consequences of a conviction," it was his choice to determine whether being self-represented with also the "assistance" of counsel was advantageous. *Id.* at FN. 48 (*citing Faretta*, 422 U.S. at 834). It must be noted that the *Faretta* decision was not unanimous.[2] But, the holding in *Faretta*, again, stands for the premise that the defense guaranteed to an accused under the Constitution is "his defense." *Faretta*, 422 U.S. at 821. The aforementioned division of trial activities is Mr. Lang's defense. For that reason, the Court should grant his motion.

Simply stated, *Faretta* allows and leaves the door open for Mr. Lang to represent himself, while also having the assistance of his "co-counsel" ready, and able at all times. *McKaskle* addresses a situation where a defendant's right to represent himself could be tempered by a court deeming it necessary to appoint standby counsel. *McKaskle v. Wiggins*, 466 U.S. 168 (1983). In the present case, Mr. Lang is not seeking standby counsel, and is instead seeking to be deemed as "co-counsel", an equally active member to his defense, under the Sixth Amendment and as held in *Faretta.* Again, Mr. Lang is unambiguously requesting to give the opening statement and closing argument, to conduct certain witness examinations and to address this Court in legal arguments, while expressly designating that co-counsels do a portion of these and other other activities.

The aforementioned division of trial activities is Mr. Lang's defense. For that reason, the Court should grant his motion.

---

[2] Chief Justice Burger dissented alongside Justices Blackmun and Rehnquist.

## IV.    CONCLUSION

**WHEREFORE**, Mr. Lang requests that the Court allow Mr. Lang to aid in his own defense through the hybrid defense, alongside his retained attorneys.

Dated: June 26, 2023

                Respectfully Submitted,

*/s/ Steven Alan Metcalf II*

STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, 6th Flr.
New York, NY 10016
(*Office*) 646.253.0514
(*Fax*) 646.219.2012


*/s/ Norman Pattis*

NORM PATTIS, ESQ.
Pattis & Smith, LLC
383 Orange St., First Floor
New Haven, CT 06511
(*Ph*) 203.393.3017
(*fax*) 203. 393.9745


### CERTIFICATE OF SERVICE

I hereby certify on the 28th day of June 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Steven A. Metcalf, Esq
Steven A. Metcalf, Esq.