## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *v.* ) | No. 21-CR-53 (CJN) |
| ) | |
| EDWARD JACOB LANG, ) | |
| ) | |
| *Defendant.* ) | |
| _____ ) | |

## LANG'S EMERGENCY MOTION FOR A PHONE CONFERENCE REGARDING EXTENDED COMPUTER TIME AND ACCESS TO DISCOVERY

Now comes EDWARD JACOB LANG, by and through his undersigned counsel, and moves this Court to allow for extended access to a computer so that he can access two hard drives (hereafter "drives") containing his discovery, which have taken months to put on to such drives, in an organized fashion. The instant application is made because of the following:

(1)   Lang has had little to no access to a computer which hinders his ability to view and review his discovery;

(2)   Lang's current position continues to deny his Sixth Amendment right to participate in and conduct his own defense; especially when within the last week,

(3)   Mr. Lang has had access to a computer, but such rights will only be for two weeks; and

(4)     On July 30, 2023, an organized-detailed hard drive was sent to the CTF facility and received on August 1, 2023, and despite this transfer being discussed and agreed to – CTF returned the hard drive, where the whereabouts of such drive are currently unknown to the defense team, thus further delaying Lang's access to his discovery.

In addressing the DC Jail refusing to accept this devise, first, it must be noted that the undersigned, for months, discussed the details with Officer Washington (one of, if not the only officer who can accept a hard drive and have such delivered to an individual at the DC Jail). Second, the undersigned fully addressed how to get this devise to Officer Washington, without there being an issue – and of course there was an issue. Lastly, such devise took months and countless hours to put together.

Now the devise remains in limbo, and such location remains unknown to Lang's defense team.

As argued to this Court in the past, Lang has a Sixth Amendment right to participate in, and, indeed, conduct—his own defense. *McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984) (highlighting "Counsel Clause" of the Sixth Amendment "implies a right in the defendant to conduct his own defense, with assistance at what, after all, is his, not counsel's trial."); *See also Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983) (recognizing that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, such as to whether to plead guilty, waive

a jury, testify in his or her own behalf, or take an appeal") (*citing Wainwright v. Sykes*, 433 U.S. 72, 93 n. 1, 97 S.Ct. 2497, 2509 n. 1, 53 L.Ed.2d 594 (1977) (BURGER, C.J., concurring); ABA STANDARDS FOR CRIMINAL JUSTICE 4–5.2, 21–2.2 (2d ed. 1980)).

Other United States Supreme Court cases have taken this concept even further in explaining "we have held that, with some limitations, a defendant may elect to act as his or her own advocate." *Id.* (*citing Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1974) (stating that the Sixth Amendment "does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense").

Thus, Lang's inability or the limited ability to access trial materials constitutes a Sixth Amendment violation. *United States v. Darden*, 2017 U.S. Dist. LEXIS 137942, at 6 (M.D. Tenn. Aug. 28, 2017) (holding that defendant's inability to access discovery in jail, if uncorrected, would create Sixth Amendment problem).

In particular, Lang needs to be a more active member in his own defense under the Sixth Amendment, which cannot be stressed enough.[1]

---

[1] Mr. Lang needs to be able to assist in his defense obtaining all his trial witnesses and trial exhibits; not to mention he must be a more active participate in reviewing his discovery as to assist his defense in conducting theories for his defense and cross examination questioning, such examples do not include his ability to frame a complete defense. Additionally, Lang wishes to testify on his own behalf at his trial, and such pretrial measures need to be taken seriously and take time to prefect. Lang is in a unique position to substantially assist in each of these factors, which are examples and an non-exhaustive list of him being an asset to his own defense.

For the aforementioned reasons, this Court should allow for an emergency telephone conference to discuss extending Mr. Lang's computer time and access to all discovery.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, he respectfully requests that this Honorable Court order he be granted extended computer time and access to all discovery.

Dated:  August 2, 2023

Respectfully Submitted,

*/s/ Steven Alan Metcalf II*

_____

STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, 6ᵗʰ Flr.
New York, NY 10016
(*Office*) 646.253.0514
(*Fax*) 646.219.2012

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for all parties to this proceeding as identified below through the court's electronic filing system as follows:

/s/

_____

STEVEN A. METCALF II
*Attorney for Edward Jacob Lang*

Dated: 08/02/2023