**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Criminal No. 21-CR-53 (CJN)** |
| | : | |
| | : | |
| **EDWARD JACOB LANG,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANT LANG'S EMERGENCY MOTION FOR A PHONE CONFERENCE REGARDING EXTENDED COMPUTER TIME AND ACCESS TO DISCOVERY AND HIS MOTION TO RENEW AND RECONSIDER HIS REQUEST FOR IMMEDIATE TEMPORARY RELEASE ON AN EXPEDITED BASIS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this consolidated response, pursuant to this Court's August 23, 2023 Minute Order, in opposition to motions from defendant Edward Jacob Lang consisting of 1) his Emergency Motion For A Phone Conference Regarding Extended Computer Time And Access To Discovery, ECF 114 ("the Discovery Motion"), and 2) his Motion To Renew And Reconsider His Motion And Request For Immediate Temporary Release On An Expedited Basis, ECF 115, ("the Renewed Motion"). This Court should deny the Discovery Motion because a) it does not involve an emergency, b) its principal allegation is moot, and c) its request for "extended computer time" lacks sufficient factual support and is otherwise unripe. Likewise, this Court should deny the Renewed Motion because Lang's arguments in support a) have already been rejected by this Court and the Court of Appeals for the District of Columbia Circuit, b) fail to establish factual or legal grounds for relief, and/or c) are factually inaccurate.

Although Lang demands relief based on recycled assertions that his pretrial detention supposedly precludes access to counsel and trial preparation, he has in fact misused resources made available for confidential attorney-client communications to speak with members of the media and others with no apparent connection to his criminal case.    Accordingly, and as explained in further detail below, neither motion merits relief.

## I.       This Court Should Deny The Discovery Motion

Lang alleges that on July 30, 2023, defense counsel sent a hard drive with discovery material to the District of Columbia Department of Corrections (DOC) facility where he is currently detained and that on August 1, 2023, the DOC rejected the package with the hard drive despite counsel's efforts to comply with DOC requirements and instructions from its personnel. ECF 114 at 2. Lang further alleged that as of the filing of the Discovery Motion, the hard drive's location remained unknown.

The Discovery Motion was filed on August 3, 2023. On August 4, 2023, the United States learned from defense counsel that the hard drive had been delivered back to the defense. In response to a request from the prosecution, on August 4, 2023, defense counsel provided a screen shot of tracking information for the discovery package through August 1, 2023, which revealed that the defense used United Parcel Services (UPS) to deliver the package.

DOC "shall only accept letters and approved publications mailed to inmates via the US Postal Service."  DOC Policy and Procedure, Inmate Correspondence and Incoming Publications, No. 4070.4G at p. 6.[1] The Declaration attached as an exhibit to this response further confirms that

---

[1] This policy is publicly available at:
https://doc.dc.gov/sites/default/files/dc/sites/doc/publication/attachments/PP%204070.4G%20Inmate%20Correspondence%20and%20Incoming%20Publications%2012-16-15_0.pdf (last checked August 8, 2023).

the DOC does not accept deliveries from UPS or Federal Express; it does, however, accept deliveries from the United States Postal Service (USPS). The DOC's Litigation Support Unit Legal Instruments Examiner identified in the Discovery Motion additionally confirms that she would not instruct an attorney to send a package by UPS, and recalls only instructing any attorney to use USPS. On August 4, 2023, the prosecution informed defense counsel by text message and electronic mail that the DOC will not accept UPS deliveries but will accept delivery by U.S. mail. Counsel can accordingly choose to resend, and rectify the return of, the hard drive forthwith.

In the past, counsel has successfully delivered a hard drive to Lang, *see* attached Declaration, and Lang concedes that he "has had access to a computer." ECF 114 at 2. Lang nevertheless objects to the DOC's practice of rotating discovery laptops for two-week periods (or longer, if other detainees are not also waiting for the laptops). Although the Discovery Motion states Lang's objection, it provides no factual basis for the objection. It does not document any effort by Lang to obtain a laptop and does not explain how or why the two-week (or potentially longer) laptop rotation is inadequate, especially when coupled with other options the DOC provides, including in-person review of electronic discovery with defense counsel or review of discovery during video conferences. Additionally, Lang's objection is not that he cannot access discovery; instead, his complaint is that he cannot review discovery in the way that he wants. The DOC has provided Lang with several options for discovery review, including the use of a laptop shared on rotation, in-person review with counsel, review during video teleconferences, or review of printed material.

