**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Case No. 1:21-CR-53 (CJN)** |
| | : | |
| EDWARD JACOB LANG, | : | |
| | : | |
| Defendant. | : | |

## JOINT PROPOSED JURY INSTRUCTIONS

The enclosed proposed jury instructions are drawn from Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2021 Release) (the "Redbook"), unless otherwise noted. Where the defense objects to language in the proposed instructions, text appears in bold typeface. Where the government objects, text appears in italics. The parties respectfully request leave to submit supplemental proposed jury instructions as may be necessary to conform to the evidence introduced at trial. Bracketed text indicates alternative or optional language or language that depends on information not yet available.

Respectfully submitted,

FOR THE UNITED STATES:                    FOR THE DEFENSE:

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:

  /s/                                                    /s/
Karen Rochlin                                Steven A. Metcalf, II Esq.
DC Bar No. 394447                          Metcalf & Metcalf, P.C.
Capitol Riot Detailee                      99 Park Avenue, 6th Floor
99 N.E. 4th Street                          New York, New York 10016
Miami, Florida 33132                       (646) 253-0514
karen.rochlin@usdoj.gov               metcalflawnyc@gmail.com
(786) 972-9045

                                                    Norman A. Pattis
Craig Estes                                    Pattis & Smith, LLC
Assistant U.S. Attorney Detailee     383 Orange Street

John Joseph Moakley Federal Courthouse    New Haven, Connecticut
1 Courthouse Way                                        (203) 393-3017
Boston, MA 02210                                      (203) 393-9745 (fax)
(617) 748-3100                                          npattis@pattisandsmith.com
Email: craig.estes@usdoj.gov

# TABLE OF CONTENTS

1.102 Preliminary Instruction Before Trial .................................................................... 5
2.100 Furnishing the Jury with a Copy of the Instructions ........................................ 15
2.101 Function of the Court ........................................................................................ 16
2.102 Function of the Jury ......................................................................................... 17
2.103 Jury's Recollection Controls ........................................................................... 18
2.104 Evidence in the Case—Judicial Notice & Stipulations ................................... 19
2.105 Statements of Counsel ..................................................................................... 20
2.106 Criminal Indictment Not Evidence .................................................................. 21
2.107 Burden of Proof-Presumption of Innocence.................................................... 22
2.108 Reasonable Doubt ............................................................................................ 23
2.109 Direct and Circumstantial Evidence ............................................................... 24
2.110 Nature of Charges Not to Be Considered ....................................................... 25
2.111 Number of Witnesses ....................................................................................... 26
2.112 Inadmissible and Stricken Evidence ............................................................... 27
2.200 Credibility of Witnesses .................................................................................. 28
2.207 Police Officer's Testimony ............................................................................. 30
2.208 Right of Defendant Not to Testify ................................................................... 31
2.209 Defendant as Witness ...................................................................................... 32
2.210 False or Inconsistent Statement By Defendant............................................... 33
2.213 Character of Defendant .................................................................................... 34
2.214 Cross-Examination of Character Witness ........................................................ 35
2.215 Specialized Opinion Testimony ...................................................................... 36
2.230 Identification .................................................................................................... 37
        Introduction to Offense Instructions ............................................................ 39
        Count One, 18 U.S.C. § 111(a)(1) and 2...................................................... 40
        Defense Proposed Instruction Number 1....................................................... 45
        Count Two, 18 U.S.C. § 111(a)(1) and 2....................................................... 47
        Count Three, 18 U.S.C. § 111(a)(1) ............................................................. 50
        Count Four, 18 U.S.C. § 111(a)(1) ............................................................... 53
        Count Five, 18 U.S.C. § 111(a)(1) and (b).................................................... 56
        Count Six, 18 U.S.C. § 111(a)(1) and (b)...................................................... 60
        Count Seven, 18 U.S.C. § 111(a)(1) and (b).................................................. 64
        Count Eight, 18 U.S.C. § 231(a)(3) and (b)................................................... 69
        Count Nine, 18 U.S.C. § 1512(c)(2) and (2)................................................. 73
        Count Ten, 18 U.S.C. § 1752(a)(2) and (b)(1)(A)......................................... 79
        Count Eleven, 18 U.S.C. § 1752(a)(4) and (b)(1)(A)..................................... 82
        Count Twelve, 40 U.S.C. § 5104(e)(2)(D) .................................................... 83
        Count Thirteen, 40 U.S.C. § 5104(e)(2)(D) .................................................. 85
3.101 Proof of State of Mind ..................................................................................... 86
        Government's Proposed Self Defense Instruction ......................................... 87
        Defense Proposed Instruction Number 2: Self Defense ................................ 90
2.402 Multiple Counts – One Defendant .................................................................. 91
2.405 Unanimity ......................................................................................................... 92

