## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————————

UNITED STATES OF AMERICA,      )

                                   )

         *v.*                    )      No. 21-CR-53 (CJN)

                                   )

EDWARD JACOB LANG,         )

                *Defendant.*    )

—————————————————————  )

## LANG'S MOTION TO RENEW AND RECONSIDER HIS REQUEST FOR IMMEDIATE TEMPORARY RELEASE ON AN EXPEDITED BASIS

Now comes EDWARD JACOB LANG, by and through his undersigned counsel, and moves this Court to reopen his detention hearing, pursuant to 18 U.S.C. § 3142(i), and to order the immediate temporary release of Mr. Lang from pretrial confinement to the custody of his mother or father, on conditions suitable to the Court because of the following:

(1)    Lang has been in solitary confinement, also referred to as "the hole" for the last four months after being physically attacked;

(2)    The trial in this matter has been adjourned to September of 2024;

(3)    One of the main reasons for the trial extension is because the United States Supreme Court, in *Fisher v. United States*, case #: 23-5572, granted the petition for a writ of certiorari;

(4)    Mr. Lang's writ of certiorari is similar in nature to the issues presented in the *Fisher* case, and thus Lang's petition is expected

to remain pending and will track the *Fisher* case for an unknown period of time[1];

(5)     The length of Defendant Lang's pretrial confinement is a violation of his due process rights which demands immediate release; and

(6)     The conditions of confinement themselves create an environment that make Defendant unable to prepare for his own trial, violating his right to a fair trial.

Additionally, Lang renews all his prior arguments and reasoning regarding his position that he can adequately prepare his defense on pre-trial bond. We respectfully request this Court consider how substantial this Court's ruling on his *hybrid* representation application means to Lang in preparing his defense.   As already presented to this Court, Lang has a Sixth Amendment right to participate in, and, indeed, conduct—his own defense. *McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984) (highlighting "Counsel Clause" of the Sixth Amendment "implies a right in the defendant to conduct his own defense, with assistance at what, after all, is his, not counsel's trial."); *See also Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983) (recognizing that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, such as to whether to plead guilty, waive a jury, testify in his or her own

---

[1] *Edward Lang v. United States*, Case #: 23-32.

behalf, or take an appeal") (*citing Wainwright v. Sykes*, 433 U.S. 72, 93 n. 1, 97 S.Ct. 2497, 2509 n. 1, 53 L.Ed.2d 594 (1977) (BURGER, C.J., concurring).

Simply stated, in this matter, Lang seeks to be reheard on his Section 3142 (i) claims based on how the circumstances have changed over the past few months. After three years of detention, the only way Mr. Lang can properly assist and prepare his defense for his upcoming trial is for him to be released on pretrial detention. Over the course of approximately the next nine months, Lang can make the best of this time in assisting and preparing his best defense on all aspects.

There are still hundreds – if not thousands of hours of video to be reviewed and analyzed. Mr. Lang has not been able to even utilize his access to a laptop because officers took the charger. For the last seven weeks, Mr. Lang has not had a charger for his laptop. The inclement weather leaves Lang's cell at or below 50 degrees. He must wear four layers of clothing to just keep warm. Overall, without a computer charger, access to Relativity or evidence.com, no light for 72 hours some weeks, and being freezing cold, Mr. Lang cannot assist in his defense. He does not have the ability to analyze and highlight the video evidence that is crucial to his case. There has been a repeated chain of abuses that have formed a pattern, where such harm cannot be alleviated even if certain conditions were relieved.

