UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. NO. 21-cr-53 (CJN) |
| | : | |
| EDWARD JACOB LANG, | : | |
| | : | |
| Defendant. | : | |

**MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves for a ruling *in limine* to exclude improper character evidence that the defendant may seek to introduce at trial concerning his claimed efforts to 'save' or 'rescue' rioters pinned beneath other members of the mob attempting to breach the U.S. Capitol building on January 6, 2021. Indeed, the defendant previously introduced such records during his bond hearing in this case. *See* ECF 29-1 at p. 2-5 (Declaration of Phillip Anderson). The Court should preclude the defendant from offering evidence of specific instances of his alleged good conduct, including efforts to assist other rioters such as Anderson and Roseanne Boyland, because such evidence is both irrelevant and constitutes improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a).

**I.     The Defendant's Participation in the January 6, 2021 Riot and the Pending Charges**

On January 6, 2021, the defendant walked from the rally on the Ellipse to the restricted grounds of the U.S. Capitol which he then entered without authorization. He climbed to the top of scaffolding where he watched officers struggling against assaults from a mob and the eventual breach of police lines at the Capitol's West Front. He witnessed the officers' retreat to the

inaugural stage on the Capitol's Lower West Terrace, and filmed as officers continued their retreat into the Capitol through the inaugural archway (known in the context of the January 6 riot as 'the tunnel').

Lang joined the first wave of rioters who entered the tunnel at approximately 2:41 p.m. Between 2:41 and at least 5:00 p.m., Lang assaulted at least seven officers. His assaults involved the repeated use of a baseball bat as a deadly and dangerous weapon. Lang's assaults did not end until a non-lethal rubber bullet struck his foot.

For this conduct, Lang has been charged with four felony counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); three counts of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly and Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Disorderly and Disruptive Conduct on Restricted Grounds with a Deadly and Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); and Disorderly Conduct a Capitol Building or the Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and Act of Physical Violence withing the Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).

## II.     The Limited Admissibility of Character Evidence

Rule 404(a) of the Federal Rules of Evidence prohibits either party from offering evidence of character to prove that a person acted in conformity therewith on any particular occasion. The rule applies to prior good acts as well as prior bad acts of the defendant. As the Sixth Circuit has explained, "For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit

crimes." *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014). In other words, "evidence of good conduct is not admissible to negate criminal intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (internal citation omitted); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence, however, through proof of the absence of criminal acts on specific occasions") (internal citations omitted).

The Rule contains three exceptions, one of which governs the admissibility of evidence of a defendant's character. Fed. R. Evid. 404(a)(2)(A). Such evidence is admissible only if it relates to a "pertinent" or relevant character trait. *Id*. Consistent with Rule 405, "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). "When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). Here, however, none of the charges against Lang include such an element and so that exception is inapplicable here.

This Court has authority to grant a motion *in limine*, in advance of trial, which excludes inadmissible evidence, as well as any and all references by parties, attorneys, and witnesses to the inadmissible evidence. *Luce v. United States*, 469 U.S. 38 (1984).

### III. The Court Should Preclude the Introduction of Character Evidence Relating to the Defendant's Efforts to Assist Other Rioters Who, Like Lang, Sought to Breach the Capitol.

This Court should exclude character evidence if offered by the defendant to prove his general good character through good deeds – such as efforts to assist rioters caught beneath other members of the mob who fell on top of them. Such evidence is not admissible because it is not pertinent to an essential element of the charges pending against Lang. *See, e.g.*, *United States v.*

3

*Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's dedication, aggressiveness and assertiveness in investigating drug dealing and carjacking was neither pertinent to, nor an essential element of, bribery, conspiracy, or drug and firearms charges with which he was charged); *United States v. Chwiesiuk*, No. 21-cr-536 (CKK), 2023 WL 3002493 at *7 (D.D.C. April 19, 2023) (prior good conduct, including awards and commendations received while a police officer, was not pertinent to misdemeanor charges against Capitol riot defendant); *United States v. United States v. Irving*, 2008 WL 163653, at *1 (D.D.C. Jan. 18, 2008) (excluding evidence of Detective's professional awards because the awards do not reflect pertinent character traits and the criminal allegations were plainly unrelated to the Detective's professional competence and integrity).

Courts have held that the general character trait of law-abidingness is pertinent to almost all criminal offenses. *In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003). However, even if evidence of the defendant's prior good acts was indicative of a general law-abidingness, the form of that evidence would be governed by Rule 405(a), which limits such evidence to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Proof of specific instances of conduct is not permitted under the Rule, unless the trait or character of a person is an essential element of the charge, claim, or defense—which, in this case, it is not. *See United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997). Indeed, there is no character trait derived from the defendant's efforts to assist other rioters in distress at approximately 4:20 p.m. on January 6, 2021, that is an essential element of a charge, claim, or defense in this case. None of the elements of the offenses with which the defendant has been charged relate to attempts to aid other rioters or character traits aligned with that conduct.

Moreover, Lang's efforts to render assistance to fellow rioters are irrelevant under Rule

4

403. *See United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987) ("Evidence of prior acts, whether offered under Rule 404(b) or 405(b) by the prosecution or by the defense, must be sufficiently related and proximate in time to the crime charged to be relevant under Rule 403."). Lang's assistance to rioters who fell beneath other members of the mob at approximately 4:20 p.m. does not relate to assaults or obstruction of officers at 2:27 p.m. (Count One), 3:03-3:13 p.m. (Count Two), 4:01-4:02 p.m. (Count Three), or 4:10-4:13 p.m. (Count Four). And insofar as Lang asserts claims of self-defense or defense of others, his assistance to rioters does not pertain to later assaults at 4:44-4:46 p.m. (Count Five), or 4:54-5:00 p.m. (Counts Six and Seven), as by that time other rioters had carried Boyland to police officers for assistance and Anderson had been removed beyond the reach of police officers and away from the location of rioters' assaults, and officers' responses to those assaults, at the entrance to the tunnel. No causal connection links aid to these individuals to Lang's continued assault against police officers, and logic does not support any claim of defense of these individuals who were either brought to those same officers for aid or already taken out of harm's way.

Accordingly, this Court should preclude the defendant from offering character evidence in the form of specific acts, or general reputation or opinion evidence beyond the scope of general law-abidingness, including that relating to his prior career in law enforcement and the military. The undersigned have conferred with counsel for Lang concerning the relief requested in this motion, who do not agree that the evidence the government disputes should be excluded.

**WHEREFORE**, the government respectfully moves to preclude the admission of such information at trial, along with argument that his efforts to assist other rioters provides a legal defense to the charges against him.

Respectfully submitted,

5

                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    D.C. Bar No. 481052

By:

                    <u>s/Karen Rochlin</u>
                    Karen Rochlin
                    Assistant U.S. Attorney Detailee
                    DC Bar No. 394447
                    99 N.E. 4th Street
                    Miami, Florida 33132
                    (786) 972-9045
                    Karen.Rochlin@usdoj.gov

                    Craig Estes
                    Assistant U.S. Attorney Detailee
                    John Joseph Moakley Federal Courthouse
                    1 Courthouse Way
                    Boston, MA 02210
                    (617) 748-3100
                    Email: craig.estes@usdoj.gov