UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO.: 1:21-cr-53 (CJN) |
| | § | |
| EDWARD JACOB LANG | § | |

_____

### SUPPLEMENT TO DEFENDANT LANG'S MOTION TO RENEW AND RECONSIDER HIS REQUEST FOR IMMEDIATE TEMPORARY RELEASE AND SUPPLEMENTAL BOND APPLICATION

Defendant Edward Jacob Lang files this Supplement and states:

I.

On April 9th, 2024, Defendant Lang was charged, without proper cause, with an institutional infraction and brought to solitary confinement in the Special Housing Unit (SHU) at Brooklyn MDC. The charge was later dismissed and he was returned to general population on April 22, 2024.

Shortly thereafter, on April 25, 2024 a dozen officers descended on Mr. Lang and brought him back into the SHU solitary confinement where he was thus far denied a hearing on the allegations of the institutional charges and being denied his due process right for at least 14 days at the time of this filing. This is against BOP policy where within two weeks, a hearing must be convened. This illegal action against Defendant Lang is in addition to a prolonged solitary confinement detailed in his previous Motion to Lang's Motion to Renew and Reconsider His Request for Immediate Temporary

Release. (ECF No. 125).

Defendant Lang has not had the ability to consistently consult with his attorneys during this time and therefore this solitary confinement is inhibiting his ability to prepare for his upcoming trial.

Defendant Lang respectfully urges this Court to take notice of the following: Recently, the State of New York has passed the HALT Act, prohibiting solitary confinement for more than 15 consecutive days in any 60-day period for state prisoners. N.Y. Correct. Law § 137(6)(i). The HALT Act follows the "Nelson Mandela Rules" promulgated by the United Nations and adopted by many jurisdictions around the world since then.[1] Both of these documents, although not legally binding, signal a trend in the law where solitary confinement is being found to be in violation of the due process of Defendant's rights. This Court has the discretion and authority to grant the Motion at issue and to protect the rights of Defendant Lang.

II.

The South Africa's Apartheid Regime sentenced Nelson Mandela to life in prison, where he spent years in solitary confinement. In his autobiography Mr. Mandela described prison as follows: "I found solitary confinement the most forbidding aspect of prison life. There is no end and no beginning; there is only one's mind, which can begin to play tricks. Was that a dream or did it really happen? One begins to question everything." *See* Nelson Mandela's 1994 autobiography entitled, *The Long Walk to Freedom.*

---

[1] See *United Nations, Standard Minimum Rules for the Treatment of Prisoners* (2015), available at https://www.unodc.org/documents/justice-and-prison-reform/Nelson_Mandela_Rules-E-ebook.pdf (last checked Mar. 15, 2024).

There are humane alternatives to long-term solitary confinement. As stated above, in March of 2021, then New York Governor Cuomo banned the use of prolonged solitary confinement in New York State. Cuomo did so in signing into law the Humane Alternatives to Long-Term Solitary Confinement Act (HALT). What's more, the HALT act adopted the United Nations Standard for Minimum Rules for the Treatment of Prisoners, also referred to as the "Nelson Mandela Rules." The New York HALT Act also requires that solitary confinement be used only for "serious conduct" such as the risk of "imminent physical injury". Further, all inmates in solitary are to have at least four hours of recreation outside of their cells, as well as one hour of outdoor time, which is a minimum of five hours out a day.

Notably, the HALT Act defines "prolonged solitary confinement" as: solitary confinement for more than 15 consecutive days and bans the use of prolonged solitary confinement.

HALT also forbids more than 20 days of solitary confinement during any 60-day period.

Again, Defendant fully acknowledges that New York law is not controlling authority in this case, especially since he is housed in a federal facility. However, this law can inform the Court's analysis of the unlawful conduct in this case regarding Mr. Lang's pre-trial confinement for the last three years. The Court can also appreciate the damage that the inhumane practice of solitary confinement can cause, and that solitary confinement does not properly address the root causes that lead to punishment.

The World Health Organization, United Nations, and other international bodies

have also recognized solitary confinement as greatly harmful and potentially fatal. The significance of the "Nelson Mandela Rules" can be found in two rules, Rules 1 and 43. First, the "Nelson Mandela Rules" highlight in Rule 1 the following:

> All prisoners shall be treated with the respect due to their inherent dignity and value as human beings. No prisoner shall be subjected to, and all prisoners shall be protected from, torture and other cruel, inhuman, or degrading treatment or punishment, for which no circumstances whatsoever may be invoked as a justification. The safety and security of prisoners, staff, service providers, and visitors shall be ensured at all times.

See E-Book entitled "The United Nations Standard Minimum Rules for the Treatment of Prisoners" *available at* www.unodc.org/documents/justice-and-prison-reform/Nelson_Mandela_Rules-E-ebook.pdf (last visited May 20, 2024).

Rule 43 states that under no circumstances may restrictions or disciplinary sanctions amount to torture or other cruel, inhumane, or degrading treatment or punishment. Specifically, Rule 43 states:

> 1. In no circumstances may restrictions or disciplinary sanctions amount to torture or other cruel, inhuman or degrading treatment or punishment. The following practices, in particular, shall be prohibited: (a) Indefinite solitary confinement; (b) Prolonged solitary confinement; (c) Placement of a prisoner in a dark or constantly lit cell; (d) Corporal punishment or the reduction of a prisoner's diet or drinking water; (e) Collective punishment.

*Id.* at p. 15 of 38.

Further in Rule 43, section 3 states that disciplinary sanctions or restrictive measures shall not include the prohibition of family contact. Family contact may only be restricted for a limited time, as is strictly required for the maintenance of security and order.

What matters most here is that Mr. Lang be an active member of defense team, and assist in preparing and going to trial. Lang brings a unique skill set to preparing for his defense and each time he goes to solitary confinement he is prevented from being able to contribute. These conditions do not move this case along in a positive, constructive manner.

III.

Wherefore, Lang respectfully urges this court to grant him release from detention pursuant to 18 U.S.C.§ 3142(i) as to be able to prepare for trial.

DATED: May 20, 2024.

Respectfully submitted.

/s/ ANTHONY F. SABATINI
FL Bar No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
411 N DONNELLY ST, STE #313
MOUNT DORA, FL 32757
T: (352)-455-2928
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2024, I filed the foregoing Notice of Attorney Appearance using the CM/ECF system which will give electronic notification to all attorneys of record.

/s/ Anthony F. Sabatini