United States District Court
For the District of Columbia

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        v.                          )     No. 21-CR-53 (CJN)
                                    )
EDWARD JACOB LANG,                  )
                                    )
              *Defendant*.          )
_____ )

### LANG'S EMERGENCY MOTION FOR TRANSFER TO DC JAIL, OR, ALTERNATIVELY EXTENDED COMPUTER TIME AND ACCESS TO DISCOVERY WHILE AT BROOKLYN MDC

Now comes EDWARD JACOB LANG, by and through his undersigned counsel, and moves this Court for a transfer back to DC Jail, and an order that he continue the computer privileges to allow for extended access to a computer so that he can access two hard drives (hereafter "drives") containing his discovery. Alternately, it is respectfully requested that computer access be granted to Lang while he remains at Brooklyn MDC, with the same, or greater than editing capability– as the privilege he was afforded while at the DC jail.

### I.   REQUESTS FOR RELIEF

1.   Currently, it is our understanding that the government does not seek to further pursue the 1512 charges in this matter. However, the government does wish to supersede the indictment once again, thereby adding another assault count.

2.  With trial scheduled for September 9, 2024, and a new charge being added, going to trial in less than 30 days is not practical.

3.  Mr. Lang needs access to a computer, with editing capability while at Brooklyn MDC. Lang has an outstanding *Hybrid* representation application pending, and wishes to be a part of comprising the defense exhibits to be presented at trial. Now the devise remains in limbo, and such location remains unknown to Lang's defense team.

4.  As argued to this Court in the past, Lang has a Sixth Amendment right to participate in, and, indeed, conduct—his own defense. *McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S. Ct. 944, 79 L. Ed. 2d 122 (1984) (highlighting "Counsel Clause" of the Sixth Amendment "implies a right in the defendant to conduct his own defense, with assistance at what, after all, is his, not counsel's trial."); *See also Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983) (recognizing that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, such as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal") (*citing Wainwright v. Sykes*, 433 U.S. 72, 93 n. 1, 97 S.Ct. 2497, 2509 n. 1, 53 L.Ed.2d 594 (1977) (BURGER, C.J., concurring).

5.  Lang's inability or the limited ability to access trial materials constitutes a Sixth Amendment violation. *United States v. Darden*, 2017 U.S. Dist.

LEXIS 137942, at 6 (M.D. Tenn. Aug. 28, 2017) (holding that defendant's inability to access discovery in jail, if uncorrected, would create Sixth Amendment problem).

6. After all this time, and all these transfers, Lang needs to be a more active member in his own defense under the Sixth Amendment, which cannot be stressed enough.

7. Lang needs to be able to assist in his defense obtaining all his trial witnesses and trial exhibits; not to mention he must be a more active participate in reviewing his discovery as to assist his defense in conducting theories for his defense and cross examination questioning, such examples do not include his ability to frame a complete defense.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, he respectfully requests that this Honorable Court order he be granted extended computer time and access to all discovery.

Dated:  August 12, 2024             Respectfully Submitted,

                                    */s/ Steven Alan Metcalf II*
                                    _____
                                    STEVEN A. METCALF II, ESQ.
                                    Metcalf & Metcalf, P.C.
                                    99 Park Avenue, Suite 810
                                    New York, NY 10016
                                    (*Office*) 646.253.0514
                                    (*Fax*) 646.219.2012

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for all parties to this proceeding as identified below through the court's electronic filing system as follows:

/s/
_____
STEVEN A. METCALF II
*Attorney for Edward Jacob Lang*

Dated: August 13, 2024