UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 1:21-cr-00053-CJN |
| EDWARD JACOB LANG, : | |
| : | |
| Defendant. : | |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT LANG'S EMERGENCY MOTION TO MODIFY TRIAL SCHEDULE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Edward Jacob Lang's Motion To Modify Trial Schedule, ECF 155. Lang, who benefits from representation by multiple retained attorneys, and who may be granted leave to represent himself along with counsel, has repeatedly sought continuances to prepare for trial. His latest motion appears to recycle many of the same grounds that this Court addressed through several earlier continuances and notes one of his attorney's recuperation from a procedure which the parties and this Court addressed at an October 10, 2024 status conference. October 10, 2024 Minute Entry. The United States submits that the motion does not adequately explain why a period of over three years since Lang's arrest is insufficient to prepare to try this case or why the trial cannot proceed as scheduled with the support of Lang's other attorneys, as more fully explained below. Insofar as Lang emphasizes his need to utilize a discovery laptop, he received the laptop on October 25, 2024 at approximately 12:06 p.m., a date and time determined by the conduct of his counsel as described below.

### RELEVANT PROCEDURAL HISTORY

Federal agents arrested defendant Lang on January 16, 2021 for his role in the January 6,

2021 attack on the United States Capitol. Approximately 95% of the prosecution's case-specific discovery was provided to opposing counsel before the end of that year. Since as early as September 2021, Lang has claimed he will assert claims of self-defense or a defense of others in response to the charges against him. *See, e.g.*, ECF 93 at 14-17 (alleging injuries to rioters and arguing that Lang "was jumping into a chaotic situation and trying to do what he can to save other people"). A second superseding indictment, ECF 141, has charged Lang with serious felonies, including numerous assaults on federal officers.[1] This Court originally scheduled trial for January 9, 2023 and entered a scheduling order specifying various pre-trial deadlines. ECF 60. After an October 24, 2022 status conference, this Court continued the trial date to May 29, 2023, at Lang's request. October 24, 2022 Minute Order. A December 16, 2023 Minute Order further pushed back the trial date to May 30, 2023.

On April 26, 2023, Lang moved to continue his May 30, 2023 trial date based on his attorney's involvement in another ongoing trial. ECF 107. This Court held a status conference on May 5, 2023 and granted the motion, rescheduling Lang's trial for October 10, 2023. ECF 118; May 5, 2023 Minute Order. During the May 5, 2023 status conference, defense counsel represented to this Court that "I would like to finalize hiring a couple of witnesses," ECF 121 at 7, which the United States understood to be expert witnesses. On May 11, 2023, attorney Norman A. Pattis filed a notice of appearance on behalf of Lang. ECF 109.

---

[1] The charges include Assaulting, Resisting, or Impeding Certain Officers with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 111(a) and (b); Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a); Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of Title 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of Title 18 U.S.C. § 1752(a)(4) and (b)(1)(A); Disorderly Conduct in a Capitol Building, in violation of Title 40 U.S.C. § 5104(e)(2)(D); Physical Violence in the Capitol Grounds or Buildings, in violation of Title 40 U.S.C. § 5104(e)(2)(F).

On August 25, 2023, the parties filed a Joint Pretrial Statement. ECF 119. At a status conference on September 8, 2023, this Court postponed the October 10, 2023 trial date, again in response to Lang's request. September 8, 2023 Minute Order. At a September 18, 2023 status conference, this Court set a trial date for September 9, 2024. ECF 124; September 18, 2023 Minute Order.

On November 13, 2023, attorney Norman Pattis moved to withdraw his notice of appearance. ECF 122. This Court denied that motion. November 29, 2023 Minute Order.

In February 2024, Lang was transferred from the D.C Jail to the Metropolitan Detention Center (MDC) in Brooklyn, New York. *See* ECF 129-1. A hard drive containing Lang's discovery material for Lang to review was retained by staff at the D.C. Jail for Lang's counsel to retrieve. Defense counsel was informed that he could obtain the hard drive from the D.C. Jail and provide it to Lang at the MDC.

On March 18, 2024, attorney Anthony Frank Sabatini filed a notice of appearance on behalf of defendant Lang. ECF 128.

In advance of the September 9, 2024 trial date, on August 12, 2024, the United States filed updated components of a pretrial statement including a neutral statement of the case, proposed voir dire, jury instructions, and a verdict form. ECF 138, 138-1 through 138-4.

