United States District Court
For the District of Columbia

_____

| | )
UNITED STATES OF AMERICA, | )
| )
    *v.* | )  No. 21-CR-53 (CJN)
| )
EDWARD JACOB LANG, | )
| )
    *Defendant*. | )
_____ | )

# LANG'S EMERGENCY MOTION FOR ACCESS
# TO VIDEO EDITING SOFTWARE

Defendant Edward Jacob Lang hereby moves this court for an order allowing him access to video editing software.

Respectfully submitted,

**Metcalf & Metcalf, P.C.**

*/s/ Steven Alan Metcalf II*
_____
STEVEN A. METCALF II, ESQ.
99 Park Avenue, Suite 810
New York, NY 10016
(*Office*) 646.253.0514
(*Fax*) 646.219.2012
metcalflawnyc@gmail.com

*Attorneys for Edward Lang*

United States District Court
For the District of Columbia

_____
                                                    )
UNITED STATES OF AMERICA,          )
                                                    )
        *v.*                                    )   No. 21-CR-53 (CJN)
                                                    )
EDWARD JACOB LANG,                   )
                                                    )
        *Defendant.*                  )
_____)

## LANG'S EMERGENCY MOTION FOR ACCESS TO VIDEO EDITING SOFTWARE AND EVIDENCE.COM

Edward Jacob Lang, through undersigned counsel, respectfully moves the Court for an order allowing him access to video editing software on his court-ordered laptop, which he currently utilizes at the DC jail for reviewing his discovery and preparing for trial. Additionally, Lang requests the Court grant him access to Evidence.com through the DC Jail's "Educational Tablets." These requests are crucial to enable Lang to exercise his constitutional right to assist meaningfully in his own defense against politically motivated charges, while he remains detained. Such circumstances are at a crucial time in this case, particularly based on Lang's *hybrid representation* and the trial schedule require a simple accommodation to afford Lang a fair trial.

## INTRODUCTION

Lang is currently preparing his defense in a highly complex, politically charged atmosphere involving the events at the Capitol on January 6, 2021. The government has had the advantage of creating highly selective, carefully edited video exhibits to present its narrative. Lang requests access to basic video editing software to create comparable exhibits, ensuring he can present a robust defense. Moreover, access to Evidence.com is essential, as Lang has identified critical,

exculpatory footage not included in his discovery materials, potentially constituting a *Brady* violation. The denial of these resources unfairly restricts Lang's ability to defend himself, in stark contrast to the tools available to the prosecution.

## FACTUAL BACKGROUND

1. The Bureau of Prisons currently is holding Defendant Lang at the Central Detention Facility (CDF) at 1901 D Street, SE, Washington, DC 20003 (hereafter "DC jail").

2. Defendant Lang only has a few weeks before his trial is scheduled to commence on December 2, 2024.

3. Defendant Lang wishes to take a substantial role in his defense and will act as co-counsel to represent himself under the supervision of Steven A. Metcalf II.

4. To prepare for his trial, Defendant had a hard drive delivered to CDF with approximately – based on the best calculations I can provide was narrowed down to a staggering 170.00 GB of information contained on about 55,000 individual files.

5. Separate and distinct from the individual files, put together for Lang is a flash drive containing installation software for the video editing software DaVinci Resolve. This software does not require an internet connection to install and operate.

6. On or about October 28, 2024, an attorney working for the defense delivered this flash drive to the CDF.

7. Upon inspection, employees of the CDF refused to deliver the hard drive to the Defendant due to an unspecified policy disallowing the software.

8. Furthermore, CDF employees informed counsel that the computer the Defendant is using does not allow for the installation of new software.

9.  Counsel acknowledges that the DaVinci software would need to be installed on the computer provided by CDF.

10. However, there are alternatives, such as the Shotcut video editor. Shotcut can run from the hard drive without installing anything on the CDF computer or needing access to an internet connection.

11. The defendant seeks an order directing CDF to allow the defendant to install the DaVinci software so that he may immediately begin his trial preparations; Alternatively, if the CDF computers truly cannot accommodate the installation of software, it is respectfully requested that Lang be allowed to start his work with the Shotcut video editor installed on a new hard drive along with the discovery files.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. ACCESS TO VIDEO EDITING SOFTWARE IS ESSENTIAL TO LANG'S CONSTITUTIONAL RIGHT TO PREPARE HIS DEFENSE.**

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel and to participate in their own defense. *Rivera v. Monko*, 37 F.4th 909 (3d Cir. 2022). This right includes access to the tools and resources necessary to prepare for trial. In *Bounds v. Smith*, the Supreme Court held that the right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Bounds v Smith*, 430 U.S. 817 (1977).

While *Bounds* specifically addressed access to legal materials, its principle extends to other resources necessary for trial preparation, especially in complex evidence cases. Ultimately, the *Bounds* Court held that prisoners must have access to "adequate, effective, and meaningful" resources to exercise their rights. *Id.*

The Third Circuit has recently affirmed that "a prisoner has a valid access-to-courts claim when he alleges that the denial of access to legal materials — before and/or during trial — caused a potentially meritorious claim to fail." *Rivera*, 37 F.4th 909. District, circuit, and state courts have consistently ruled that denying a defendant access to essential tools undermines the adversarial nature of a fair trial. For example, in *Faretta*, the Court held that a *pro se* defendant has the constitutional right to self-representation and to be provided with the resources necessary to mount a competent defense. *Faretta v. California*, 422 U.S. 806 (1975).

