UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number 1:21-cr-00053-CJN |
| EDWARD JACOB LANG, : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT LANG'S MOTION TO CONTINUE TRIAL DATE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits that defendant Edward Jacob Lang's Motion To Continue Trial, ECF 160, should be denied. Without addressing the legal standard for a continuance or other relevant authorities, Lang now renews his efforts to postpone his trial because of a change in administration and his speculations over whether and how a new administration will address his case. His filing[1] invokes what Lang perceives as "a seismic shift in federal policy" ECF 160 at 2; reported statements of the President-Elect regarding potential use of the power to pardon, *id*.; statements of an unconfirmed nominee for Attorney General in the next administration, *id*.; newly-voiced concerns with judicial economy, *id*.; and, inconsistently, the argument that a continuance will allow Lang "the robust defense to which he is constitutionally entitled," *id*. at 4-5.

---

[1] Although captioned as a motion, Lang's filing commences by stating that he is submitting a declaration "pursuant to 28 U.S.C. § 1746." *Id*. at 1. The filing contains a signature line for Lang and no signature for counsel of record (counsel did sign an unnecessary certificate of service, *see* Local Criminal Rule 49(d)).

Lang's arguments based on policy and politics do not provide grounds for relief. *See Jaber v. United States*, 861 F.3d 241, 245 (D.C. Cir. 2017) (addressing the nonjusticiability of a political question and explaining that "however sympathetic the allegations, 'those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch'" are excluded from judicial review) (citing *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 1986)). Insofar as Lang's motion raises political questions, this Court should disregard them and deny the relief he seeks.

Lang's assertion that he is a candidate for a presidential pardon is purely speculative and does not warrant delay of his trial. With few exceptions, efforts to continue proceedings arising from the events of January 6, 2021 based on hopes of a presidential pardon have failed. *See, e.g.*, *United States v. Winegeart*, No. 22-cr-301 (CJN), Nov. 18, 2024 Minute Order (denying motion to continue sentencing); United *States v. Connell, et al.,* No. 21-cr-84 (PLF) (ECF 157) (denying motion to continue sentencing because "Whatever the President-elect may or may not do with respect to some of those convicted for their conduct at the Capitol on January 6, 2021, is irrelevant to the Court's independent obligations and legal responsibilities under Article III of the Constitution"); *United States v. Osborne*, 24-cr-94 (APM), Nov. 18 Minute Order, (denying motion to stay or continue trial pending since February, 2024 because "The public has a strong interest in the prompt adjudication in this matter, and Defendant's speculation that he may receive a pardon cannot overcome the strength of that interest"); *United States v. Heffner*, No. 24-cr-260 (APM), Nov. 11, 2024 Minute Order (denying motion to stay proceedings based on claim of potential clemency); *United States v. Avery*, No. 24-cr-79 (CRC), Nov. 6, 2024 Minute Order (denying continuance of sentencing hearing based on claim of potential clemency); *United States*

*v. Fuller*, No. 23-cr-209 (CKK), Nov. 6, 2024 Minute Entry (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, No. 23-cr-139 (BAH), Nov. 6, 2024 Minute Order (denying motion to continue status conference based on claim of potential clemency); *United States v. Lichnowski*, No. 23-cr-341 (RBW), Nov. 7, 2024 Minute Order (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Bosch*, No. 24-cr-210 (DLF), Nov. 7, 2024 Minute Order (denying motion to continue trial based on claims of juror hostility in reaction to reports of possible pardons). In this case too, this Court should decline to delay the administration of justice based on the hopes and wishes of the defendant.

While the Constitution confers the right to pardon on the president, it does not provide a criminal defendant with a corresponding right to receive a pardon. A pardon "is best understood as 'an act of grace.'" *United States v. Benton*, 98 F.4th 1119, 1129 (D.C. Cir. 2024) (citing *United States v. Wilson*, 32 U.S. 150, 160 (1833). Such grace is unpredictable and thus does not provide good cause to continue a trial involving serious felony offenses including multiple assaults against police officers.

Lang contends that this Court should schedule his trial to a date in 2025 because in another case before this Court, the defendants sought and received a trial setting in April, 2025 after making arguments about an anticipated pardon. Lang does not name that case, which appears to be *United States v. Hunt, et al.*, 24-cr-154 (CJN).[2] In *Hunt*, charges were filed in 2024, a trial date was not set or requested until November, 2024, and this Court scheduled the trial for April 15, 2024. November 14, 2024 Minute Order. The defendants are charged with misdemeanors, with the

---

[2] In his motion, Lang appears to claim this Court continued three separate cases because of the potential for a pardon, ECF 160 at 2; however, the United States is aware of only a single, three-defendant case that might arguably match his description.

3

exception of one defendant who is charged with a Count under 18 U.S.C. § 1512(c)(2) that remains pending. No assaults have been alleged against any defendant. Unlike Lang, the Hunt defendants have not made continuous attempts to keep their case in the public eye. Regardless of Lang's efforts, there is a high public interest in the administration of justice and the resolution of charges against him. His case has been pending for nearly four years, has received multiple trial settings, and been the subject of numerous continuances. This case is not the same as *Hunt*.

Lang also references *United States v. Pope*, No. 21-cr-128 (RC). Contrary to Lang's claim, the *Pope* case has not set precedent for this Court. Unlike this case, *Pope* does not involve felony assaults against multiple police officers. There is no written order explaining the reasoning for the delay of the *Pope* trial which provides at least some indication that the ruling there was case-specific and not intended as a guide for other judges. Accordingly, the ruling *Lang* references in *Pope* should not guide the outcome of Lang's motion filed on the eve of the pretrial conference in this case.

In a recent filing, ECF 156, the United States reviewed Lang's many applications for delay and addressed the standard under *United States v. Burton,* 584 F.2d 485, 491 (D.C. Cir. 1978)). This response assumes familiarity with that earlier filing. Lang has not identified any constitutional requirement for delay of his trial, and has not met the standards stated in *Burton*. His added-on claim about his counsel's medical concerns have been previously addressed by this Court, which reset this trial to December 2.

Lang's arguments have been broadly rejected by judges on this Court. They should be rejected here, and his motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: *s/Karen Rochlin*
Karen Rochlin
Assistant United States Attorney Detailee
DC Bar No. 394447
99 N.E. 4th Street
Miami, Florida 33132
(786) 972-9045
Karen.Rochlin@usdoj.gov