The Discovery Motion similarly fails to offer adequate legal support. The only case it cites addressing a discovery dispute is an unpublished, out-of-district, non-binding decision about the adequacy of a government request for a protective order under Fed.R.Crim.P. 16(d). *See United*

*States v. Darden*, No. 3:17-cr-00124, 2017 WL 3700340 (M.D. Tenn. Aug. 28, 2017). Lang cites *Darden* for the proposition that a defendant's inability to access discovery in jail, if uncorrected, would create a Sixth Amendment problem; however, *Darden* itself does not say this. That case addressed a protective order creating a total ban on the defendants' ability to possess *any* discovery material, a situation that is not present in this case. Moreover, Lang's currently alleged failure to receive a hard drive has not resulted from DOC or other governmental interference. Instead, it stems from the defense's own error when attempting to comply with DOC requirements. The Discovery Motion does not show the DOC's policies for reviewing discovery fail when they are followed properly. Because Lang's complaints with discovery arise from the defense's own, self-correctable error, Lang once again does not establish an issue with DOC that is ripe for review. *See* Transcript of Arraignment/Status Conf./Motion Hearing, *United States v. Lang*, 21-cr-53-CJN (D.D.C. Sept. 21, 2021) ("Tr.") at 79 ("it seems right now we have, essentially, an unripe dispute because defense counsel has not attempted to work under the currently operating policy"). The concerns in *Darden* are not applicable here.

The Discovery Motion emphasizes Lang's stated desire to participate in his own defense. He may certainly do so to the same extent as any other represented defendant. *See, e.g.*, ECF 113 at 5-7 (opposition to defendant's motion for hybrid representation and cases cited therein, distinguishing role of represented defendants from the control afforded to *pro se* defendants). As the United States has noted in its earlier filing, *id*. at 7, a defendant like Lang who invokes the right to counsel and is represented (here, by two retained attorneys), delegates certain responsibilities to his lawyers. *United States v. Reynoso*, 38 F.4th 1083, 1095 (D.C. Cir. 2022). Courts have further recognized that part of this delegation includes the review and screening of discovery material; courts are not required to ensure that defendants with counsel review all discovery material the

4

government produces. *United States v. Celis,* 608 F.3d 818, 840-41 (D.C. Cir. 2010) (rejecting argument that it was necessary to translate all discovery material for represented defendant who was detained and did not speak English); *Carillo v. United States,* 995 F.Supp. 587, 591 (D.V.I. 1998) ("[T]here is no constitutional duty to share discovery documents with petitioner. Petitioner cites no case law for this proposition, and this court finds none"); *United States v. Ingram*, No. 3:19CR113-MCR, 2021 WL 4134828, at *3 (N.D. Fla. Sept. 10, 2021) (professional obligations of defense counsel did not mandate that defendant see every item of available discovery material and court was not aware of any such constitutional requirement); *United States v. Thompson*, No. 2:10-CR-200-DBH, 2013 WL 1809659, at *6–7 (D. Me. Apr. 29, 2013) (rejecting argument that defendant needed to personally review discovery in order to enter valid plea because Courts appoint lawyers for defendants in criminal cases so that the lawyers can do the legwork in preparing for trial and give sound advice about whether a defendant should go to trial or plead guilty), *aff'd*, 851 F.3d 129 (1st Cir. 2017); *United States v. Stork*, No. 3:10-CR-132 JD, 2014 WL 1766955, at *7 (N.D. Ind. May 1, 2014) (a defendant represented by counsel does not have a right under either the Constitution or the Federal Rules of Criminal Procedure to be provided with discovery personally) (collecting cases); *United States v. Neff*, No. 3:11-CR-0152-L, 2013 WL 30650, at *6 (N.D. Tex. Jan. 3, 2013) ("Contrary to what Defendant contends, he does not have a constitutional right to a personal laptop to help his attorney prepare his defense. Defendant is represented by counsel, who does not have any limitations on computer access or usage"), *aff'd,* 544 F. App'x 274 (5th Cir. 2013); *cf. United States v. Faulkner*, No. 3:09-CR-249-D(02), 2011 WL 3962513, at *4 (N.D. Tex. Sept. 8, 2011) (denying motion to continue trial because detained but represented defendant had not completed review of digital discovery); *see also United States v. Deering*, 179 F.2d 592, 596 (8th Cir. 1999) (holding district court did not