2.407 Verdict Form Explanation ................................................................................. 93
2.500 Redacted Exhibits ......................................................................................... 94
2.501 Exhibits During Deliberations ...................................................................... 96
2.502 Selection of Foreperson ............................................................................... 97
2.505 Possible Punishment Not Relevant .............................................................. 97
2.508 Cautionary Instruction on Publicity, Communication, and Research ................. 98
2.509 Communication Between Court and Jury During Jury's Deliberations ............ 99
2.510 Attitude and Conduct of Jurors in Deliberations .......................................... 100
2.511 Excusing Alternate Jurors ........................................................................... 101

## INSTRUCTIONS BEFORE TRIAL
### 1.102
### Preliminary Instruction Before Trial

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**[Notetaking Insert (Redbook 1.105)]**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**[Identity of Alternates Insert (Redbook 1.107)]**

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the United States Attorney filed a charging document called an Indictment with the court.

The defendant in this case—Edward Jacob Lang—is charged in a superseding indictment with [12][13] crimes relating to his alleged conduct at the United States Capitol Building on January 6, 2021. Count One charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Officer J.M. of the Metropolitan Police Department at approximately 2:57 p.m. or with aiding and abetting that offense; Count Two charges the defendant with the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with unspecified officers between 3:08 and 3:12 p.m., or with aiding and abetting that offense; Count Three charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Officer W.M. of the Metropolitan Police Department at approximately 4:01-4:02 p.m.; Count Four charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Detective P.N of the Metropolitan Police Department at approximately 4:10-4:13 p.m.; Count Five charges the defendant with using a

deadly or dangerous weapon, a shield, while assaulting, resisting, opposing, impeding, intimidating or interfering with Officer T.C. of the Metropolitan Police Department at approximately 4:44-4:46 p.m.;  Count Six charges the defendant with using a deadly or dangerous weapon, a bat, while assaulting, resisting, opposing, impeding, intimidating or interfering with Officer I.F. of the Metropolitan Police Department at approximately 4:54-5:00 p.m.; Count Seven charges the defendant with using a deadly or dangerous weapon, a bat, while assaulting, resisting, opposing, impeding, intimidating or interfering with Officer H.S. of the Metropolitan Police Department at approximately 4:54-5:00 p.m.; Count Eight charges the defendant with obstructing, impeding or interfering with a law enforcement officer during a civil disorder or with attempting to do so; [Count Nine charges the defendant with committing or aiding and abetting the crime of obstructing, impeding or influencing an official proceeding or with attempting to do so;] Count Ten charges the defendant with disruptive or disorderly conduct in and within such proximity to a restricted building and grounds while using or carrying a deadly or dangerous weapon, that is, a bat or a shield; Count Eleven charges the defendant with engaging in an act of violence against any person or property in a restricted building or grounds while using or carrying a deadly or dangerous weapon, that is, a bat or a shield; Count Twelve charges the defendant with disorderly or disruptive conduct within the United States Capitol grounds or in any of the Capitol Buildings; and Count Thirteen charges the defendant with willfully and knowingly engaging in an act of physical violence within the United States Capitol grounds or in any of the Capitol Buildings.  The defendant has pleaded not guilty to all charges.

You should understand clearly that the superseding indictment that I just summarized is not evidence. An indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the superseding indictment as any evidence of the guilt

of the defendant, or draw any conclusion about the guilt of the defendant just because an indictment has been filed against him.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged. For each offense, the government must prove beyond a reasonable doubt each of the elements of that offense as to the defendant. These elements will be explained to you at the end of the trial.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to "defendant Edward Jacob Lang," and the "defendant." When I mention the "government," I am referring to Assistant U.S. Attorneys Karen Rochlin and Craig Estes who represent the United States of America. When I mention a defendant, I am referring to that defendant or his attorneys, Steven A. Metcalf and Norman Pattis.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. A defendant may make an opening statement immediately after the

government's opening statement, or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defendants may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendants may present evidence, but they are not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, the defense will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and the defense may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

[*Option 1*

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be. Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.]

[*Option 2*

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.]