Therefore, we respectfully request this Court permit the temporary release of Lang because such release is necessary for preparation of the person's defense and for all other compelling reasons. 18 U.S.C. § 3142(i).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____  )
)
UNITED STATES OF AMERICA,                 )
)
_v._                            )          No. 21-CR-53 (CJN)
)
EDWARD JACOB LANG,                        )
)
_Defendant_.                   )
_____  )

## LANG'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR AN IN-PERSON HEARING TO BE RELEASED IMMEDIATELY ON PRE-TRIAL BOND

STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, Suite 810
New York, NY 10016
(_Office_) 646.253.0514
(_Fax_) 646.219.2012

Here, it is respectfully submitted that this Court reconsider Section 3142(i) for the following reasons: First, Lang has been in solitary confinement for the last four months while at the DC Jail. For the last seven weeks he has not had The significance of Lang's last four months in the DC jail, and how his situation has drastically changed since his last bond application is that, he has remained and was thrown back in the "hole".[2] Lang has been in "the Hole" for years, but this time is different. This time Lang has been awaiting an "investigation", all while he was attacked by another inmate. Without getting into more detail, various altercations have occurred with Mr. Lang. He has been attacked and physically assaulted, and as a result, the DC jail threw Lang in "the hole", pending investigation – and for his own safety.

Second, while he awaits his trial and the US Supreme Court decision on the § 1512 counts in the *Fisher* case, he can utilize this time adequately to prepare his best defense. Overall, Lang needs to be a more active member in his own defense under the Sixth Amendment, which cannot be stressed enough.[3]

---

[2] *See* Dr. Berrill's Report dated December 22, 2023 attached as **Exhibit A** (highlighting "Mr. Lang stated that he has not been outside for six months, has no fresh air in his cell, nor does he have exposure to sunlight.").

[3] Mr. Lang needs to be able to assist in his defense obtaining all his trial witnesses and trial exhibits; not to mention he must be a more active participant in reviewing his discovery as to assist his defense in conducting theories for his defense and cross examination questioning, such examples do not include his ability to frame a complete defense. Additionally, Lang wishes to testify on his own behalf at his trial, and such pretrial measures need to be taken seriously and take time to

# I.   LAW AND ARGUMENT

### RESPECTFULLY, LANG REQUESTS HIS SECTION 3142 (i) APPLICATION BE RECONSIDERED BY THIS HONORABLE COURT BECAUSE HIS CIRCUMSTANCES HAVE DRASTICALLY CHANGED SINCE.

A defendant's inability to review discovery or trial evidence in jail is the *locus classicus* for temporary release under § 3142(i). *See United States v. Persico*, No. 84-cr-809 (JFK); U.S. Dist. LEXIS 27586, 1986 WL 3793, at p. 1 (S.D.N.Y. Mar. 27, 1986) (reviewing cases in which "temporary releases of defendants therein were granted prior to trial in order to facilitate the defendants' expeditious preparation for trial and thus to promote the prompt disposition of the charges against each defendant" where "[t]he concern in each case was that, given the admittedly limited access to telephones and attorney conference rooms at the detention facilities, the effective preparation of a defense might have been impossible in the short time available before the commencement of trial").

### A.   *The Length and Conditions of Confinement Warrant Release*

Lang's case encompasses a substantial length of confinement thus far, and it will still take some time before trial commences. These factors should weigh in favor of pretrial release at this point. First, his access to discovery can be substantially

---

perfect his best defense. Lang is in a unique position to substantially assist in each of these factors, which are examples and an non-exhaustive list of him being an asset to his own defense.

improved on pretrial bond. Second, Lang's ability to assist in his defense will also be vital moving forward. Lang can assist in obtaining witnesses on his behalf and work with them more closely, and daily. Third, Bond eliminates the possibility of him losing all of his paperwork and notes each time he is transferred jails or moved in and out of "the hole". Fourth, Lang's communication with his attorneys can be much better managed and conducted while out on bond. Overall, Lang just wants to prepare for trial, without any further interference or unnecessary interaction.

As the Court knows, Lang was transported to – and from – several jails and has had his discovery documents mishandled, lost, and destroyed.

Currently, Lang is in solitary confinement, and has been for the last four months. He remains in a dangerous atmosphere, where his property can be lost, destroyed, or taken from him at any time, including his access to a computer – which this Court ordered that he have access to daily.