On August 13, 2024, Lang moved this Court to order his transfer back to the D.C. Jail or to order that he have greater access to discovery. ECF 139. Although styled as a discovery motion, the motion also claimed that it was no longer practical to start Lang's trial on September 9, 2024. ECF 139 at 2. This Court held a status conference on August 13, 2024, resulting in a postponement of the trial date until November 4, 2024. August 13, 2024 Minute Order. The court denied Lang's request for a transfer or greater access to discovery.

On August 28, 2024, roughly six months *after* Lang left the D.C. Jail, an attorney for Lang in addition to counsel of record retrieved the hard drive with discovery from the D.C. Jail.

On October 10, 2024, this Court held a status conference at the request of the United States, ECF 147, where the United States sought, after previously conferring with defense counsel, to either advance or slightly delay the trial to accommodate a victim and essential witness. Defense counsel provided the Court with reasons for opposing an earlier trial date but did not object to the prosecution's request to commence trial one week later. This Court set a new trial date of November 12, 2024. October 10, 2024 Minute Order.

On October 18, 2024, the United States filed a Joint Pretrial Statement and its exhibit and witness lists. ECF 150, 151, 152. The United States has also provided defense counsel with numbered copies of its exhibits. Lang filed a witness list on October 19, 2024, ECF 153, and an exhibit list on October 21, 2024. ECF 154.

Lang now moves, without any attempt to confer with the prosecution, to continue the trial date set for November 12, 2024. ECF 155. As grounds, he claims "an inability to access discovery and counsel"; a "massive" volume of material needed to prepare for trial; and difficulty arranging for defense witnesses because of the Thanksgiving holiday. ECF 155 at 1. He requests a "brief" continuance, ECF 155 at 4, but does not specify the amount of additional time he requests or indicate what he considers to be brief. Lang also notes that a "Dr. Atkins"[2] needs to have privileged conversations with Lang to eliminate the possibility of competency issues. None of these issues

---

[2] This doctor appears to be a clinical and forensic psychologist and "expert on variables to consider regarding subjective reasoning, crowds, and police conduct during protest"; *see* ECF 153. The deadline for disclosure of expert witnesses, which this Court extended several times, has passed. The United States submits that a continuance should not be granted because of issues involving an expert witness when prerequisites for expert testimony have not been met and due diligence for securing the services of an expert have not been alleged or shown.

4

survive close scrutiny.

## ARGUMENT

To evaluate the need for a trial continuance, a court must balance a defendant's constitutional rights with the Government's and public's "substantial interest in avoiding disruptions of a court's calendar and in having guilt or innocence promptly adjudicated." *United States v. Raymond*, No. 21-380 (CKK), 2023 WL 6317850 at *1 (D.D.C. Sept. 28, 2023) (citing *United States v. Haldeman*, 559 F.2d 31, 83 (D.C. Cir. 1976)). Generally, a continuance will only be required when a Fifth or Sixth amendment violation would result absent a change in the trial's schedule. *Raymond* at 1 (citing *United States v. Burton,* 584 F.2d 485, 491 (D.C. Cir. 1978)).

The difficulty of assembling witnesses, lawyers, and jurors at the same place and time counsels against continuances except for compelling reasons. *Morris v. Slappy*, 461 U.S. 1, 11 (1983). Moreover, not every denial of a request for a continuance results in a denial of due process or deprives a defendant of the right to counsel. To evaluate requests to continue a trial, courts will consider factors such as whether the defendant contributed to a circumstance which gives rise to the requested continuance, *see Burton*, 584 at 490-91, and:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.

*Id*. (internal citations omitted). When these factors are applied to Lang's motion, they fail to support further delay of his trial.

For example, Lang claims that "for more than nine months" he "has been systematically denied access to his discovery materials and has been further obstructed from reviewing new evidence recently submitted by the prosecution." ECF 155 at 4. Apart from his unsworn, self-serving allegations, Lang has never produced evidence of a systematic denial of access to discovery materials. Instead, evidence reflects that over the course of Lang's pretrial detention, he has misused resources provided to facilitate his review of discovery and access to counsel. *See, e.g.,* ECF 92-1 (Declaration of Jennifer Knepper). At this Court's request, Lang received access to and exclusive use of a laptop while he was held at the D.C. Jail. Lang falsely accused the jail of losing or destroying a discovery hard drive that in fact, Lang himself had provided to another inmate before his transfer to MDC. D.C. Jail personnel stored the hard drive so defense counsel could retrieve it. Although Lang's counsel was promptly notified that he could obtain the hard drive for his client, it was left in the custody of D.C. Jail personnel for six months, from approximately March (or late February) of 2024 until August 28, 2024. *See* ECF 129-1 (Declaration of Kimberlee R. Smith).