Here, the requested software will enable Lang to create precise video exhibits that refute specific claims made by the prosecution. By depriving Lang of tools for video editing, his right to an effective defense is severely compromised.

The Sixth Amendment guarantees Lang the right to actively participate in his own defense. The vast, chaotic video footage from January 6 includes thousands of moving people and situations, making it impossible for a third party to pinpoint and edit footage accurately without Lang's direct input. The requested software would allow Lang to crop lengthy video sequences, add highlights, zoom, and slow down specific scenes—tools the prosecution has freely used. Denying him similar resources creates an unjust imbalance and obstructs his right to prepare a fair defense.

## II.   NECESSITY OF VIDEO EDITING SOFTWARE

The evidence in this case includes a substantial amount of video footage (approximately 170 GB of data). To effectively review and analyze this evidence and to prepare exhibits for trial, Defendant Lang requires access to video editing software. Specifically:

1. The software will allow Defendant to isolate relevant segments of longer videos;

2. It will enable Defendant to enhance video quality where necessary for clarity;

3. The software can be used to create side-by-side comparisons of different video angles of the same events; and

4. The defendant can use the software to add annotations or highlights to video exhibits.

These capabilities are crucial for Defendant Lang to participate meaningfully in his defense and assist in preparing trial exhibits.

With regards to Evidence.com, the DC Jail's "Educational Tablets" provide access to Evidence.com, a platform used by other January 6 defendants. Upon information and belief, other inmates in the DC jail have taken their tablet, to show Lang critical footage of himself attempting to rescue Roseanne Boyland, where Lang was pulling Boyland away in an effort to save her life. This footage is absent from his discovery package, suggesting a possible *Brady* Materials violation (*Brady v. Maryland*, 373 U.S. 83 (1963)), in which the prosecution is constitutionally required to disclose exculpatory evidence. Lang urgently requires access to Evidence.com to uncover further instances of exculpatory footage overlooked or withheld from the defense. Access to this evidence is paramount for Lang to counter the government's narrative and assert his innocence.

### III. LANG'S POSITION REMAINS THERE IS A SURMOUNTABLE PREJUDICIAL EFFECT AGAINST HIS CASE BASED ON POLITICAL MOTIVATION

This case is undeniably fraught with political motivations. The prosecution has selectively presented evidence, shaping a narrative to support charges against Lang while withholding footage that may contradict its claims. Denying Lang the tools to present his own side of the story speaks

to the prejudice embedded in the prosecution's strategy. In *United States v. Nixon*, 418 U.S. 683 (1974), the Supreme Court underscored the necessity of transparent, fair procedures in criminal cases. The selective release of evidence, combined with restrictions on Lang's access to video editing software, is a clear example of prejudicial treatment and suppression of truth.

### IV. PROPOSED IMPLEMENTATION WITH REQUESTED SOFTWARE THAT IS SECURE AND LOGISTICALLY FEASIBLE

Defendant Lang proposes the following to address any potential security concerns:

1. Neither Davinci Resolve nor Shotcut require an internet connection;

2. The Shotcut software runs directly from the external hard drive without installation on the facility's computer; and

3. Any edited video files will be saved only to the external hard drive, not the facility's computer.

The DC Jail's court-ordered laptop has no internet connectivity, ensuring the requested video editing software poses no security risk. Lang's request is modest: simple editing capabilities that will allow him to crop, slow down, highlight, and zoom in on footage—functions easily available to the prosecution. There is no valid reason to deny Lang these resources, especially when it is necessary to level the playing field and uphold his constitutional rights.

### CONCLUSION

This motion calls for an affirmation of Lang's Sixth Amendment rights to mount a competent defense. As Lang has demonstrated, access to video editing software and Evidence.com is fundamental to his ability to create balanced, accurate exhibits and to identify additional exculpatory evidence critical to his defense. Denying these tools deprives Lang of his right to defend himself fairly, violating the principles of justice and impartiality.

For the foregoing reasons, Defendant Edward Jacob Lang respectfully requests that this Court order the Central Detention Facility to allow Lang access to his discovery files and the DaVinci Resolve software already in its possession or, alternatively, to the Shotcut video editing software on an external hard drive, subject to reasonable security measures; and for the Court to grant Lang access to Evidence.com through the "Educational Tablets," ensuring he can fully prepare his defense..

Dated: November 13, 2024

                                             Respectfully Submitted,

                                             /s/ *Steven Metcalf*

                                             STEVEN A. METCALF II, ESQ.
                                             **Metcalf & Metcalf, P.C.**
                                             99 Park Avenue, Suite 810
                                             New York, NY 10016
                                             *Phone* 646.253.0514
                                             *Fax* 646.219.2012
                                             [metcalflawnyc@gmail.com](mailto:metcalflawnyc@gmail.com)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served today, November 18, 2024, upon all counsel for all parties to this proceeding through the court's electronic filing system ("ECF").

/s/
_____
STEVEN A. METCALF II
*Attorney for Lang*

Dated: 11/18/2024