abuse its discretion in failing to permit a defendant the right to personally inspect the government's "open file" and instead permitting his stand-by counsel to do so).

Lang may have a meaningful and substantial role in his own defense, just as other January 6 defendants or detained defendants generally participate in their own defense. Not all federal detention facilities accommodate detainees by providing laptops, yet such defendants nevertheless receive process and review discovery consistent with Sixth Amendment protections. Moreover, Lang himself has chosen to make his own access to discovery more difficult by refusing to acknowledge, and even disputing, the protective order this Court has issued regulating the use of discovery material, a posture which can hardly make it easier for his counsel to provide access to discovery material. He has previously abused the resources made available for confidential meetings with his counsel that would also facilitate review of discovery. ECF 92-1 (Declaration of Jennifer Knepper). Thus, Lang's complaints with discovery arise from his own choices rather than any institutional failure.

In sum, the Discovery Motion's objection regarding the return of a hard drive has resulted from the defense's own actions, and involves circumstances which the defense can easily and speedily rectify. The Discovery Motion fails to establish a lack of access to discovery or any factual or legal grounds for any Sixth Amendment claim. Accordingly, the motion should be denied and this Court should decline to consider the motion as one that merits emergency or any other form of relief.

## II.    The Renewed Motion Should Be Denied.

### A.  Background

Lang has received numerous opportunities to litigate his detention pending trial. He was initially detained following a hearing in the Southern District of New York before Magistrate

Judge Andrew E. Krause. ECF 27 at 7. Lang made his first appearance in this district on February 9, 2021, where, without objection, Magistrate Judge Zia M. Faruqui ordered his detention. February 9, 2021 Minute Order. Lang subsequently moved for release into the High Intensity Supervision Program with GPS monitoring, ECF No. 29, complaining among other matters about access to discovery and to counsel, and attacking the basis for his detention. This Court denied the motion. Tr. at 71; September 20, 2021 Minute Order.

Lang appealed this Court's denial of his motion for pretrial release. *See United States v. Lang*, No. 21-3066 (D.C. Cir.). Among other things, Lang argued that the conditions at the D.C. Jail, and his inability to access discovery and meet with his lawyers there justified his pretrial release. Memorandum of Law and Fact on Behalf of Defendant-Appellant, Edward Jacob Lang, *United States v. Lang*, No. 21-3066 (D.C. Cir.) at 12-17. On January 12, 2022, the D.C. Circuit affirmed this Court's order denying Lang's motion for pretrial release in a per curiam judgment. ECF 52-1. With respect to the basis for detention, the judgment stated:

> The evidence proffered by the government shows that, over the course of two and a half hours on January 6, 2021, appellant repeatedly pushed, punched, and kicked at police officers defending the Lower West Terrace entrance to the Capitol building. He also slammed a door against one officer's head and struck other officers first with a stolen riot shield and later with a metal baseball bat. As we explained in <u>Munchel</u>, "those who actually assaulted police officers . . . are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." <u>Munchel</u>, 991 F.3d at 1284. After January 6, appellant boasted about his conduct, advocated taking up arms against the government and attempted to organize militias for future acts of violence.