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my

statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you

making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading

or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

**FINAL INSTRUCTIONS**
**2.100**
**Furnishing the Jury with a Copy of the Instructions**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**2.101**
**Function of the Court**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**2.102**
**Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**2.103**
**Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**2.104**
**Evidence in the Case—Judicial Notice & Stipulations (if applicable)**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts of which I took judicial notice, and the facts and testimony stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may regard that fact as proven evidence.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**2.105**
**Statements of Counsel**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**2.106**
**Indictment Not Evidence**

An indictment is merely the formal way of accusing a person of a crime. You must not consider the superseding indictment as evidence of any kind—you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**2.107**
**Burden of Proof—Presumption of Innocence**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

## 2.108
## Reasonable Doubt

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt as to a particular offense, then you have a reasonable doubt as to that that offense.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**2.109**
**Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**2.110**
**Nature of Charges Not to Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## 2.111
## Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## 2.112
## Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## 2.200
## Credibility of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**2.207**
**Police Officer's Testimony**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

**2.208**
**Right of Defendant Not to Testify (if applicable)**

Every defendant in a criminal case has an absolute right not to testify. The defendant has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume that a defendant is guilty because he chose not to testify.

**2.209**
**Defendant as Witness (if applicable)**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. As with the testimony of any other witness, you should give a defendant's testimony as much weight as in your judgment it deserves.

**2.210**
**False or Inconsistent Statement by Defendant (if applicable)**

You have heard evidence that the defendant made statements in explanation of his actions that may have been false or inconsistent. It is up to you to decide whether he made the statements, and whether they were, in fact, false or inconsistent. If you find he did make such statements and that they were false or inconsistent, you may consider such evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may also consider that he may have given such statements for reasons unrelated to this case or consistent with his innocence.

If you find that the defendant made a false or inconsistent statement in explanation of his actions, you should give the testimony as much weight as in your judgment it deserves.

**2.213**
**Character of Defendant (if applicable)**

The defendant has introduced testimony that he has a good reputation in the community for [character trait] [in the witness's opinion, the defendant is a [character trait] person]. Such evidence may indicate to you that it is unlikely that a [character trait] person would commit the crime charged or it may not. You may consider this evidence along with other evidence in the case including evidence that contradicts the defendant's character evidence and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty of the crime charged, it is your duty to find him guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

**2.214**
**Cross-Examination of Character of Defendant (if applicable)**

[Name of witness], who was a character witness for the defendant, was questioned regarding the defendant's prior acts. These questions were permitted only to test the basis for and reliability of the witness's testimony. They do not establish that those events took place or that the defendant committed the offense charged in this case, or that he is a person of bad character.

**2.215**
**Specialized Opinion Testimony (if applicable)**

In this case, you heard the testimony of [name of witness] who expressed opinions concerning [certain subjects; specify the subject(s), if possible]. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept this witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**2.230**
**Identification**

The burden is on the government to prove beyond a reasonable doubt, not only that each offense was committed, but also that the defendant is the person who committed the offense or offenses.

In deciding whether the government has proved beyond a reasonable doubt that the defendant is the person who committed each offense, you may consider any evidence relating to the identity of that person.

A number of factors may affect the accuracy of an identification of the defendant by an alleged eyewitness:

1. The witness's opportunity to observe the criminal acts and the person committing them, including, but not limited to, the length of the encounter, the distance between the various parties, the lighting conditions at the time, and the witness's state of mind at the time of the offense;

2. Any subsequent identification and the circumstances surrounding that identification, including the length of time that elapsed between the crime and the identification, the witness's state of mind when making the identification, any suggestive circumstances that may have influenced the witness, [and any statements or actions by law enforcement officers concerning the identification]; [and]

[3. Any failure of the witness to identify Edward Jacob Lang as the person who committed the offense;] [and]

[4. An identification by the witness of another person as the person who committed the offense;] [and]

5. Any other factors that have been brought to your attention by [specialized opinion testimony and] the remaining evidence that you conclude bears upon the accuracy of the witness's in-court or out-of-court identification of the defendant.

Based upon any identification(s) by the witness(es) and all additional evidence you have heard, you must be satisfied beyond a reasonable doubt that the defendant is the person who committed this offense before you may convict him. If the evidence concerning the identification of the defendant is not convincing beyond a reasonable doubt, you must find the defendant not guilty.

**Introduction to Offense Instructions**[1]

The superseding indictment charges [12][13] separate crimes, called "counts," against the

Defendant.  Each count has a number.  I will explain the law governing each of these offenses.

---

[1] *See* Eleventh Circuit Criminal Pattern Jury Instruction No. B8 (Rev. Mar. 2022) (Preliminary Instruction) (available at: https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedMAR2022.pdf).