Due to the disparity in resources and the inability to prepare, Lang cannot possibly assist in his defense and utilize all the positives in having hybrid representation. These factors are vital in preparing a viable defense against the government, in this case.

Here, Lang would be released to the residence of his mother or father, who would serve as his third-party custodians. There, he would have access to all the governments and his own discovery. Upon release, Lang would also be able to

adequately confer with counsel about fundamental decisions he must make alone, including: first, whether to proceed to trial; second, what witnesses should be called for the defense; third, necessary cross examination questions; fourth, the importance of certain video evidence; fifth, how to utilize the video evidence in a light favorable to the defense; and ultimately whether to testify on his own behalf. *Barnes*, 463 U.S. at 751. This list is not all inclusive, but the point remains the same: when Lang is involved in his case, he has the ability to bring things to the table, and if granted hybrid representation the dynamic with counsel will be an ongoing project.

For these reasons highlighted above and below, Mr. Lang's detention warrants further review of his temporary release under § 3142(i). Lang is a 28-year-old man, with extensive ties to the community, who has no prior convictions for violent or serious conduct; notably only has one minor drug related blemish on his record.  On January 6th, Lang did not remove barriers, did not possess any weapons, and did not encourage or assist anyone else to do any of those things. He went to Washington, DC on his own, without any connection to any group or organization.

Thus, neither his background, nor his alleged criminal conduct "make[s] clear that he poses a concrete prospective threat to public safety" as *Munchel* requires and the *Coffee* case later explained. *See also United States v. Klein*, 533 F.Supp.3d 1 (D.D.C. 2021) (Bates, J.) (releasing defendant who engaged in violence, based on defendant's history and characteristics, and not finding a prospective risk).

A combination of the psychological treatment at the jail in conjunction with the jail infrastructure creates an environment non-conducive to being able to prepare for a complex criminal case. These conditions of confinement and the environment therein would render anyone unable to adequately assist in his own defense or contribute in a meaningful manner. In order to prepare a defense in a complicated, criminal case - such requires an environment that allows for high level thinking. That is why people go to a library to read or learn. High level, intelligent thinking and processing requires a somewhat comfortable environment, or at least an environment where one is not in constant fear.  Lang's current conditions can only be explained as an environment that is insufficient to learning, improving, and adequately assisting and contributing towards a legal defense.

For all these reasons, Lang requests that he be temporarily released before and during trial, at which time he will remain within the district under the supervision of third-party custodians, that being his Father and Mother. *Persico*, 1986 WL 3793, at p. 1.

## B.  BRA Section 3142 (i) Assured that the Accused Be Released to Prepare his Own Trial.

Respectfully, these allegations along with Lang's history do not support that "no set of conditions" could reasonably assure his appearance in court, as it would be inappropriate and unfounded to conclude that he is a future danger. 18 U.S.C. §

3142(e)(1).[4] Thus, the limited issue here is whether Lang should be immediately released under the Bail Reform Act ("BRA")'s subsection (i), which should be narrowly applied to pretrial detainees when its "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

The BRA stresses[5] liberty as the norm, and only in extreme cases does detention apply. The conditions Lang requests, combined with his history of upstanding citizenship, pose no *articulable reason* the Government can cite in support of their position that Lang presents an identifiable threat to the community or local law enforcement.  Further, all of Lang's communications, social media accounts, and movements can be monitored on home-detention.

Again-and-again, we have requested to be heard on how Lang's case also stands for a few other principles. The first principle is that better access to discovery can present the constitutionally afforded with the best defense; the second principle is that, when a defendant has established that they are a great asset in reviewing discovery and has countlessly sought to be involved in his own defense they should be allowed to be an active participant and, the third principle is that  release is necessary to comport with the Sixth Amendment; and

---

[4] A review of the record in this matter does not show that the government has not advanced an argument that Lang is a flight risk. Therefore, such is addressed briefly because it is our position that such need not be addressed until such time that the Government advances the argument.