Lang does not explain how corrections or other government personnel have deprived him of access to discovery that he failed to collect for six months. Moreover, this Court was explicit during an August 13, 2024 status conference that it would not provide Lang relief based on claims that his placement in a Special Housing Unit for his disciplinary violations purportedly made his access to discovery materials more difficult. Even if Lang had not waited six months to collect discovery, he did not hesitate to engage in new violations causing his placement in the SHU. For example, approximately four days after this Court's admonishment, a third party posted a video on social media that Lang transmitted using a contraband cellular phone.

6



*Image taken from third-party post of Lang's recording from a contraband phone*

Lang's recycled allegations about lack of access to discovery do not warrant a continuance because Lang has either not diligently recovered discovery material available to him, or because any inconvenience he may have experienced reviewing discovery from Special Housing resulted

7

from his own disciplinary infractions. In other words, with respect to discovery, Lang has contributed to or caused the circumstances that give rise to his motion to continue.[3]

At the October 10 status conference, counsel for Lang sought this Court's intervention to secure another discovery laptop for Lang upon his return to the D.C. Jail for his November 4 trial. The prosecution asked for an opportunity to confirm that Lang's trial made his receipt of a laptop a priority. The prosecution contacted the jail and confirmed with Department of Corrections counsel that Lang would receive a discovery laptop upon arrival. Indeed, because of that discussion, arrangements began in advance of his arrival to ensure that Lang would have access to a laptop.

When Lang returned to the D.C. Jail, one of his attorneys contacted the jail concerning provision of a laptop. At that time, and since approximately August 28, 2024, counsel possessed the hard drive with Lang's discovery. According to its counsel, the D.C. Jail informed defense counsel that Lang would not receive a discovery laptop when he had nothing in his possession to review, but he would receive the laptop immediately once any hard drives with discovery were returned to the jail. The hard drives were returned to the D.C. Jail on the morning of October 25, 2024 and Lang received the discovery laptop that same day by 12:06 p.m. Thus, counsel's delivery of discovery for Lang to review determined his receipt of the laptop and the Jail has not delayed Lang's ability to review discovery since his return to this district. Access to discovery does not provide any reason, let alone a compelling reason, to delay Lang's trial.

---

[3] Lang's review of discovery material once he obtained it has occurred, according to BOP counsel. When provided with a copy of Lang's motion, ECF 155, BOP counsel advised in an electronic mail message sent August 28, 2024 that up until the date Lang was transferred from MDC Brooklyn, "he was receiving legal calls, as scheduled. He would review discovery per his request for when he was in SHU. When he was in general population, he could review discovery at his leisure because the computers were on the unit."

Lang also claims without documentary or other support that he has "been almost entirely prevented" from reviewing discovery relevant to a count added to his superseding indictment filed on August, 14, 2024. ECF 155 at 5-6. With this argument, Lang overlooks the production of discovery on July 27, 2023 for the additional count, more than a year before the indictment with that count was filed.

In addition to his discovery-related claims, Lang argues that someone he identifies as "Dr. Atkins" wants to "rule out competency concerns" because of the time Lang has spent in "solitary confinement." ECF 155 at 5. It is far from clear that Lang has spent *any* time in solitary confinement. MDC Brooklyn denies that placement in its SHU equates to solitary confinement. Records provided from Lang's earlier assignment to MDC Brooklyn's SHU refer to a roommate Lang had while in SHU, *see* ECF 133-3, an arrangement inconsistent with "solitary" confinement. The motion does not explain or document how assignment to the SHU affects competency and provides no details that would establish grounds to question Lang's competency. Lang has not invoked the provisions of 18 U.S.C. § 4241 or sought a court order for an evaluation. His motion instead continues to emphasize Lang's anticipated role as hybrid counsel while inconsistently insisting that unspecified issues relating to his competence need to be addressed.