*Id*. The court of appeals also rejected Lang's arguments for release that were based on his purported inability to access discovery or communicate with counsel, writing that:

> [Lang] also argues that conditions at the D.C. Jail—specifically, his alleged inability to communicate confidentially with counsel and review discovery— should have warranted pretrial release. [Lang] relies primarily on the proposed Federal Bail Reform Act of 2020, which would have amended 18 U.S.C. § 3142 to provide that district courts deciding whether a defendant is a danger to others must

consider, among other things, "the conditions of confinement, including . . . the person's ability to privately consult with counsel and meaningfully prepare a defense." H.R. 9065, 116th Cong., § 2 (2020). However, [Lang] concedes that the Federal Bail Reform Act of 2020 was not enacted into law. And as the Supreme Court has opined, "[o]ur charge is to give effect to the law Congress enacted." *Lewis v. Chicago*, 560 U.S. 205, 217 (2010).

*Id*. at 2.

Lang repeated claims about his alleged inability to access discovery and communicate with counsel in a motion to dismiss the superseding indictment. ECF 69, 69-1. This Court denied that motion. ECF 97. While the motion to dismiss was pending, Lang also filed his "First" motion asking this Court to reconsider the detention order and to provide relief in the form of temporary release under 18 U.S.C. § 3142(i). Lang attempted to justify his temporary release by: 1) challenging the factual basis for his detention, *see, e.g.,* ECF 91 at 3-4; 2) arguing that he could not, for various reasons including a lack of access to discovery, prepare a defense while detained, ECF 91 at 2, 6, 8, 13-16; 3) asserting that with respect to is defense, he wanted "to be hands on," ECF 91 at 2, 9; 4) arguing the length of his detention supposedly warranted release on due process grounds, ECF 91:9, 14-15, 17-22; and 5) objecting that other January 6 defendants had been released, ECF 91 at 22-23. To show grounds for relief, Lang also sought to incorporate the contents of his motion to dismiss, ECF 69, 69-1, and his reply, ECF 78, to the government's response in opposition to the motion to dismiss. This Court also denied Lang's motion for reconsideration of detention and temporary release under Section 3142(i), and rejected his application for an order requiring the detention facility to provide him with a laptop. ECF 97.

In the Renewed Motion, Lang seeks reconsideration of this Court's order denying his temporary release, once again claiming a lack of access to discovery and protesting the length of his anticipated detention, a period which has not increased or changed since the filing and this Court's denial of his last motion. Lang also argues that he wants to participate in his own defense

and that defendants facing similar charges have been released, protesting that such unrelated decisions warrant his own release. The Renewed Motion, however, fails to state proper grounds for reconsidering a detention hearing.  Substantively, its  new assertions concerning access to discovery are inaccurate; this Court has already ruled that the unchanged length of Lang's detention does not support relief; and Lang fails to show the relevance or the timeliness of his arguments concerning decisions in unrelated cases or his desire to participate in in his defense.  As explained below, the Renewed Motion should be denied.

B.  The Renewed Motion Does Not Support Reconsideration

Although the Federal Rules of Criminal Procedure do not address motions for reconsideration, judges in this district have permitted the use of such motions according to the same standards that apply in civil cases.  *E.g.*, *United States v. Sutton*, 21-cr-0958 (PLF), 2022 WL 17572835 at * 1 (D.D.C. Dec. 7, 2022).  A motion for reconsideration should not be used as an opportunity to relitigate previously ruled upon issues, including arguments that could have been, but were not, raised previously and arguments that the court has already rejected.  *Id*. (internal quotation and citations omitted).  The moving party bears the burden of demonstrating that reconsideration is appropriate, *id*., or in other words, whether reconsideration is "as justice requires." *United States v. Sunia*, 643 F.Supp. 2d 51, 60 (D.D.C. 2009).

A determination that "justice requires" reconsideration depends on whether a court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or whether a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court.  *Sutton*, 2022 WL 17572835 at * 1 (cleaned up) (citing *United States v. Hassanshahi*, 145 F.Supp. 3d 75, 80 (D.D.C. 2015).  Reconsideration is not available in a criminal case to proffer

evidence which was available when the motion decided adversely to the movant was filed but for unexplained reasons, was not proffered at that time. *United States v. Bloch*, 794 F.Supp.2d 15, 20 (D.D.C. 2011).  Evaluation of such a motion proceeds "subject to the caveat that, where litigants have once battled for the Court's decision, they should not, without good reason, be permitted to battle for it again." *Id*. (cleaned up; internal quotations and citations omitted).