**Count One**
**18 U.S.C. § 111(a)(1) and 2**
**Assaulting, Resisting, Opposing, Impeding, Intimidating,**
**or Interfering With Any Person Assisting Officers of the United States**

Count One of the superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Sergeant J.M., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

**First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with[2] Sergeant J.M., an officer from the Metropolitan Police Department.**

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Sergeant J.M., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Sergeant J.M., or acted with intent to commit another felony. For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Two through Eleven.

Definitions

---

[2] *See* the proposed defense instruction that follows this proposed instruction for Count One.

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[3]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[4]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[3] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[4] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021), and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[5]

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed the offense charged in Count One, (that is, forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony), by aiding and abetting others in committing the offense. Aiding and abetting is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding,

---

[5] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed the offense of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony because the defendant aided and abetted others in doing so, by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that the offense of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense

charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty as an aider and abettor of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

### DEFENSE PROPOSED INSTRUCTION NUMBER 1: ASSAULT 18 USC 111(A)

It is respectfully submitted that the first element to count one encompass one of the following:

(1) *At the time, Mr. Lang had the apparent ability to injure [name of officer or various officers]; or*

(2) *Mr. Lang committed a threatening act that reasonably would create in another person a fear of immediate injury; or*

(3) *Mr. Lang with force or violence injured [name of officers].*

### *Definitions.*

*Injury means any physical injury, however small. Or, the government must prove a threatening act; mere words are not sufficient. The government need not prove the defendant intended to injure [name of officers].*

### *Authority.*

Under the Redbook comment section of Instruction 4.101, the following is stated:  The third element's reference to "apparent ability" focuses "upon the conduct of the accused rather than subjective perception of the victim." *Smith v. U. S.*, 593 A.2d 205, 206 (D.C. 1991) (*citing Anthony v. U.S.*, 361 A.2d 202, 206 (D.C. 1976)). Nevertheless, evidence that the defendant's conduct did actually produce fear in the victim is relevant. *Id.* Under the Redbook comment section of Instruction 4.102, the following is stated: For this offense, "significant bodily injury" means an injury that requires hospitalization or immediate medical treatment in order to preserve the health and well-being of the individual.

"Medical treatment" is then defined as "not merely a diagnosis and must be aimed at preventing long-term physical damage and other potentially permanent injuries, or abating severe pain."

The rest of the comment section highlights the following:

> "Treatment" is not medical if applied to lesser, short-term hurts. Remedies such as ice packs, bandages, and self-administered over-the-counter medications do not qualify as "medical treatment," whether or not they are administered by a medical professional. Medical treatment is not required unless the individual would suffer additional harm by failing to receive professional diagnosis and treatment [or unless the individual has suffered an injury that poses an obvious risk of long-term physical damage or severe pain and the injury requires diagnostic testing to evaluate the danger and need for treatment]. The fact that an individual who was injured did or not seek immediate medical attention, was or was not transported by ambulance to a hospital, or did or did not receive treatment at a hospital is not determinative of whether hospitalization or immediate medical treatment was required. Instead, you must consider the nature of the alleged injury itself and the practical need in the ordinary course of events for hospitalization or prompt medical treatment in determining whether significant bodily injury occurred here.

<u>Government Objection</u>: The United States objects to this proposed instruction because it is based on instructions for offenses under the D.C. Code and not the federal statute, 18 U.S.C § 111, charged in this case. The defendant's proposed language is appears to be covered by other portions of the government's proposed instruction, or adds requirements that are not part of the offense charged. For example, the defendant's instruction could reasonably be read to require that an assault involve violence, which is contrary to authority cited in support of the government's proposed instruction for Count One. Since the United States received the defendant's proposed instruction on August 24, 2023, an opportunity for fuller briefing of the defense proposal is requested if the Court is inclined to consider the proposed instruction as written.

**Count Two**
**18 U.S.C. § 111(a)(1) and 2**
**Assaulting, Resisting, Opposing, Impeding, Intimidating,**
**or Interfering With Any Person Assisting Officers of the United States**

Count Two of the superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with, an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who was engaged in the performance of his or her official duties.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was an officer or employee of the United States who was then engaged in the performance of his or her official duties or who was a person assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, or acted with intent to commit another felony. For

purposes of this element, "another felony" refers to any one of the offenses charged in Counts Three through Eleven.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[6]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[7]

---

[6] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[7] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021), and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, either an officer or employee of the United States who was then engaged in the performance of his or her official duties or a person assisting federal officers in carrying out an official duty, so long as it is established beyond a reasonable doubt that the person was, in fact, an officer or employee of the United States who was then engaged in the performance of his or her official duties or assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[8]

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed the offense charged in Count Two, (that is, forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties while making physical contact or acting with the intent to commit another felony), by aiding and abetting others in committing the offense. Aiding and abetting is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Two.