[5] On December 31, 2020, the Bond Reform Act of 2020 was presented in Congress.

fourth, how a particular defendant's confinement substantially prejudices his ability to communicate and assist in his defense, and such prejudice applies to a BRA analysis under subsection (i).

### C. *Lang's Ability to Prepare a Defense Has Been Substantially Prejudiced, and the Prospect of a Distant Trial in 2024.*

Lang's story in the last 4 months is troublesome. As jail policies drastically differ from jail-to-jail, being continuously transferred makes it extremely difficult for everyone, even defense counsel, to communicate with Lang.

Lang was arrested in January 2021, and since then transferred to over fourteen different jails throughout the country. More alarmingly, he has been in solitary confinement for the past four months, and currently going on 24 months total in a solitary confinement setting. (*See* Dr. Berrill's Report dated December 22, 2023 at p. 2, attached as **Exhibit A**, explaining the amount of time Lang has been confined to cell during certain months of his solitary confinement).

As stated in previous applications, Lang respectfully requests this Court to consider other compelling reasons for pre-trial release. First, Lang has been held for approximately 36-months[6] in pre-trial confinement. Second, his trial is currently scheduled months from now. Third, there is no definitive date as to

---

[6] It is fully acknowledged that extensions and adjournment were either at the defense request, and that tolling the speedy trial time was consented to.

when the Writ in *Fisher v. US* will be heard or decided, further casting doubt about the viability of his case that will be tried months from now. Lastly, discovery in this case is voluminous, and Lang has stressed his willingness and eagerness to not only participate in his own defense, but to also be a vital part of discovery review and his trial preparation.

Furthermore, we ask this Court to consider this matter based on the how section 3142(i) was carefully reviewed in the *Ryan Nichols* case. (*See US v. Nichols*, 1:21-CR-00117 (TFH) at ECF Doc. 150). Section 3142(i) highlights that after an initial determination of pre-trial detention, the Bail Reform Act provides that a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

Under this statutory provision, the defendant otherwise subject to pretrial detention, may be granted temporary release by showing the presence of two (2) factors: (1) that his temporary release is necessary for the preparation of his defense or another compelling reason; and, (2) that he could be released to the custody of the an "appropriate person." *United States v. Dhavale*, No. 19-mj-00092, 2020 U.S. Dist. LEXIS 69800, at 12-13 (D.D.C. Apr. 21, 2020).

Again, Lang was unarmed on January 6th. As a U.S. citizen, he appeared to stand for Liberty, the Constitution, and assert his First Amendment Rights. Now, Lang stands charged under a Superseding Indictment, where the above sections establish just how necessary the defense believes Lang's temporary release is so as to afford him the opportunity to prepare for trial. Lang was arrested exactly three years ago, January 16, 2021. The last two weekends the lights in his cell have been completely out, and officers have mistakenly taken Lang's laptop charger. Essentially, Lang cannot operate or work under theses conditions. Lang cannot use his computer, and even if he could he does not have access to Relativity or Evidence. com.

Going back to Lang's first bond application, this Court asked counsel in substance for similar case law as to afford Lang the ability to prepare his defense, while out on pretrial bond. Specifically, this Court asked "[a]re you aware of a decision holding that a defendant who should otherwise be detained should nevertheless be released just in order to allow the defendant to participate in pretrial discovery?" (*See* September 20, 2021 Minutes at p. 9, ¶ 21-24). The *Nicolas* case did not establish this vital factor at the time. *US v. Nichols*, 1:21-CR-00117 (TFH) at ECF Doc. 150.