Lang attempted to raise similar concerns with competency starting in May, 2023, *see* ECF 111, and in February 2024 as part of an effort to obtain release from detention. *See* ECF 125, 125-1 (attaching a report from a Dr. Berrill). His pending motion does not describe what if any efforts were made to address any supposed competency issues by a court-ordered deadline of June 5, 2023, ECF 111, or between February 2, 2024 when Dr. Berrill's letter was filed as ECF 125-1, and October 27, 2024 when the instant motion, ECF 155, was filed. Lang's motion makes no showing of due diligence addressing any concerns with Lang's competency. It offers no reason to conclude

9

that such diligence will occur if the motion is granted. Once again, it appears that Lang has caused the circumstances that form this basis for his motion to continue, and that concerns with competency may, absent action to address such concerns over the past eight months, in *Burton*'s language, be contrived. Accordingly, the recent inability of a Dr. Atkins to converse with Lang does not offer a compelling reason to continue the November 12 trial date in this case. This Court provided Lang with time to address any competency issues, and Lang did not do so.

Despite the claim of concerns with competency, the motion does refer to Dr. Atkins as someone who needs to prepare "for an entire trial", ECF 155 at 5, in order to address not only competence but claims of self-defense, defense of others, and police misconduct. *Id*. The motion does not explain why serious concerns with competence, if any, are consistent with the need to prepare a defense to a trial that will not go forward if competency is an issue. A Dr. Atkins is also listed on Lang's witness list as an expert; however, Lang has not fulfilled the disclosure requirements for expert witnesses under Fed.R.Crim.P. 16(b)(1)(C). *See United States v. Day*, 524 F.3d 1361, 1370-72 (D.C. Cir. 2008) (upholding exclusion of testimony from defense expert for manifest failure to comply with Rule 16(b)(1)(C) in case where prosecution moved to strike testimony after receiving the expert's report which failed to state expert's conclusions).[4] One purpose of Rule 16(b)(1)(C)'s disclosure requirements is to "reduce the need for continuances,"

---

[4] As the government was drafting this response, on October 29, 2024 at 12:52 p.m., defense counsel transmitted what appears to be a partial expert witness disclosure. A complete expert witness disclosure was due on July 15, 2024. ECF 124. Lang never sought an extension of this deadline from this Court. The prosecution has not yet had time to review counsel's disclosure in detail, but can represent that it does not report any expert conclusions and omits other required information. Counsel is aware that failure to comply with Rule 16(b)(1)(C)'s disclosure requirements may result in exclusion of expert testimony since this is what occurred in a different case counsel tried, *see United States v. Nordean*, 21-cr-175 (TJK), (April 6, 2023 Trial Transcript, Day 53, at 17,299-300, noting exclusion of Nordean's expert testimony "on notice grounds, relevance grounds, and on 403 grounds to the extent there is any relevance").

*see Day* at 1372, and it would contradict Rule 16(b)(1)(C)'s purpose to address the failure to make a complete disclosure with a trial continuance the rule was designed to avoid. Once again, Lang appears to have contributed to, if not caused altogether, the circumstances that underlie his motion by failing to comply with a known Rule and with the deadlines this Court ordered.

With respect to claims of self-defense and defense of others, Lang has known he would raise such defenses since 2021. His motion does not explain why preparation to present these defenses has not already occurred or what if any due diligence has been conducted while this case was pending or once earlier continuances to allow preparation were granted. His motion does not provide specifics for what his expert will say. Mere assertions regarding the utility of prospective testimony do not provide a sufficient basis to compel a continuance. *United States v. Poston*, 902 F.2d 90, 98 (D.C. Cir. 1990).

Lang claims that he will call as many as 20 witnesses and that some of these witnesses will have to testify during the week that includes the Thanksgiving holiday. He claims that he will be unable to present witnesses during this week but fails to explain why this is so. His motion does not identify the witnesses with travel issues, describe what their issues are, or explain why a continuance is the only solution for issues arising from the holiday.

Lang's witness list includes 16 names, not 20. Of those 16 witnesses, Lang identifies 10 who are represented by counsel; many of these witnesses have pending charges arising from their conduct on January 6, 2021 and others are pending sentencing and still retain a privilege against self-incrimination.[5] *See Mitchell v. United States*, 526 U.S. 314, 326 (1999). At least two others, even if not represented or charged, may nevertheless be able to assert the privilege against self-

---

[5] Although not indicated on the defendant's witness list, witness number 13 is charged in a criminal case in this district, is represented by counsel, and will not have been sentenced before the end of Lang's trial.