Lang fails to establish grounds for reconsideration.  With perhaps one exception,[2] his motion contains a litany of arguments already and unsuccessfully presented to this Court, such as his lack of access to paperwork, and discovery material, ECF 115 at 1, 6, 7 (compare ECF 91 at 2, 6, 8, 13-16), his desire to assist in his defense, ECF 115 at 2-3, 8 (compare ECF 91 at  2, 9,) his transfers to or from various institutions, ECF 115 at 1, 7, 15 (compare ECF 91 at 1, 2, 6, 12),  the length of his detention, ECF 115 at 2, 15, (compare ECF 91 at 3-4, 9, 14-15, 17-22), the release of other Capitol riot defendants, ECF 115 at 8-12, (compare ECF 91 at 22-23), and Bail Reform Act factors this Court has considered and ruled upon, ECF 115 at 12-13, 16.  With all of these arguments, Lang seeks to relitigate arguments this Court has previously addressed.  He makes no reference to any factor supporting reconsideration, nor does he claim this Court at any stage of this case patently misunderstood the parties, made decisions beyond the adversarial issues presented, or failed to consider controlling decisions or data.  He identifies no controlling or significant change in applicable law or facts since this Court ruled on his earlier release motion.  Thus, none of the arguments listed above merit reconsideration.

Lang's attempt at comparison with other cases similarly fails to justify reconsideration. ECF 115 at 8-12.  Lang attaches 18 exhibits to his motion consisting of paperwork, orders, and

---

[2] That single exception is Lang's claim about the undelivered hard drive sent on July 30, 2023; however, as explained above, the delivery failed because of defense error and thus, this fact does not support relief in un either the Discovery Motion or the Renewed Motion.

transcripts from other Capitol riot cases. ECF 115-1 through 115-18. Each of these documents contain signatures or filing dates from 2021. All of the exhibits existed long before Lang's previous motion for temporary release, ECF 91, which he filed on December 16, 2022. The Renewed Motion offers no justification for the absence of these exhibits from his earlier release motion and no explanation for their consideration at this time.

The factors that limit the availability of reconsideration are substantially similar to the standard provided in the Bail Reform Act for re-opening a detention hearing. *See* 18 U.S.C. § 3142(f) (requiring a finding that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community); *see also United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020). Whether viewed broadly as an application for reconsideration or more narrowly within the scope of Section 3142(f), the Renewed Motion fails to warrant reviving an earlier application that was previously rejected. This Court should decline to reconsider its earlier decision to deny temporary release.

C. The Renewed Motion Is Meritless

Even if this Court considers the Renewed Motion, its claims should be rejected. They do not warrant Lang's release. Lang emphasizes that he seeks "just to be heard on his Section 3142(i) claims," ECF 115 at 3, 6. That provision of the Bail Reform Act provides that after ordering a defendant's detention, a court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or other appropriate person, to the extent that the judicial officer determines such release to be necessary to the preparation of a person's defense or for another compelling reason." 18 U.S.C. § 3142(i). This provision applies in "extraordinary circumstances." *United States v. Rebollo-Andino*, 312 Fed.Appx. 346, 348 (1st Cir. 2009); *United*

11

*States v. Hill*, No. 3:17-CR-276, 2020 WL 4208936 at *2 (M.D. Pa. July 22, 2020) ("Release under § 3142(i) is intended for 'extraordinary circumstances' which are exceedingly rare") (quoting *Rebollow-Andino*); *United States v. Blue*, No. ELH-19-286, 2020 WL 60443328 at * 4 (D. Md. Oct. 9, 2020) ("courts have invoked § 3142(i) parsimoniously and for truly extraordinary circumstances"). A defendant moving under Section 3142(i) bears the burden of showing that he is entitled to relief. *United States v. Chansely*, 525 F.Supp.3d 151, 160 (D.D.C. 2021); *United States v. Riggins*, 456 F.Supp.3d 138, 149 (D.D.C. 2020).