You should apply the same instructions for aiding and abetting that appear in the instruction for aiding and abetting for Count One.

---

[8] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

**Count Three**
**18 U.S.C. § 111(a)(1)**
**Assaulting, Resisting, Opposing, Impeding, Intimidating,**
**or Interfering With Any Person Assisting Officers of the United States**

Count Three of the superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Detective W.M., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Detective W.M., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Detective W.M., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Detective W.M., or acted with intent to commit another felony. For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Four through Eleven.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required.

You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[9]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[10]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that

---

[9] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[10] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[11]

---

[11] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

**Count Four**
**18 U.S.C. § 111(a)(1)**
**Assaulting, Resisting, Opposing, Impeding, Intimidating,**
**or Interfering With Any Person Assisting Officers of the United States**

Count Four of the superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Detective P.N., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Detective P.N., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Detective P.N., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Detective P.N., or acted with intent to commit another felony. For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Five through Eleven.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required.

You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[12]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[13]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that

---

[12] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[13] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

the officer was, in fact, assisting a federal officer acting in the course of his duty and that the

defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered

with that officer.[14]

---

[14] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

**Count Five**
**18 U.S.C. § 111(a)(1) and (b)**
**Assaulting, Resisting, Opposing, Impeding,**
**Intimidating, or Interfering With Any Person**
**Assisting Officers Using a Deadly or Dangerous Weapon**

Count Five of the superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Officer T.C., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Count Five of the superseding indictment additionally charges that the defendant, in the commission of such acts, used a dangerous weapon.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on a lesser offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer T.C., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer T.C., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such actions, the defendant intentionally used a dangerous weapon. [15]

---

[15] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[16]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[17]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[16] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[17] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it.[18]

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.[19]

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered

---

[18] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). *See also United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15) (using similar instruction for assault on January 6, 2021).

[19] 18 U.S.C. §§ 831(g)(4), 1864(d)(1), & 1365(h)(3); USSG §1B1.1 n.1(M).

with that officer.[20]

To find the defendant guilty of the lesser offense of Count Five, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer T.C., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer T.C., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Officer T.C., or acted with intent to commit another felony. For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Six through Eleven.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, or impeding officers while using a dangerous weapon.

If you find the defendant guilty of that offense, do not go on to the lesser offense. If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, or impeding officers with physical contact or the intent to commit another felony.

This order will be reflected in the verdict form that I will be giving you.

---

[20] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

**Count Six**
**18 U.S.C. § 111(a)(1) and (b)**
**Assaulting, Resisting, Opposing, Impeding,**
**Intimidating, or Interfering With Any Person**
**Assisting Officers Using a Deadly or Dangerous Weapon**

Count Six of the superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Officer I.F., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Count Six of the superseding indictment additionally charges that the defendant, in the commission of such acts, used a dangerous weapon.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on a lesser offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer I.F., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer I.F., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such actions, the defendant intentionally used a dangerous weapon.[21]

---

[21] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[22]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[23]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[22] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[23] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it. [24]

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty. [25]

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered

---

[24] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). *See also United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15) (using similar instruction for assault on January 6, 2021).
[25] 18 U.S.C. §§ 831(g)(4), 1864(d)(1), & 1365(h)(3); USSG §1B1.1 n.1(M).

with that officer.[26]

To find the defendant guilty of the lesser offense of Count Six, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer I.F., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer I.F., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Officer I.F., or acted with intent to commit another felony. For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Seven through Eleven.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, or impeding officers while using a dangerous weapon.

If you find the defendant guilty of that offense, do not go on to the lesser offense. If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, or impeding officers with physical contact or the intent to commit another felony.

This order will be reflected in the verdict form that I will be giving you.

---

[26] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

**Count Seven**
**18 U.S.C. § 111(a)(1) and (b)**
**Assaulting, Resisting, Opposing, Impeding,**
**Intimidating, or Interfering With Any Person**
**Assisting Officers Using a Deadly or Dangerous Weapon or**
**Inflicting Bodily Injury**

Count Seven of the superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Officer H.S., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Count Seven of the superseding indictment additionally charges that the defendant, in the commission of such acts, used a deadly or dangerous weapon or inflicted bodily injury .