In the *Nicolas* case, the Defendant was granted independent access to Relativity while he was incarcerated, pretrial. The jail could not comply or grant

defendant Nicolas the access he needed to be able to obtain access to Relativity. So, defendant Nicolas made a motion to released on pretrial bond, and in such request he set forth an independent third party, who could monitor Defendant Nicolas ability and access to Relativity. Such request, *inter alai*, was taken into consideration of Nicolas being released under 18 U.S.C. § 3142(i).

Respectfully, if the Court is not amenable to release Lang on personal recognizance, defendant moves this Court to release him into the third-party custody of his father, and commit Lang to the supervision of a High Intensity Supervision Program (HISP) with GPS monitoring by local Pretrial Services. The charges from this case stem from the events that took place on January 6, 2021 at the U.S. Capitol. The allegations are serious, controversy never ending, and the smear tactics deployed against every January Sixth protestor seem to know no bounds. Lang stands in a unique position to be able to have hybrid representation. And that fact, standing alone, establishes a meaningful position as to why Lang should have access to Relativity.[7]

Additionally, J6 defendants charged with much more serious conduct have been release on pretrial bond. (*See United States v. Michael Foy*[8] charged, *inter alia*,

---

[7] *See United States v. Salerno*, 481 U.S. 739, 755 (1987) (highlighting "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception").
[8] https://www.justice.gov/usao-dc/defendants/foy-michael-joseph

Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon). Based on the above, Mr. Lang seeks a in person hearing, where he can address the accusations made against Mr. Foy, and make compassions and distinctions as to why Mr. Lang should also be released on pretrial bond.

Lang's father also can provide supervision for Lang to obtain and have daily access to Relativity. In our request, we respectfully ask that Lang's father be appointed as a third party to monitor Lang's access to Relativity.

Now, we respectfully request this Court to consider how Lang's circumstances have drastically changed in conjunction with recent case law supporting such position.

For these reasons, and many more, we respectfully request this Court make a finding, on section 3142(i) grounds, thereby allowing Lang to be heard in person as to the instant request that he be temporarily released before and during trial.

### D.    *The Cert in Fisher v. US was granted, and Lang's similar Cert will most likely be stayed and track the Fisher case, for an uncertain period of time.*

As stated in a recent New York Times article when discussing the Cert in *Fisher*, "A ruling by the Supreme Court could affect the cases of hundreds of people charged in connection with the Capitol attack". *See* ALAN FEUER AND ADAM LIPTAK, *Justices to Decide Scope of Obstruction Charge Central to Trump's Jan. 6 Case* (New York Times, December 13, 2023) (last visited January 3, 2024). Being that the

Supreme Court, is considering an issue that is directly relevant to Lang's case, which can also result in the dismissal of the main counts, it is respectfully submitted that this factor now be taken into consideration in determining Lang's pretrial bond.

The *Fisher* case and importance of this upcoming decision played a role in extending the trial in the *Lang* case. Collectively these two factors should be considered with the other arguments made above, and previously to this Court. Under all of these circumstances it is appropriate that Lang be temporary released on pretrial bond.

**E.    *The Fisher case has resulted in at least three Defendants being released on Bond pending appeal, after each has been convicted of <u>1512 charges</u>.***

Since the Supreme Court granting cert on *United States v. Fischer*, three defendants, who were found guilty of 18 USSC 1512 (c)(2) were released. The three defendants (Matthew Bledsoe, Thomas Adams and Alexander Sheppard) were released on bond, pending appeal.  Primarily, they were all released because their appeals raised a substantial question. "[A] substantial question" means "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987).

This is a "demanding standard . . . to accord with the expressed congressional intent to increase the required showing on the part of the defendant." *Id*. at 555–56. The question on appeal of whether the conduct for which defendant has been

convicted in Count One falls within Section 1512(c)(2)'s ambit satisfies this standard, as other Judges on this Court considering the same issue have found. *See Sheppard*, 2024 WL 127016, at 3; *United States v. Adams*, No. 21-cr-354 (APM), 2024 WL 111802, at 2 (D.D.C. Jan. 10, 2024); *United States v. Clark*, No. 21-cr-538 (DLF) (D.D.C. Dec. 21, 2023) (granting defendant's motion to stay self-surrender date pending resolution of *Fischer*).