11

incrimination. Thus, it is far from evident that Lang will be able to call all 16 of the witnesses he has listed. Lang filed his motion without attempting to confer with the prosecution; thus, the prosecution has been unable to address whether other options besides a continuance are available for any witness who will not assert an available privilege but has a scheduling conflict. In any event, Lang's motion fails to demonstrate a compelling reason to continue trial because of Thanksgiving.

In his motion, counsel for Lang also addresses recuperation from a medical procedure. The motion states that "some form" of accommodation will have to be addressed if the current trial date remains in place. ECF 155. The United States remains open to discussing what accommodation counsel may require.

Insofar as the motion suggests that this Court is compelled or required to grant a continuance, that is not the case even if counsel becomes unavailable. The Sixth Amendment does not give a criminal defendant an *absolute* right to a continuance to allow counsel to prepare. *Poston*, 902 F.2d at 96 (emphasis in original). Instead:

> the right to counsel cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same. The public has a strong interest in the prompt, effective, and efficient administration of justice; the public's interest in the dispensation of justice that is not unreasonably delayed has great force.

*Id*. (internal quotations and citations omitted).

One of Lang's attorneys may need to recover from a procedure; however, Lang has two other attorneys of record, and has advised the prosecution that he is receiving assistance from a third attorney. Lang's most recent attorney of record filed a notice of appearance on March 18, 2024. Moreover, it appears from his request for hybrid representation that Lang, at least to some extent, is willing to dispense with assistance of any counsel and act as his own attorney. Under

these circumstances, the United States suggests that any argument for a continuance is far less compelling.

Numerous and lengthy continuances have already been granted in this case. Further delay will inconvenience those witnesses who have already changed schedules and made arrangements for the current setting of this trial. Delay risks depriving the prosecution of continuity of counsel.[6] The defendant has other competent counsel of record who have tried other cases arising from the events of January 6, 2021. Lang's claims of prejudice absent delay are not convincing, especially as they relate to discovery and the convenience of witnesses who may never take the stand. Lang has demonstrated an unwillingness or an inability to comply with this Court's deadlines throughout the history of this case, which has been pending for three years. The record does not provide any reason to believe that granting the current continuance will result in anything other than a future request for a continuance. Meanwhile, the United States Marshals Service has incurred the costs of transporting the defendant to this district for trial. Witnesses have received subpoenas. The Department of Justice has obligated or spent funds to support a trial that starts as scheduled on November 12.

The United States does not overlook that this Court recently accommodated the government when it encountered a scheduling issue with a victim who is an essential witness; however, the United States has announced its readiness for trial for every date this Court has scheduled; indeed, if it had been possible, the government would have preferred to advance the trial date to accommodate the victim's schedule.

---

[6] Both of the prosecutors are serving on details; one detail period has already concluded and that Assistant U.S. Attorney is unlikely to be able to participate in this trial if it is extended again.

Defense counsel scheduled a procedure for October 23, 2024 when this case was set for trial on November 4, 2024. No continuance was sought; instead, counsel received a week's delay resulting from the government's need to adjust the trial schedule by a matter of days. Now counsel seeks further unspecified delay.

On balance, the factors listed in *Burton* neither compel nor support a later trial date for a defendant with multiple attorneys who may not even fully utilize their services. And as one opinion has observed:

> The calendar control of modern criminal court dockets, especially in metropolitan communities, is a sophisticated operation constantly buffeted by conflicting forces. The accused's rights ... are constantly in ... conflict with the prosecution's legitimate demands for some stability in the scheduling of cases. The availability of prosecution witnesses is often critically dependent on the predictability of the trial list .... [D]elays and postponement only increase the reluctance of witnesses to appear in court, especially in criminal matters ....

*United States v. Baker*, 432 F.3d 1189, 1251 (11th Cir. 2005).

It is time to try this case.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:   *s/Karen Rochlin*
Karen Rochlin
Assistant United States Attorney Detailee
DC Bar No. 394447
99 N.E. 4th Street
Miami, Florida 33132
(786) 972-9045
Karen.Rochlin@usdoj.gov