The Renewed Motion does not identify extraordinary circumstances. The main premise of the Renewed Motion is the incorrect supposition that the DOC's alleged failure to deliver a hard drive on August 1, 2023 precludes Lang's ability to prepare his defense. But as explained above in the section addressing the Discovery Motion, Lang's premise is wrong. The hard drive with discovery did not reach Lang and was returned to his counsel because the defense erroneously chose a commercial delivery service rather than the USPS. Even if inadvertent, any failure in delivery was the defense's failure and not that of the DOC. This single error on the part of the defense does not justify the release of a defendant who repeatedly assaulted multiple police officers, including officers who were attacked after the defendant armed himself with a baseball bat, and who subsequently sought to organize militias to engage in future acts of violence. Moreover, such an error is not extraordinary and is within the power of the defense to remedy quickly. Release is not the remedy for the wrong choice of a commercial carrier; instead, resending discovery through the United States mail is.

The Renewed Motion appears to assert that Lang cannot access discovery and thus cannot prepare for trial. This is also wrong. According to the attached Declaration, Lang received a hard

drive with discovery and a laptop in November, 2021.[3]  He received a laptop and access to all of his discovery in the DOC's possession on July 25, 2023.  Lang may review discovery during in-person visits with counsel which can occur 24 hours per day, seven days per week.  He can video-conference with counsel and review discovery, and he can keep up to two banker's boxes of paper discovery.  The Renewed Motion offers no evidence or argument that such alternatives are insufficient.  Lang does not claim in the Renewed Motion that he has used available options in addition to a hard drive and laptop.  He has not supported the claims of "a complete inability to access trial materials," ECF 115 at 3.

Other evidence suggests that Lang himself has made his access to discovery more difficult. He has failed to provide a signed acknowledgement of the Protective Order regulating discovery. He has squandered opportunities while at FCI Lewisburg to meet with counsel and abused resources for communicating with counsel in order to engage in media interviews.  Apart from the single instance of an undelivered hard drive resulting from defense error, Lang does not allege that he has made any efforts to review discovery since his return to DOC and does not provide other examples of failed attempts to communicate with counsel or interference with efforts, if any, to prepare for trial.  Thus, the Renewed Motion fails to demonstrate that release to prepare for trial is necessary or appropriate.

Similarly, Lang offers no compelling legal support for temporary release.  His citation to *United States v. Persico*, 1986 WL 3793, (S.D.N.Y. Mar. 27, 1986), is inapposite.  In *Persico*, a detained defendant sought release during trial to facilitate preparation during a lengthy, multi-defendant prosecution.  His application pursuant to Section 3142(i) was denied, although the trial

---

[3] Lang remained at DOC until approximately February, 2022.  *See* ECF 69-1 at 14; ECF 92-1 at 1.  He returned to DOC custody for a status hearing before this Court in or about May, 2023.  *See* May 1, 2023 Minute Order for the parties to appear at a May 5, 2023 status conference.

judge made space annexed to the courtroom available so *Persico* could make telephone calls.  In contrast, whether proper or not, Lang has had no lack of access to telephone communication, although he has not chosen to use that access to prepare for trial.  When previously provided with approved video-teleconferencing, Lang has not used those facilities to prepare for trial or communicate with counsel, but instead has misused them to further his media contacts.  *See* ECF 92-1 at 2-4.  Neither that history nor Lang's current allegations reflect that *Persico*, a case where the trial court denied release, supports release here.

Lang's focus on rulings for other defendants is also misplaced.  When considering whether or not to release an accused defendant, a Court assesses each individual on his own record and does not make comparisons to other defendants. *United States v. Fairlamb*, 535 F.Supp. 30, 45 (D.D.C. 2021) ("The Bail Reform Act does not call for consideration of potential disparities between defendants); *United States v. Randolph*, 536 F.Supp. 3d 128, 135 (E.D. Ky. 2021) (same); *United States v. Padilla*, 538 F.Supp. 3d 32, 46 n. 7 (D.D.C. 2021) (agreeing that disparities are not part of the Bail Reform Act analysis); *United States v. Brown*, 2013 WL 5439716 at *3 (W.D.N.Y. Sept. 27, 2013); *United States v. Duncan*, 897 F.Supp. 688, 691 (N.D.N.Y. 1995) ("the Court gives no weight to the fact that a co-defendant was released on bail, since the determination as to bail for that defendant was based upon independent factors not before the Court").