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on a lesser offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer H.S., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer H.S., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such actions, the defendant intentionally used a dangerous weapon[27] or inflicted bodily injury. [28]

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[29]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[30]

---

[27] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

[28] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

[29] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[30] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought. Bodily injury includes a cut, abrasion, bruise, burn or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.[31]

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it. [32]

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical

---

21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

[31] Fifth Circuit Model Jury Instruction No. 2.07; Tenth Circuit Model Jury Instruction No. 2.09; 18 U.S.C. § 1365(g)(4).

[32] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). *See also United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15) (using similar instruction for assault on January 6, 2021).

rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty. [33]

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[34]

To find the defendant guilty of the lesser offense of Count Seven, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer H.S., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer H.S., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Officer H.S., or acted with intent to commit another felony. For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Eight through Eleven.

<u>Order of Deliberations</u>

---

[33] 18 U.S.C. §§ 831(g)(4), 1864(d)(1), & 1365(h)(3); USSG §1B1.1 n.1(M).
[34] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, or impeding officers while using a dangerous weapon.

If you find the defendant guilty of that offense, do not go on to the lesser offense.  If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, or impeding officers with physical contact or the intent to commit another felony.

This order will be reflected in the verdict form that I will be giving you.

**Count Eight**
**18 U.S.C. § 231(a)(3)**
**Obstructing Officers During a Civil Disorder**

Count Eight charges the defendant with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Count Eight also charges the defendant with attempt to commit the crime of obstructing officers during a civil disorder. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[35]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[36]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[37]

---

[35] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 21).

[36] *See* 18 U.S.C. § 232(3).

[37] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971).")

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[38]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

Attempt[39]

A defendant may be found guilty of the offense charged in Count Eight if the defendant obstructed officers during a civil disorder or if the defendant attempted to obstruct officers during a civil disorder. Each of these two ways of committing the offense is described in this instruction. If you find beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in either one of these ways, you should find the

---

[38] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").
[39] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.

defendant guilty of Count Eight, and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other way.

An attempt to commit obstruction of officers during a civil disorder is a crime even if the defendant did not actually complete the crime. In order to find the defendant guilty of attempt to commit obstruction of officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstruction of officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of officers during a civil disorder merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of officers during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of officers during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Count Nine (if applicable)**
**18 U.S.C. § 1512(c)(2)**
**Obstruction of an Official Proceeding**

Count Nine of the Indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law.

Count Nine also charges the defendant with attempt to obstruct or impede an official proceeding. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted or aided and abetted the offense.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

<u>Definitions</u>

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

The term "official proceeding" includes a proceeding before Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. For purposes of this count, the term "official proceeding" means Congress' Joint Session to certify the

Electoral College vote.[40]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[41]

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In addition, the First Amendment to the United States Constitution affords people the right to speak, assemble, and petition the Government for grievances.

---

[40] In *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023), the D.C. Circuit held "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress"); § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense").  For the nexus requirement (that the official proceeding need be reasonably foreseeable), see *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995).  For other January 6 trials that have used this instruction, see*, e.g.*, *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-26), *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 12), *United States v. Thompson*, No. 21-cr-161 (RBW) (ECF No. 832 at 26), *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 23).

[41] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 9) (same).

Accordingly, an individual who does no more than lawfully exercise those rights does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[42] Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.[43]

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.[44]

A defendant may be found guilty of the offense charged in Count Nine if the defendant obstructed an official proceeding (as described above in this instruction) or if the defendant attempted to obstruct an official proceeding or if the defendant aided and abetted obstruction of an official proceeding. Each of these ways of committing the offense is described in this

---

[42] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022). For other January 6 trials that have used similar instructions, see*, e.g.*, *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7), and *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25-29); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).
[43] This last line, which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10), and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 24).
[44] *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

instruction. If you find beyond a reasonable doubt that the defendant committed the offense of obstructing an official proceeding in either one of these ways, you should find the defendant guilty of Count Nine, and you need not consider whether the defendant committed the offense of obstructing an official proceeding in the other way.

Attempt[45]

An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime. In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an

---

[45] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.

official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed obstruction of an official proceeding, as charged in Count Nine, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Nine.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense

of obstructing an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**Count Ten**
**18 U.S.C. § 1752(a)(2) and (b)(1)(A)**
**Disorderly and Disruptive Conduct**
**in a Restricted Building or Grounds**
**with a Deadly and Dangerous Weapon**[46]

Count Ten of the superseding indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

> Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

> Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

> Fourth, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.[47]

Definitions

---

[46] 18 U.S.C. § 1752; *see United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7) (using this instruction in a case arising from the events of January 6, 2021).