In the *Adams* case, defendant filed a motion for release pending appeal which was granted, whereby the court relied on 18 U.S.C. 3143 (b)(1). "Under 18 U.S.C. § 3143(b)(1), a court "shall order the release" of an individual pending appeal if it finds: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released"; and "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in," as relevant here, "(i) reversal . . . . [or] (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *United States v. Adams*, No. 21-cr-354 (APM), 2024 WL 111802, at 2 (D.D.C. Jan. 10, 2024).

In their analysis the court stated that Defendants applicable guidelines range would look quite different without a § 1512(c)(2) felony conviction. Essentially, the court ruled that due defendants "likely reduced sentence" he should be released due to his time already served.

In *Sheppard*, defendant also filed a motion for release from custody pending an appeal. He argued that "the D.C. Circuit's recent decisions in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), and *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023), raised "substantial questions of law" about his felony conviction under 18 U.S.C. § 1512(c)—specifically, whether the evidence sufficed to show corrupt intent under the standard articulated in those decisions." *Sheppard*, 2024 WL 127016.

*Sheppard* became ripe after *Adams*. (Sheppard's Notice of Suppl. Auth. [ECF No. 140] (directing the Court to Mem. Op., United States v. Adams, Crim. A. No. 21-354 (APM) (D.D.C. Jan. 10, 2024), ECF No. 85 ("Adams Op.")).)

The Supreme Court is likely to decide *Fischer* by the end of its term in June 2024, when Sheppard will have served eight or nine months. By the time the Supreme Court would issue a mandate, and the D.C. Circuit would evaluate the application to Sheppard's case and remand for resentencing, Sheppard could serve a longer term of imprisonment than would be warranted by his remaining convictions." And ordered Sheppard be released.

Lastly, in *Bledstoe,* the defendant filed for a motion for release pending appeal, which was granted. The court stated in their discussion "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to

result in—(i) reversal . . . or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," *id*. § 3143(b)(1)(B); *see also* Charles Alan Wright et al., 3B FED. PRAC. & PROC. CRIM. § 770 (4th ed.).

Here, unlike the defendants in *Adams*, *Sheppard* and *Bledsoe*, *Lang* has not even been convicted, yet he remains remanded. Therefore, Lang should be granted a higher standard as a pre-trial detainee. Further, the remedies the defense and this Court has tried in the past have been chronically inadequate. The jail conditions have created a repeated chain of abuses, which have formed into a pattern of behavior directed against Mr. Lang. Such abuses would lead any logical mind to believe that – even if these adverse conditions were relieved temporarily – Mr. Lang still would not be able to perform in establishing a defense, or even assist in his own defense. Therefore, the only remedy is to release him.

## II.  CONCLUSION

For the aforementioned reasons, this Court should order Lang's immediate release to the custody of his father, Ned Lang, or his mother. For all of these reasons, and any that may become apparent at a hearing on this matter, Mr. Lang respectfully submits that he has independent access to Relativity and that he be released on

pretrial bond, with a third party to monitor Lang's access to Relativity. Such request is reasonable in light of all the recent additional evidence that submitted herein.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, Mr. Lang respectfully requests that this Honorable Court release him on high intensity supervision and conditions the Court deems necessary.

Dated:  January 29, 2024

Respectfully Submitted,

*/s/ Steven Alan Metcalf II*

_____
STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, Suite 810
New York, NY 10016
(*Office*) 646.253.0514
(*Fax*) 646.219.2012

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for all parties to this proceeding as identified below through the court's electronic filing system as follows:

/s/

_____
STEVEN A. METCALF II
*Attorney for Edward Jacob Lang*

Dated: 2/2/2024