Moreover, even if the opposite were true, Lang merely lists cases and provides outcomes, but fails to show that the defendants he references are valid comparators.  Where the exhibits to the Renewed Motion offer some degree of insight, it appears that they are not.  For example, the Renewed Motion provides material concerning a January 6 defendant named Luke Coffee.  ECF 115-4, 115-5.  Although Coffee, like Lang, was charged with assault in violation of 18 U.S.C. §

111(b), unlike Lang, it appears Coffee did not cause bodily injury.  ECF 115-4 at p. 6, 57-58.[4]
Unlike Lang, Coffee turned himself in and remained in fairly constant contact with the FBI, a
factor the court found weighed against dangerousness.  115-4 at 61-62.  Thus, the release of
defendant Coffee fails to support Lang's demand for release should the Court consider it.

Lang also attaches the decision in *United States v. Cua*, No. 21-cr-107 (RDM), 2021 WL
918255 (D.D.C. Mar. 10, 2021).  ECF 115-18.  Although Cua carried a baton as he breached the
Capitol on January 6, 2021, unlike Lang he injured no one.  ECF 115-18 at 2.   The Court found
the question of Cua's dangerousness to be a difficult one, but also considered the risk of danger
was mitigated by signs of Cua's contrition. ECF 115-8 at 7-8 ("Cua appears genuinely remorseful";
"The Court is granting Cua pretrial release only by the slimmest of margins").  Lang has shown
no contrition for his far more serious conduct on January 6.  Cua does not provide a valid factual
comparison.

In sum, the Renewed Motion references a number of other cases but provides no
explanation for their claimed significance and in any event, distinctions between at least some of
those cases and Lang's case are readily apparent.  Lang's effort to find support for his motion in
documents filed in other defendant's cases fails, and should not persuade this Court to release him.
Lang is charged with seven assaults, several of which caused bodily injury.  The United States has
recently found video recording an additional attack Lang made against a police officer on January
6, 2021.  Contrary to his statement in the Renewed Motion, ECF 115 at 16, Lang was armed as he
assaulted several officers, wielding a baseball bat and causing injury.  When asked in a subsequent
recording broadcast on social media what the response to the events of January 6 should be, Lang's

---

[4] ECF 115-4 consists of a transcript.  Since the pagination assigned by CM/ECF is largely
illegible, the page numbers cited above for this attachment to the Renewed Motion are those
taken from the transcript.

response was "guns." Lang, unlike other defendants, attempted to form a militia after January 6. Evidence that he poses a risk of future violence is far stronger in his case than that of any example he provides where a defendant was released.  Accordingly, the Renewed Motion be denied.

    D.  The Renewed Motion Once Again Does Not Request Release That Is Temporary

Like his previous motion, ECF 91, Lang does not identify any limit to the period of release he seeks.  His motion appears to state that his counsel will not be prepared to try his case by the October, 2023 date this Court has set.  ECF 115 at 15.  Section 3142(i) provides for temporary release; however, that does not appear to be what Lang seeks.

The United States has conferred with defense counsel, who advised that he his not ready to address the Joint Pretrial Statement due on August 11, 2023, and has advised that he will need several weeks before he is ready to confer with the United States about its contents.  Counsel did not commit in that conversation that he would be ready for trial by October.  While the information from counsel is not a guarantee the trial date will change, in the context of this response, the United States cannot view the Renewed Motion as a filing which indicates a release that is temporary.

## CONCLUSION

The Discovery Motion and the Renewed Motion should both be denied.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    D.C. Bar No. 481052

By:     s/Karen Rochlin
                    Karen Rochlin
                    Assistant U.S. Attorney Detailee
                    DC Bar No. 394447
                    99 N.E. 4th Street
                    Miami, Florida 33132
                    (786) 972-9045
                    Karen.Rochlin@usdoj.gov

                    Craig Estes

16

Assistant U.S. Attorney Detailee
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-3100
Email: craig.estes@usdoj.gov