[47] *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 37); *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 25); *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 22), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 16).

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[48] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[49]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[50]

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count Eight.

The term "deadly or dangerous weapon" has a similar meaning to the meaning in Counts Five-Seven. An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. However, for purposes of this offense,

---

[48] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").
[49] *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 27).
[50] Redbook 6.643.

unlike the offenses in Counts Five through Seven , the defendant need not have actually used the object in that manner.

**Count Eleven**
**18 U.S.C. § 1752(a)(4) and (b)(1)(A)**
**Engaging in Physical Violence**
**in a Restricted Building or Grounds**
**with a Deadly and Dangerous Weapon**

Count Eleven of the superseding indictment charges the defendant with engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Third, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Ten for "restricted building or grounds" and Count Eight for "knowingly". The terms "deadly and dangerous weapon" also have the same meanings described in the instructions for Count Ten.

## Count Twelve
## 40 U.S.C. § 5104(e)(2)(D)
## Disorderly Conduct in a Capitol Building or Grounds[51]

Count Twelve of the superseding indictment charges the defendant with disorderly and disruptive conduct in within the United States Capitol Grounds and in any of the Capitol Buildings, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct within the United States Capitol Grounds or in any of the Capitol Buildings.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

---

[51] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, No. 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).

The term "disrupt the orderly conduct" has the same meaning described in the instructions for Count Ten defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[52]

The term "knowingly" has the same meaning described in the instructions for Count Eight.

---

[52] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Count Thirteen**
**40 U.S.C. § 5104(e)(2)(F)**
**Act of Physical Violence in the**
**Capitol Grounds or Buildings**[53]

Count Thirteen of the superseding indictment charges the defendant with an act of physical violence within the United States Capitol Grounds or any of the Capitol Buildings, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence within the Capitol Grounds or any Capitol Building.

Second, the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. [For purposes of this offense, unlike the offense in Count Eleven, the threat of infliction of bodily harm is sufficient to meet this definition.]

The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count Twelve. The term "knowingly" has the same meaning described in Count Eight and the term "willfully" has the same meaning described in the instructions for Count Twelve.

---

[53] *United States v. Alberts*, No. 21-cr-26 (CRC) (ECF No. 147 at 20).

**3.101**
**Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that each defendant acted with the necessary state of mind.

A person may act with more than one intent.[54]  For example, a person paying bribes to an elected official may have the intent both to cultivate friendship with the official and to illegally influence official acts that the person wants the official to take.[55]  You may find that the defendant acted with corrupt intent even if you also find the defendant acted, in part, for legitimate reasons, if you also find that he used unlawful means or acted with an unlawful purpose, or both.[56]

---

[54] *United States v. Brown*, 934 F.3d 1278, 1307 (11th Cir. 2019); 2 James Fitzjames Stephen, *A history of the Criminal Law of England* 121 (1883) ("[A] man's motives for any given act . . . are always mixed.")
[55] *United States v. Woodward*, 149 F.3d 46, 70 (1st Cir. 1998).
[56] *United States v. Bryant*, 655 F.3d 232, 245-46 (3d Cir. 2011) (upholding similar jury instruction); *United States v. Coyne*, 4 F.3d 100, 113 (2nd Cir. 1993).

**GOVERNMENT'S PROPOSED SELF DEFENSE INSTRUCTION (if applicable)**

Every person has the right to use a reasonable amount of force in self-defense if he: (1) actually and reasonably believes that the use of force was necessary to defend himself against the immediate use of unlawful force, and (2) uses no more force than was reasonably necessary in the circumstances.[57]

<u>Unlawful Force Defined</u>

Unlawful force is force that was unreasonable or unnecessary under the circumstances. A law enforcement officer may use a reasonable amount of force, judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The reasonableness of a particular use of force depends on the circumstances of each case, including the severity of the crime at issue, whether the defendant poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. A person may act in self-defense against a law enforcement officer only if he actually and reasonably believes the officer was using unlawful or excessive force.[58]

---

[57] *See United States v. Waldman*, 835 F.3d 751, 754 (7th Cir. 2016) ("While 18 U.S.C. § 111 does not explicitly address self-defense, when a statute is silent on the question of affirmative defenses, we are to effectuate the defense as 'Congress may have contemplated it,' looking to the common law as a guide. *See United States v. Dixon*, 548 U.S. 1, 13-14 (2006). At common law, self-defense is the use of force necessary to defend against the imminent use of unlawful force."); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("For purposes of Section 111, we have recognized that an individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances. . . . To do so, however, a defendant must offer evidence to show: (1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances.") (quotation marks omitted).

[58] *See generally Waldman*, 835 F.3d at 755-56 (looking to Eight Amendment when defining unlawful force in a prison setting; "an inmate may act in self-defense if he reasonably fears imminent use of sadistic and malicious force by a prison official for the very purpose of causing him harm."); *Graham v. Connor*, 490 U.S. 386, 396-97 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene,

Amount Of Force Permissible

A person may use an amount of force which, at the time of the incident, he actually and reasonably believes is necessary to protect himself from the unlawful use of force.[59] Even if the defendant is justified in using force in self-defense, he may not use any greater force than he actually and reasonably believes to be necessary under the circumstances to protect himself from the imminent use of unlawful force.[60]

Aggressor

A person who was the initial aggressor does not act in self-defense. If you find that the defendant was the initial aggressor, then he cannot rely on the right of self-defense to justify the use of force.[61]  [If you find, however, that, after the confrontation began, the defendant became subject to an unlawful amount of force in repelling his aggression, then the defendant may use a reasonable amount of responsive force in self-defense.]

---

rather than with the 20/20 vision of hindsight. . . . As in other Fourth Amendment contexts, however, the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."); *United States v. Drapeau*, 644 F.3d 646, 654 (8th Cir. 2011) ("Excessive force is force that was unreasonable or unnecessary under the circumstances, *i.e.,* greater than the amount of force that was objectively reasonable. The reasonableness of a particular use of force depends on the circumstances of each case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.") (cleaned up); *United States v. Branch*, 91 F.3d 699, 715 (5th Cir. 1996) ("There must be sufficient evidence from which a reasonable juror might infer, at a minimum, . . . [that] the ATF agents' use of force, viewed from the perspective of a reasonable officer at the scene, was objectively unreasonable under the circumstances.")

[59] *See, e.g.*, *United States v. Weekes*, 517 F. App'x 508, 511 (6th Cir. 2013) ("[A] defendant must offer evidence to show . . . the use of no more force than was reasonably necessary in the circumstances.") (quoting *United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011)).

[60] Criminal Jury Instructions for the District of Columbia No. 9.501.

[61] *See Acosta-Sierra*, 690 F.3d at 1126 ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault."); *Weekes*, 517 F. App'x at 511 (same).

Burden of proof

Self-defense is a defense to Counts One through Seven. The defendant is not required to prove that he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that the defendant did not act in self-defense.[62] If the government has failed to do so, you must find the defendant not guilty of Counts One through Seven.

---

[62] *See United States v. Morton*, 999 F.2d 435, 438 (9th Cir. 1993) ("If there is sufficient evidence to warrant an instruction on this defense, the court must also instruct the jury that the government, in addition to proving the elements of the offense, must negate beyond a reasonable doubt at least one element of the defense in order to obtain a conviction."); *but see Waldman*, 835 F.3d at 756 n.2 ("The district court appeared to place the burden of disproving self-defense on the government, which may have been an error.").

## DEFENSE PROPOSED INSTRUCTION NUMBER 2: SELF-DEFENSE

*Every person has the right to use a reasonable amount of force in self-defense if:*

    (1)    *he actually believes he is in imminent danger of bodily harm; and if*

    (2)    *he has reasonable grounds for that belief.*

*The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether Mr. Lang, under the circumstances as they appeared to him at the time of the incident, actually believed he was in imminent danger of death or serious bodily harm and could reasonably hold that belief.*

*Self-defense is a defense to the Assault counts at Count One in the Indictment. Mr. Lang is not required to prove that he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that Mr. Lang did not act in self-defense. If the government has failed to do so, you must find Mr. Lang not guilty.*

Government's Objection

The United States questions whether any self defense instruction applies in this case. In the event such an instruction is appropriate, the prosecution submits under the authorities cited in support of the government's proposed self-defense instruction, the defendant's version is incomplete.

**2.402**
**Multiple Counts – One Defendant**

Each count of the superseding indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count unless I instruct you to do otherwise. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

**2.405**
**Unanimity**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

**2.407**
**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**2.500**
**Redacted Exhibits (if applicable)**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

**2.501**
**Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

You will also be provided with a laptop to view the recordings which I have admitted into evidence. You should not use the laptop for any other purpose.

**2.502**
**Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**2.505**
**Possible Punishment Not Relevant**

The question of possible punishment of a defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**2.508**
**Cautionary Instruction on Publicity, Communication, and Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**2.509**
**Communication Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**2.510**
**Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**2.511**
**Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected four seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you four leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.